UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re | Case No. 09-36408-BKC-AJC-LMI (Substantively Consolidated1) |
| CAPITOL INVESTMENTS USA, INC. and NEVIN KAREY SHAPIRO | Case No. 09-36418-BKC-LMI Jointly Administered under Case No. 09-36408-BKC-LMI) |
| Debtors. _____/ | |
| JOEL L. TABAS, TRUSEE | Chapter 7 Adv. Case No. 11-02587-LMI |
| Plaintiff, | |
| v. | |
| ERIC D. SHEPPARD, an individual; DECO CONTRACTORS, INC., a Florida corporation; et al. | |
| Defendants. _____/ | |

### DECO CONTRACTORS, INC.'S
### ANSWER, AFFIRMATIVE DEFENSES, AND CROSS CLAIMS

Deco Contractors, Inc. ("Deco") files this Answer, Affirmative Defenses, and Cross Claims.

1. Admit.

2. Without knowledge.

3. Without knowledge.

4. Admit.

5. Admit.

---

¹The last four digits of the taxpayers identification numbers for each consolidated Debtor follow in parentheses: Ocean Rock Enterprises, Inc. (3272), JAT Wholesale, Inc. (7903) and Pink Panther Enterprises, LLC (5240).

6. Without knowledge.

7. Without knowledge.

8. Admit.

9. Admit.

10. Deco is without knowledge of the allegations of Paragraphs 10-26.

27. Admit.

28. Without knowledge.

29. Without knowledge.

30. Admit.

31. Without knowledge.

32. Admit.

33. Admit.

34. Admit.

35. Deco is without knowledge of the allegations in Paragraphs 35-68.

69. Admit.

70. Admit.

71. Deco is without knowledge of the allegations in Paragraphs 71-91.

92. Deco admits it received a payment of $200,000.00 on or about September 18, 2007 in consideration for Deco's construction of the Residence. Deco is without knowledge of the remaining allegations of Paragraph 92.

93. Denied.

94. Deco is without knowledge of the allegations in Paragraphs 94-106.

107.  Deco admits it received a payment of $200,000.00 on or about September 18, 2007 in consideration for Deco's construction of the Residence. Deco is without knowledge of the remaining allegations of Paragraph 107.

108.  Denied.

109.  Deco is without knowledge of the allegations in Paragraphs 109-113.

114.  Deco admits it received a payment of $200,000.00 on or about September 18, 2007, and $55,000.00 on or about October 25, 2007 in consideration for Deco's construction of the Residence. Deco is without knowledge of the remaining allegations of Paragraph 114.

115.  Denied.

116.  Without knowledge.

117.  Without knowledge.

118.  Without knowledge.

119.  Deco admits it received a payment of $200,000.00 on or about September 18, 2007 in consideration for Deco's construction of the Residence. Deco is without knowledge of the remaining allegations of Paragraph 119.

120.  Without knowledge.

121.  Without knowledge.

122.  Without knowledge.

123.  Deco admits it received a payment of $100,000.00 in consideration for Deco's construction of the Residence. Deco is without knowledge of the remaining allegations of Paragraph 123.

124.  Deco is without knowledge of the allegations in Paragraphs 124-134.

## COUNTS 1 THROUGH 8 DO NOT APPLY TO DECO AND ARE THEREFORE DENIED.

189. Deco incorporates its responses to Paragraphs 1-71, 81-87, and 130-134.

190. Section 681.071(7) of the Florida Statutes speaks for itself.

191. Without knowledge.

192. Deco admits it received a payment of $200,000.00 on or about September 18, 2007 in consideration for Deco's construction of the Residence. Deco is without knowledge of the remaining allegations of Paragraph 192.

193. Denied.

194. Without knowledge.

195. Denied.

196. Without knowledge.

197. Deco admits it received a payment of $200,000.00 on or about September 18, 2007 in consideration for Deco's construction of the Residence. Deco is without knowledge of the remaining allegations of Paragraph 197.

198. Without knowledge.

199. Deco incorporates its responses to Paragraphs 1-71, 88-95, 130-134, and 190-198.

200. Denied.

201. Denied.

202. Denied.

203. Deco incorporates its responses to Paragraphs 1-71, 88-95, and 130-134.

204. Without knowledge.

205. Without knowledge.

206. Denied.

207. Denied.

208. Denied.

209. Without knowledge.

210. Deco incorporates its responses to Paragraphs 1-71, 88-95, and 130-134.

211. Without knowledge.

212. Deco admits it received a payment of $200,000.00 on or about September 18, 2007 in consideration for Deco's construction of the Residence. Deco is without knowledge of the remaining allegations of Paragraph 212.

213. Denied.

214. Without knowledge.

215. Deco admits it received a payment of $200,000.00 on or about September 18, 2007 in consideration for Deco's construction of the Residence. Deco is without knowledge of the remaining allegations of Paragraph 215.

216. Without knowledge.

217. Deco incorporates its responses to Paragraphs 1-71, 88-95, 130-134, and 211-216.

218. Denied.

219. Denied.

220. Denied.

221. Denied.

**COUNTS 14-18 DO NOT APPLY TO DECO AND ARE THEREFORE DENIED.**

255. Deco incorporates its responses to Paragraphs 1-71, 103-109 and 130-134.

256. Section 681.071(7) of the Florida Statutes speaks for itself.

257. Without knowledge.

258. Deco admits it received a payment of $200,000.00 on or about September 18, 2007 in consideration for Deco's construction of the Residence. Deco is without knowledge of the remaining allegations of Paragraph 258.

259. Denied.

260. Denied.

261. Denied.

262. Without knowledge.

263. Deco admits it received a payment of $200,000.00 on or about September 18, 2007 in consideration for Deco's construction of the Residence. Deco is without knowledge of the remaining allegations of Paragraph 263.

264. Without knowledge.

265. Deco incorporates its responses to Paragraphs 1-71, 103-109, 130-134, and 256-264.

266. Denied.

267. Without knowledge.

268. Without knowledge.

269. Denied.

270. Without knowledge.

271. Denied.

272. Deco incorporates its responses to Paragraphs 1-71, 103-109, and 130-134.

273. Without knowledge.

274. Without knowledge.

275. Denied.

276.   Denied.

277.   Denied.

278.   Without knowledge.

279.   Deco incorporates its responses to Paragraphs 1-71, 103-109, and 130-134.

280.   Without knowledge.

281.   Deco admits it received a payment of $200,000.00 on or about September 18, 2007 in consideration for Deco's construction of the Residence. Deco is without knowledge of the remaining allegations of Paragraph 281.

282.   Denied.

283.   Without knowledge.

284.   Deco admits it received a payment of $200,000.00 on or about September 18, 2007 in consideration for Deco's construction of the Residence. Deco is without knowledge of the remaining allegations of Paragraph 284.

285.   Without knowledge.

286.   Deco incorporates its responses to Paragraphs 1-71, 103-109, 130-134, and 280-285.

287.   Denied.

288.   Denied.

289.   Without knowledge.

290.   Denied.

291.   Deco incorporates its responses to Paragraphs 1-71, 110-116, and 130-134.

292.   Section 681.071(7) of the Florida Statutes speaks for itself.

293.   Without knowledge.

294. Deco admits it received a payment of $200,000.00 on or about September 18, 2007, and $55,000.00 on or about October 25, 2007 in consideration for Deco's construction of the Residence. Deco is without knowledge of the remaining allegations of Paragraph 294.

295. Denied.

296. Denied.

297. Denied.

298. Without knowledge.

299. Deco admits it received a payment of $200,000.00 on or about September 18, 2007, and $55,000.00 on or about October 25, 2007 in consideration for Deco's construction of the Residence. Deco is without knowledge of the remaining allegations of Paragraph 299.

300. Without knowledge.

301. Deco incorporates its responses to Paragraphs 1-71, 110-116, 130-134, and 292-300.

302. Denied.

303. Without knowledge.

304. Denied.

305. Deco incorporates its responses to Paragraphs 1-71, 110-116, and 130-134.

306. Without knowledge.

307. Without knowledge.

308. Denied.

309. Denied.

310. Denied.

311. Without knowledge.

312. Deco incorporates its responses to Paragraphs 1-71, 110-116, and 130-134.

313. Without knowledge.

314. Deco admits it received a payment of $200,000.00 on or about September 18, 2007, and $55,000.00 on or about October 25, 2007 in consideration for Deco's construction of the Residence. Deco is without knowledge of the remaining allegations of Paragraph 314.

315. Denied.

316. Without knowledge.

317. Deco admits it received a payment of $200,000.00 on or about September 18, 2007, and $55,000.00 on or about October 25, 2007 in consideration for Deco's construction of the Residence. Deco is without knowledge of the remaining allegations of Paragraph 316.

318. Without knowledge.

319. Deco incorporates its responses to Paragraphs 1-71, 110-116, 130-134, and 313-318.

320. Denied.

321. Denied.

322. Denied.

323. Deco incorporates its responses to Paragraphs 1-71, 122-128, and 130-134.

324. Section 681.071(7) of the Florida Statutes speaks for itself.

325. Without knowledge.

326. Without knowledge.

327. Denied.

328. Denied.

329. Denied.

330. Without knowledge.

331. Without knowledge.

332. Without knowledge.

333. Deco incorporates its responses to Paragraphs 1-71, 122-128, 130-134, and 324-332.

334. Denied.

335. Without knowledge.

336. Denied.

337. Denied.

338. Deco incorporates its responses to Paragraphs 1-71, 122-128, and 130-134.

339. Without knowledge.

340. Without knowledge.

341. Denied.

342. Denied.

343. Denied.

344. Denied.

345. Deco incorporates its responses to Paragraphs 1-71, 122-128, and 130-134.

346. Without knowledge.

347. Without knowledge.

348. Denied.

349. Without knowledge.

350. Denied.

351. Without knowledge.

352. Deco incorporates its responses to Paragraphs 1-71, 122-128, 130-134, and 346-351.

353. Denied.

354. Denied.

355. Denied.

**COUNTS 34-45 DO NOT APPLY TO DECO AND ARE THEREFORE DENIED.**

422. Deco incorporates its responses to Paragraphs 1-71, 88-95 and 130-134.

423. Without knowledge.

424. Deco admits it received a payment of $200,000.00 on or about September 18, 2007 in consideration for Deco's construction of the Residence. Deco is without knowledge of the remaining allegations of Paragraph 424.

425. Without knowledge.

426. Without knowledge.

427. Deco incorporates its responses to Paragraphs 1-71, 88-95, 130-134, and 423-426.

428. Denied.

429. Denied.

430. Denied.

431. Deco incorporates its responses to Paragraphs 1-134.

432. Without knowledge.

433. Deco admits it received payments in consideration for Deco's construction of the Residence. Deco is without knowledge of the remaining allegations of Paragraph 433.

434. Without knowledge.

435. Without knowledge.

436. Deco incorporates its responses to Paragraphs 1-134 and 432-435.

437. Denied.

438. Denied.

439. Denied.

**COUNTS 50-51 DO NOT APPLY TO DECO AND ARE THEREFORE DENIED.**

450. Deco incorporates its responses to Paragraphs 1-71, 103-109 and 130-134.

451. Without knowledge.

452. Deco admits it received a payment of $200,000.00 on or about September 18, 2007 in consideration for Deco's construction of the Residence. Deco is without knowledge of the remaining allegations of Paragraph 452.

453. Denied.

454. Denied.

455. Deco incorporates its responses to Paragraphs 1-71, 103-109, 130-134, and 451-454.

456. Denied.

457. Without knowledge.

458. Denied.

459. Denied.

460. Deco incorporates its responses to Paragraphs 1-71, 110-116, and 130-134.

461. Without knowledge.

462. Deco admits it received a payment of $200,000.00 on or about September 18, 2007, and $55,000.00 on or about October 25, 2007 in consideration for Deco's construction of the Residence. Deco is without knowledge of the remaining allegations of Paragraph 462.

463. Denied.

464. Without knowledge.

465. Deco incorporates its responses to Paragraphs 1-71, 110-116, and 130-134, and 461-464.

466. Denied.

467. Without knowledge.

468. Denied.

469. Denied.

470. Deco incorporates its responses to Paragraphs 1-71, 122-128 and 130-134.

471. Without knowledge.

472. Denied.

473. Denied.

474. Without knowledge.

475. Deco incorporates its responses to Paragraphs 1-71, 122-128, 130-134, and 471-474.

476. Denied.

477. Denied.

478. Denied.

479. Denied.

480. Deco denies all allegations of the Complaint not specifically admitted.

## **COUNTS 58-59 DO NOT APPLY TO DECO AND ARE THEREFORE DENIED.**

### **AFFIRMATIVE DEFENSES**

1. Plaintiff fails to state a cause of action because there is no creditor that could have avoided the Fraudulent Deco Payments[2].

2. Deco received the Fraudulent Deco Payments for value, in good faith, and without knowledge of the voidability of the transfer avoided.

3. Deco is not an initial transferee of the Fraudulent Deco Payments.

4. Deco provided reasonably equivalent value in exchange for the Fraudulent Deco Payments.

5. Deco received the Fraudulent Deco Payments in good faith.

6. The Trustee is only entitled to a single satisfaction.

7. The payments to Deco were not principal and/or interest payments on the alleged usurious loans.

8. Deco was not a party nor did Deco have any knowledge of the terms and conditions of any of the alleged usurious loan transactions.

9. Deco was not a party to the alleged usurious loans, therefore, cannot be deemed to have received payments that the Debtor was not obligated to make.

10. To the extent Deco is required to return any of the Fraudulent Deco Payments to the Trustee, Deco is entitled to subrogation of the Trustee's equitable lien claim against home for construction on the Residence completed by Deco.

11. Deco received the Fraudulent Deco Payments as consideration for Deco's construction of the Sheppard Residence, and has no actual or constructive knowledge of the

---

[2] Deco does not concede that the payments it received for the construction of the Residence are fraudulent in any way. This term is only referenced as that term is used in the Adversary Complaint.

internal accounting practices of the Debtor and the Sheppards.

## JURY DEMAND

Defendant Deco demands a trial by jury on all counts so triable.

## CROSS CLAIMS AGAINST DEFENDANTS
## ERIC D. SHEPPARD AND JENNIFER W. SHEPPARD

Deco Contractors, Inc. sues Eric D. Sheppard and Jennifer W. Sheppard, and states the following in support:

### SUBJECT MATTER JURISDICTION AND VENUE

1. This is a cross claim in an adversary proceeding under Fed. R. Bank. P. 7001, et. seq. and 7014.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 157(b) and 1334.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1409(a).

### PARTIES

5. Cross Plaintiff Deco Contractors, Inc. ("Deco") is a Florida corporation with principal place of business in Miami Dade County, and is a licensed general contractor.

6. Cross Defendants Eric D. Sheppard and Jennifer W. Sheppard (collectively, the "Sheppards") are residents of Miami Dade County.

### GENERAL ALLEGATIONS

7. The Sheppards and Deco entered into an agreement for Deco to demolish and reconstruct their primary residence located at 180 Bal Cross Dr., Bal Harbour, Florida 33154 (the "Sheppard Residence.")

15

8. Deco completed the construction on the Sheppard Residence.

9. Deco issued invoices and draw requests for the demolition and construction of the Sheppard Residence, a summary of which is attached as Exhibit A.

10. Deco received the following payments for the demolition and construction of the Sheppard Residence (the "Deco Payments"):

   a. $200,000.00 on September 18, 2007;

   b. $55,000.00 on October 25, 2007; and

   c. $100,000.00 on January 8, 2008.

11. The Sheppards were required to pay Deco for the construction of the Sheppard Residence in accordance with the summary of invoices attached as Exhibit A.

12. The Sheppards did not object to or dispute the amounts due as set forth in Exhibit A.

13. Unbeknownst to Deco, the Deco Payments were not made by an entity controlled by the Sheppards, but instead were paid by Capitol Investments USA, Inc. ("Capitol").

14. Deco did not participate or have knowledge of any alleged fraudulent activities by Capitol, the Sheppards, and/or Nevin Karey Shapiro.

15. The value of the improvements to the Sheppard Residence exceeds the amount claimed by the Trustee.

## COUNT I- COMMON LAW INDEMNIFICATION

16. Deco realleges Paragraphs 1- 15 as if fully set forth herein.

17. The Sheppards are required to indemnify Deco to the extent Deco is required to return any portion of the Deco Payments to the Trustee or any other party.

18. Deco has agreed to pay its attorneys a reasonable fee for their services.

WHEREFORE, Deco requests that this Court enter judgment in the amount of the Deco Payments that Deco is required to pay to the Trustee or any other party, including attorneys' fees and costs incurred in defending Adversary Proceeding 11-02587-LMI and prosecuting these cross claims, and granting any other relief that this Court deems just and proper.

### COUNT II- BREACH OF CONTRACT

19. Deco realleges Paragraphs 1- 15 as if fully set forth herein.

20. The agreement between the Sheppards and Deco for Deco to demolish and construct the Sheppard Residence is a contract (the "Contract.")

21. Deco performed its obligations pursuant to the Contract, including all conditions precedent to bringing this claim.

22. The Sheppards breached the contract by failing to make payments to Deco in accordance with the summary of invoices attached as Exhibit A.

23. To the extent that Deco is required to return any portion of the Deco Payments to the Trustee or any other party, Deco has suffered damages as a result of the Sheppards' breach of the Contract.

WHEREFORE, Deco requests that this Court enter judgment in the amount of the Deco Payments that Deco is required to pay to the Trustee or any other party, including attorneys' fees and costs incurred in defending Adversary Proceeding 11-02587-LMI and prosecuting these cross claims, and granting any other relief that this Court deems just and proper.

### COUNT III- UNJUST ENRICHMENT

24. Deco realleges Paragraphs 1- 15 as if fully set forth herein.

25. Capitol made the Deco Payments for the benefit of the Sheppards.

26. Deco conferred a benefit on the Sheppards by constructing the Sheppard Residence.

27. Deco was entitled to the Deco Payments in consideration for Deco's construction of the Sheppard Residence.

28. The Sheppards voluntarily accepted and retained the benefits conferred by Deco in constructing the Sheppard Residence.

29. The circumstances are such that it would be inequitable for the Sheppards to retain the benefits conferred by Deco without payment to Deco.

WHEREFORE, Deco requests that this Court enter judgment in the amount of the Deco Payments that Deco is required to pay to the Trustee or any other party, including attorneys' fees and costs incurred in defending Adversary Proceeding 11-02587-LMI and prosecuting these cross claims, and granting any other relief that this Court deems just and proper.

### COUNT IV- EQUITABLE LIEN AGAINST SHEPPARD RESIDENCE

30. Deco realleges Paragraphs 1- 14 and 25-29 as if fully set forth herein.

31. An equitable lien against the Sheppard Residence in the amount of the Deco Payments is appropriate because it will prevent unjust enrichment.

32. The equitable lien will leave the Sheppards no worse off than they would have been had they paid Deco in accordance with the summary of invoices attached as Exhibit A, instead of directing Capitol to make the Deco Payments.

WHEREFORE, Deco requests that this Court impose an equitable lien on the Sheppard Residence to the extent that Deco is required to pay to the Trustee or any other party, including attorneys' fees and costs incurred in defending Adversary Proceeding 11-02587-LMI and

prosecuting these cross claims, and granting any other relief that this Court deems just and proper.

### JURY DEMAND

Cross Plaintiff Deco demands a trial by jury on all counts so triable.

Dated: November 14, 2011.                    Respectfully submitted,

**LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP**
*Counsel for Deco Contractors, Inc.*
201 South Biscayne Boulevard
34th Floor, Miami Center
Miami, Florida 33131
Telephone:    (305) 403-8788
Facsimile:    (305) 403-8789

By: /s/ Thomas R. Lehman
    Thomas R. Lehman, P.A.
    Florida Bar. No. 351318
    E-mail: trl@LKLlaw.com
    Amanda Quirke, Esq.
    Florida Bar. No. 26838
    E-mail: aq@LKLlaw.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on **November 14, 2011** via the Court's CM/ECF filing system to all recipients registered to receive notices of electronic filing generated by CM/ECF and via U.S. mail to all addressees listed on the attached Service List.

By: /s/ Thomas R. Lehman
    Thomas R. Lehman, P.A.
    Florida Bar. No. 351318

FJ8053

Adv. Case No. 11-02587-LMI

## SERVICE LIST

Rutledge Apartment, L.C.
6959 Arapaho Road, Suite 122
Dallas, Texas  75248