UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

CAPITOL INVESTMENTS USA, INC. and
NEVIN KAREY SHAPIRO

_____Debtors._____/

JOEL L. TABAS, TRUSTEE

      Plaintiff,

v.

ERIC   D.   SHEPPARD,   an   individual;
JENNIFER L. SHEPPARD, an individual;
WSG   DEVELOPMENT   CO.,   a   Florida
corporation; WSG CHARLOTTESVILLE, LLC,
a Virginia limited liability company; WSG
DULLES, LP, a Florida limited partnership;
WSG SHORT PUMP, LLC ,a Virginia limited
liability   company;   WSG   MONROE,   LLC,   a
Louisiana limited liability company; ATL2130,
LP,   a   Delaware   limited   partnership;   WSG
TRACE   FORK,   LP,   a   Delaware   limited
partnership;   WSG  MASON  ROAD,  LLP,  a
Florida   limited   liability   partnership;   JLS
JENSEN  BEACH  III,  LLC,  a  Florida  limited
liability company; WSG ROANOKE GP, INC.,
a Florida corporation; INDRIO VILLAGE, LLC,
a Florida limited liability company; CARILLON
MIAMI   BEACH   HOLDING,   LLC,   a   Florida
limited liability company; WSG PEMBROKE
LP,   a   Delaware   limited   partnership;   WSG
CHATTANOOGA,   LP,   a   Delaware   limited
partnership;   WSG  GOLD  MILE,  LLC,  a
Delaware   limited   liability   company;   WSG
RIVERVIEW, LLC, a Delaware limited liability
company; DECO CONTRACTORS, INC., a
Florida     corporation,     RUTLEDGE
APARTMENT,   L.C.   and     CAPITAL   ONE
BANK, N.A. F/K/A CHEVY CHASE BANK

      Defendants.

_____/

CASE NO.: 09-36408-BKC-LMI
(Substantively Consolidated)[1]
Case No. 09-36418-BKC-LMI
(Jointly Administered under
Case No. 09-36408-BKC-LMI)

Chapter 7

Adv. Case No. 11-02587-LMI

---

[1]   The last four digits of the taxpayers identification numbers for each consolidated Debtor follow
in parentheses: Ocean Rock Enterprises, Inc. (3272), JAT Wholesale, Inc. (7903, and Pink Panther
Enterprises, LLC (5240).

Case No.: 09-36408-BKC-LMI
Adv. Case No.: 11-2587-LMI

### REDACTED COMPLAINT

Joel L. Tabas, as Chapter 7 Trustee for the bankruptcy estates of Capitol Investments USA, Inc. and Nevin Karey Shapiro ("Trustee"), through undersigned counsel, sues:  (1) Eric D. Sheppard, individually; (2) Jennifer L. Sheppard, individually; (3) WSG Development Co.; (4) WSG Charlottesville, LLC; (5) WSG Dulles, LP; (6) WSG Sort Pump, LLC; (7) WSG Monroe, LLC; (8) ATL2130, LP; (9) WSG Trace Fork, LP; (10) WSG Mason Road, LLP; (11) JLS Jensen Beach III, LLC; (12) WSG Roanoke, GP, INC.; (13) Indrio Village, LLC; (14) Carillon Miami Beach Holding LLC; (15) WSG Pembroke, LP; (16) WSG Chattanooga, LP; (17) WSG Gold Mile, LLC; (18) WSG Riverview, LLC; (19) Deco Contractors, Inc.; (20) Rutledge Apartments, L.C.; and (21) Capital One Bank, N.A. f/k/a Chevy Chase Bank.

### I.  SUBJECT MATTER JURISDICTION AND VENUE

1.      This is an adversary proceeding under Fed. R. Bank. P. 7001, *et seq*.

2.      This Court has jurisdiction of the subject matter of this proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334.

3.      This is a core proceeding as that term is defined in 28 U.S.C. § 157(b)(2)(A), (E), (F), (H) and (O).

4.      Venue in this district is proper pursuant to 28 U.S.C. § 1409(a).

### II. PARTIES AND PERSONAL JURISDICTION

5.      Trustee is the duly appointed Chapter 7 Trustee for the bankruptcy estates of Capitol Investments USA, Inc. ("Capitol") and Nevin Karey Shapiro ("Shapiro"), and Trustee brings this action solely in that capacity. Trustee's principal place of business is in Miami, Florida.

2

6.     Debtor Capitol is a corporation organized under the laws of the State of Florida that had its principal place of business at 400 Arthur Godfrey Rd., Suite 506, Miami Beach, Florida 33140.

7.     Debtor Shapiro, until incarcerated in April 2010, was a resident of Miami-Dade County, Florida.

8.     Defendant Eric D. Sheppard ("Sheppard") is a resident of Miami-Dade County, Florida.

9.     Defendant Jennifer L. Sheppard ("J. Sheppard," and together with Sheppard, collectively the "Sheppards") is a resident of Miami-Dade County, Florida.  J. Sheppard and Sheppard are husband and wife.

10.     Defendant WSG Development Co. ("WSG") is a Florida corporation with its principal place of business at 400 Arthur Godfrey Rd., Suite 200, Miami Beach, Florida 33140.

11.     Defendant WSG Charlottesville, LLC ("WSG Charlottesville") is a Virginia limited liability company with its principal place of business at 400 Arthur Godfrey Rd., Suite 200, Miami Beach, Florida 33140.   Upon information and belief, Sheppard owns 50% of WSG Charlottesville.

12.     Defendant WSG Dulles, LP ("WSG Dulles") is a Florida limited partnership with its principal place of business at 400 Arthur Godfrey Rd., Suite 200, Miami, Florida 33140.

13.     Defendant WSG Short Pump, LLC ("WSG Short Pump") is a Virginia limited liability company with its principal place of business at 400 Arthur Godfrey Rd., Suite 200, Miami Beach, Florida 33140.

3

14.     Defendant WSG Monroe, LLC ("WSG Monroe") is a Louisiana limited liability company with its principal place of business at 400 Arthur Godfrey Rd., Suite 200, Miami Beach, Florida 33140.

15.     Defendant ATL2130, LP ("WSG ATL2130") is a Delaware limited partnership with its principal place of business at 400 Arthur Godfrey Rd., Suite 200, Miami Beach, Florida 33140.

16.     Defendant WSG Trace Fork, LP ("WSG Trace Fork") is a Delaware limited partnership with its principal place of business at 400 Arthur Godfrey Rd., Suite 200, Miami Beach, Florida 33140.

17.     Defendant WSG Mason Road, LLP ("WSG Mason Road") is a Florida limited liability partnership with its principal place of business at 400 Arthur Godfrey Rd., Suite 200, Miami Beach, Florida 33140.

18.     Defendant JLS Jensen Beach III, LLC ("JLS Jensen") is a Florida limited liability company with its principal place of business at 400 Arthur Godfrey Rd., Suite 200, Miami Beach, Florida 33140.

19.     Defendant WSG Roanoke GP, Inc. ("WSG Roanoke") is a Florida corporation with its principal place of business at 400 Arthur Godfrey Rd., Suite 200, Miami Beach, Florida 33140.

20.     Defendant Indrio Village, LLC ("Indrio Village") is Florida limited liability company with its principal place of business at 400 Arthur Godfrey Rd., Suite 200, Miami Beach, Florida 33140.

21.     Defendant Carillon Miami Beach Holding, LLC ("Carillon") is a Florida limited liability company with its principal place of business at 400 Arthur Godfrey Rd., Suite 200,

4

Miami Beach, Florida 33140.  Carillon is a residential development on Miami Beach by the name of Canyon Ranch Living.

22.     Defendant WSG Pembroke, LP ("WSG Pembroke") is a Delaware limited partnership with its principal place of business at 400 Arthur Godfrey Rd., Suite 200, Miami Beach, Florida 33140.

23.     Defendant WSG Chattanooga, LP ("WSG Chattanooga") is a Delaware limited partnership with its principal place of business at 400 Arthur Godfrey Rd., Suite 200, Miami Beach, Florida 33140.

24.     Defendant WSG Gold Mile, LLC ("WSG Gold Mile") is a Delaware limited liability company with its principal place of business at 400 Arthur Godfrey Rd., Suite 200, Miami Beach, Florida 33140.

25.     Defendant WSG Riverview, LLC ("WSG Riverview") is a Delaware limited liability company with its principal place of business at 400 Arthur Godfrey Rd., Suite 200, Miami Beach, Florida 33140.

26.     Defendants WSG Charlottesville, WSG Dulles, WSG SP, WSG Monroe, WSG ATL, WSG TF, WSG MR, JLS Jensen, WSG Roanoke, Indrio Village, Carillon, WSG Pembroke, WSG Chattanooga, WSG Gold Mile and WSG Riverview may sometimes be referred to collectively as the "Development Projects."

27.     Defendant Deco Contractors, Inc. ("Deco") is a Florida corporation with its principal place of business at 1160 Kane Concourse, Suite 201, Bay Harbour, FL 33154.

28.     Defendant Rutledge Apartments, L.C. ("Rutledge") is a Texas limited liability company with its principal place of business at 6959 Arapaho Road, Suite 122, Dallas, TX 75248.  During the time period relevant to the causes of action in this complaint, Rutledge owned real property located at 187 Bal Cross Drive, Bal Harbor, Florida 33154 and rented it

TABAS, FREEDMAN, SOLOFF, MILLER & BROWN, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171

to the Sheppards. As described more fully below, Capitol made the rental payments to Rutledge on behalf of the Sheppards.

29. Defendant Capital One Bank (USA), N.A. f/k/a Chevy Chase Bank ("CC Bank") is a Virginia corporation with its principal place of business located at 4851 Cox Road, Glen Allen, VA 23060. At all material times, CC Bank regularly conducted business in Florida and was the mortgagee of the Sheppards' Investment Property (defined below). As described more fully below, Capitol made the mortgage payments to CC Bank on behalf of the Sheppards.

### III. GENERAL ALLEGATIONS

#### A.    Bankruptcy Proceedings

30. On November 30, 2009, involuntary Chapter 7 bankruptcy petitions were filed against Capitol and Shapiro in the United States Bankruptcy Court, Southern District of Florida, bearing case numbers 09-36408-BKC-LMI and 09-36418-BKC-LMI, respectively (the "Petition Date").

31. On December 11, 2009, Joel L. Tabas was appointed as interim Chapter 7 Trustee of both the Capitol and Shapiro bankruptcy cases, to prevent the dissipation of Capitol's assets in the "gap period" between the Petition Date and the Court entering an order for relief in each case [Case No. 09-36408, D.E. 14; Case No. 09-36418, D.E. 12].

32. On December 12, 2009, this Court entered orders providing for the Capitol and Shapiro bankruptcy cases to be jointly administered [Case No. 09-36408, D.E. 17; Case No. 09-36418, D.E. 16].

33. On December 30, 2009, this Court entered its Order for Relief in Involuntary Case and Setting Deadline for Filing Schedules, Statement of Financial Affairs and Other

6

Documents in each of the Capitol and Shapiro bankruptcy cases [Case No. 09-36408, D.E. 35; Case No. 09-36418, D.E. 24].

34.    On April 22, 2010, Joel L. Tabas was appointed as Chapter 7 trustee of the jointly administered Capitol and Shapiro bankruptcy cases [Case No. 09-36408, D.E. 333; Case No. 09-36418; D.E. 24].

**B.    Capitol's Scheme**

35.    Prior to the Petition Date, Capitol represented itself to be engaged in the wholesale grocery distribution business; and through Shapiro, Capitol raised over $800 million from at least 60 lenders (the "Lenders") to fund its purported business operations.

36.    Capitol solicited the Lenders by various methods.

37.    For some Lenders, Capitol – both directly, and indirectly through third-party solicitors (the "Solicitors") who received hefty commissions for bringing Lenders to Capitol – described Capitol's business as follows:

a.    Capitol would find interested buyers of grocery products such as XYZ Grocery Store.

b.    Capitol would then find a distributor that was offering those products for sale.

c.    Capitol would operate as the broker in the purchase and resale transactions and would make a commission based upon the difference between the purchase price and the resale price of the products.

d.    The typical turnaround time for the purchase and resale, on average, was 42 days.

e.    Lenders would receive a stated interest rate on funds advanced which was significantly above the prime rate prevailing at the time.

(collectively, "Capitol's Representations").

38.    None of the Lender loans were secured by Capitol through a pledge of receivables.

7

Capitol's Actual Business Affairs

39.     Notwithstanding Capitol's Representations, in reality, during the period from January 2005 through the Petition Date, Capitol conducted virtually no legitimate wholesale grocery distribution business and Capitol had no income or other source of funds except proceeds from the Lenders' loans.

40.     Shapiro caused a substantial portion of the funds which were loaned by the Lenders to Capitol to be siphoned off for Shapiro's personal use, including funding his multi-million dollar gambling habit and his lavish lifestyle; and Shapiro caused additional substantial sums to be transferred without consideration to other entities owned by Shapiro, including Ocean Rock Enterprises, Inc. and JAT Wholesale, Inc. (which have been substantially consolidated with Capitol's bankruptcy estate).

41.     In fact, Capitol's only business operation between January 2005 and November 2009 was a fraudulent Ponzi-like scheme, whereby Capitol secured a constantly increasing volume of new Lender loans as the source of funds for paying the principal and interest payments due on prior Lender loans (the "Capitol Scheme").

42.     In order to conceal its fraud and the Capitol Scheme, Capitol filed its Federal income tax returns for calendar years 2005 through 2008 on a cash basis; and because no products were purchased or sold, Capitol never recorded any inventory, accounts receivable or accounts payable.

43.     Capitol also caused its "CFO," Roberto Torres ("Torres") – who was not an accountant – to prepare and distribute false unaudited financial statements which purported to be on an accrual basis.

44.     Capitol, knowing that its cash flow would have dried up and the Capitol Scheme would have collapsed without the constant feeding of loans from the Lenders, was

8

compelled to pay the exorbitant interest rates demanded by the Lenders, including rates that were criminally usurious under Florida law.

**C.     Sheppard's Illicit Relationship with Shapiro**

Sheppard's Close Friendship with Shapiro

45.     Sheppard grew up with Shapiro on Miami Beach and has been friends with Shapiro since they were seven years old.

46.     Sheppard and Shapiro have gone on vacations together with their girlfriends and have played recreational basketball on the same team as adults.

47.     Sheppard, through a wholly owned entity, leased Capitol office space in the Sheridan Center (400 Arthur Godfrey Rd., Miami Beach, FL 33140).  WSG occupied the second floor, and Capitol occupied the fifth floor.

48.     Shapiro would routinely drop in at WSG's offices to chat with Sheppard about Capitol's and WSG's business.

49.     Sheppard would attend Miami Heat basketball games with Shapiro and shared Shapiro's floor seats with him.

WSG's Business Operations

50.     Capitol's offices were located in the same office building as WSG, a building owned indirectly by Sheppard.

51.     Sheppard and Philip Wolman ("Wolman") each own a fifty percent (50%) interest in WSG.  Wolman had a stroke in early 2010 and has ceased any management oversight of WSG.   Around that time, another Capitol lender ("Lender X") became Sheppard's business partner in several of the Development Projects.  Lender X, through a wholly owned entity, was a lender to Capitol and personal friend of Shapiro until October 2006, when Lender X ceased lending to Capitol upon his suspicion that Shapiro was

9

engaged in fraudulent conduct.  Upon information and belief, Lender X was introduced to Sheppard by Shapiro and became personal friends with Sheppard prior to his becoming an investor in the Development Projects.

52.    WSG was formed in 1996 and continues to do business in the State of Florida and in other locations.

53.    WSG's business is to acquire, construct, develop and manage commercial and residential real estate projects.

54.    Sheppard is generally responsible for WSG's day to day business affairs.

55.    Most of the Development Projects are each owned by a single purpose entity, in the form of a limited liability company, for which Sheppard is the managing member and an owner of a percentage of the membership interests in the particular entity.

56.    WSG manages the Development Projects and is compensated through development or management fees.

Sheppard's Lending to Capitol

57.    Sheppard's relationship with Shapiro was so close that he would lend Capitol millions of dollars, either individually or through WSG or the Development Projects, with no security in an effort to support Shapiro's business – Capitol.

58.    The source of the funds to make the loans to Capitol ran the gamut.

59.    Sheppard would use WSG and the Development Projects as his own personal piggy bank, taking funds from each entity as needed to make loans to Capitol – often times to the detriment of the Development Projects (which were forced to hold off on paying bills in certain instances until Capitol repaid the loans).  Sheppard even boasted to Shapiro that he had a $522 million loan from Lehman Brothers at his disposal.  Despite

10

WSG and the Development Projects making the loans, they never received any interest payments from Capitol.

60.    Instead, Sheppard would personally earn the hundreds of thousands of dollars in criminally usurious interest rates on the loans made to Capitol by himself, WSG and the Development Projects.

61.    Shapiro and Sheppard conspired to disguise the criminal nature of the loan terms and attempted to evade the Florida usury laws by preparing Promissory Notes to Sheppard, WSG or the Development Projects reflecting terms that appeared legal.  But the Promissory Notes did not reflect the true terms of the loans (as set forth in more detail below).

62.    Sheppard became so comfortable in his lending, despite his skepticism over how Capitol could earn such high profits, that he, either individually or through WSG and the Development Projects, made over $38.7 million in loans to Capitol either without any formal documentation or with shoddy documentation that he never reviewed (*see* Section III.D. below).

63.    All loans made by WSG and the Development Projects were kept "off the books" of those entities in an effort by Sheppard to conceal his wrongful conduct.

64.    REDACTED

Tabas, Freedman, Soloff, Miller & Brown, P.A. · One Flagler Building, 14 Northeast First Avenue, Penthouse, Miami, Florida 33132 · (305) 375-8171

65.    The relationship was reciprocal -- Shapiro would also support Sheppard's business, finding lenders for the Development Projects (and gaining an equity interest in the developments in return).    Typically, the lenders Shapiro solicited to make loans to the Development Projects were also lenders to Capitol.

66.    Sheppard, knowing that his close relationship with Shapiro could land him in trouble, continued supporting Shapiro even after the Petition Date (despite purportedly being owed millions of dollars by Capitol).  In fact, despite Sheppard knowing that Shapiro was accused of operating Capitol as a Ponzi scheme, he gratuitously leased Shapiro a Cadillac Escalade through WSG up until the time that Shapiro turned himself into the authorities and gave him $9,000 cash.  And up until that time, Shapiro continued to confide in Sheppard regarding his looming demise.

67.    REDACTED

Sheppard's _____ : The Residence, Rental Property and Investment Property

68.    As of July 2006, Sheppard owned an investment property located at 4420 North Bay Road, Miami Beach, FL 33140 (the "Investment Property").

69.    At that same time, the Sheppards' home located at 180 Bal Cross Drive, Bal Harbor, Florida 33154 (the "Residence") was in the process of being demolished and completely rebuilt by Deco.  The legal description of the Residence is:

>    Lot 20, Block 3, of RESIDENTIAL SECTION OF BAL HARBOUR, according to the Plat thereof, recorded in Plat

TABAS, FREEDMAN, SOLOFF, MILLER & BROWN, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171

Book 44, at Page 98, of the Public Records of Miami-Dade County, Florida.

70.    While the Residence was being demolished and rebuilt, the Sheppards rented and resided in a nearby house located at 187 Bal Cross Drive, Bal Harbor, Florida 33154 (the "Rental Property").

71.    REDACTED

**D.    Sheppard's Lending to Capitol**

<u>The July 2006 Loan</u>

72.    On July 10, 2006, WSG loaned $1,000,000 to Shapiro (the "July 2006 Loan").

73.    Notwithstanding that the July 2006 Loan was funded by WSG to Capitol (not Shapiro as reflected in the note), Sheppard had the July 2006 Loan evidenced by a promissory note dated July 10, 2006 and executed by Shapiro in favor of Sheppard in the principal amount of $1,000,000 (the "July 2006 Note"), a true and correct copy of which is attached hereto as Exhibit "A."

74.    Pursuant to the July 2006 Note, the principal amount of $1,000,000 and interest of $30,000.00 was due and payable on August 24, 2006 – an effective interest rate of 24.33%.

75.    Despite the terms of the July 2006 Note, interest on the July 2006 Loan was not paid to WSG.  Rather, upon Sheppard's direction, Capitol made monthly payments of (i)

13

Case No.: 09-36408-BKC-LMI
Adv. Case No.: 11-2587-LMI

between $18,381.70 and $21,242.34 directly to CC Bank for the mortgage payment on the Investment Property and (ii) $11,000 to Rutledge for rent for the Rental Property for the benefit of the Sheppards.

76.    The <u>effective interest rate</u> of the true terms of the July 2006 Loan is 35% – criminally usurious under Florida law.[2]

77.    In addition, the July 2006 Note did not mature on August 24, 2006, but rather was rolled over for month to month without any formal documentation.

78.    The Sheppards continued to receive the benefit of the July 2006 Loan made by WSG through May 5, 2008 when Capitol stopped making payments to CC Bank and Rutledge.    Neither WSG nor Sheppard ever made demand on Capitol to repay the $1 million principal balance due under the July 2006 Loan; nor did WSG or Sheppard file a proof of claim in Capitol's bankruptcy estate.

79.    Schedule "1" reflects the salient terms of the July 2006 Loan.

80.    Since the loan was made by WSG, Capitol received no reasonably equivalent value for making the interest payments to CC Bank and Rutledge for the benefit of the Sheppards.    In total, Capitol paid $673,992.80 to CC Bank and Rutledge on behalf of the Sheppards as interest payments on the July 2006 Loan (the "Fraudulent Personal Payments").

The October 2006 Loan

81.    On October 24, 2006, Sheppard loaned $3,300,000 to Shapiro (the "October 2006 Loan"), which was funded from the Sheppards' "House Account" maintained at Bank of America ending in 6567 (the "House Account") to Capitol.

---

[2]  Florida's "criminal usury" statute makes it a crime for any person to make or give "an extension of credit ... and knowingly charge, take or receive interest thereon a rate exceeding 25 percent per annum . . .",  section 687.071(2), Florida Statutes.

TABAS, FREEDMAN, SOLOFF, MILLER & BROWN, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171

82.    The October 2006 Loan was evidenced by a promissory note dated October 23, 2006 and executed by Shapiro in favor of Sheppard in the principal amount of $3,300,000 (the "October 2006 Note"), a true and correct copy of which is attached hereto as Exhibit "B."

83.    Pursuant to the October 2006 Note, the principal amount of $3,300,000 and interest of $50,000.00 was due and payable on November 15, 2006 and had a stated interest rate of 25%.

84.    Despite the terms of the October 2006 Note, Capitol prepaid the interest of $50,000.00 to Sheppard on October 23, 2006 by Check No. 4619 – which cleared Capitol's account on November 3, 2006 (the "October 2006 Interest Payment"). A true and correct copy of Check No. 4619 is attached hereto as Exhibit "C." Upon information and belief, the check was deposited into the House Account for the benefit of the Sheppards.

85.    The October 2006 Note was repaid the principal to Sheppard through the following transfers from Capitol to the House Account:

A.    October 27, 2006: $2,200,000 via two separate wire transfers;

B.    October 31, 2006: $400,000;

C.    November 2, 2006: $300,000; and

D.    November 3, 2006: $400,000.

86.    The effective annual rate for the $50,000 interest payment based upon the actual terms of the loan equates to 55.30% – criminally usurious under Florida law (and a felony).

87.    Schedule "2" reflects the salient terms of the October 2006 Loan.

15

The July 2007 Loan

88.    On July 23, 2007, WSG and the Development Projects made a $4,000,000 loan to Capitol (the "July 2007 Loan") via wire transfers as follows:

      A.    WSG Charlottesville: $390,400;

      B.    WSG Chattanooga: $890,880;

      C.    WSG: $595,000;

      D.    WSG Gold Mile: $980,200;

      E.    WSG Mason Road: $392,470;

      F.    WSG Pembroke: $330,820.00; and

      G.    WSG Riverview: $420,230.

89.    Despite the July 2007 Loan being primarily funded by the Development Projects, it was evidenced by a promissory note solely in favor of WSG (the "July 2007 Note"), a true and correct copy of which is attached hereto as Exhibit "D."

90.    Pursuant to the July 2007 Note, the July 2007 Loan principal was to repaid as follows:

      A.    August 6, 2007: $1,500,000;

      B.    August 13, 2007: $1,500,000; and

      C.    August 23, 2007: $1,500,000.

91.    The July 2007 Loan provided for a one time interest payment of $150,000 due on August 23, 2007 – an effective interest rate of 44.15% – criminally usurious under Florida law.  The form of the July 2007 Note removed the stated interest rate to conceal the usurious nature of the July 2007 Loan.

92.    Despite the terms of the July 2007 Note, Capitol paid the interest of $150,000 to Deco for the benefit of the Sheppards on September 18, 2007 (the "$150,000 Deco

16

Payment"). Capitol's Quickbooks reflect that the payment was for "Interest expense on $4MM temp loan dated 7/23/07."

93.    Since the loan was made by the Development Projects, Capitol received no reasonably equivalent value for making the $150,000 Deco Payment on behalf of the Sheppards.

94.    Between August 6, 2007 and August 29, 2007, notwithstanding that WSG was the payee under the July 2007 Note, Capitol transferred a total of $4,000,000 back to the accounts of WSG and the Development Projects listed below in the following amounts:

    A.    WSG Charlottesville: $390,400;

    B.    WSG Chattanooga: $890,880;

    C.    WSG: $595,000;

    D.    WSG Gold Mile: $980,200;

    E.    WSG Mason Road: $392,470;

    F.    WSG Pembroke: $330,820.00; and

    G.    WSG Riverview: $420,230.

95.    Schedule "3" reflects the salient terms of the July 2007 Loan.

The August 20, 2007 Loan

96.    On or about August 20, 2007, the Development Projects loaned Capitol $1,300,000 (the "August 20, 2007 Loan") via wire transfers as follows:

    A.    WSG Charlottesville - $150,000;

    B.    WSG Dulles - $205,000;

    C.    WSG Short Pump - $75,000;

    D.    WSG Monroe - $45,000;

    E.    WSG ATL2130 - $70,000;

17

Case No.: 09-36408-BKC-LMI
Adv. Case No.: 11-2587-LMI

F.    WSG Trace Fork - $175,000;

G.    WSG Mason Road - $45,000;

H.    JLS Jensen - $45,000; and

I.    WSG Roanoke - $490,000.

97.    Notwithstanding that the August 20, 2007 Loan was funded by the Development Projects, Sheppard had the August 20, 2007 Loan evidenced by a Promissory Note executed by Shapiro in favor of WSG (the "August 20, 2007 Note"), a true and correct copy of which is attached hereto as Exhibit "E."

98.    Pursuant to the August 20, 2007 Note, the principal amount of $1,300,000 and $13,000.00 in interest was due and payable on August 22, 2007 – an effective interest rate of 182.50% for the two day loan. Similar to the July 2007 Note, the August 20, 2007 Note does not reflect the felonious and usurious interest rate on its face.

99.    On August 22, 2007, notwithstanding that WSG was the payee under the August 20, 2007 Note, Capitol transferred a total of $1,300,000 back to the accounts of the Development Projects listed below in the following amounts:

A.    WSG Charlottesville - $150,000;

B.    WSG Dulles - $205,000;

C.    WSG Short Pump - $75,000;

D.    WSG Monroe - $45,000;

E.    WSG ATL2130 - $70,000;

F.    WSG Trace Fork - $175,000;

G.    WSG Mason Road - $45,000;

H.    JLS Jensen - $45,000; and

I.    WSG Roanoke - $490,000.

18

TABAS, FREEDMAN, SOLOFF, MILLER & BROWN, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171

100. And despite the terms of the August 20, 2007 Note, Capitol paid the interest of $13,000.00 to Sheppard individually on August 22, 2007 by Check No. 4832, which cleared Capitol's account on August 28, 2007 (the "August 2007 Interest Payment"). A true and correct copy of Check No. 4832 is attached hereto as Exhibit "F." The memo line of the check reflects that the payment was for "INTEREST ESPENSE $1.3M Note 8.22.07." Upon information and belief, the check was deposited into a joint account for the Sheppards ending in account number 6172.

101. Since the loan was made by the Development Projects, Capitol received no reasonably equivalent value for making the interest payment to the Sheppards.

102. Schedule "4" reflects the salient terms of the August 20, 2007 Loan.

The August 27, 2007 Loan

103. On August 27, 2007, the Development Projects loaned Capitol $1,700,000 (the "August 27, 2007 Loan") via wire transfers as follows:

   A.  WSG Charlottesville: $390,400; and

   B.  Indrio Village: $1,309,600.

104. Notwithstanding that the August 27, 2007 Loan was funded by WSG Charlottesville and Indrio Village, Sheppard had the August 27, 2007 Loan evidenced by a Promissory Note executed by Capitol in favor of WSG in the principal amount of $1,700,000 (the "August 27, 2007 Note"), a true and correct copy of which is attached hereto as Exhibit "G."

105. Pursuant to the August 27, 2007 Note, the principal amount of $1,700,000 and $17,000 in interest was due and payable on August 29, 2007 – an effective interest rate of 182.50% for the two day loan – again criminally usurious under Florida law (and a felony).

19

106.    On August 27, 2007, notwithstanding that WSG was the payee under the August 27, 2007 Note, Capitol transferred a total of $1,700,000 back to the accounts of the Development Projects listed below in the following amounts (the "August 27, 2007 Loan Repayment Transfers"):

    A.    August 30, 2007: WSG Charlottesville - $390,400;

    B.    August 30, 2007: Indrio Village - $1,309,600; and

    C.    August 31, 2007: Indrio Village - $100,000.

107.    Despite the terms of the August 27, 2007 Note, the $17,000 in interest was paid to Deco for the benefit of the Sheppards on September 18, 2007 (the "$17,000 Deco Payment").    Capitol's Quickbooks reflects that the $17,000 Deco Payment was for "$1.7 Temp. Loan 08.27.07" is attached hereto as Exhibit "H."

108.    Since the loan was made by the Development Projects, Capitol received no reasonably equivalent value for making the interest payment to Deco on behalf of the Sheppards.

109.    Schedule "5" reflects the salient terms of the August 27, 2007 Loan.

The September 2007 Loan

110.    On September 5, 2007, WSG loaned $3,500,000 to Capitol (the "September 2007 Loan").

111.    The September 2007 Loan was evidenced by a Promissory Note executed by Capitol in favor of WSG in the principal amount of $3,500,000 (the "September 2007 Note"), a true and correct copy of which is attached hereto as Exhibit "I."

112.    Pursuant to the September 2007 Note, the principal amount of $3,500,000 and interest of $45,000 was due and payable on September 21, 2007 – an effective interest rate of 29.33% -- criminally usurious under Florida law.

20

113.    Capitol repaid the September 2007 Loan to WSG as follows: (i) $300,000 on September 18, 2007; (ii) $500,000 on October 1, 2007; (iii) $1,000,000 on October 4, 2007; (iv) $400,000 on October 10, 2007; (v) $400,000 on October 15, 2007; and (vi) $900,000 on October 16, 2007 (the "September 2007 Loan Repayment Transfers").

114.    On September 18, 2007, Capitol paid $15,742.48 as partial interest on the September 2007 Loan to Deco for costs and expenses incurred for the rebuilding of the Residence for the benefit of the Sheppards (the "$15,742.48 Deco Payment").    And on October 25, 2007, Capitol paid the remaining interest of $55,000 to Deco for costs and expenses incurred for the rebuilding of the Residence for the benefit of the Sheppards (the "$55,000 Deco Payment").    Capitol's business records reflect that these transfers were made for "Interest to be applied $3.5M 09.05.07."  *See* Exhibit "H."

115.    Since the loan was made by WSG, Capitol received no reasonably equivalent value for making the interest payments on the September 2007 Loan to Deco for the benefit of the Sheppards.

116.    Schedule "6" reflects the salient terms of the September 2007 Loan.

Sheppard Realizes he is Duped by Capitol – The $10 Million Interest-Free Loans

117.    Sheppard recklessly lent WSG's and the Development Projects' funds to Capitol with such frequency, that WSG's employees had standing orders to transfer funds from wherever they were available upon Capitol's (Shapiro's) request for a loan.

118.    As it was not his funds at risk, Sheppard claims to have never reviewed the documentation for the loans to determine if (i) there was a promissory note reflecting each loan or (ii) whether the promissory note prepared by Capitol reflected the terms he negotiated with Shapiro.    And as a result, as of August 2007, Sheppard, WSG and the Development Projects (in addition to the foregoing loans) had made over $10 million in

21

loans to Capitol without receiving any interest payments (the "$10 Million Interest-Free Loans") and without the promissory notes reflecting the true terms of Sheppard's negotiations with Shapiro as follows:

A.    On February 23, 2007, Carillon loaned Capitol $1,000,000, but the loan is evidenced by a promissory note from Shapiro in favor of Sheppard. On March 15, 2007, Capitol repaid Carillon $250,000 and on March 16, 2007 repaid Carillon the remaining $750,000.  The note provides for a criminally usurious interest rate of 78%, yet no interest was paid on this loan;

B.    On April 4, 2007, WSG loaned Capitol $2,000,000, which was repaid in full on April 11, 2007.  The note provides for interest of 1% per annum, yet no interest was paid on this loan;

C.    On April 24, 2007, Carillon loaned Capitol $2,000,000.  On April 30, 2007, Capitol repaid Carillon $325,000 and on May 2, 2007, it repaid the remaining $1,675,000 of this loan.  Also on April 24, 2007, Indrio Village loaned Capitol $1,000,000, which was repaid on April 27, 2007.  This aggregate of this $3,000,000 loan is evidenced by a promissory note dated April 24, 2007 from Capitol and Shapiro in favor of WSG.  The note provides for interest to be paid at 1% per annum, yet no interest was paid on this loan;

D.    On May 17, 2007, Carillon loaned Capitol $2,000,000, which repaid Carillon:  (i) $900,000 on May 22, 2007; (ii) $500,000 on May 29, 2007; (iii) $500,000 on June 1, 2007; and (iv) $350,000 on June 11, 2007.  This loan is evidenced by a promissory note from Capitol and Shapiro in favor of WSG.  The note provides for interest to be paid at 1% per annum, yet no interest was paid on this loan; and

E.    On June 12, 2007, Carillon loaned Capitol $2,000,000, which repaid Carillon:  (i) $350,000 on June 20, 2007; (ii) $250,000 on June 28, 2007; (iii) $500,000 on July 2, 2007; (iv) $350,000 on July 3, 2007; (v) $350,000 on July 5, 2007; (vi) $150,000 on July 9, 2007; and (vii) $50,000 on July 23, 2007.  There is no promissory note evidencing this loan and no interest was paid on this loan.

True and correct copies of the promissory notes for the documented loans and wire transfer confirmations for the undocumented loans which comprise the $10 Million Interest-Free Loans are attached hereto as Composite Exhibit "J."

119.    Sheppard, finally realizing that Capitol failed to pay the agreed upon interest on the loans, contacted Shapiro and required him to make another payment to Deco on the Sheppards behalf of $17,257.52 on September 18, 2007 (the "$17,257.52 Deco Payment"). Capitol's Quickbooks reflect that this payment was made for "Interest expense on

22

Case No.: 09-36408-BKC-LMI
Adv. Case No.: 11-2587-LMI

Accumulated $10M Interest."  As the $10 Million Interest-Free loans were made by WSG and the Development Projects, Capitol did not receive any reasonably equivalent value for making the $17,257.52 Deco Payment on the Sheppards' behalf.

120.   But once again, despite the red flags that were apparent from Capitol's failure to pay interest on $10 million of loans, Sheppard continued carelessly lending WSG's, the Development Projects' and his funds to Capitol, and its alter ego Ocean Rock, which resulted in the propping up of Capitol's business and guaranteed Capitol's perpetuation.

121.   Despite the flagrant oddities in Capitol's business dealings, Sheppard did not care to inquire into the legitimacy of the loans he was making to Capitol, and failed to follow up on the loans to determine whether Capitol was complying with his terms going forward, and as a result Sheppard, WSG and the Development Projects made an additional $11.8 Million in interest-free loans (the "$11.8 Million Interest-Free Loans") in a two month span:

A.     On November 8, 2007, Carillon loaned Ocean Rock $1,200,000.  On December 4, 2007, Ocean Rock repaid this loan in full via four (4) separate wire transfers in the amounts of:  (i) $200,000; (ii) $240,000; (iii) $250,000; and (iv) $510,000.  The note provides for interest at a fixed fee amount, but fails to state the amount of the fixed fee. No interest was paid on this loan;

B.     On November 8, 2007, WSG loaned Ocean Rock $2,000,000.  WSG was repaid this loan as follows:  (i) $250,000 on November 16, 2007; (ii) $950,000 on November 20, 2007; and (iii) $800,000 on December 5, 2007.  The note provides for interest at a fixed fee amount, but fails to state the amount of the fixed fee. No interest was paid on this loan;

C.     On November 9, 2007, the Sheppards loaned Shapiro $800,000 from their House Account, which was repaid on November 20, 2007.  The note provides for interest at a fixed fee amount, but fails to state the amount of the fixed fee. No interest was paid on this loan;

D.     On November 28, 2007 Carillon loaned Capitol $2,200,000 which was repaid on November 30, 2007.  The note provides for interest at a fixed fee amount, but fails to state the amount of the fixed fee. No interest was paid on this loan;

E.     On December 13, 2007, Carillon loaned Capitol $1,300,000 which was repaid on December 14, 2007 (despite the stated maturity date being December 17, 2007).

23

The promissory note provides for interest at a fixed fee amount, but fails to state the amount of the fixed fee. No interest was paid on this loan;

F.    On December 13, 2007, WSG loaned Capitol $1,000,000 which was repaid on December 14, 2007 (despite the stated maturity date being December 17, 2007). The promissory note provides for interest at a fixed fee amount, but fails to state the amount of the fixed fee. No interest was paid on this loan;

G.    On December 21, 2007, Carillon loaned Capitol $2,500,000 which was repaid on December 27, 2007. The promissory note for this loan was inadvertently dated January 17, 2008 and provides for interest at a fixed fee amount, but fails to state the amount of the fixed fee. No interest was paid on this loan; and

H.    On December 21, 2007, the Sheppards loaned Capitol $800,000 from their House Account, which was repaid on December 26, 2007. The promissory note was inadvertently dated January 17, 2008 and provides for interest at a fixed fee amount, but fails to state the amount of the fixed fee. No interest was paid on this loan.

True and correct copies of the promissory notes reflecting the $11.8 Million Interest-Free Loans are attached hereto as Composite Exhibit "K."

New Year, New Leaf: The Line of Credit

122.    Going forward, in January 2008, Sheppard again pulling his head from the sand and realizing that he had not been paid interest on the $11.8 Million Interest-Free Loans. But instead of ceasing his lending to Capitol, or inquiring into the legitimacy of Capitol's business, Sheppard demanded that Capitol make interest payments up front in exchange for WSG, the Development Projects and Sheppard lending Capitol $10 Million during the first six months of 2008 (after all, Sheppard was still receiving the Rental Payments and Mortgage Payments Capitol was paying as interest payments on the July 2006 Loan).

123.    On January 8, 2008, Capitol transferred the upfront interest payment of $100,000 to Deco for the benefit of the Sheppards (the "January 2008 Interest Pre-Payment"). As a majority of the loans made after January 8, 2008 were made by WSG and

the Development Projects, Capitol did not receive any reasonably equivalent value for making the January 2008 Interest Pre-Payment on the Sheppards' behalf.

124.    On January 11, 2008, Carillon loaned $1,700,000 to Capitol (the "January 2008 Loan"), which $800,000 of the loan was funded by Sheppard to Shapiro's personal account at Bank of America ending in 9122[3] and $900,000 was funded by Carillon to Capitol's account.

125.    Notwithstanding that the January 2008 Loan was funded by Carillon and Sheppard, Sheppard had the January 2008 Loan evidenced by a Promissory Note executed by Capitol solely in favor of Carillon in the principal amount of $1,700,000 (the "January 2008 Note"), a true and correct copy of which is attached hereto as Exhibit "L."

126.    Pursuant to the January 2008 Note, the principal amount of $1,700,000 and $8,500 of interest was due and payable to Carillon on January 14, 2008 – an effective interest rate of 61% for the three day loan.

127.    The $8,500 interest obligation under the January 2008 Note was satisfied by the January 2008 Interest Pre-Payment.

128.    The January 2008 Loan was repaid in two parts: (1) to Carillon by wire transfer from Capitol's Bank of America account ending 6842 in the amount of $900,000 on January 15, 2008 and (2) the remaining $800,000 portion of the January 2008 Loan was repaid by Shapiro to Sheppard by wire transfer to Sheppard's personal account with Bank of America ending 6143.

129.    It was not long before Sheppard permanently buried his head deep in the sand never to surface, and the Sheppards, WSG and the Development Projects continued

---

[3] By accident, Sheppard sent the $800,000 to Shapiro's account instead of Capitol's. Shapiro then transferred the funds from his personal account to Capitol's bank account.

25

Case No.: 09-36408-BKC-LMI
Adv. Case No.: 11-2587-LMI

to make loans totaling $16,119,000 (the "Line of Credit Loans") to Capitol up until its demise as follows:

A.    On January 22, 2008, Carillon loaned Capitol $2,000,000, which was repaid on January 23, 2008.  The promissory note provides for interest at a fixed fee amount, but fails to state the amount of the fixed fee. No interest was paid on this loan;

B.    On January 29, 2008, Carillon loaned Capitol $3,700,000, which was repaid on February 1, 2008.  The promissory note provides for interest at a fixed fee amount, but fails to state the amount of the fixed fee. No interest was paid on this loan;

C.    On February 7, 2008, Carillon loaned Capitol $1,000,000, which was repaid on February 8, 2008. The promissory note was inadvertently dated February 11, 2008 and provides for interest at a fixed fee amount, but fails to state the amount of the fixed fee. No interest was paid on this loan;

D.    On February 12, 2008, Carillon loaned Capitol $2,000,000, which was repaid on February 14, 2008.  The promissory note provides for interest at a fixed fee amount, but fails to state the amount of the fixed fee.  No interest was paid on this loan;

E.    On February 12, 2008, WSG loaned Capitol $800,000, which was repaid on February 14, 2008.  There is no promissory note evidencing this loan.  No interest was paid on this loan;

F.    On February 12, 2008, the Sheppards loaned $800,000 from their House Account to Capitol, which was repaid on February 14, 2008. There is no promissory note evidencing this loan and no interest was paid;

G.    On February 26, 2008, WSG loaned Capitol $1,000,000, which was repaid on February 29, 2008.  There is no promissory note evidencing this loan and no interest was paid;

H.    On June 5, 2008, Carillon loaned Capitol $2,200,000, which was repaid on June 9, 2008.  The promissory note for this loan (which was dated on June 6, 2008) provides for interest at a fixed fee amount, but fails to state the amount of the fixed fee. No interest was paid on this loan;

I.    On June 6, 2008, Sheppard loaned Capitol $800,000, which was repaid on June 10, 2008.  There is no promissory note evidencing this loan an no interest was paid on this loan;

26

J.    On December 22, 2008, the Sheppards loaned Capitol $400,000, of which $50,000 was repaid on December 31, 2008. There is no promissory note evidencing this loan which remains outstanding, and there was no interest paid on this loan.

K.    On January 26, 2009, Carillon loaned Capitol $400,000, which remains outstanding. This loan was evidenced by a written promissory note executed on April 2, 2009 and provides for interest at a fixed fee amount, but fails to state the amount of the fixed fee. No interest was paid on this loan;

L.    On March 27, 2009, WSG loaned Capitol $20,000, which was repaid on that same day. There is no promissory note evidencing this loan and no interest was paid;

M.    On April 2, 2009, Carillon loaned Capitol $650,000, which remains outstanding. This loan was evidenced by a written promissory note which provides for interest at a fixed fee amount, but fails to state the amount of the fixed fee. No interest was paid on this loan;

N.    On May 28, 2009, WSG loaned Capitol $208,000, which was repaid on that same day. The promissory note provides for interest at a fixed fee amount, but fails to state the amount of the fixed fee. No interest was paid on this loan;

O.    On May 28, 2009, WSG loaned Capitol $300,000, of which $230,000 was repaid on May 28, 2009 and the remaining $70,000 was repaid on June 5, 2009. The promissory note provides for interest at a fixed fee amount, but fails to state the amount of the fixed fee. No interest was paid on this loan;

P.    On May 29, 2009, WSG loaned Capitol $330,000, which was repaid on June 5, 2009. The promissory note provides for interest at a fixed fee amount, but fails to state the amount of the fixed fee. No interest was paid on this loan;

Q.    On June 12, 2009, WSG loaned Capitol $148,000, which was repaid $50,00 on July 10, 2009 and $100,000 on July 20, 2009.

True and correct copies of the promissory notes for the documented loans and wire transfer confirmations for the undocumented loans which comprise the Line of Credit Loans are attached hereto as Composite Exhibit "M."

TABAS, FREEDMAN, SOLOFF, MILLER & BROWN, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171

**D.    The Collapse of the Capitol Scheme**

130.    Beginning in late 2008 Capitol began having problems keeping up with the need to make payments to the Lenders – an inevitable end to any Ponzi scheme – and Lenders started imploring Capitol to return the principal on their loans.  Shapiro, knowing that Capitol could not fulfill all of the outstanding obligations to its Lenders, began taking steps to conceal his fraudulent scheme by putting out fires when suspicions began to arise.

131.    Due to allegations that Shapiro had began dissipating and hiding his and Capitol's assets, the petitioning creditors (a collection of Capitol's Lenders), filed the involuntary Chapter 7 bankruptcy petitions against Capitol and Shapiro in November 2009.

132.    Upon motion by the petitioning creditors reflecting that Capitol had over $123 million in liabilities as of December 2008, and only $9 million in speculative assets, the Court swiftly appointed a gap-period interim Trustee, Joel L. Tabas, and the Capitol Scheme was brought to a screeching halt.

133.    On April 20, 2010, the United States Department of Justice (the "DOJ") filed a Criminal Complaint in New Jersey against Shapiro (Case No. 2:10-mj-08082-MCA-1, D.N.J.).  Shapiro has been detained in a federal prison in New Jersey since April 2010. Upon information and belief, Lender X had informed the DOJ of his suspicions of Shapiro's fraudulent conduct in October 2006, which commenced the investigation into Capitol's business dealings.

134.    On August 18, 2010, Shapiro entered into a Plea Agreement with the United States Attorney for the District of New Jersey whereby Shapiro admitted that, between January 2005 through the Petition Date, he used Capitol to fraudulently obtain money from lenders who believed they were lending funds for Capitol's grocery diversion business when

28

the money was actually being used for Shapiro's personal benefit and to make payments to Capitol's earlier lenders.

## IV.  CAUSES OF ACTION

### COUNT 1
### AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 544(b) AND FLA. STAT. § 726.105(1)(b)
### (July 2006 Loan – Sheppards, Rutledge & CC Bank)

135.    Plaintiff realleges paragraphs 1 through 80 and 130 through 134 as though fully set forth herein.

136.    Section 687.071(7) of the Florida Statutes provides that "[n]o extension of credit made in violation of any of the provisions of [Section 687.071(7), Fla. Stat.] shall be an enforceable debt . . . "

137.    WSG, at the direction of Sheppard, made the July 2006 Loan to Capitol at a rate that was criminally usurious in violation of section 687.071(2), Florida Statutes.

138.    Within the four (4) year period immediately preceding the Petition Date, Capitol made payments directly to CC Bank and Rutledge totaling $673,992.80 as interest payments due under the July 2006 Note for the Sheppards' benefit (the "July 2006 Usurious Loan Transfers").

139.    The July 2006 Loan Usurious Transfers constitute a transfer of interest of Capitol's, and now, the Plaintiff's property.

140.    Because the July 2006 Loan was at all times unenforceable, Capitol had no obligation to make any payments of principal or interest on the July 2006 Loan at any time.

141.    Because Capitol had no obligation to make the July 2006 Usurious Loan Transfers, Capitol did not receive any reasonably equivalent value in exchange for the July 2006 Usurious Loan Transfers to CC Bank and Rutledge for the Sheppards' benefit.

TABAS, FREEDMAN, SOLOFF, MILLER & BROWN, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171

Case No.: 09-36408-BKC-LMI
Adv. Case No.: 11-2587-LMI

142.    As Capitol was admittedly operating a Ponzi scheme at the time that it made the July 2006 Usurious Loan Transfers:

A.    Capitol was insolvent on the date that each of the July 2006 Loan Usurious Transfers were made, or became insolvent as a result of the subject transfers;

B.    Capitol was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with Capitol was an unreasonably small capital; or

C.    Capitol intended to incur, or believed that it would incur debts that would be beyond Capitol's ability to pay as such debts matured.

143.    As a result of the July 2006 Loan Usurious Transfers, the Sheppards received the total sum of $673,992.80 (total of all interest payments made directly to CC Bank and Rutledge), Rutledge received the total sum of $242,000.00 and CC Bank received the total sum of $392,368.76.

144.    Capitol had at least one creditor who could have avoided the July 2006 Loan Usurious Transfers.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests this Court enter judgment on his behalf and against Defendants, Eric D. Sheppard, Jennifer L. Sheppard, Rutledge Apartments, L.C. and Capital One Bank (USA), N.A., as follows:

(a)    determining that the July 2006 Loan Usurious Transfers totaling $673,992.80 constitute fraudulent transfers and are avoidable pursuant to Section 726.105(1)(b) of the Florida Statutes; and

(b)    granting such other and further relief as this Court deems just and proper.

30

**COUNT 2**
**RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO**
**FLA. STAT. §726.108 AND FLA. STAT. §726.109 & 11 U.S.C. §§ 544 AND 550**
(July 2006 Usurious Loan Transfers – Sheppards, Rutledge & CC Bank)

145.    Plaintiff incorporates and realleges paragraphs 1 through 80, 130 through 134 and 136 through 144 of this Complaint as though fully set forth herein.

146.    The July 2006 Usurious Loan Transfers are avoidable by Plaintiff pursuant to Section 726.105(1)(b) of the Florida Statutes, and as a result, such July 2006 Usurious Loan Transfers are recoverable by the Plaintiff pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code.

147.    As set forth on Schedule 1, the Sheppards were the persons for whose benefit the July 2006 Usurious Loan Transfers were made as is evidenced by (i) Sheppard being reflected as the lender on the promissory note on the July 2006 Loan and (ii) all interest payments being made on the Sheppards' behalf.

148.    Rutledge was the initial transferee of $242,000.00 of the July 2006 Usurious Transfers and CC Bank was the initial transferee of $392,368.76 of the July 2006 Usurious Transfers.

149.    As a result, Plaintiff may recover the value of the July 2006 Usurious Loan Transfers from Defendants, Eric D. Sheppard, Jennifer L. Sheppard, Rutledge Apartments, L.C. and Capital One Bank (USA), N.A. pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests that this Court enter a judgment on his behalf and against Defendants, Eric D. Sheppard and Jennifer L. Sheppard, Rutledge Apartments, L.C. and Capital One Bank (USA), N.A., as follows:

(a)    declaring Eric D. Sheppard and Jennifer L. Sheppard the persons for whose

benefit the July 2006 Usurious Loan Transfers were made;

(b)     awarding damages against Eric D. Sheppard and Jennifer L. Sheppard, jointly and severally, in the amount of $673,992.80, plus pre-judgment interest in favor of the Trustee and directing Eric D. Sheppard and Jennifer L. Sheppard to turn over the July 2006 Usurious Loan Transfers pursuant to Sections 726.108 and 726.109(2)(a) of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code;

(c)     declaring Rutledge Apartments, L.C. the initial transferee of $242,000.00 of the July 2006 Usurious Transfers;

(d)     awarding damages against Rutledge Apartments, L.C. in the amount of $242,000.00, plus pre-judgment interest in favor of the Trustee and directing Rutledge Apartments, L.C. to turn over the July 2006 Usurious Loan Transfers pursuant to Sections 726.108 and 726.109(2)(a) of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code;

(e)     declaring Capital One Bank (USA), N.A. the initial transferee of $392,368.76 of the July 2006 Usurious Transfers;

(f)     awarding damages against Capital One Bank (USA), N.A. in the amount of $392,368.76, plus pre-judgment interest in favor of the Trustee and directing Capital One Bank (USA), N.A. to turn over the July 2006 Usurious Loan Transfers pursuant to Sections 726.108 and 726.109(2)(a) of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code; and

(g)     granting such other and further relief as this Court deems just and proper.

TABAS, FREEDMAN, SOLOFF, MILLER & BROWN, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171

## COUNT 3
## ACTION SEEKING CANCELLATION OF ALL SUMS DUE ON USURIOUS LOANS PURSUANT TO FLA. STAT. § 687.071 AND RECOVERY OF ALL PAYMENTS OF PRINCIPAL AND INTEREST ON THE USURIOUS LOANS AS <u>PROPERTY OF CAPITOL'S BANKRUPTCY ESTATE PURSUANT TO 11 U.S.C. § 542</u>
### (July 2006 Loan – Sheppards, Rutledge & CC Bank)

150.    Plaintiff incorporates and realleges paragraphs 1 through 80 and 130 through 134 of this Complaint as though fully set forth herein.

151.    The Defendants, Eric D. Sheppard and Jennifer L. Sheppard, knowingly sought, charged and collected, through the payments to CC Bank and Rutledge, interest from Capitol on the July 2006 Loan at a criminally usurious rate in excess of 25% per annum in violation of Section 687.071, Florida Statutes, as reflected on Schedule 1.

152.    Because the effective interest rate of the July 2006 Loan exceeds the permissible rate under Section 687.071, Florida Statutes, the July 2006 Loan is unenforceable.

153.    Moreover, because the July 2006 Loan is unenforceable pursuant to Section 687.071, Florida Statutes, the Sheppards are required to forfeit all interest payments made by Capitol on their behalf pursuant to the July 2006 Loan (the "July 2006 Forfeited Payments").

154.    Accordingly, the July 2006 Forfeited Payments are owed by Eric D. Sheppard and Jennifer L. Sheppard, jointly and severally, creating a debt that is property of Capitol's bankruptcy estate and is matured, payable on demand, or payable on order pursuant to Section 542(b) of the Bankruptcy Code.

155.    In addition, $242,000.00 of the July 2006 Forfeited Payments are owed by Rutledge Apartments, L.C. and $392,368.76 of the July 2006 Forfeited Payments are owed by Chevy Chase Bank (USA), N.A., creating a debt that is property of Capitol's bankruptcy estate and is matured, payable on demand, or payable on order pursuant to Section 542(b)

TABAS, FREEDMAN, SOLOFF, MILLER & BROWN, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171

of the Bankruptcy Code.

156.   Defendants, Eric D. Sheppard, Jennifer L. Sheppard, Rutledge Apartments, L.C. and Capital One Bank (USA), N.A. have failed to turn over or repay the July 2006 Forfeited Payments.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests this Court enter judgment on his behalf and against Defendants, Eric D. Sheppard, Jennifer L. Sheppard, Rutledge Apartments, L.C. and Capital One Bank (USA), N.A. as follows:

(a)   finding that the July 2006 Loan is a usurious loan, and as such, is unenforceable under Section 687.071, Florida Statutes;

(b)   directing Defendants, Eric D. Sheppard and Jennifer L. Sheppard, jointly and severally, to turn over to the Plaintiff the July 2006 Forfeited Payments in the amount of $673,992.80 (representing all interest payments paid by Capitol pursuant to the July 2006 Loan as set forth on Schedule 1), plus pre-judgment interest and attorneys' fees in favor of the Trustee;

(c)   directing Defendant, Rutledge Apartments, L.C., to turn over to the Plaintiff $242,000.00 of the July 2006 Forfeited Payments, plus pre-judgment interest and attorneys' fees in favor of the Trustee;

(d)   directing Defendant, Capital One Bank (USA), N.A. to turn over to the Plaintiff $392,368.76 of the July 2006 Forfeited Payments, plus pre-judgment interest and attorneys' fees in favor of the Trustee; and

(e)   granting such other and further relief as this Court deems just and proper.

34

Case No.: 09-36408-BKC-LMI
Adv. Case No.: 11-2587-LMI

## COUNT 4
## AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT
## TO 11 U.S.C. § 544(b) AND FLA. STAT. § 726.105(1)(b)
### (Fraudulent Personal Payments – Sheppards, Rutledge & CC Bank)

157.   Plaintiff realleges paragraphs 1 through 80 and 130 through 134 as though fully set forth herein.

158.   Count 4 is an alternative relief if the Court does not find that the July 2006 Loan was usurious in Counts 1 and 3 above.

159.   Within the four (4) year period immediately preceding the Petition Date, Capitol made the Fraudulent Personal Payments in the total amount of $673,992.80.

160.   Capitol did not receive any reasonably equivalent value in exchange for any of the Fraudulent Personal Payments that Capitol made to CC Bank and Rutledge on behalf of the Sheppards on the July 2006 Loan as the July 2006 Loan was made by WSG.

161.   As Capitol was admittedly operating a Ponzi scheme at the time that it made each of the Fraudulent Personal Payments:

A.    Capitol was insolvent on the date that each of the Fraudulent Personal Payments was made, or became insolvent as a result of the subject transfer;

B.  ,   Capitol was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with Capitol was an unreasonably small capital; or

C.    Capitol intended to incur, or believed that it would incur debts that would be beyond Capitol's ability to pay as such debts matured.

162.   As a result of the Fraudulent Personal Payments, Rutledge and CC Bank received the total sum of $673,992.80 for the benefit of the Sheppards.

163.   Capitol had at least one creditor who could have avoided the Fraudulent Personal Payments.

35

TABAS, FREEDMAN, SOLOFF, MILLER & BROWN, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171

Case No.: 09-36408-BKC-LMI
Adv. Case No.: 11-2587-LMI

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests this Court enter judgment on his behalf and against Defendants, Eric D. Sheppard, Jennifer L. Sheppard, Rutledge Apartments, L.C. and Capital One Bank (USA), N.A. as follows:

(a)    determining that the Fraudulent Personal Payments totaling $673,992.80 constitute fraudulent transfers and are avoidable pursuant to Section 726.105(1)(b) of the Florida Statutes; and

(b)    granting such other and further relief as this Court deems just and proper.

**COUNT 5**
**RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO**
**FLA. STAT. §726.108 AND FLA. STAT. §726.109 & 11 U.S.C. §§ 544 AND 550**
**(Fraudulent Personal Payments - Sheppards)**

164.    Plaintiff incorporates and realleges paragraphs 1 through 80, 130 through 134 and 158 through 163 of this Complaint as though fully set forth herein.

165.    The Fraudulent Personal Payments are avoidable by Plaintiff pursuant to Section 726.105(1)(b) of the Florida Statutes, and as a result, such Fraudulent Personal Payments are recoverable by the Plaintiff pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code.

166.    Eric D. Sheppard and Jennifer L. Sheppard were the persons for whose benefit the Fraudulent Personal Payments were made.

167.    Rutledge was the initial transferee of $242,000.00 of the July 2006 Usurious Transfers and CC Bank was the initial transferee of $392,368.76 of the July 2006 Usurious Transfers.

168.    As a result, Plaintiff may recover the value of the July 2006 Usurious Loan Transfers from Defendants, Eric D. Sheppard, Jennifer L. Sheppard, Rutledge Apartments, L.C. and Capital One Bank (USA), N.A. pursuant to Sections 726.108 and 726.109(2)(b) of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code.

36

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests that this Court enter a judgment on his behalf and against Defendants, Eric D. Sheppard, Jennifer L. Sheppard, Rutledge Apartments, L.C. and Capital One Bank (USA), N.A., as follows:

(a)    declaring Eric D. Sheppard and Jennifer L. Sheppard as the persons for whose benefit the Fraudulent Personal Payments were made;

(b)    awarding damages against Eric D. Sheppard and Jennifer L. Sheppard, jointly and severally, in the total amount of $673,992.80, plus pre-judgment interest in favor of the Trustee and directing Eric D. Sheppard and Jennifer L. Sheppard to turn over the Fraudulent Personal Payments pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Section 544 of the Bankruptcy Code;

(c)    declaring Rutledge Apartments, L.C. the initial transferee of $242,000.00 of the July 2006 Usurious Transfers;

(d)    awarding damages against Rutledge Apartments, L.C. in the amount of $242,000.00, plus pre-judgment interest in favor of the Trustee and directing Rutledge Apartments, L.C. to turn over the July 2006 Usurious Loan Transfers pursuant to Sections 726.108 and 726.109(2)(b) of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code;

(e)    declaring Capital One Bank (USA), N.A. the initial transferee of $392,368.76 of the July 2006 Usurious Transfers;

(f)    awarding damages against Capital One Bank (USA), N.A. in the amount of $392,368.76, plus pre-judgment interest in favor of the Trustee and directing Capital One Bank (USA), N.A. to turn over the July 2006 Usurious Loan Transfers pursuant to Sections 726.108 and 726.109(2)(b) of the Florida Statutes and Sections 544 and 550 of the

37

Bankruptcy Code; and

(g)    granting such other and further relief as this Court deems just and proper.

## COUNT 6
## AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT
## TO 11 U.S.C. § 544(b) AND FLA. STAT. § 726.105(1)(b)
### (October 2006 Loan - Sheppards)

169.    Plaintiff realleges paragraphs 1 through 71, 81 through 87, 130 through 134 and 130 through 134 as though fully set forth herein.

170.    Section 687.071(7) of the Florida Statutes provides that "[n]o extension of credit made in violation of any of the provisions of [Section 687.071(7), Fla. Stat.] shall be an enforceable debt . . . "

171.    The Sheppards made the October 2006 Loan to Capitol from their House Account at a rate that was criminally usurious in violation of section 687.071(2), Florida Statutes.

172.    Within the four (4) year period immediately preceding the Petition Date, Capitol made payments on the October 2006 Loan to the Sheppards as set forth on Schedule 2 (the "October 2006 Usurious Loan Transfers").

173.    The October 2006 Usurious Loan Transfers constitute transfers of interest of Capitol's, and now, the Plaintiff's property.

174.    Because the October 2006 Loan was at all times unenforceable, Capitol had no obligation to make any payments of principal or interest on the October 2006 Loan at any time.

175.    Because Capitol had no obligation to make payments on the October 2006 Loan, Capitol did not receive any reasonably equivalent value in exchange for any of the October 2006 Usurious Loan Transfers to the Sheppards.

TABAS, FREEDMAN, SOLOFF, MILLER & BROWN, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171

176.    As Capitol was admittedly operating a Ponzi scheme at the time that it made the October 2006 Usurious Loan Transfers:

A.    Capitol was insolvent on the date that each of the October 2006 Usurious Loan Transfers were made, or became insolvent as a result of the subject transfer;

B.    Capitol was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with Capitol was an unreasonably small capital; or

C.    Capitol intended to incur, or believed that it would incur debts that would be beyond Capitol's ability to pay as such debts matured.

177.    As a result of the October 2006 Usurious Loan Transfers, Sheppard and J. Sheppard received the total sum of $3,350,000 ($3.3 Million in principal and $50,000 in interest).

178.    Capitol had at least one creditor who could have avoided the October 2006 Usurious Loan Transfers.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests this Court enter judgment on his behalf and against Defendants, Eric D. Sheppard and Jennifer L. Sheppard, jointly and severally, as follows:

(a)    determining that the October 2006 Usurious Loan Transfers totaling $3,350,000 constitute fraudulent transfers and are avoidable pursuant to Section 726.105(1)(b) of the Florida Statutes; and

(b)    granting such other and further relief as this Court deems just and proper.

39

**COUNT 7**
**RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO**
**FLA. STAT. §726.108 AND FLA. STAT. §726.109 & 11 U.S.C. §§ 544 AND 550**
**(October 2006 Usurious Loan Transfers - Sheppards)**

179.    Plaintiff incorporates and realleges paragraphs 1 through 71, 81 through 87, 130 through 134 and 170 through 178 of this Complaint as though fully set forth herein.

180.    The October 2006 Usurious Loan Transfers are avoidable by Plaintiff pursuant to Section 726.105(1)(b) of the Florida Statutes, and as a result, such October 2006 Usurious Loan Transfers are recoverable by the Plaintiff pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code.

181.    The Sheppards were the initial transferees of the October 2006 Usurious Loan Transfers.

182.    As a result, Plaintiff may recover the value of the October 2006 Usurious Loan Transfers from Defendants, Eric D. Sheppard and Jennifer L. Sheppard, jointly and severally, pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests that this Court enter a judgment on his behalf and against Defendants, Eric D. Sheppard and Jennifer L. Sheppard, jointly and severally, as follows:

a.    declaring Eric D. Sheppard and Jennifer L. Sheppard the initial transferees of the October 2006 Usurious Loan Transfers; and

b.    awarding damages in the total amount of $3,350,000, plus pre-judgment interest in favor of the Trustee and directing Eric D. Sheppard and Jennifer L. Sheppard to turn over the October 2006 Usurious Loan Transfers pursuant to Sections 726.108 and 726.109(2)(a) of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code; and

40

Case No.: 09-36408-BKC-LMI
Adv. Case No.: 11-2587-LMI

c.    granting such other and further relief as this Court deems just and proper.

**COUNT 8**
**ACTION SEEKING CANCELLATION OF ALL SUMS DUE ON**
**USURIOUS LOANS PURSUANT TO FLA. STAT. § 687.071 AND RECOVERY**
**OF ALL PAYMENTS OF PRINCIPAL AND INTEREST ON THE USURIOUS LOANS AS**
**PROPERTY OF CAPITOL'S BANKRUPTCY ESTATE PURSUANT TO 11 U.S.C. § 542**
**(October 2006 Loan - Sheppards)**

183.    Plaintiff incorporates and realleges paragraphs 1 through 71, 81 through 87, and 130 through 134 of this Complaint as though fully set forth herein.

184.    Defendants, Eric D. Sheppard and Jennifer L. Sheppard, knowingly sought, charged and collected interest from Capitol on the October 2006 Loan at a criminally usurious rate in excess of 25% per annum in violation of Section 687.071, Florida Statutes as reflected on Schedule 2.

185.    Because the effective interest rate of the October 2006 Loan exceeds the permissible rate under Section 687.071, Florida Statutes, the October 2006 Loan is unenforceable.

186.    Moreover, because the October 2006 Loan is unenforceable pursuant to Section 687.071, Florida Statutes, the Sheppards are required to forfeit all principal and interest payments made by Capitol pursuant to the October 2006 Loan (the "October 2006 Forfeited Payments").

187.    Accordingly, the October 2006 Forfeited Payments are owed by the Sheppards, jointly and severally, creating a debt that is property of Capitol's bankruptcy estate and is matured, payable on demand, or payable on order pursuant to Section 542(b) of the Bankruptcy Code.

188.    The Defendants, Eric D. Sheppard and Jennifer L. Sheppard, have failed to turn over or repay the October 2006 Forfeited Payments.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests

TABAS, FREEDMAN, SOLOFF, MILLER & BROWN, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171

Case No.: 09-36408-BKC-LMI
Adv. Case No.: 11-2587-LMI

this Court enter judgment on his behalf and against Defendants, Eric D. Sheppard and Jennifer L. Sheppard, jointly and severally, as follows:

(a)     finding that the October 2006 Loan is a usurious loan, and as such, is unenforceable under Section 687.071, Florida Statutes;

(b)     directing the Defendants, Eric D. Sheppard and Jennifer L. Sheppard, jointly and severally, to turn over to the Plaintiff the October 2006 Forfeited Payments in the amount of $3,350,000 (representing all principal and interest payments paid by Capitol pursuant to the October 2006 Loan as set forth on Schedule 2), plus pre-judgment interest and attorneys' fees in favor of the Trustee; and

(c)     granting such other and further relief as this Court deems just and proper.

## COUNT 9
### AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 544(b) AND FLA. STAT. § 726.105(1)(b)
**(July 2007 Loan – WSG, Development Projects, Sheppards & Deco)**

189.    Plaintiff realleges paragraphs 1 through 71, 88 through 95 and 130 through 134 as though fully set forth herein.

190.    Section 687.071(7) of the Florida Statutes provides that "[n]o extension of credit made in violation of any of the provisions of [Section 687.071(7), Fla. Stat.] shall be an enforceable debt . . . "

191.    WSG and the Development Projects set forth on Schedule 3, under the management of Sheppard, made the July 2007 Loan to Capitol at a rate that was criminally usurious in violation of section 687.071(2), Florida Statutes.

192.    Within the four (4) year period immediately preceding the Petition Date, Capitol made (i) the $150,000 Deco Payment to Deco as interest due under the July 2007 Note for the Sheppards' benefit and (ii) $4 million in principal payments to the Development Projects set forth on Schedule 3 (the "July 2007 Usurious Loan Transfers").

42

Case No.: 09-36408-BKC-LMI
Adv. Case No.: 11-2587-LMI

193.    The $150,000 Deco Payment and the July 2007 Loan Usurious Transfers constitute a transfer of interest of Capitol's, and now, the Plaintiff's property.

194.    Because the July 2007 Loan was at all times unenforceable, Capitol had no obligation to make any payments of principal or interest on the July 2007 Loan at any time.

195.    Because Capitol had no obligation to make the $150,000 Deco Payment and the July 2007 Usurious Loan Transfers, Capitol did not receive any reasonably equivalent value in exchange for the $150,000 Deco Payment or the July 2007 Usurious Loan Transfers to the Development Projects and to Deco for the Sheppards' benefit.

196.    As Capitol was admittedly operating a Ponzi scheme at the time that it made the $150,000 Deco Payment and the July 2007 Usurious Loan Transfers:

A.    Capitol was insolvent on the date that the $150,000 Deco Payment and each of the July 2007 Loan Usurious Transfers were made, or became insolvent as a result of the subject transfers;

B.    Capitol was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with Capitol was an unreasonably small capital; or

C.    Capitol intended to incur, or believed that it would incur debts that would be beyond Capitol's ability to pay as such debts matured.

197.    As a result of the $150,000 Deco Payment and the July 2007 Loan Usurious Transfers, Deco, the Sheppards, WSG and the Development Projects received the total sum of $4,150,000 (total of all principal and interest payments made pursuant to the July 2007 Loan).

198.    Capitol had at least one creditor who could have avoided the $150,000 Deco Payment and the July 2007 Loan Usurious Loan Transfers.

TABAS, FREEDMAN, SOLOFF, MILLER & BROWN, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171

Case No.: 09-36408-BKC-LMI
Adv. Case No.: 11-2587-LMI

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests this Court enter judgment on his behalf and against Defendants, WSG Charlottesville, WSG Chattanooga, WSG Gold Mile, WSG Development Co., WSG Mason Road, WSG Pembroke, WSG Riverview, Deco Contractors, Inc., Eric D. Sheppard and Jennifer L. Sheppard, as follows:

(a)    determining that the $150,000 Deco Payment and the July 2007 Loan Usurious Transfers totaling $4,150,000 constitute fraudulent transfers and are avoidable pursuant to Section 726.105(1)(b) of the Florida Statutes; and

(b)    granting such other and further relief as this Court deems just and proper.

**COUNT 10**
**RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO**
**FLA. STAT. §726.108 AND FLA. STAT. §726.109 & 11 U.S.C. §§ 544 AND 550**
**(July 2007 Usurious Loan Transfers –**
**WSG, Development Projects, Sheppards & Deco)**

199.    Plaintiff incorporates and realleges paragraphs 1 through 71, 88 through 95, 130 through 134 and 190 through 198 of this Complaint as though fully set forth herein.

200.    The $150,000 Deco Payment and the July 2007 Usurious Loan Transfers are avoidable by Plaintiff pursuant to Section 726.105(1)(b) of the Florida Statutes, and as a result, such $150,000 Deco Payment and July 2007 Usurious Loan Transfers are recoverable by the Plaintiff pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code.

201.    As set forth on Schedule 3, (i) WSG Charlottesville, WSG Chattanooga, WSG Development Co., WSG Gold Mile, WSG Mason Road, WSG Pembroke and WSG Riverview are the collective lender of the July 2007 Loan and are the collective initial transferees of the July 2007 Usurious Loan Transfers, (ii) the Sheppards were the persons for whose benefit the July 2007 Usurious Loan Transfers were made (iii) Deco was the

44

initial transferee of the $150,000 Deco Payment and (iv) the Sheppards were the persons for whose benefit the $150,000 Deco Payment was made.

202.    As a result, Plaintiff may recover the value of the $150,000 Deco Payment and the July 2007 Usurious Loan Transfers from Defendants, WSG Charlottesville, WSG Chattanooga, WSG Development Co., WSG Gold Mile, WSG Mason Road, WSG Pembroke, WSG Riverview, Eric D. Sheppard, Jennifer L. Sheppard and Deco Contractors, Inc., pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code as set forth below.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests that this Court enter a judgment on his behalf and against Defendants, WSG Charlottesville, WSG Chattanooga, WSG Development Co., WSG Gold Mile, WSG Mason Road, WSG Pembroke, WSG Riverview, Eric D. Sheppard, Jennifer L. Sheppard and Deco Contractors, Inc. as follows:

(a)    declaring Deco Contractors, Inc. the initial transferee of the $150,000 Deco Payment;

(b)    declaring Eric D. Sheppard and Jennifer L. Sheppard the persons for whose benefit the $150,000 Deco Payment was made;

(c)    awarding damages against Deco Contractors Inc., Eric D. Sheppard, Jennifer L. Sheppard, jointly and severally, in the amount of $150,000, plus pre-judgment interest in favor of the Trustee and directing Deco Contractors Inc., Eric D. Sheppard, Jennifer L. Sheppard to turn over the $150,000 Deco Payment pursuant to Sections 726.108 and 726.109(2)(a) of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code;

(d)    declaring (i) WSG Charlottesville, WSG Chattanooga, WSG Development Co., WSG Gold Mile, WSG Mason Road, WSG Pembroke and WSG Riverview the

TABAS, FREEDMAN, SOLOFF, MILLER & BROWN, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171

collective lender of the July 2007 Loan and the collective initial transferees of the July 2007 Usurious Loan Transfers as set forth on Schedule 3 and (ii) declaring Eric D. Sheppard and Jennifer L. Sheppard the persons for whose benefit the July 2007 Usurious Loan Transfers were made.

(e)    awarding damages against WSG Charlottesville, WSG Chattanooga, WSG Development Co., WSG Gold Mile, WSG Mason Road, WSG Pembroke, WSG Riverview, Eric D. Sheppard and Jennifer L. Sheppard, jointly and severally, in the total amount of $4,000,000, jointly and severally, plus pre-judgment interest in favor of the Trustee and directing WSG Charlottesville, WSG Chattanooga, WSG Development Co., WSG Gold Mile, WSG Mason Road, WSG Pembroke, WSG Riverview, Eric D. Sheppard and Jennifer L. Sheppard to turn over the July 2007 Usurious Loan Transfers pursuant to Sections 726.108 and 726.109(2)(a) of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code;

(f)    granting such other and further relief as this Court deems just and proper.

**COUNT 11
ACTION SEEKING CANCELLATION OF ALL SUMS DUE ON
USURIOUS LOANS PURSUANT TO FLA. STAT. § 687.071 AND RECOVERY
OF ALL PAYMENTS OF PRINCIPAL AND INTEREST ON THE USURIOUS LOANS AS
PROPERTY OF CAPITOL'S BANKRUPTCY ESTATE PURSUANT TO 11 U.S.C. § 542
(July 2007 Loan – WSG, Development Projects, Sheppards & Deco)**

203.    Plaintiff incorporates and realleges paragraphs 1 through 71, 88 through 95 and 130 through 134 of this Complaint as though fully set forth herein.

204.    WSG Charlottesville, WSG Chattanooga, WSG Development Co., WSG Gold Mile, WSG Mason Road, WSG Pembroke and WSG Riverview, knowingly sought, charged and collected interest from Capitol on the July 2007 Loan at a criminally usurious rate in excess of 25% per annum in violation of Section 687.071, Florida Statutes, as reflected on Schedule 3.

TABAS, FREEDMAN, SOLOFF, MILLER & BROWN, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171

Case No.: 09-36408-BKC-LMI
Adv. Case No.: 11-2587-LMI

205.   The Sheppards, knowingly conspired with WSG Charlottesville, WSG Chattanooga, WSG Development Co., WSG Gold Mile, WSG Mason Road, WSG Pembroke, WSG Riverview to charge and collect interest from Capitol on the July 2007 Loan at a criminally usurious rate in excess of 25% per annum in violation of Section 687.071, Florida Statutes.

206.   Because the effective interest rate of the July 2007 Loan exceeds the permissible rate under Section 687.071, Florida Statutes, the July 2007 Loan is unenforceable.

207.   Moreover, because the July 2007 Loan is unenforceable pursuant to Section 687.071, Florida Statutes, WSG Charlottesville, WSG Chattanooga, WSG Development Co., WSG Gold Mile, WSG Mason Road, WSG Pembroke, WSG Riverview, Eric D. Sheppard, Jennifer L. Sheppard and Deco Contractors, Inc. are required to forfeit all principal (the "July 2007 Forfeited Principal Payments") and interest payments (the "July 2007 Forfeited Interest Payments") made by Capitol on their behalf pursuant to the July 2007 Loan.

208.   Accordingly, the (i) July 2007 Forfeited Principal Payments are owed by WSG Charlottesville, WSG Chattanooga, WSG Development Co., WSG Gold Mile, WSG Mason Road, WSG Pembroke, WSG Riverview, Eric D. Sheppard and Jennifer L. Sheppard and (ii) the July 2007 Forfeited Interest Payments are owed by Deco Contractors, Inc., Eric D. Sheppard and Jennifer L. Sheppard creating a debt that is property of Capitol's bankruptcy estate and is matured, payable on demand, or payable on order pursuant to Section 542(b) of the Bankruptcy Code.

209.   Defendants, WSG Charlottesville, WSG Chattanooga, WSG Development Co., WSG Gold Mile, WSG Mason Road, WSG Pembroke, WSG Riverview, Eric D.

47

Sheppard and Jennifer L. Sheppard and Deco Contractors, Inc. have failed to turn over or repay the July 2007 Forfeited Principal Payments and the July 2007 Forfeited Interest Payments.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests this Court enter judgment on his behalf and against Defendants, WSG Charlottesville, WSG Chattanooga, WSG Development Co., WSG Gold Mile, WSG Mason Road, WSG Pembroke, WSG Riverview, Eric D. Sheppard, Jennifer L. Sheppard and Deco Contractors, Inc., as follows:

(a)    finding that the July 2007 Loan is a usurious loan, and as such, is unenforceable under Section 687.071, Florida Statutes;

(b)    directing Defendants, WSG Charlottesville, WSG Chattanooga, WSG Development Co., WSG Gold Mile, WSG Mason Road, WSG Pembroke, WSG Riverview, Eric D. Sheppard and Jennifer L. Sheppard, jointly and severally, to turn over the July 2007 Forfeited Principal Payments in the amount of $4,000,000, plus pre-judgment interest and attorneys' fees in favor of the Trustee;

(c)    directing Defendants, Deco Contractors, Inc., Eric D. Sheppard and Jennifer L. Sheppard, jointly and severally, to turn over the July 2007 Forfeited Interest Payments in the amount of $150,000, plus pre-judgment interest and attorneys' fees in favor of the Trustee; and

(d)    granting such other and further relief as this Court deems just and proper.

### COUNT 12
### AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT
### TO 11 U.S.C. § 544(b) AND FLA. STAT. § 726.105(1)(b)
### ($150,000 Deco Payment – Deco & Sheppards)

210.    Plaintiff realleges paragraphs 1 through 71, 88 through 95 and 130 through 134 as though fully set forth herein.

48

211.    Count 12 is an alternative relief if the Court does not find that the July 2007 Loan was usurious in Counts 9 and 11 above.

212.    Within the four (4) year period immediately preceding the Petition Date, Capitol made the $150,000 Deco Payment to Deco for the benefit of the Sheppards.

213.    Capitol did not receive any reasonably equivalent value in exchange for the $150,000 Deco Payment that Capitol made to Deco on behalf of the Sheppards pursuant to the July 2007 as the July 2007 Loan was made by WSG and the Development Projects set forth on Schedule 3.

214.    As Capitol was admittedly operating a Ponzi scheme at the time that it made each of the Fraudulent Personal Payments:

A.    Capitol was insolvent on the date that each of the $150,000 Deco Payment was made, or became insolvent as a result of the subject transfer;

B.    Capitol was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with Capitol was an unreasonably small capital; or

C.    Capitol intended to incur, or believed that it would incur debts that would be beyond Capitol's ability to pay as such debts matured.

215.    As a result of the $150,000 Deco Payment, Deco received the total sum of $150,000 for the benefit of the Sheppards.

216.    Capitol had at least one creditor who could have avoided the $150,000 Deco Payment.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests this Court enter judgment on his behalf and against Defendants, Deco Contractors, Inc., Eric D. Sheppard and Jennifer L. Sheppard, jointly and severally, as follows:

49

(a)    determining that the $150,000 Deco Payment constitutes a fraudulent transfer and is avoidable pursuant to Section 726.105(1)(b) of the Florida Statutes; and

(b)    granting such other and further relief as this Court deems just and proper.

### COUNT 13
### RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO
### FLA. STAT. §726.108 AND FLA. STAT. §726.109 & 11 U.S.C. §§ 544 AND 550
### ($150,000 Deco Payment – Deco & Sheppards)

217.    Plaintiff incorporates and realleges paragraphs 1 through 71, 88 through 95, 130 through 134 and 211 through 216 of this Complaint as though fully set forth herein.

218.    The $150,000 Deco Payment is avoidable by Plaintiff pursuant to Section 726.105(1)(b) of the Florida Statutes, and as a result, such $150,000 Deco Payment is recoverable by the Plaintiff pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code.

219.    Deco Contractors, Inc. was the initial transferee of the $150,000 Deco Payment.

220.    Eric D. Sheppard and Jennifer L. Sheppard were the persons for whose benefit the $150,000 Deco Payment was made as set forth above.

221.    As a result, Plaintiff may recover the value of the $150,000 Deco Payment from Defendants, Deco Contractors, Inc., Eric D. Sheppard and Jennifer L. Sheppard, jointly and severally, pursuant to Sections 726.108 and 726.109(2)(b) of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests that this Court enter a judgment on his behalf and against Defendants, Deco Contractors, Inc., Eric D. Sheppard and Jennifer L. Sheppard, jointly and severally, as follows:

(a)    declaring Deco Contractors, Inc. the initial transferee of the $150,000 Deco Payment;

50

(b)      declaring Eric D. Sheppard and Jennifer L. Sheppard as the transferees for whose benefit the $150,000 Deco Payment was made;

(c)      awarding damages in the total amount of $150,000.00, plus pre-judgment interest in favor of the Trustee and directing Deco Contractors, Inc., Eric D. Sheppard and Jennifer L. Sheppard to turn over the Fraudulent Personal Payments pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Section 544 of the Bankruptcy Code; and

(d)      granting such other and further relief as this Court deems just and proper.

## COUNT 14
### AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT
### TO 11 U.S.C. § 544(b) AND FLA. STAT. § 726.105(1)(b)
### (August 20, 2007 Loan –Development Projects & Sheppard)

222.    Plaintiff realleges paragraphs 1 through 71, 96 through 102 and 130 through 134 as though fully set forth herein.

223.    Section 687.071(7) of the Florida Statutes provides that "[n]o extension of credit made in violation of any of the provisions of [Section 687.071(7), Fla. Stat.] shall be an enforceable debt . . . "

224.    The Development Projects set forth on Schedule 4, under the management of Sheppard, made the August 20, 2007 Loan to Capitol at a rate that was criminally usurious in violation of section 687.071(2), Florida Statutes.

225.    Within the four (4) year period immediately preceding the Petition Date, Capitol made (i) the $13,000 payment of interest to Sheppard (the "$13,000 Interest Payment") and (ii) $1.3 million in principal payments to the Development Projects set forth on Schedule 4 (the "August 20, 2007 Usurious Loan Transfers").

226.    The $13,000 Interest Payment and the August 20, 2007 Loan Usurious Transfers constitute transfers of interest of Capitol's, and now, the Plaintiff's property.

TABAS, FREEDMAN, SOLOFF, MILLER & BROWN, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171

227.    Because the August 20, 2007 Loan was at all times unenforceable, Capitol had no obligation to make any payments of principal or interest on the August 20, 2007 Loan at any time.

228.    Because Capitol had no obligation to make the $13,000 Interest Payment and the August 20, 2007 Usurious Loan Transfers, Capitol did not receive any reasonably equivalent value in exchange for the August 20, 2007 Usurious Loan Transfers to the Development Projects and the $13,000 Interest Payment to Sheppard.

229.    As Capitol was admittedly operating a Ponzi scheme at the time that it made the $13,000 Interest Payment and the August 20, 2007 Usurious Loan Transfers:

A.    Capitol was insolvent on the date that the $13,000 Interest Payment and each of the August 20, 2007 Loan Usurious Transfers were made, or became insolvent as a result of the subject transfers;

B.    Capitol was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with Capitol was an unreasonably small capital; or

C.    Capitol intended to incur, or believed that it would incur debts that would be beyond Capitol's ability to pay as such debts matured.

230.    As a result of the August 20, 2007 Loan Usurious Transfers and the $13,000 Interest Payment, WSG Charlottesville, WSG Dulles, WSG Short Pump, WSG Monroe, WSG ATL2130, WSG Trace Fork, WSG Mason Road, JLS Jensen, WSG Roanoke and Eric D. Sheppard received the total sum of $1,313,000 (total of all principal and interest payments made pursuant to the August 20, 2007 Loan).

231.    Capitol had at least one creditor who could have avoided the $13,000 Interest Payment and the August 20, 2007 Loan Usurious Transfers.

TABAS, FREEDMAN, SOLOFF, MILLER & BROWN, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests this Court enter judgment on his behalf and against Defendants, WSG Charlottesville, WSG Dulles, WSG Short Pump, WSG Monroe, WSG ATL2130, WSG Trace Fork, WSG Mason Road, JLS Jensen, WSG Roanoke and Eric D. Sheppard, jointly and severally, as follows:

(a)    determining that the $13,000 Interest Payment and the August 20, 2007 Loan Usurious Transfers totaling $1,313,000 constitute fraudulent transfers and are avoidable pursuant to Section 726.105(1)(b) of the Florida Statutes; and

(b)    granting such other and further relief as this Court deems just and proper.

### COUNT 15
### RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO
### FLA. STAT. §726.108 AND FLA. STAT. §726.109 & 11 U.S.C §§ 544 AND 550
### (August 20, 2007 Usurious Loan Transfers – Development Projects & Sheppard)

232.    Plaintiff incorporates and realleges paragraphs 1 through 71, 96 through 102, 130 through 134 and 223 through 231 of this Complaint as though fully set forth herein.

233.    The $13,000 Interest Payment and the August 20, 2007 Usurious Loan Transfers are avoidable by Plaintiff pursuant to Section 726.105(1)(b) of the Florida Statutes, and as a result, such $13,000 Interest Payment and August 20, 2007 Loan Usurious Transfers are recoverable by the Plaintiff pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code.

234.    Defendants, WSG Charlottesville, WSG Dulles, WSG Short Pump, WSG Monroe, WSG ATL2130, WSG Trace Fork, WSG Mason Road, JLS Jensen and WSG Roanoke were the collective lender of the August 20, 2007 Loan and the collective initial transferees of the August 20, 2007 Usurious Loan Transfers and Sheppard was the person for whose benefit the August 20, 2007 Usurious Loan Transfers were made.

235.    Defendant, Eric D. Sheppard, is the initial transferee of the $13,000 Interest Payment.

TABAS, FREEDMAN, SOLOFF, MILLER & BROWN, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171

236.    As a result, Plaintiff may recover the value of the August 20, 2007 Usurious

Loan Transfers from Defendants, WSG Charlottesville, WSG Dulles, WSG Short Pump,

WSG Monroe, WSG ATL2130, WSG Trace Fork, WSG Mason Road, JLS Jensen, WSG

Roanoke and Eric D. Sheppard, pursuant to Sections 726.108 and 726.109 of the Florida

Statutes and Sections 544 and 550 of the Bankruptcy Code.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests

that this Court enter a judgment on his behalf and against Defendants, WSG Charlottesville,

LLC, WSG Dulles, LP, WSG Short Pump, LLC, WSG Monroe, LLC, WSG ATL2130, LP,

WSG Trace Fork, LP, WSG Mason Road, LLP, JLS Jensen Beach, III, LLC, WSG Roanoke

GP, Inc. and Eric D. Sheppard as follows:

(a)    declaring Defendant, Eric D. Sheppard, as the initial transferee of the $13,000

Interest Payment;

(b)    awarding damages against Eric D. Sheppard in the total amount of $13,000,

plus pre-judgment interest in favor of the Trustee and directing Eric D. Sheppard to turn

over the $13,000 Interest Payment pursuant to Sections 726.108 and 726.109 of the Florida

Statutes and Sections 544 and 550 of the Bankruptcy Code;

(c)    declaring Defendants WSG Charlottesville, LLC, WSG Dulles, LP, WSG

Short Pump, LLC, WSG Monroe, LLC, WSG ATL2130, LP, WSG Trace Fork, LP, WSG

Mason Road, LLP, JLS Jensen Beach, III, LLC and WSG Roanoke GP, Inc. the collective

lender of the August 20, 2007 Loan and the collective initial transferees of the August 20,

2007 Usurious Loan Transfers and Eric D. Sheppard the person for whose benefit the

August 20, 2007 Usurious Loan Transfers were made.

(d)    awarding damages against WSG Charlottesville, LLC, WSG Dulles, LP, WSG

Short Pump, LLC, WSG Monroe, LLC, WSG ATL2130, LP, WSG Trace Fork, LP, WSG

TABAS, FREEDMAN, SOLOFF, MILLER & BROWN, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171

Mason Road, LLP, JLS Jensen Beach, III, LLC and WSG Roanoke GP, Inc. and Eric D. Sheppard, jointly and severally, in the total amount of $1,300,000, plus pre-judgment interest in favor of the Trustee and directing WSG Charlottesville, LLC, WSG Dulles, LP, WSG Short Pump, LLC, WSG Monroe, LLC, WSG ATL2130, LP, WSG Trace Fork, LP, WSG Mason Road, LLP, JLS Jensen Beach, III, LLC and WSG Roanoke GP, Inc. and Eric D. Sheppard to turn over the August 20, 2007 Usurious Loan Transfers pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code; and

(e)     granting such other and further relief as this Court deems just and proper.

## COUNT 16
### ACTION SEEKING CANCELLATION OF ALL SUMS DUE ON USURIOUS LOANS PURSUANT TO FLA. STAT. § 687.071 AND RECOVERY OF ALL PAYMENTS OF PRINCIPAL AND INTEREST ON THE USURIOUS LOANS AS PROPERTY OF CAPITOL'S BANKRUPTCY ESTATE PURSUANT TO 11 U.S.C. § 542
### (August 20, 2007 Loan – Development Projects & Sheppard)

237.     Plaintiff incorporates and realleges paragraphs 1 through 71, 96 through 102 and 130 through 134 of this Complaint as though fully set forth herein.

238.     WSG Charlottesville, LLC, WSG Dulles, LP, WSG Short Pump, LLC, WSG Monroe, LLC, WSG ATL2130, LP, WSG Trace Fork, LP, WSG Mason Road, LLP, JLS Jensen Beach, III, LLC and WSG Roanoke GP, Inc., knowingly sought and charged interest from Capitol on the August 20, 2007 Loan at a criminally usurious rate in excess of 25% per annum in violation of Section 687.071, Florida Statutes, as reflected on Schedule 4.

239.     Sheppard, knowingly conspired with WSG Charlottesville, LLC, WSG Dulles, LP, WSG Short Pump, LLC, WSG Monroe, LLC, WSG ATL2130, LP, WSG Trace Fork, LP, WSG Mason Road, LLP, JLS Jensen Beach, III, LLC and WSG Roanoke GP, Inc. to charge and collect interest from Capitol on the August 20, 2007 Loan at a criminally usurious rate in excess of 25% per annum in violation of Section 687.071, Florida Statutes.

55

240.    Because the effective interest rate of the August 20, 2007 Loan exceeds the permissible rate under Section 687.071, Florida Statutes, the August 20, 2007 Loan is unenforceable.

241.    Moreover, because the August 20, 2007 Loan is unenforceable pursuant to Section 687.071, Florida Statutes, Defendants WSG Charlottesville, LLC, WSG Dulles, LP, WSG Short Pump, LLC, WSG Monroe, LLC, WSG ATL2130, LP, WSG Trace Fork, LP, WSG Mason Road, LLP, JLS Jensen Beach, III, LLC, WSG Roanoke GP, Inc. and Eric D. Sheppard, are required to forfeit all principal (the "August 20, 2007 Forfeited Principal Payments") and interest payments (the "August 20, 2007 Forfeited Interest Payments") made by Capitol pursuant to the August 20, 2007 Usurious.

242.    Accordingly, the (i) August 20, 2007 Forfeited Principal Payments are owed by Defendants, WSG Charlottesville, LLC, WSG Dulles, LP, WSG Short Pump, LLC, WSG Monroe, LLC, WSG ATL2130, LP, WSG Trace Fork, LP, WSG Mason Road, LLP, JLS Jensen Beach, III, LLC, WSG Roanoke GP, Inc. and Eric D. Sheppard and (ii) August 20, 2007 Forfeited Interest Payments are owed by Eric D. Sheppard, creating a debt that is property of Capitol's bankruptcy estate and is matured, payable on demand, or payable on order pursuant to Section 542(b) of the Bankruptcy Code.

243.    Defendants, WSG Charlottesville, LLC, WSG Dulles, LP, WSG Short Pump, LLC, WSG Monroe, LLC, WSG ATL2130, LP, WSG Trace Fork, LP, WSG Mason Road, LLP, JLS Jensen Beach, III, LLC, WSG Roanoke GP, Inc. and Eric D. Sheppard, have failed to turn over or repay the August 20, 2007 Forfeited Principal Payments and the August 20, 2007 Forfeited Interest Payments.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests this Court enter judgment on his behalf and against Defendants, WSG Charlottesville, LLC,

WSG Dulles, LP, WSG Short Pump, LLC, WSG Monroe, LLC, WSG ATL2130, LP, WSG

Trace Fork, LP, WSG Mason Road, LLP, JLS Jensen Beach, III, LLC, WSG Roanoke GP,

Inc. and Eric D. Sheppard, as follows:

(a)    finding that the August 20, 2007 Loan is a usurious loan, and as such, is

unenforceable under Section 687.071, Florida Statutes;

(b)    directing Defendant, Eric D. Sheppard, to turn over to the Plaintiff the August

20, 2007 Forfeited Interest Payments in the amount of $13,000, plus pre-judgment interest

and attorneys' fees in favor of the Trustee; and

(c)    directing Defendants, WSG Charlottesville, LLC, WSG Dulles, LP, WSG

Short Pump, LLC, WSG Monroe, LLC, WSG ATL2130, LP, WSG Trace Fork, LP, WSG

Mason Road, LLP, JLS Jensen Beach, III, LLC, WSG Roanoke GP, Inc. and Eric D.

Sheppard, jointly and severally, to turn over to the Plaintiff the August 20, 2007 Forfeited

Principal Payments in the amount of $1,300,00, plus pre-judgment interest and attorneys'

fees in favor of the Trustee; and

(d)    granting such other and further relief as this Court deems just and proper.

### COUNT 17
### AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT
### TO 11 U.S.C. § 544(b) AND FLA. STAT. § 726.105(1)(b)
### ($13,000 Interest Payment - Sheppard)

244.    Plaintiff realleges paragraphs 1 through 71, 96 through 102 and 130 through

134 as though fully set forth herein.

245.    Count 17 is an alternative relief if the Court does not find that the August 20,

2007 Loan was usurious in Counts 14 and 16 above.

246.    Within the four (4) year period immediately preceding the Petition Date,

Capitol made the $13,000 Interest Payment to Sheppard.

Case No.: 09-36408-BKC-LMI
Adv. Case No.: 11-2587-LMI

247.    Capitol did not receive any reasonably equivalent value in exchange for the $13,000 Interest Payment to Sheppard pursuant to the August 20, 2007 Loan as the August 20, 2007 Loan was made by the Development Projects set forth on Schedule 4.

248.    As Capitol was admittedly operating a Ponzi scheme at the time that it made the $13,000 Interest Payment:

A.    Capitol was insolvent on the date that the $13,000 Interest Payment was made, or became insolvent as a result of the subject transfer;

B.    Capitol was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with Capitol was an unreasonably small capital; or

C.    Capitol intended to incur, or believed that it would incur debts that would be beyond Capitol's ability to pay as such debts matured.

249.    As a result of the $13,000 Interest Payment, Sheppard received the total sum of $13,000.

250.    Capitol had at least one creditor who could have avoided the $13,000 Interest Payment.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests this Court enter judgment on his behalf and against Defendant, Eric D. Sheppard, as follows:

(a)    determining that the $13,000 Interest Payment constitutes a fraudulent transfer and is avoidable pursuant to Section 726.105(1)(b) of the Florida Statutes; and

(b)    granting such other and further relief as this Court deems just and proper.

58

**COUNT 18**
**RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO**
**FLA. STAT. § 726.108 AND FLA. STAT. § 726.109 & 11 U.S.C. §§ 544 AND 550**
($13,000 Interest Payment - Sheppard)

251.　Plaintiff incorporates and realleges paragraphs 1 through 71, 96 through 102, 130 through 134 and 245 through 250 of this Complaint as though fully set forth herein.

252.　The $13,000 Interest Payment is avoidable by Plaintiff pursuant to Section 726.105(1)(b) of the Florida Statutes, and as a result, such $13,000 Interest Payment is recoverable by the Plaintiff pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code.

253.　Eric D. Sheppard was the initial transferee of the $13,000 Interest Payment.

254.　As a result, Plaintiff may recover the value of the $13,000 Interest Payment from Defendant, Eric D. Sheppard, pursuant to Sections 726.108 and 726.109(2)(b) of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests that this Court enter a judgment on his behalf and against Defendant, Eric D. Sheppard, as follows:

(a)　　declaring Eric D. Sheppard the initial transferees of the $13,000 Interest Payment;

(b)　　awarding damages in the total amount of $13,000.00, plus pre-judgment interest in favor of the Trustee and directing Eric D. Sheppard to turn over the $13,000 Interest Payment pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Section 544 of the Bankruptcy Code; and

(c)　　granting such other and further relief as this Court deems just and proper.

TABAS, FREEDMAN, SOLOFF, MILLER & BROWN, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171

Case No.: 09-36408-BKC-LMI
Adv. Case No.: 11-2587-LMI

## COUNT 19
## AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT
## TO 11 U.S.C. § 544(b) AND FLA. STAT. § 726.105(1)(b)
### (August 27, 2007 Loan – Development Projects, Deco & Sheppards)

255.    Plaintiff realleges paragraphs 1 through 71, 103 through 109 and 130 through 134 as though fully set forth herein.

256.    Section 687.071(7) of the Florida Statutes provides that "[n]o extension of credit made in violation of any of the provisions of [Section 687.071(7), Fla. Stat.] shall be an enforceable debt . . . "

257.    The Development Projects set forth on Schedule 5, under the management of Sheppard, made the August 27, 2007 Loan to Capitol at a rate that was criminally usurious in violation of section 687.071(2), Florida Statutes.

258.    Within the four (4) year period immediately preceding the Petition Date, Capitol made (i) the $17,000 Deco Payment on behalf of the Sheppards as interest on the August 27, 2007 Loan and (ii) $1.7 million in principal payments to the Development Projects set forth on Schedule 5 (the "August 27, 2007 Usurious Loan Transfers").

259.    The $17,000 Deco Payment and the August 27, 2007 Usurious Loan Transfers constitute transfers of interests of Capitol's, and now, the Plaintiff's property.

260.    Because the August 27, 2007 Loan was at all times unenforceable, Capitol had no obligation to make the $17,000 Deco Payment or any of the August 27, 2007 Usurious Loan Transfers at any time.

261.    Because Capitol had no obligation to make the $17,000 Deco Payment or August 27, 2007 Usurious Loan Transfers, Capitol did not receive any reasonably equivalent value in exchange for the $17,000 Deco Payment or any of the August 27, 2007 Usurious Loan Transfers.

TABAS, FREEDMAN, SOLOFF, MILLER & BROWN, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171

262. As Capitol was admittedly operating a Ponzi scheme at the time that it made the $17,000 Deco Payment and the August 27, 2007 Usurious Loan Transfers:

A. Capitol was insolvent on the date that the $17,000 Deco Payment and each of the August 27, 2007 Loan Usurious Transfers were made, or became insolvent as a result of the subject transfer;

B. Capitol was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with Capitol was an unreasonably small capital; or

C. Capitol intended to incur, or believed that it would incur debts that would be beyond Capitol's ability to pay as such debts matured.

263. As a result of the $17,000 Deco Payment and the August 27, 2007 Usurious Loan Transfers, WSG Charlottesville, Indrio Village and the Sheppards received the total sum of $1,717,000 ($1,700,000 in principal and $17,000 in interest).

264. Capitol had at least one creditor who could have avoided the $17,000 Deco Payment and the August 20, 2007 Loan Usurious Transfers.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests this Court enter judgment on his behalf and against Defendants, WSG Charlottesville, LLC, Indrio Village, LLC, Eric D. Sheppard and Jennifer L. Sheppard, as follows:

(a) determining that the $17,000 Deco Payment and the August 27, 2007 Loan Usurious Transfers totaling $1,717,000 constitute fraudulent transfers and are avoidable pursuant to Section 726.105(1)(b) of the Florida Statutes; and

(b) granting such other and further relief as this Court deems just and proper.

TABAS, FREEDMAN, SOLOFF, MILLER & BROWN, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171

**COUNT 20**
**RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO**
**FLA. STAT. §726.108 AND FLA. STAT. §726.109 & 11 U.S.C. §§ 544 and 550**
**(August 27, 2007 Usurious Loan Transfers –**
**Development Projects, Deco & Sheppards)**

265.    Plaintiff incorporates and realleges paragraphs 1 through 71, 103 through 109, 130 through 134 and 256 through 264 of this Complaint as though fully set forth herein.

266.    The $17,000 Deco Payment and the August 27, 2007 Usurious Loan Transfers are avoidable by Plaintiff pursuant to Section 726.105(1)(b) of the Florida Statutes, and as a result, such $17,000 Deco Payment and August 27, 2007 Usurious Loan Transfers are recoverable by the Plaintiff pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code.

267.    Defendants, WSG Charlottesville and Indrio Village were the initial transferees of the August 27, 2007 Usurious Loan Transfers.

268.    Defendant, Sheppard, was the person for whose benefit the August 27, 2007 Usurious Loan Transfers were made.

269.    Defendant, Deco, was the initial transferee of the $17,000 Deco Payment.

270.    Defendants, the Sheppards, were the persons for whose benefit the $17,000 Deco Payment was made.

271.    As a result, Plaintiff may recover the value of the $17,000 Deco Payment and the August 27, 2007 Usurious Loan Transfers from Defendants, Deco, Sheppard, J. Sheppard, WSG Charlottesville and Indrio Village, pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code.

**WHEREFORE,** Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests that this Court enter a judgment on his behalf and against Defendants, Deco Contractors,

TABAS, FREEDMAN, SOLOFF, MILLER & BROWN, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171

Inc., Eric D. Sheppard, Jennifer L. Sheppard, WSG Charlottesville, LLC and Indrio Village, LLC, as follows:

(a)    declaring Defendant, Deco Contractors, Inc., the initial transferee of the $17,000 Deco Payment;

(b)    declaring Defendants, Eric D. Sheppard and Jennifer L. Sheppard, the persons for whose benefit the $17,000 Deco Payment was made;

(c)    awarding damages against Deco Contractors, Inc., Eric D. Sheppard and Jennifer L. Sheppard, jointly and severally, in the total amount of $17,000, plus pre-judgment interest in favor of the Trustee and directing Deco Contractors, Inc., Eric D. Sheppard and Jennifer L. Sheppard to turn over the $17,000 Deco Payment pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code;

(d)    declaring Defendants, WSG Charlottesville, LLC and Indrio Village, LLC, the collective lender of the August 27, 2007 Loan and the collective initial transferees of the August 27, 2007 Usurious Loan Transfers and Eric D. Sheppard the person for whose benefit the August 27, 2007 Usurious Loan Transfers were made.

(e)    awarding damages against and WSG Charlottesville, LLC, Indrio Village, LLC and Eric D. Sheppard, jointly and severally, in the total amount of $1,700,000, plus pre-judgment interest in favor of the Trustee and directing WSG Charlottesville, LLC, Indrio Village, LLC and Eric D. Sheppard to turn over the August 27, 2007 Usurious Loan Transfers pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code; and

(f)    granting such other and further relief as this Court deems just and proper.

63

**COUNT 21**
**ACTION SEEKING CANCELLATION OF ALL SUMS DUE ON**
**USURIOUS LOANS PURSUANT TO FLA. STAT. § 687.071 AND RECOVERY**
**OF ALL PAYMENTS OF PRINCIPAL AND INTEREST ON THE USURIOUS LOANS AS**
**PROPERTY OF CAPITOL'S BANKRUPTCY ESTATE PURSUANT TO 11 U.S.C. § 542**
**(August 27, 2007 Loan – Development Projects, Deco & Sheppards)**

272.    Plaintiff incorporates and realleges paragraphs 1 through 71, 103 through 109 and 130 through 134 of this Complaint as though fully set forth herein.

273.    WSG Charlottesville and Indrio Village, knowingly sought and charged interest from Capitol on the August 27 2007 Loan at a criminally usurious rate in excess of 25% per annum in violation of Section 687.071, Florida Statutes, as reflected on Schedule 5.

274.    The Sheppards, knowingly conspired with WSG Charlottesville and Indrio Village to charge and collect interest from Capitol on the August 27, 2007 Loan at a criminally usurious rate in excess of 25% per annum in violation of Section 687.071, Florida Statutes.

275.    Because the effective interest rate of the August 27, 2007 Loan exceeds the permissible rate under Section 687.071, Florida Statutes, the August 27, 2007 Loan is unenforceable.

276.    Moreover, because the August 27, 2007 Loan is unenforceable pursuant to Section 687.071, Florida Statutes, Defendants, WSG Charlottesville, Indrio Village, Deco and the Sheppards, are required to forfeit all principal (the "August 27, 2007 Forfeited Principal Payments") and interest (the "August 27, 2007 Forfeited Interest Payments") payments made by Capitol pursuant to the August 27, 2007 Loan.

277.    Accordingly, the (i) August 27, 2007 Forfeited Principal Payments are owed by WSG Charlottesville, Indrio Village and the Sheppards and (ii) August 27, 2007 Forfeited Interest Payments are owed by Deco and the Sheppards, creating a debt that is property of

64

Capitol's bankruptcy estate and is matured, payable on demand, or payable on order pursuant to Section 542(b) of the Bankruptcy Code.

278.    Defendants, WSG Charlottesville, Indrio Village, Deco and the Sheppards have failed to turn over or repay the August 27, 2007 Forfeited Principal Payments and August 27, 2007 Forfeited Interest Payments.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests this Court enter judgment on his behalf and against Defendants, WSG Charlottesville, LLC, Indrio Village, LLC, Deco Contractors, Inc., Eric D. Sheppard and Jennifer L. Sheppard, as follows:

(a)    finding that the August 27, 2007 Loan is a usurious loan, and as such, is unenforceable under Section 687.071, Florida Statutes;

(b)    directing Defendants, Deco Contractors, Inc., Eric D. Sheppard and Jennifer, L. Sheppard, jointly and severally, to turn over to the Plaintiff the August 27, 2007 Forfeited Interest Payments in the amount of $17,000, plus pre-judgment interest and attorneys' fees in favor of the Trustee; and

(c)    directing Defendant, WSG Charlottesville, LLC, Indrio Village, LLC, Eric D. Sheppard and to turn over to the Plaintiff the August 27, 2007 Forfeited Principal Payments in the amount of $1,700,000, plus pre-judgment interest and attorneys' fees in favor of the Trustee; and

(d)    granting such other and further relief as this Court deems just and proper.

## COUNT 22
### AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 544(b) AND FLA. STAT. § 726.105(1)(b)
#### ($17,000 Deco Payment – Sheppards & Deco)

279.    Plaintiff realleges paragraphs 1 through 71, 103 through 109 and 130 through 134 as though fully set forth herein.

65

280.    Count 22 is an alternative relief if the Court does not find that the August 27, 2007 Loan was usurious in Counts 19 and 21 above.

281.    Within the four (4) year period immediately preceding the Petition Date, Capitol made the $17,000 Deco Payment to Deco for the benefit of the Sheppards.

282.    Capitol did not receive any reasonably equivalent value in exchange for the $17,000 Deco Payment that Capitol made to Deco pursuant to the August 27, 2007 Loan on behalf of the Sheppards as the August 27, 2007 Loan was made by the Development Projects set forth on Schedule 5.

283.    As Capitol was admittedly operating a Ponzi scheme at the time that it made the $17,000 Deco Payment:

A.    Capitol was insolvent on the date that the $17,000 Deco Payment was made, or became insolvent as a result of the subject transfer;

B.    Capitol was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with Capitol was an unreasonably small capital; or

C.    Capitol intended to incur, or believed that it would incur debts that would be beyond Capitol's ability to pay as such debts matured.

284.    As a result of the $17,000 Deco Payment, Deco received the total sum of $17,000 for the benefit of the Sheppards.

285.    Capitol had at least one creditor who could have avoided the $17,000 Deco Payment.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests this Court enter judgment on his behalf and against Defendants, Deco Contractors, Inc., Eric D. Sheppard and Jennifer L. Sheppard, jointly and severally, as follows:

Case No.: 09-36408-BKC-LMI
Adv. Case No.: 11-2587-LMI

(a)      determining that the $17,000 Deco Payment constitutes a fraudulent transfer and is avoidable pursuant to Section 726.105(1)(b) of the Florida Statutes; and

(b)      granting such other and further relief as this Court deems just and proper.

### COUNT 23
### RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO
### FLA. STAT. §726.108 AND FLA. STAT. §726.109 & 11 U.S.C. §§ 544 AND 550
### ($17,000 Deco Payment – Sheppards & Deco)

286.   Plaintiff incorporates and realleges paragraphs 1 through 71, 103 through 109, 130 through 134 and 280 through 285 of this Complaint as though fully set forth herein.

287.   The $17,000 Deco Payment is avoidable by Plaintiff pursuant to Section 726.105(1)(b) of the Florida Statutes, and as a result, such $17,000 Deco Payment is recoverable by the Plaintiff pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code.

288.   Defendant, Deco Contractors, Inc., was the initial transferee of the $17,000 Deco Payment.

289.   Defendants, Eric D. Sheppard and Jennifer L. Sheppard, were the persons for whose benefit the $17,000 Deco Payment was made.

290.   As a result, Plaintiff may recover the value of the $17,000 Deco Payment from Defendants, Deco Contractors, Inc., Eric D. Sheppard and Jennifer L. Sheppard, jointly and severally, pursuant to Sections 726.108 and 726.109(2)(b) of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests that this Court enter a judgment on his behalf and against Defendants, Deco Contractors, Inc., Eric D. Sheppard and Jennifer L. Sheppard, jointly and severally, as follows:

(a)      declaring Deco Contractors, Inc. as the initial transferee of the $17,000 Deco Payment;

TABAS, FREEDMAN, SOLOFF, MILLER & BROWN, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171

(b)    declaring Eric D. Sheppard and Jennifer L. Sheppard as the transferees for whose benefit the $17,000 Deco Payment was made;

(c)    awarding damages against Deco Contractors, Inc., Eric D. Sheppard and Jennifer L. Sheppard, jointly and severally, in the total amount of $17,000.00, plus pre-judgment interest in favor of the Trustee and directing Deco Contractors, Inc., Eric D. Sheppard and Jennifer L. Sheppard to turn over the $17,000 Deco Payment pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Section 544 of the Bankruptcy Code; and

(d)    granting such other and further relief as this Court deems just and proper.

## COUNT 24
## AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 544(b) AND FLA. STAT. § 726.105(1)(b)
### (September 2007 Loan – WSG, Deco & Sheppards)

291.    Plaintiff realleges paragraphs 1 through 71, 110 through 116 and 130 through 134 as though fully set forth herein.

292.    Section 687.071(7) of the Florida Statutes provides that "[n]o extension of credit made in violation of any of the provisions of [Section 687.071(7), Fla. Stat.] shall be an enforceable debt . . . "

293.    WSG, at the direction of Sheppard, made the September 2007 Loan to Capitol at a rate that was criminally usurious in violation of section 687.071(2), Florida Statutes.

294.    Within the four (4) year period immediately preceding the Petition Date, Capitol made (i) the $15,742.48 Deco Payment and the $55,000 Deco Payment on behalf of the Sheppards as interest on the September 2007 Loan and (ii) $ 3.5 million in principal payments to WSG set forth on Schedule 6 (the "September 2007 Usurious Loan Transfers").

68

295.    The $15,742.48 Deco Payment, $55,000 Deco Payment and the September 2007 Usurious Loan Transfers constitute transfers of interests of Capitol's, and now, the Plaintiff's property.

296.    Because the September 2007 Loan was at all times unenforceable, Capitol had no obligation to make the $15,742.48 Deco Payment, $55,000 Deco Payment or any of the September 2007 Usurious Loan Transfers at any time.

297.    Because Capitol had no obligation to make the $15,742.48 Deco Payment, $55,000 Deco Payment or the September 2007 Usurious Loan Transfers, Capitol did not receive any reasonably equivalent value in exchange for making the $15,742.48 Deco Payment, $55,000 Deco Payment or any of the September 2007 Usurious Loan Transfers.

298.    As Capitol was admittedly operating a Ponzi scheme at the time that it made the $15,742.48 Deco Payment, $55,000 Deco Payment and the September 2007 Usurious Loan Transfers:

A.      Capitol was insolvent on the date that the $15,742.48 Deco Payment, $55,000 Deco Payment and each of the September 2007 Loan Usurious Transfers were made, or became insolvent as a result of the subject transfer;

B.      Capitol was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with Capitol was an unreasonably small capital; or

C.      Capitol intended to incur, or believed that it would incur debts that would be beyond Capitol's ability to pay as such debts matured.

299.    As a result of the $15,742.48 Deco Payment, $55,000 Deco Payment and September 2007 Usurious Loan Transfers, WSG, Deco and the Sheppards received the total sum of $4,070,742.48 ($4,000,000 in principal and $70,742.48 in interest).

TABAS, FREEDMAN, SOLOFF, MILLER & BROWN, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171

Case No.: 09-36408-BKC-LMI
Adv. Case No.: 11-2587-LMI

300.    Capitol had at least one creditor who could have avoided the $15,742.48 Deco Payment, $55,000 Deco Payment and the September 2007 Usurious Loan Transfers.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests this Court enter judgment on his behalf and against Defendants, WSG Development Co., Deco Contractors, Inc., Eric D. Sheppard and Jennifer L. Sheppard as follows:

(a)    determining that the $15,742.48 Deco Payment, $55,000 Deco Payment and September 2007 Usurious Loan Transfers totaling $4,070,742.48 constitute fraudulent transfers and are avoidable pursuant to Section 726.105(1)(b) of the Florida Statutes; and

(b)    granting such other and further relief as this Court deems just and proper.

## COUNT 25
### RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO FLA. STAT. §726.108 AND FLA. STAT. §726.109 & 11 U.S.C. §§ 544 AND 550
(September 2007 Loan – WSG & Sheppards)

301.    Plaintiff incorporates and realleges paragraphs 1 through 71, 110 through 116 and 130 through 134 and 292 through 300 of this Complaint as though fully set forth herein.

302.    The $15,742.48 Deco Payment, $55,000 Deco Payment and the September 2007 Usurious Loan Transfers are avoidable by Plaintiff pursuant to Section 726.105(1)(b) of the Florida Statutes, and as a result, such $15,742.48 Deco Payment, $55,000 Deco Payment and September 2007 Usurious Loan Transfers are recoverable by the Plaintiff pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code.

303.    WSG was the initial transferee of the September 2007 Usurious Loan Transfers and the Sheppards are the persons for whose benefit the transfers were made.

304.    As a result, Plaintiff may recover the value of $15,742.48 Deco Payment, $55,000 Deco Payment and the September 2007 Usurious Loan Transfers from Defendants

70

WSG, Deco and the Sheppards pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests that this Court enter a judgment on his behalf and against Defendants, WSG Development Co., Deco Contractors, Inc., Eric D. Sheppard and Jennifer L. Sheppard, as follows:

(a)      declaring WSG Development Co. as the initial transferee of the September 2007 Usurious Loan Transfers and Eric D. Sheppard and Jennifer L. Sheppard as the persons for whose benefit the September 2007 Usurious Loan Transfers were made;

(b)      awarding damages against WSG Development, Co., Eric D. Sheppard and Jennifer L. Sheppard, jointly and severally, in the amount of $3,500,000, plus pre-judgment interest in favor of the Trustee and directing WSG Development Co., Eric D. Sheppard and Jennifer L. Sheppard to turn over the September 2007 Usurious Loan Transfers pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code;

(c)      declaring Deco Contractors, Inc. the initial transferee of the $15,742.48 Deco Payment and the $55,000 Deco Payment.

(d)      declaring Eric D. Sheppard and Jennifer L. Sheppard as the transferees for whose benefit the $15,742.48 Deco Payment and the $55,000 Deco Payment was made;

(e)      awarding damages against Deco Contractors, Inc., Eric D. Sheppard and Jennifer L. Sheppard, jointly and severally, in the amount of $70,742.48, plus pre-judgment interest in favor of the Trustee and directing Deco Contractors, Inc., Eric D. Sheppard and Jennifer L. Sheppard to turn over the $15,742.48 Deco Payment and the $55,000 Deco Payment pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code; and

TABAS, FREEDMAN, SOLOFF, MILLER & BROWN, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171

Case No.: 09-36408-BKC-LMI
Adv. Case No.: 11-2587-LMI

(f)    granting such other and further relief as this Court deems just and proper.

## COUNT 26
## ACTION SEEKING CANCELLATION OF ALL SUMS DUE ON
## USURIOUS LOANS PURSUANT TO FLA. STAT. § 687.071 AND RECOVERY
## OF ALL PAYMENTS OF PRINCIPAL AND INTEREST ON THE USURIOUS LOANS AS
## PROPERTY OF CAPITOL'S BANKRUPTCY ESTATE PURSUANT TO 11 U.S.C. § 542
### (September 2007 Loan – WSG & Sheppards)

305.    Plaintiff incorporates and realleges paragraphs 1 through 71, 110 through 116 and 130 through 134 of this Complaint as though fully set forth herein.

306.    WSG knowingly sought and charged interest from Capitol on the September 2007 Loan at a criminally usurious rate in excess of 25% per annum in violation of Section 687.071, Florida Statutes, as reflected on Schedule 6.

307.    The Sheppards knowingly conspired with WSG to charge and collect interest from Capitol on the September 2007 Loan at a criminally usurious rate in excess of 25% per annum in violation of Section 687.071, Florida Statutes.

308.    Because the effective interest rate of the September 2007 Loan exceeds the permissible rate under Section 687.071, Florida Statutes, the September 2007 Loan is unenforceable.

309.    Moreover, because the September 2007 Loan is unenforceable pursuant to Section 687.071, Florida Statutes, Defendants, WSG, the Sheppards and Deco, are required to forfeit all principal (the "September 2007 Forfeited Principal Payments") and interest (the "September 2007 Forfeited Interest Payments") payments made by Capitol pursuant to the September 2007 Loan.

310.    Accordingly, the (i) September 2007 Forfeited Principal Payments are owed by Defendants, WSG and the Sheppards, and (ii) September 2007 Forfeited Interest Payments are owed by Deco and the Sheppards, creating a debt that is property of Capitol's bankruptcy estate and is matured, payable on demand, or payable on order

TABAS, FREEDMAN, SOLOFF, MILLER & BROWN, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171

pursuant to Section 542(b) of the Bankruptcy Code.

311.    Defendants, WSG Development Co., Deco Contractors, Inc., Eric D. Sheppard and Jennifer L. Sheppard, have failed to turn over or repay the September 2007 Forfeited Principal Payments and the September 2007 Forfeited Interest Payments.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests this Court enter judgment on his behalf and against Defendants, WSG Development Co., Deco Contractors, Inc., Eric D. Sheppard and Jennifer L. Sheppard, as follows:

(a)    finding that the September 2007 Usurious Loan is a usurious loan, and as such, is unenforceable under Section 687.071, Florida Statutes;

(b)    directing Defendants, WSG Development Co., Eric D. Sheppard and Jennifer L. Sheppard, jointly and severally, to turn over to the Plaintiff the September 2007 Forfeited Principal Payments in the amount of $3,500,000, plus pre-judgment interest and attorneys' fees in favor of the Trustee; and

(c)    directing Defendants, Deco Contractors, Inc., Eric D. Sheppard and Jennifer L. Sheppard, jointly and severally, to turn over to the Plaintiff the September 2007 Forfeited Interest Payments in the amount of $70,742.48, plus pre-judgment interest and attorneys' fees in favor of the Trustee; and

(d)    granting such other and further relief as this Court deems just and proper.

### COUNT 27
### AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT
### TO 11 U.S.C. § 544(b) AND FLA. STAT. § 726.105(1)(b)
### ($15,742.78 and $55,000 Deco Payments – Sheppards & Deco)

312.    Plaintiff realleges paragraphs 1 through 71, 110 through 116 and 130 through 134 as though fully set forth herein.

313.    Count 27 is an alternative relief if the Court does not find that the September 2007 Loan was usurious in Counts 24 and 26 above.

TABAS, FREEDMAN, SOLOFF, MILLER & BROWN, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171

314.   Within the four (4) year period immediately preceding the Petition Date, Capitol made the $15,742.48 Deco Payment and the $55,000 Deco Payment to Deco for the benefit of the Sheppards.

315.   Capitol did not receive any reasonably equivalent value in exchange for the $15,742.48 Deco Payment and the $55,000 Deco Payment that Capitol made to Deco on the September 2007 Loan on behalf of the Sheppards as the September 2007 Loan was made by WSG as set forth on Schedule 6.

316.   As Capitol was admittedly operating a Ponzi scheme at the time that it made the $15,742.48 Deco Payment and the $55,000 Deco Payment:

A.   Capitol was insolvent on the date that the $15,742.48 Deco Payment and the $55,000 Deco Payment was made, or became insolvent as a result of the subject transfer;

B.   Capitol was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with Capitol was an unreasonably small capital; or

C.   Capitol intended to incur, or believed that it would incur debts that would be beyond Capitol's ability to pay as such debts matured.

317.   As a result of the $15,742.48 Deco Payment and the $55,000 Deco Payment, Deco received the total sum of $70,742.48 for the benefit of the Sheppards.

318.   Capitol had at least one creditor who could have avoided the $15,742.48 Deco Payment and the $55,000 Deco Payment.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests this Court enter judgment on his behalf and against Defendants, Deco Contractors, Inc., Eric D. Sheppard and Jennifer L. Sheppard, jointly and severally, as follows:

74

(a)    determining that the $15,742.48 Deco Payment and the $55,000 Deco Payment constitute fraudulent transfers and are avoidable pursuant to Section 726.105(1)(b) of the Florida Statutes; and

(b)    granting such other and further relief as this Court deems just and proper.

**COUNT 28**
**RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO**
**FLA. STAT. §726.108 AND FLA. STAT. §726.109 & 11 U.S.C. §§ 544 AND 550**
**($15,742.78 and $55,000 Deco Payments – Sheppards & Deco)**

319.    Plaintiff incorporates and realleges paragraphs 1 through 71, 110 through 116, 130 through 134 and 313 through 318 of this Complaint as though fully set forth herein.

320.    The $15,742.48 Deco Payment and the $55,000 Deco Payment is avoidable by Plaintiff pursuant to Section 726.105(1)(b) of the Florida Statutes, and as a result, such $15,742.48 Deco Payment and the $55,000 Deco Payment is recoverable by the Plaintiff pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code.

321.    Deco was the initial transferee of the $15,742.48 Deco Payment and the $55,000 Deco Payment and Eric D. Sheppard and Jennifer L. Sheppard were the persons for whose benefit the $15,742.48 Deco Payment and the $55,000 Deco Payment was made.

322.    As a result, Plaintiff may recover the value of the $15,742.48 Deco Payment and the $55,000 Deco Payment from Defendants, Deco Contractors, Inc., Eric D. Sheppard and Jennifer L. Sheppard, jointly and severally, pursuant to Sections 726.108 and 726.109(2)(b) of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests that this Court enter a judgment on his behalf and against Defendants, Deco Contractors, Inc., Eric D. Sheppard and Jennifer L. Sheppard, jointly and severally, as follows:

75

(a)    declaring Deco Contractors, Inc. the initial transferee of the $15,742.48 Deco Payment and the $55,000 Deco Payment;

(b)    declaring Eric D. Sheppard and Jennifer L. Sheppard as the transferees for whose benefit the $15,742.48 Deco Payment and the $55,000 Deco Payment was made;

(c)    awarding damages against Deco Contractors, Inc., Eric D. Sheppard and Jennifer L. Sheppard, jointly and severally, in the total amount of $70,742.48, plus pre-judgment interest in favor of the Trustee and directing Deco Contractors, Inc., Eric D. Sheppard and Jennifer L. Sheppard to turn over the $15,742.48 Deco Payment and the $55,000 Deco Payment pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Section 544 of the Bankruptcy Code; and

(d)    granting such other and further relief as this Court deems just and proper.

## COUNT 29
### AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 544(b) AND FLA. STAT. § 726.105(1)(b)
#### (January 2008 Loan – Carillon, Sheppards & Deco)

323.    Plaintiff realleges paragraphs 1 through 71, 122 through 128 and 130 through 134 as though fully set forth herein.

324.    Section 687.071(7) of the Florida Statutes provides that "[n]o extension of credit made in violation of any of the provisions of [Section 687.071(7), Fla. Stat.] shall be an enforceable debt . . . "

325.    Carillon, at the direction of Sheppard, made the January 2008 Loan to Capitol at a rate that was criminally usurious in violation of section 687.071(2), Florida Statutes.

326.    Within the four (4) year period immediately preceding the Petition Date, Capitol made (i) the $8,500 interest payment on the January 2008 Loan which was satisfied by the January 2008 Interest Pre-Payment to Deco on behalf of the Sheppards (the "$8,500

Interest Payment") and (ii) $1.7 million in principal payments to Carillon ($900,000) and Sheppard ($800,000) (the "January 2008 Usurious Loan Transfers").

327.   The $8,500 Interest Payment and the January 2008 Usurious Loan Transfers constitute transfers of interests of Capitol's, and now, the Plaintiff's property.

328.   Because the January 2008 Loan was at all times unenforceable, Capitol had no obligation to make the $8,500 Interest Payment or any of the January 2008 Usurious Loan Transfers at any time.

329.   Because Capitol had no obligation to make the $8,500 Interest Payment or any of the January 2008 Usurious Loan Transfers, Capitol did not receive any reasonably equivalent value in exchange for making the $8,500 Interest Payment or any of the January 2008 Usurious Loan Transfers.

330.   As Capitol was admittedly operating a Ponzi scheme at the time that it made the $8,500 Interest Payment and each of the January 2008 Usurious Loan Transfers:

A.   Capitol was insolvent on the date that the $8,500 Interest Payment and each of the January 2008 Usurious Loan Transfers were made, or became insolvent as a result of the subject transfer;

B.   Capitol was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with Capitol was an unreasonably small capital; or

C.   Capitol intended to incur, or believed that it would incur debts that would be beyond Capitol's ability to pay as such debts matured.

331.   As a result of the $8,500 Interest Payment and the January 2008 Usurious Loan Transfers, Carillon, Deco and the Sheppards received the total sum of $1,708,500 ($1,700,000 in principal and $8,500 in interest).

77

332.    Capitol had at least one creditor who could have avoided the $8,500 Interest Payment and the January 2008 Usurious Loan Transfers.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests this Court enter judgment on his behalf and against Defendants, Carillon Miami Beach Holding, LLC, Deco Contractors, Inc., Eric D. Sheppard and Jennifer L. Sheppard, as follows:

(a)    determining that the $8,500 Interest Payment and the January 2008 Usurious Loan Transfers totaling $1,708,500 constitute fraudulent transfers and are avoidable pursuant to Section 726.105(1)(b) of the Florida Statutes; and

(b)    granting such other and further relief as this Court deems just and proper.

**COUNT 30**
**RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO**
**FLA. STAT. §726.108 AND FLA. STAT. §726.109 & 11 U.S.C. §§ 544 AND 550**
**(January 2008 Loan – Carillon, Sheppards & Deco)**

333.    Plaintiff incorporates and realleges paragraphs 1 through 71, 122 through 128, 130 through 134 and 324 through 332 of this Complaint as though fully set forth herein.

334.    The $8,500 Interest Payment and the January 2008 Usurious Loan Transfers are avoidable by Plaintiff pursuant to Section 726.105(1)(b) of the Florida Statutes, and as a result, such $8,500 Interest Payment and January 2008 Usurious Loan Transfers are recoverable by the Plaintiff pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code.

335.    Carillon and Sheppard were the collective lender of the January 2008 Loan and the collective initial transferees of the January 2008 Usurious Loan Transfers and Sheppard was the person for whose benefit the January 2008 Usurious Loan Transfers were made.

336.    Deco was the initial transferee of the $8,500 Interest Payment and the

78

Sheppards were the persons for whose benefit the $8,500 Interest Payment was made.

337.    As a result, Plaintiff may recover the value of the January 2008 Usurious Loan Transfers from Defendants, Carillon, Deco Contractors, Inc., Eric D. Sheppard and Jennifer L. Sheppard pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Section 544 of the Bankruptcy Code.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests that this Court enter a judgment on his behalf and against Defendants, Carillon Miami Beach Holding, LLC, Deco Contractors, Inc., Eric D. Sheppard and Jennifer L. Sheppard, as follows:

(a)    declaring Carillon Miami Beach Holding, LLC and Eric D. Sheppard as the collective lender of the January 2008 Loan and the collective initial transferees of the January 2008 Usurious Loan Transfers;

(b)    awarding damages against Carillon Miami Beach Holding, LLC and Eric D. Sheppard, jointly and severally, in the amount of $1,700,000, plus pre-judgment interest in favor of the Trustee and directing Carillon Miami Beach Holding, LLC and Eric D. Sheppard to turn over the January 2008 Usurious Loan Principal Transfers pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code;

(c)    declaring Deco Contractors, Inc. the initial transferee of the $8,500 Interest Payment;

(d)    declaring Eric D. Sheppard and Jennifer L. Sheppard the persons for whose benefit the $8,500 Interest Payment was made;

(e)    awarding damages against Deco Contractors, Inc., Eric D. Sheppard and Jennifer L. Sheppard, jointly and severally, in the amount of $8,500, plus pre-judgment

79

interest in favor of the Trustee and directing Deco Contractors, Inc., Eric D. Sheppard and Jennifer L. Sheppard to turn over the $8,500 Interest Payment pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code; and

(f)     granting such other and further relief as this Court deems just and proper.

## COUNT 31
### ACTION SEEKING CANCELLATION OF ALL SUMS DUE ON USURIOUS LOANS PURSUANT TO FLA. STAT. § 687.071 AND RECOVERY OF ALL PAYMENTS OF PRINCIPAL AND INTEREST ON THE USURIOUS LOANS AS PROPERTY OF CAPITOL'S BANKRUPTCY ESTATE PURSUANT TO 11 U.S.C. § 542
### (January 2008 Loan - Carillon, Sheppards & Deco)

338.    Plaintiff incorporates and realleges paragraphs 1 through 71, 122 through 128 and 130 through 134 of this Complaint as though fully set forth herein.

339.    Carillon, at the direction of Sheppard, and Sheppard, knowingly charged interest from Capitol on the January 2008 Loan at a criminally usurious rate in excess of 25% per annum in violation of Section 687.071, Florida Statutes.

340.    Sheppard, knowingly conspired with Carillon to make the January 2008 Loan and collected interest from Capitol on the January 2008 Loan at a criminally usurious rate in excess of 25% per annum in violation of Section 687.071, Florida Statutes.

341.    Because the effective interest rate of the January 2008 Loan exceeds the permissible rate under Section 687.071, Florida Statutes, the January 2008 Loan is unenforceable.

342.    Moreover, because the January 2008 Loan is unenforceable pursuant to Section 687.071, Florida Statutes, Defendants, Carillon, the Sheppards and Deco, are required to forfeit all principal (the "January 2008 Forfeited Principal Payments") and interest (the "January 2008 Forfeited Interest Payments") payments made by Capitol pursuant to the January 2008 Loan.

80

343.    Accordingly, the (i) January 2008 Forfeited Principal Payments are owed by Defendants, Carillon and Sheppard and (ii) January 2008 Forfeited Interest Payments are owed by the Sheppards and Deco, creating a debt that is property of Capitol's bankruptcy estate and is matured, payable on demand, or payable on order pursuant to Section 542(b) of the Bankruptcy Code.

344.    Defendants, Carillon, the Sheppards and Deco, have failed to turn over or repay the January 2008 Forfeited Principal Payments and the January 2008 Forfeited Interest Payments.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests this Court enter judgment on his behalf and against Defendants, Carillon Miami Beach Holding, LLC, Eric D. Sheppard, Jennifer L. Sheppard and Deco Contractors, Inc., as follows:

(a)    finding that the January 2008 Loan is a usurious loan, and as such, is unenforceable under Section 687.071, Florida Statutes;

(b)    directing Defendants, Carillon Miami Beach Holding, LLC and Eric D. Sheppard, jointly and severally, to turn over to the Plaintiff the January 2008 Forfeited Principal Payments in the amount of $1,700,000, plus pre-judgment interest and attorneys' fees in favor of the Trustee;

(c)    directing Defendants, Eric D. Sheppard, Jennifer L. Sheppard and Deco Contractors, Inc., jointly and severally, to turn over to the Plaintiff the January 2008 Forfeited Interest Payments in the amount of $8,500, plus pre-judgment interest and attorneys' fees in favor of the Trustee; and

(d)    granting such other and further relief as this Court deems just and proper.

81

Case No.: 09-36408-BKC-LMI
Adv. Case No.: 11-2587-LMI

## COUNT 32
## AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT
## TO 11 U.S.C. § 544(b) AND FLA. STAT. § 726.105(1)(b)
### (The January 2008 Interest Pre-Payment – Sheppards & Deco)

345.    Plaintiff realleges paragraphs 1 through 71, 122 through 128 and 130 through 134 as though fully set forth herein.

346.    Count 32 is an alternative relief if the Court does not find that the Janaury 2008 Loan was usurious in Counts 29 and 31 above.

347.    Within the four (4) year period immediately preceding the Petition Date, Capitol made the January 2008 Interest Pre-Payment to Deco for the benefit of the Sheppards.

348.    Capitol did not receive any reasonably equivalent value in exchange for the January 2008 Interest Pre-Payment that Capitol made to Deco on behalf of the Sheppards as the January 2008 Loan was made by Carillon and the majority of the Line of Credit Loans were made by WSG and the Development Projects..

349.    As Capitol was admittedly operating a Ponzi scheme at the time that it made the January 2008 Interest Pre-Payment:

A.    Capitol was insolvent on the date that the January 2008 Interest Pre-Payment was made, or became insolvent as a result of the subject transfer;

B.    Capitol was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with Capitol was an unreasonably small capital; or

C.    Capitol intended to incur, or believed that it would incur debts that would be beyond Capitol's ability to pay as such debts matured.

350.    As a result of the January 2008 Interest Pre-Payment, Deco received the total sum of $100,000 for the benefit of the Sheppards.

82

351.   Capitol had at least one creditor who could have avoided the January 2008 Interest Pre-Payment.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests this Court enter judgment on his behalf and against Defendants, Deco Contractors, Inc., Eric D. Sheppard and Jennifer L. Sheppard, jointly and severally, as follows:

(a)   determining that the January 2008 Interest Pre-Payment constitutes a fraudulent transfer and is avoidable pursuant to Section 726.105(1)(b) of the Florida Statutes; and

(b)   granting such other and further relief as this Court deems just and proper.

### COUNT 33
### RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO
### FLA. STAT. §726.108 AND FLA. STAT. §726.109 & 11 U.S.C. §§ 544 AND 550
### (The January 2008 Interest Pre-Payment – Sheppards & Deco)

352.   Plaintiff incorporates and realleges paragraphs 1 through 71, 122 through 128, 130 through 134 and 346 through 351 of this Complaint as though fully set forth herein.

353.   The January 2008 Interest Pre-Payment is avoidable by Plaintiff pursuant to Section 726.105(1)(b) of the Florida Statutes, and as a result, such January 2008 Interest Pre-Payment is recoverable by the Plaintiff pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code.

354.   Deco was the initial transferee of the January 2008 Interest Pre-Payment and Eric D. Sheppard and Jennifer L. Sheppard were the persons for whose benefit the January 2008 Interest Pre-Payment was made.

355.   As a result, Plaintiff may recover the value of the January 2008 Interest Pre-Payment from Defendants, Deco Contractors, Inc., Eric D. Sheppard and Jennifer L. Sheppard, jointly and severally, pursuant to Sections 726.108 and 726.109(2)(b) of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code.

TABAS, FREEDMAN, SOLOFF, MILLER & BROWN, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests that this Court enter a judgment on his behalf and against Defendants, Deco Contractors, Inc., Eric D. Sheppard and Jennifer L. Sheppard, jointly and severally, as follows:

(a)    declaring Deco Contractors, Inc. the initial transferee of the January 2008 Interest Pre-Payment;

(b)    declaring Eric D. Sheppard and Jennifer L. Sheppard as the transferees for whose benefit the January 2008 Interest Pre-Payment was made;

(c)    awarding damages against Deco Contractors, Inc., Eric D. Sheppard and Jennifer L. Sheppard, jointly and severally, in the total amount of $100,000, plus pre-judgment interest in favor of the Trustee and directing Deco Contractors, Inc., Eric D. Sheppard and Jennifer L. Sheppard to turn over the January 2008 Interest Pre-Payment pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Section 544 of the Bankruptcy Code; and

(d)    granting such other and further relief as this Court deems just and proper.

## COUNT 34
## AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 544(b) AND FLA. STAT. § 726.105(1)(a)
### ($10 Million Interest- Free Loans)

356.    Plaintiff realleges paragraphs 1 through 71, 117 through 119 and 130 through 134 as though fully set forth herein.

357.    Within the four (4) year period immediately preceding the Petition Date, Capitol made payments on the $10 Million Interest-Free Loans to Defendants, Carillon, WSG and Indrio Village in the aggregate amount of $10 million (the "$10 Million Interest-Free Loan Transfers").

358.    As Capitol was admittedly operating a Ponzi scheme at the time that it made the $10 Million Interest-Free Loan Transfers all of the $10 Million Interest-Free Loan Transfers were made with the actual intent to hinder, delay and defraud creditors of Capitol.

359.    Capitol had at least one creditor who could have avoided the $10 Million Interest-Free Loan Transfers.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests this Court enter judgment on his behalf and against Defendants, Carillon, WSG and Indrio Village, as follows:

(a)    determining that the $10 Million Interest-Free Loan Transfers totaling $10,000,000 constitute fraudulent transfers and are avoidable pursuant to Section 726.105(1)(a) of the Florida Statutes; and

(b)    granting such other and further relief as this Court deems just and proper.

### COUNT 35
### RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO
### FLA. STAT. §726.108 AND FLA. STAT. §726.109 & 11 U.S.C. §§ 544 AND 550
### ($10 Million Interest- Free Loan Transfers)

360.    Plaintiff incorporates and realleges paragraphs1 through 71, 117 through 119, 130 through 134, 357 through 359 of this Complaint as though fully set forth herein.

361.    The $10 Million Interest-Free Loan Transfers are avoidable by Plaintiff pursuant to Section 726.105(1)(a) of the Florida Statutes, and as a result, such $10 Million Interest-Free Loan Transfers are recoverable by the Plaintiff pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code.

362.    Carillon was the initial transferee of $7 million of the $10 Million Interest-Free Loan Transfers.

363.    WSG was the initial transferee of $2 million of the $10 Million Interest-Free Loan Transfers.

TABAS, FREEDMAN, SOLOFF, MILLER & BROWN, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171

364.    Indrio Village was the initial transferee of $1 million of the $10 Million Interest-Free Loan Transfers.

365.    All of the $10 Million Interest-Free Loan Transfers were for the benefit of Sheppard, who would have been liable for the repayment of the $10 Million Interest-Free Loans to Carillon, WSG and Indrio Village had Capitol not repaid them.

366.    REDACTED

367.    As a result, Plaintiff may recover the value of the $10 Million Interest-Free Loan Transfers from Defendants, Carillon, WSG, Indrio Village and Sheppard, pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Section 544 of the Bankruptcy Code.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests that this Court enter a judgment on his behalf and against Defendants, Carillon Miami Beach Holding, LLC, WSG Development Co., Indrio Village, LLC and Eric D. Sheppard as follows:

(a)    declaring Carillon Miami Beach Holding, LLC, as the initial transferee of $7 million of the $10 Million Interest-Free Loan Transfers and Eric D. Sheppard the person for whose benefit the transfers were made;

(b)    awarding damages against Carillon Miami Beach Holding, LLC and Eric D. Sheppard, jointly and severally, in the amount of $7,000,000, plus pre-judgment interest in favor of the Trustee and directing Carillon Miami Beach Holding, LLC and Eric D. Sheppard to turn over $7,000,000 of the $10 Million Interest-Free Loan Transfers pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy

TABAS, FREEDMAN, SOLOFF, MILLER & BROWN, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171

Code;

(c)    declaring WSG Development, Co. as the initial transferee of $2 million of the $10 Million Interest-Free Loan Transfers and Eric D. Sheppard the person for whose benefit the transfers were made;

(d)    awarding damages against WSG Development, Co. and Eric D. Sheppard, jointly and severally, in the amount of $2,000,000, plus pre-judgment interest in favor of the Trustee and directing WSG Development, Co. and Eric D. Sheppard to turn over $2,000,000 of the $10 Million Interest-Free Loan Transfers pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code;

(e)    declaring Indrio Village, LLC as the initial transferee of $1 million of the $10 Million Interest-Free Loan Transfers and Eric D. Sheppard the person for whose benefit the transfers were made;

(f)    awarding damages against Indrio Village, LLC and Eric D. Sheppard, jointly and severally, in the amount of $1,000,000, plus pre-judgment interest in favor of the Trustee and directing Indrio Village, LLC and Eric D. Sheppard to turn over $1,000,000 of the $10 Million Interest-Free Loan Transfers pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code;

(g)    granting such other and further relief as this Court deems just and proper.

### COUNT 36
### AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT
### TO 11 U.S.C. § 544(b) AND FLA. STAT. § 726.105(1)(a)
### ($11.8 Million Interest- Free Loans)

368.    Plaintiff realleges paragraphs 1 through 71, 120 through 121 and 130 through 134 as though fully set forth herein.

369.    Within the four (4) year period immediately preceding the Petition Date, Capitol and Ocean Rock made payments on the $11.8 Million Interest-Free Loans to

Defendants, Carillon, WSG and the Sheppards in the aggregate amount of $11.8 million (the "$11.8 Million Interest-Free Loan Transfers").

370.    As Capitol was admittedly operating a Ponzi scheme at the time that it made the $11.8 Million Interest-Free Loan Transfers all of the $11.8 Million Interest-Free Loan Transfers were made with the actual intent to hinder, delay and defraud creditors of Capitol.

371.    Ocean Rock has been substantively consolidated with Capitol as it was Capitol's alter ego.

372.    Capitol had at least one creditor who could have avoided the $11.8 Million Interest-Free Loan Transfers.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests this Court enter judgment on his behalf and against Defendants, Carillon Miami Beach Holding, LLC, WSG Development Co., Eric D. Sheppard and Jennifer L. Sheppard, as follows:

(a)    determining that the $11.8 Million Interest-Free Loan Trans totaling $11,800,000 constitute fraudulent transfers and are avoidable pursuant to Section 726.105(1)(a) of the Florida Statutes; and

(b)    granting such other and further relief as this Court deems just and proper.

## COUNT 37
### RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO
### FLA. STAT. §726.108 AND FLA. STAT. §726.109 & 11 U.S.C. §§ 544 AND 550
($11.8 Million Interest- Free Loan Transfers)

373.    Plaintiff incorporates and realleges paragraphs 1 through 71, 120 through 121, 130 through 134, 369 through 372 of this Complaint as though fully set forth herein.

374.    The $11.8 Million Interest-Free Loan Transfers are avoidable by Plaintiff pursuant to Section 726.105(1)(a) of the Florida Statutes, and as a result, such $11.8 Million Interest-Free Loan Transfers are recoverable by the Plaintiff pursuant to Sections 726.108

TABAS, FREEDMAN, SOLOFF, MILLER & BROWN, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171

and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code.

375.    Carillon was the initial transferee of $7.2 million of the $11.8 Million Interest-Free Loan Transfers.

376.    WSG was the initial transferee of $3 million of the $11.8 Million Interest-Free Loan Transfers.

377.    The Sheppards were the initial transferees of $1.6 million of the $10 Million Interest-Free Loan Transfers.

378.    All of the $11.8 Million Interest-Free Loan Transfers were for the benefit of Sheppard, who would have been liable for the repayment of the $11.8 Million Interest-Free Loans to Carillon and WSG had Capitol not repaid them.

379.    REDACTED

380.    As a result, Plaintiff may recover the value of the $11.8 Million Interest-Free Loan Transfers from Defendants, Carillon, WSG, and the Sheppards, pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Section 544 of the Bankruptcy Code.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests that this Court enter a judgment on his behalf and against Defendants, Carillon Miami Beach Holding, LLC, WSG Development Co., Eric D. Sheppard and Jennifer L. Sheppard as follows:

(a)    declaring Carillon Miami Beach Holding, LLC, as the initial transferee of $7.2 million of the $11.8 Million Interest-Free Loan Transfers and Eric D. Sheppard the person for whose benefit the transfers were made;

89

Case No.: 09-36408-BKC-LMI
Adv. Case No.: 11-2587-LMI

(b)      awarding damages against Carillon Miami Beach Holding, LLC and Eric D. Sheppard, jointly and severally, in the amount of $7,200,000, plus pre-judgment interest in favor of the Trustee and directing Carillon Miami Beach Holding, LLC and Eric D. Sheppard to turn over $7,200,000 of the $11.8 Million Interest-Free Loan Transfers pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code;

(c)      declaring WSG Development, Co. as the initial transferee of $3 million of the $11.8 Million Interest-Free Loan Transfers and Eric D. Sheppard the person for whose benefit the transfers were made;

(d)      awarding damages against WSG Development, Co. and Eric D. Sheppard, jointly and severally, in the amount of $3,000,000, plus pre-judgment interest in favor of the Trustee and directing WSG Development, Co. and Eric D. Sheppard to turn over $3,000,000 of the $11.8 Million Interest-Free Loan Transfers pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code;

(e)      declaring the Eric D. Sheppard and Jennifer L. Sheppard as the initial transferees of $1.6 million of the $11.8 Million Interest-Free Loan Transfers;

(f)      awarding damages against Eric D. Sheppard and Jennifer L. Sheppard, jointly and severally, in the amount of $1,600,000, plus pre-judgment interest in favor of the Trustee and directing Eric D. Sheppard and Jennifer L. Sheppard to turn over $1,600,000 of the $11.8 Million Interest-Free Loan Transfers pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code;

(g)      granting such other and further relief as this Court deems just and proper.

TABAS, FREEDMAN, SOLOFF, MILLER & BROWN, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171

Case No.: 09-36408-BKC-LMI
Adv. Case No.: 11-2587-LMI

## COUNT 38
## AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT
## TO 11 U.S.C. § 544(b) AND FLA. STAT. § 726.105(1)(a)
### (Line of Credit Loans)

381.    Plaintiff realleges paragraphs 1 through 71 and 122 through 134 as though fully set forth herein.

382.    Within the four (4) year period immediately preceding the Petition Date, Capitol made payments on the Line of Credit Loans to Defendants, Carillon, WSG and the Sheppards in the aggregate amount of $15,420,500 (the "Line of Credit Loan Transfers").

383.    As Capitol was admittedly operating a Ponzi scheme at the time that it made the Line of Credit Loan Transfers all of the Line of Credit Loan Transfers were made with the actual intent to hinder, delay and defraud creditors of Capitol.

384.    Capitol had at least one creditor who could have avoided the Line of Credit Loan Transfers.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests this Court enter judgment on his behalf and against Defendants, Carillon Miami Beach Holding, LLC, WSG Development Co., Eric D. Sheppard and Jennifer L. Sheppard, as follows:

(a)    determining that the Line of Credit Loan Transfers totaling $15,420,500 constitute fraudulent transfers and are avoidable pursuant to Section 726.105(1)(a) of the Florida Statutes; and

(b)    granting such other and further relief as this Court deems just and proper.

## COUNT 39
## RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO
## FLA. STAT. §726.108 AND FLA. STAT. §726.109 & 11 U.S.C. §§ 544 AND 550
### (Line of Credit Loan Transfers)

385.    Plaintiff incorporates and realleges paragraphs 1 through 71, 122 through 134

91

and 382 through 384 of this Complaint as though fully set forth herein.

386.   The Line of Credit Loan Transfers are avoidable by Plaintiff pursuant to Section 726.105(1)(a) of the Florida Statutes, and as a result, such Line of Credit Loan Transfers are recoverable by the Plaintiff pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code.

387.   Carillon was the initial transferee of $11.8 million of the Line of Credit Loan Transfers.

388.   WSG was the initial transferee of $2.808 million of the Line of Credit Loan Transfers.

389.   The Sheppards were the initial transferees of $812,500 of the Line of Credit Loan Transfers.

390.   All of the Line of Credit Loan Transfers were for the benefit of Sheppard, who would have been liable for the repayment of the Line of Credit Loan Transfers to Carillon and WSG had Capitol not repaid them.

391.   REDACTED

392.   As a result, Plaintiff may recover the value of the Line of Credit Loan Transfers from Defendants, Carillon, WSG, and the Sheppards, pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Section 544 of the Bankruptcy Code.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests that this Court enter a judgment on his behalf and against Defendants, Carillon Miami Beach Holding, LLC, WSG Development Co., Eric D. Sheppard and Jennifer L. Sheppard as follows:

92

(a)    declaring Carillon Miami Beach Holding, LLC, as the initial transferee of $11.8 million of the Line of Credit Loan Transfers and Eric D. Sheppard the person for whose benefit the transfers were made;

(b)    awarding damages against Carillon Miami Beach Holding, LLC and Eric D. Sheppard, jointly and severally, in the amount of $11,800,000, plus pre-judgment interest in favor of the Trustee and directing Carillon Miami Beach Holding, LLC and Eric D. Sheppard to turn over $11,800,000 of the Line of Credit Loan Transfers pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code;

(c)    declaring WSG Development, Co. as the initial transferee of $2,808,000 of the Line of Credit Loan Transfers and Eric D. Sheppard the person for whose benefit the transfers were made;

(d)    awarding damages against WSG Development, Co. and Eric D. Sheppard, jointly and severally, in the amount of $2,808,000, plus pre-judgment interest in favor of the Trustee and directing WSG Development, Co. and Eric D. Sheppard to turn over $2,808,000 of the Line of Credit Loan Transfers pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code;

(e)    declaring Eric D. Sheppard and Jennifer L. Sheppard as the initial transferees of $812,500 of the Line of Credit Loan Transfers;

(f)    awarding damages against Eric D. Sheppard and Jennifer L. Sheppard, jointly and severally, in the amount of $812,500, plus pre-judgment interest in favor of the Trustee and directing Eric D. Sheppard and Jennifer L. Sheppard to turn over $812,500 of the Line of Credit Loan Transfers pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code;

(g)    granting such other and further relief as this Court deems just and proper.

TABAS, FREEDMAN, SOLOFF, MILLER & BROWN, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171

Case No.: 09-36408-BKC-LMI
Adv. Case No.: 11-2587-LMI

## COUNT 40
## AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT
## TO 11 U.S.C. § 544(b) AND FLA. STAT. § 726.105(1)(a)
### (July 2006 Loan – Sheppards, Rutledge & CC Bank)

393.    Plaintiff realleges paragraphs 1 through 80 and 130 through 134 as though fully set forth herein.

394.    Count 40 is an alternative to Counts 1 and 3 if the Court finds that the July 2006 Loan is not usurious.

395.    Within the four (4) year period immediately preceding the Petition Date, Capitol made the July 2006 Usurious Loan Transfers to Rutledge and CC Bank for the Sheppards' benefit.

396.    As Capitol was admittedly operating a Ponzi scheme at the time that it made the July 2006 Usurious Loan Transfers all of the July 2006 Usurious Loan Transfers were made with the actual intent to hinder, delay and defraud creditors of Capitol.

397.    Capitol had at least one creditor who could have avoided the July 2006 Usurious Loan Transfers.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests this Court enter judgment on his behalf and against Defendants, Eric D. Sheppard, Jennifer L. Sheppard, Rutledge Apartments, L.C. and Capital One Bank (USA), N.A., as follows:

(a)    determining that the July 2006 Usurious Loan Transfers totaling $673,992.80 constitute fraudulent transfers and are avoidable pursuant to Section 726.105(1)(a) of the Florida Statutes; and

(b)    granting such other and further relief as this Court deems just and proper.

94

**COUNT 41**
**RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO**
**FLA. STAT. §726.108 AND FLA. STAT. §726.109 & 11 U.S.C. §§ 544 AND 550**
**(July 2006 Usurious Loan Transfers)**

398.    Plaintiff incorporates and realleges paragraphs 1 through 80, 130 through 134 and 394 through 397 of this Complaint as though fully set forth herein.

399.    The July 2006 Usurious Loan Transfers are avoidable by Plaintiff pursuant to Section 726.105(1)(a) of the Florida Statutes, and as a result, such July 2006 Usurious Loan Transfers are recoverable by the Plaintiff pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code.

400.    The Sheppards were the persons for whose benefit the July 2006 Usurious Loan Transfers were made.

401.    Rutledge was the initial transferee of $242,000.00 of the July 2006 Usurious Transfers and CC Bank was the initial transferee of $392,368.76 of the July 2006 Usurious Transfers.

402.    As a result, Plaintiff may recover the value of the July 2006 Usurious Loan Transfers from Defendants, Eric D. Sheppard, Jennifer L. Sheppard, Rutledge Apartments, L.C. and Capital One Bank (USA), N.A. pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Section 544 of the Bankruptcy Code.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests that this Court enter a judgment on his behalf and against Defendants, Eric D. Sheppard, Jennifer L. Sheppard, Rutledge Apartments, L.C. and Capital One Bank (USA), N.A., as follows:

(a)    declaring Eric D. Sheppard and Jennifer L. Sheppard the persons for whose benefit the July 2006 Usurious Loan Transfers were made;

(b)    awarding damages against Eric D. Sheppard and Jennifer L. Sheppard,

95

jointly and severally, in the amount of $673,992.80, plus pre-judgment interest in favor of the Trustee and directing Eric D. Sheppard and Jennifer L. Sheppard to turn over the July 2006 Usurious Loan Transfers pursuant to Sections 726.108 and 726.109(2)(a) of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code;

(c)     declaring Rutledge Apartments, L.C. the initial transferee of $242,000.00 of the July 2006 Usurious Transfers;

(d)     awarding damages against Rutledge Apartments, L.C. in the amount of $242,000.00, plus pre-judgment interest in favor of the Trustee and directing Rutledge Apartments, L.C. to turn over the July 2006 Usurious Loan Transfers pursuant to Sections 726.108 and 726.109(2)(a) of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code;

(e)     declaring Capital One Bank (USA), N.A. the initial transferee of $392,368.76 of the July 2006 Usurious Transfers;

(f)     awarding damages against Capital One Bank (USA), N.A. in the amount of $392,368.76, plus pre-judgment interest in favor of the Trustee and directing Capital One Bank (USA), N.A. to turn over the July 2006 Usurious Loan Transfers pursuant to Sections 726.108 and 726.109(2)(a) of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code; and

(g)     granting such other and further relief as this Court deems just and proper.

## COUNT 42
### AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 544(b) AND FLA. STAT. § 726.105(1)(a)
**(Fraudulent Personal Payments – Sheppards, Rutledge & CC Bank)**

403.    Plaintiff realleges paragraphs 1 through 80 and 130 through 134 as though fully set forth herein.

96

404.    Count 42 is an alternative to Counts 1 and 3 if the Court finds that the July 2006 Loan is not usurious and Count 4 if the Court finds that the Sheppards provided reasonably equivalent value for the Fraudulent Personal Payments.

405.    Within the four (4) year period immediately preceding the Petition Date, Capitol made the Fraudulent Personal Payments to Rutledge and CC Bank for the Sheppards' benefit.

406.    As Capitol was admittedly operating a Ponzi scheme at the time that it made the Fraudulent Personal Payments all of the Fraudulent Personal Payments were made with the actual intent to hinder, delay and defraud creditors of Capitol.

407.    Capitol had at least one creditor who could have avoided the Fraudulent Personal Payments.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests this Court enter judgment on his behalf and against Defendants, Eric D. Sheppard, Jennifer L. Sheppard, Rutledge Apartments, L.C. and Capital One Bank (USA), N.A., as follows:

(a)    determining that the Fraudulent Personal Payments totaling $673,992.80 constitute fraudulent transfers and are avoidable pursuant to Section 726.105(1)(a) of the Florida Statutes; and

(b)    granting such other and further relief as this Court deems just and proper.

**COUNT 43**
**RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO**
**FLA. STAT. §726.108 AND FLA. STAT. §726.109 & 11 U.S.C. §§ 544 AND 550**
**(Fraudulent Personal Payments – Sheppards, Rutledge & CC Bank)**

408.    Plaintiff incorporates and realleges paragraphs 1 through 80, 130 through 134 and 404 through 407 of this Complaint as though fully set forth herein.

409.    The Fraudulent Personal Payments are avoidable by Plaintiff pursuant to Section 726.105(1)(a) of the Florida Statutes, and as a result, such Fraudulent Personal

TABAS, FREEDMAN, SOLOFF, MILLER & BROWN, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171

Payments are recoverable by the Plaintiff pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code.

410.    The Sheppards were the persons for whose benefit the Fraudulent Personal Payments were made.

411.    Rutledge was the initial transferee of $242,000.00 of the July 2006 Usurious Transfers and CC Bank was the initial transferee of $392,368.76 of the July 2006 Usurious Transfers.

412.    As a result, Plaintiff may recover the value of the July 2006 Usurious Loan Transfers from Defendants, Eric D. Sheppard, Jennifer L. Sheppard, Rutledge Apartments, L.C. and Capital One Bank (USA), N.A. pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Section 544 of the Bankruptcy Code.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests that this Court enter a judgment on his behalf and against Defendants, Eric D. Sheppard, Jennifer L. Sheppard, Rutledge Apartments, L.C. and Capital One Bank (USA), N.A., as follows:

(a)    declaring Eric D. Sheppard and Jennifer L. Sheppard the persons for whose benefit the Fraudulent Personal Payments were made;

(b)    awarding damages against Eric D. Sheppard and Jennifer L. Sheppard, jointly and severally, in the amount of $673,992.80, plus pre-judgment interest in favor of the Trustee and directing Eric D. Sheppard and Jennifer L. Sheppard to turn over the July 2006 Usurious Loan Transfers pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code;

(c)    declaring Rutledge Apartments, L.C. the initial transferee of $242,000.00 of the July 2006 Usurious Transfers;

(d)     awarding damages against Rutledge Apartments, L.C. in the amount of $242,000.00, plus pre-judgment interest in favor of the Trustee and directing Rutledge Apartments, L.C. to turn over the July 2006 Usurious Loan Transfers pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code;

(e)     declaring Capital One Bank (USA), N.A. the initial transferee of $392,368.76 of the July 2006 Usurious Transfers;

(f)     awarding damages against Capital One Bank (USA), N.A. in the amount of $392,368.76, plus pre-judgment interest in favor of the Trustee and directing Capital One Bank (USA), N.A. to turn over the July 2006 Usurious Loan Transfers pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code; and

(g)     granting such other and further relief as this Court deems just and proper.

### COUNT 44
### AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 544(b) AND FLA. STAT. § 726.105(1)(a)
### (October 2006 Loan - Sheppards)

413.    Plaintiff realleges paragraphs 1 through 71, 81 through 87 and 130 through 134 as though fully set forth herein.

414.    Count 44 is an alternative to Counts 6 and 8 if the Court finds that the October 2006 Loan is not usurious.

415.    Within the four (4) year period immediately preceding the Petition Date, Capitol made the October 2006 Usurious Loan Transfers to the Sheppards.

416.    As Capitol was admittedly operating a Ponzi scheme at the time that it made the October 2006 Usurious Loan Transfers all of the October 2006 Usurious Loan Transfers were made with the actual intent to hinder, delay and defraud creditors of Capitol.

99

Case No.: 09-36408-BKC-LMI
Adv. Case No.: 11-2587-LMI

417.    Capitol had at least one creditor who could have avoided the October 2006 Usurious Loan Transfers.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests this Court enter judgment on his behalf and against Defendants, Eric D. Sheppard and Jennifer L. Sheppard, jointly and severally, as follows:

(a)    determining that the October 2006 Usurious Loan Transfers totaling $3,350,000 constitute fraudulent transfers and are avoidable pursuant to Section 726.105(1)(a) of the Florida Statutes; and

(b)    granting such other and further relief as this Court deems just and proper.

**COUNT 45**
**RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO**
**FLA. STAT. §726.108 AND FLA. STAT. §726.109 & 11 U.S.C. §§ 544 AND 550**
**(October 2006 Usurious Loan Transfers)**

418.    Plaintiff incorporates and realleges paragraphs 1 through 71, 81 through 87, 130 through 134 and 407 through 410 of this Complaint as though fully set forth herein.

419.    The October 2006 Usurious Loan Transfers are avoidable by Plaintiff pursuant to Section 726.105(1)(a) of the Florida Statutes, and as a result, such October 2006 Usurious Loan Transfers are recoverable by the Plaintiff pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code.

420.    The Sheppards were the initial transferees of the October 2006 Usurious Loan Transfers.

421.    As a result, Plaintiff may recover the value of the October 2006 Usurious Loan Transfers from Defendants, the Sheppards, pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Section 544 of the Bankruptcy Code.

TABAS, FREEDMAN, SOLOFF, MILLER & BROWN, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests that this Court enter a judgment on his behalf and against Defendants, Eric D. Sheppard and Jennifer L. Sheppard, jointly and severally, as follows:

(a)    declaring Eric D. Sheppard and Jennifer L. Sheppard the initial transferees of the October 2006 Usurious Loan Transfers;

(b)    awarding damages against Eric D. Sheppard and Jennifer L. Sheppard, jointly and severally, in the amount of $3,350,000, plus pre-judgment interest in favor of the Trustee and directing Eric D. Sheppard and Jennifer L. Sheppard to turn over the October 2006 Usurious Loan Transfers pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code; and

(c)    granting such other and further relief as this Court deems just and proper.

**COUNT 46**
**AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT**
**TO 11 U.S.C. § 544(b) AND FLA. STAT. § 726.105(1)(a)**
**(July 2007 Loan – WSG, Development Projects, Sheppards & Deco)**

422.    Plaintiff realleges paragraphs 1 through 71, 88 through 95 and 130 through 134 as though fully set forth herein.

423.    Count 46 is an alternative to Counts 9 and 11 if the Court finds that the July 2007 Loan is not usurious.

424.    Within the four (4) year period immediately preceding the Petition Date, Capitol made the (i) the $150,000 Deco Payment to Deco as interest due under the July 2007 Note for the Sheppards' benefit and (ii) the July 2007 Usurious Loan Transfers to the Development Projects.

425.    As Capitol was admittedly operating a Ponzi scheme at the time that it made the $150,000 Deco Payment and the July 2007 Usurious Loan Transfers the $150,000

TABAS, FREEDMAN, SOLOFF, MILLER & BROWN, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171

Case No.: 09-36408-BKC-LMI
Adv. Case No.: 11-2587-LMI

Deco Payment and all of the July 2007 Usurious Loan Transfers were made with the actual intent to hinder, delay and defraud creditors of Capitol.

426.    Capitol had at least one creditor who could have avoided the $150,000 Deco Payment and the July 2007 Usurious Loan Transfers.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests this Court enter judgment on his behalf and against Defendants, WSG Charlottesville, WSG Chattanooga, WSG Development Co., WSG Gold Mile, WSG Mason Road, WSG Pembroke, WSG Riverview, Eric D. Sheppard, Jennifer L. Sheppard and Deco Contractors, Inc., as follows:

(a)    determining that the $150,000 Deco Payment and the July 2007 Usurious Loan Transfers totaling $4,150,000 constitute fraudulent transfers and are avoidable pursuant to Section 726.105(1)(a) of the Florida Statutes; and

(b)    granting such other and further relief as this Court deems just and proper.

**COUNT 47**
**RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO**
**FLA. STAT. §726.108 AND FLA. STAT. §726.109 & 11 U.S.C. §§ 544 AND 550**
**(July 2007 Usurious Loan Transfers –**
**WSG, Development Projects, Sheppards & Deco)**

427.    Plaintiff incorporates and realleges paragraphs 1 through 71, 88 through 95, 130 through 134 and 423 through 426 of this Complaint as though fully set forth herein.

428.    The $150,000 Deco Payment and the July 2007 Usurious Loan Transfers are avoidable by Plaintiff pursuant to Section 726.105(1)(a) of the Florida Statutes, and as a result, such $150,000 Deco Payment and July 2007 Usurious Loan Transfers are recoverable by the Plaintiff pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code.

429.    As set forth on Schedule 3, (i) WSG Charlottesville, WSG Chattanooga, WSG

TABAS, FREEDMAN, SOLOFF, MILLER & BROWN, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171

Development Co., WSG Gold Mile, WSG Mason Road, WSG Pembroke and WSG Riverview are the collective lender of the July 2007 Loan and are the collective initial transferees of the July 2007 Usurious Loan Transfers, (ii) Sheppard was the person for whose benefit the July 2007 Usurious Loan Transfers were made (iii) Deco was the initial transferee of the $150,000 Deco Payment and (iv) the Sheppards were the persons for whose benefit the $150,000 Deco Payment was made.

430.    As a result, Plaintiff may recover the value of the July 2007 Usurious Loan Transfers and the $150,000 Deco Payment from Defendants, WSG Charlottesville, WSG Chattanooga, WSG Development Co., WSG Gold Mile, WSG Mason Road, WSG Pembroke, WSG Riverview, Eric D. Sheppard, Jennifer L. Sheppard and Deco Contractors, Inc., pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Section 544 of the Bankruptcy Code.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests that this Court enter a judgment on his behalf and against Defendants, WSG Charlottesville, WSG Chattanooga, WSG Development Co., WSG Gold Mile, WSG Mason Road, WSG Pembroke, WSG Riverview, Eric D. Sheppard, Jennifer L. Sheppard and Deco Contractors, Inc., as follows:

(a)    declaring Deco Contractors, Inc. the initial transferee of the $150,000 Deco Payment;

(b)    declaring Eric D. Sheppard and Jennifer L. Sheppard the persons for whose benefit the $150,000 Deco Payment was made;

(c)    awarding damages against Deco Contractors Inc., Eric D. Sheppard, Jennifer L. Sheppard, jointly and severally, in the amount of $150,000, plus pre-judgment interest in favor of the Trustee and directing Deco Contractors Inc., Eric D. Sheppard and Jennifer L.

TABAS, FREEDMAN, SOLOFF, MILLER & BROWN, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171

Sheppard to turn over the $150,000 Deco Payment pursuant to Sections 726.108 and 726.109(2)(a) of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code;

(d)     declaring (i) WSG Charlottesville, WSG Chattanooga, WSG Development Co., WSG Gold Mile, WSG Mason Road, WSG Pembroke and WSG Riverview the collective lender of the July 2007 Loan and the collective initial transferees of the July 2007 Usurious Loan Transfers and (ii) declaring Eric D. Sheppard the person for whose benefit the July 2007 Usurious Loan Transfers were made.

(e)     awarding damages against WSG Charlottesville, WSG Chattanooga, WSG Development Co., WSG Gold Mile, WSG Mason Road, WSG Pembroke, WSG Riverview and Eric D. Sheppard, jointly and severally, in the total amount of $4,000,000, jointly and severally, plus pre-judgment interest in favor of the Trustee and directing WSG Charlottesville, WSG Chattanooga, WSG Development Co., WSG Gold Mile, WSG Mason Road, WSG Pembroke, WSG Riverview and Eric D. Sheppard to turn over the July 2007 Usurious Loan Transfers pursuant to Sections 726.108 and 726.109(2)(a) of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code;

(f)     granting such other and further relief as this Court deems just and proper.

### COUNT 48
### AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT
### TO 11 U.S.C. § 544(b) AND FLA. STAT. § 726.105(1)(a)
### (Fraudulent Deco Payments – Deco & Sheppards)

431.     Plaintiff realleges paragraphs 1 through 134 as though fully set forth herein.

432.     Count 48 is an alternative to Counts 9, 11, 19, 21, 24, 26, 29 and 31 if the Court finds that the July 2007 Loan, August 27, 2007 Loan, September 2007 Loan and January 2008 Loan are not usurious and Counts 12, 17, 22, 27 and 32 if the Court finds that Deco and the Sheppards provided reasonably equivalent value for the $150,000 Deco

TABAS, FREEDMAN, SOLOFF, MILLER & BROWN, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171

Case No.: 09-36408-BKC-LMI
Adv. Case No.: 11-2587-LMI

Payment, $17,000 Deco Payment, $15,742.48 Deco Payment, $55,000 Deco Payment and the January 2008 Interest Pre-Payment (collectively, the "Fraudulent Deco Payments").

433.    Within the four (4) year period immediately preceding the Petition Date, Capitol made the Fraudulent Deco Payments to Deco for the Sheppards' benefit.

434.    As Capitol was admittedly operating a Ponzi scheme at the time that it made the Fraudulent Deco Payments the Fraudulent Deco Payments were made with the actual intent to hinder, delay and defraud creditors of Capitol.

435.    Capitol had at least one creditor who could have avoided the Fraudulent Deco Payments.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests this Court enter judgment on his behalf and against Defendants, Deco Contractors, Inc., Eric D. Sheppard and Jennifer L. Sheppard, jointly and severally, as follows:

(a)    determining that the Fraudulent Deco Payments totaling $355,000 constitute fraudulent transfers and are avoidable pursuant to Section 726.105(1)(a) of the Florida Statutes; and

(b)    granting such other and further relief as this Court deems just and proper.

## COUNT 49
### RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO
### FLA. STAT. §726.108 AND FLA. STAT. §726.109 & 11 U.S.C. §§ 544 AND 550
### (Fraudulent Deco Payments – Deco & Sheppards)

436.    Plaintiff incorporates and realleges paragraphs 1 through 134 and 432 through 435 of this Complaint as though fully set forth herein.

437.    The Fraudulent Deco Payments are avoidable by Plaintiff pursuant to Section 726.105(1)(a) of the Florida Statutes, and as a result, such Fraudulent Deco Payments are recoverable by the Plaintiff pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code.

TABAS, FREEDMAN, SOLOFF, MILLER & BROWN, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171

438.    Deco was the initial transferee of the Fraudulent Deco Payments and the Sheppards were the persons for whose benefit the Fraudulent Deco Payments were made.

439.    As a result, Plaintiff may recover the value of the Fraudulent Deco Payments from Defendants, Deco and the Sheppards, pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Section 544 of the Bankruptcy Code.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests that this Court enter a judgment on his behalf and against Defendants, Deco Contractors, Inc., Eric D. Sheppard and Jennifer L. Sheppard, jointly and severally, as follows:

(a)    declaring Deco Contractors, Inc. the initial transfee of the Fraudulent Deco Payments;

(b)    declaring Eric D. Sheppard and Jennifer L. Sheppard the persons for whose benefit the Fraudulent Deco Payments were made;

(c)    awarding damages against Deco Contractors, Inc., Eric D. Sheppard and Jennifer L. Sheppard, jointly and severally, in the amount of $355,000, plus pre-judgment interest in favor of the Trustee and directing Deco Contractors, Inc., Eric D. Sheppard and Jennifer L. Sheppard to turn over the Fraudulent Deco Payments pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code; and

(d)    granting such other and further relief as this Court deems just and proper.

## COUNT 50
### AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 544(b) AND FLA. STAT. § 726.105(1)(a)
### (August 20, 2007 Loan – Development Projects & Sheppard)

440.    Plaintiff realleges paragraphs 1 through 71, 96 thorugh 102 and 130 through 134 as though fully set forth herein.

Case No.: 09-36408-BKC-LMI
Adv. Case No.: 11-2587-LMI

441.    Count 50 is an alternative to Counts 14 and 16 if the Court finds that the August 20, 2007 Loan is not usurious.

442.    Within the four (4) year period immediately preceding the Petition Date, Capitol made the (i) the $13,000 Interest Payment to Sheppard and (ii) the August 20, 2007 Usurious Loan Transfers to the Development Projects set forth on Schedule 4.

443.    As Capitol was admittedly operating a Ponzi scheme at the time that it made the $13,000 Interest Payment and the August 20, 2007 Usurious Loan Transfers the $13,000 Interest Payment and all of the August 20, 2007 Usurious Loan Transfers were made with the actual intent to hinder, delay and defraud creditors of Capitol.

444.    Capitol had at least one creditor who could have avoided the $13,000 Interest Payment and the August 20, 2007 Usurious Loan Transfers.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests this Court enter judgment on his behalf and against Defendants, WSG Charlottesville, WSG Dulles, WSG Short Pump, WSG Monroe, WSG ATL2130, WSG Trace Fork, WSG Mason Road, JLS Jensen, WSG Roanoke and Eric D. Sheppard, as follows:

(a)    determining that the $13,000 Interest Payment and the August 20, 2007 Usurious Loan Transfers totaling $1,313,000 constitute fraudulent transfers and are avoidable pursuant to Section 726.105(1)(a) of the Florida Statutes; and

(b)    granting such other and further relief as this Court deems just and proper.

### COUNT 51
### RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO
### FLA. STAT. §726.108 AND FLA. STAT. §726.109 & 11 U.S.C. §§ 544 AND 550
### (August 20, 2007 Usurious Loan Transfers – Development Projects & Sheppard)

445.    Plaintiff incorporates and realleges paragraphs 1 through 71, 96 thorugh 102, 130 through 134 and 441 through 444 of this Complaint as though fully set forth herein.

446.    The $13,000 Interest Payment and the August 20, 2007 Usurious Loan

TABAS, FREEDMAN, SOLOFF, MILLER & BROWN, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171

Case No.: 09-36408-BKC-LMI
Adv. Case No.: 11-2587-LMI

Transfers are avoidable by Plaintiff pursuant to Section 726.105(1)(a) of the Florida Statutes, and as a result, such $13,000 Interest Payment and August 20, 2007 Usurious Loan Transfers are recoverable by the Plaintiff pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code.

447.   Defendants, WSG Charlottesville, WSG Dulles, WSG Short Pump, WSG Monroe, WSG ATL2130, WSG Trace Fork, WSG Mason Road, JLS Jensen and WSG Roanoke were the collective lender of the August 20, 2007 Loan and the collective initial transferees of the August 20, 2007 Usurious Loan Transfers and Sheppard was the person for whose benefit the August 20, 2007 Usurious Loan Transfers were made.

448.   Defendant, Eric D. Sheppard, is the initial transferee of the $13,000 Interest Payment.

449.   As a result, Plaintiff may recover the value of the $13,000 Interest Payment and the August 20, 2007 Usurious Loan Transfers from Defendants, WSG Charlottesville, WSG Dulles, WSG Short Pump, WSG Monroe, WSG ATL2130, WSG Trace Fork, WSG Mason Road, JLS Jensen, WSG Roanoke and Eric D. Sheppard, pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests that this Court enter a judgment on his behalf and against Defendants, WSG Charlottesville, WSG Dulles, WSG Short Pump, WSG Monroe, WSG ATL2130, WSG Trace Fork, WSG Mason Road, JLS Jensen, WSG Roanoke and Eric D. Sheppard, as follows:

(a)   declaring Defendant, Eric D. Sheppard, as the initial transferee of the $13,000 Interest Payment;

(b)   awarding damages against Eric D. Sheppard in the total amount of $13,000,

108

Case No.: 09-36408-BKC-LMI
Adv. Case No.: 11-2587-LMI

plus pre-judgment interest in favor of the Trustee and directing Eric D. Sheppard to turn over the $13,000 Interest Payment pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code;

(c)    declaring Defendants WSG Charlottesville, LLC, WSG Dulles, LP, WSG Short Pump, LLC, WSG Monroe, LLC, WSG ATL2130, LP, WSG Trace Fork, LP, WSG Mason Road, LLP, JLS Jensen Beach, III, LLC and WSG Roanoke GP, Inc. the collective lender of the August 20, 2007 Loan and the collective initial transferees of the August 20, 2007 Usurious Loan Transfers and Eric D. Sheppard the person for whose benefit the August 20, 2007 Usurious Loan Transfers were made.

(d)    awarding damages against WSG Charlottesville, LLC, WSG Dulles, LP, WSG Short Pump, LLC, WSG Monroe, LLC, WSG ATL2130, LP, WSG Trace Fork, LP, WSG Mason Road, LLP, JLS Jensen Beach, III, LLC and WSG Roanoke GP, Inc. and Eric D. Sheppard, jointly and severally, in the total amount of $1,300,000, plus pre-judgment interest in favor of the Trustee and directing WSG Charlottesville, LLC, WSG Dulles, LP, WSG Short Pump, LLC, WSG Monroe, LLC, WSG ATL2130, LP, WSG Trace Fork, LP, WSG Mason Road, LLP, JLS Jensen Beach, III, LLC and WSG Roanoke GP, Inc. and Eric D. Sheppard to turn over the August 20, 2007 Usurious Loan Transfers pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code; and

(e)    granting such other and further relief as this Court deems just and proper.

## COUNT 52
### AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 544(b) AND FLA. STAT. § 726.105(1)(a)
#### (August 27, 2007 Loan – Development Projects, Deco & Sheppards)

450.    Plaintiff realleges paragraphs 1 through 71, 103 thorugh 109 and 130 through 134 as though fully set forth herein.

TABAS, FREEDMAN, SOLOFF, MILLER & BROWN, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171

Case No.: 09-36408-BKC-LMI
Adv. Case No.: 11-2587-LMI

451.    Count 52 is an alternative to Counts 19 and 21 if the Court finds that the August 27, 2007 Loan is not usurious.

452.    Within the four (4) year period immediately preceding the Petition Date, Capitol made the (i) the $17,000 Deco Payment to Deco for the benefit of the Sheppards and (ii) the August 27, 2007 Usurious Loan Transfers to the Development Projects set forth on Schedule 5.

453.    As Capitol was admittedly operating a Ponzi scheme at the time that it made the $17,000 Deco Payment and the August 27, 2007 Usurious Loan Transfers the $17,000 Deco Payment and all of the August 27, 2007 Usurious Loan Transfers were made with the actual intent to hinder, delay and defraud creditors of Capitol.

454.    Capitol had at least one creditor who could have avoided the $17,000 Deco Payment and the August 27, 2007 Usurious Loan Transfers.

**WHEREFORE,** Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests this Court enter judgment on his behalf and against Defendants, WSG Charlottesville, LLC, Indrio Village, LLC, Eric D. Sheppard, Jennifer L. Sheppard and Deco Contractors, Inc., as follows:

(a)    determining that the $17,000 Deco Payment and the August 27, 2007 Usurious Loan Transfers totaling $1,717,000 constitute fraudulent transfers and are avoidable pursuant to Section 726.105(1)(a) of the Florida Statutes; and

(b)    granting such other and further relief as this Court deems just and proper.

**COUNT 53**
**RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO**
**FLA. STAT. §726.108 AND FLA. STAT. §726.109 & 11 U.S.C. §§ 544 AND 550**
**(August 27, 2007 Usurious Loan Transfers –**
**Development Projects, Deco & Sheppards)**

455.    Plaintiff incorporates and realleges paragraphs 1 through 71, 103 thorugh

TABAS, FREEDMAN, SOLOFF, MILLER & BROWN, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171

Case No.: 09-36408-BKC-LMI
Adv. Case No.: 11-2587-LMI

109, 130 through 134 and 451 through 454 of this Complaint as though fully set forth herein.

456.    The $17,000 Deco Payment and the August 27, 2007 Usurious Loan Transfers are avoidable by Plaintiff pursuant to Section 726.105(1)(a) of the Florida Statutes, and as a result, such $17,000 Deco Payment and August 27, 2007 Usurious Loan Transfers are recoverable by the Plaintiff pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code.

457.    Defendants, WSG Charlottesville and Indrio Village were the collective lender of the August 27, 2007 Loan and the collective initial transferees of the August 27, 2007 Usurious Loan Transfers and Sheppard was the person for whose benefit the August 27, 2007 Usurious Loan Transfers were made.

458.    Deco is the initial transferee of the $17,000 Deco Payment and the Sheppards are the persons for whose benefit the $17,000 Deco Payment was made.

459.    As a result, Plaintiff may recover the value of the $17,000 Deco Payment and the August 27, 2007 Usurious Loan Transfers from Defendants, WSG Charlottesville, Indrio Village, Eric D. Sheppard, Jennifer L. Sheppard and Deco Contractors, Inc. pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests that this Court enter a judgment on his behalf and against Defendants, WSG Charlottesville, Indrio Village, Eric D. Sheppard, Jennifer L. Sheppard and Deco Contractors, Inc., as follows:

(a)    declaring Defendant, Deco Contractors, Inc., the initial transferee of the $17,000 Deco Payment;

(b)    declaring Defendants, Eric D. Sheppard and Jennifer L. Sheppard, the

111

TABAS, FREEDMAN, SOLOFF, MILLER & BROWN, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171

Case No.: 09-36408-BKC-LMI
Adv. Case No.: 11-2587-LMI

persons for whose benefit the $17,000 Deco Payment was made;

(c)      awarding damages against Deco Contractors, Inc., Eric D. Sheppard and Jennifer L. Sheppard, jointly and severally, in the total amount of $17,000, plus pre-judgment interest in favor of the Trustee and directing Deco Contractors, Inc., Eric D. Sheppard and Jennifer L. Sheppard to turn over the $17,000 Deco Payment pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code;

(d)      declaring Defendants, WSG Charlottesville, LLC and Indrio Village, LLC, the collective lender of the August 27, 2007 Loan and the collective initial transferees of the August 27, 2007 Usurious Loan Transfers and Eric D. Sheppard the person for whose benefit the August 27, 2007 Usurious Loan Transfers were made.

(e)      awarding damages against and WSG Charlottesville, LLC, Indrio Village, LLC and Eric D. Sheppard, jointly and severally, in the total amount of $1,700,000, plus pre-judgment interest in favor of the Trustee and directing WSG Charlottesville, LLC, Indrio Village, LLC and Eric D. Sheppard to turn over the August 27, 2007 Usurious Loan Transfers pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code; and

(f)      granting such other and further relief as this Court deems just and proper.

### COUNT 54
### AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT
### TO 11 U.S.C. § 544(b) AND FLA. STAT. § 726.105(1)(a)
(September 2007 Loan – WSG, Deco & Sheppards)

460.    Plaintiff realleges paragraphs 1 through 71, 110 through 116 and 130 through 134 as though fully set forth herein.

461.    Count 54 is an alternative to Counts 24 and 26 if the Court finds that the September 2007 Loan is not usurious.

112

TABAS, FREEDMAN, SOLOFF, MILLER & BROWN, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171

Case No.: 09-36408-BKC-LMI
Adv. Case No.: 11-2587-LMI

462.    Within the four (4) year period immediately preceding the Petition Date, Capitol made (i) the $15,742.48 Deco Payment and the $55,000 Deco Payment to Deco for the benefit of the Sheppards and (ii) the September 2007 Usurious Loan Transfers to WSG.

463.    As Capitol was admittedly operating a Ponzi scheme at the time that it made the $15,742.48 Deco Payment, the $55,000 Deco Payment and the September 2007 Usurious Loan Transfers the $15,742.48 Deco Payment, $55,000 Deco Payment and all of the September 2007 Usurious Loan Transfers were made with the actual intent to hinder, delay and defraud creditors of Capitol.

464.    Capitol had at least one creditor who could have avoided the $15,742.48 Deco Payment, $55,000 Deco Payment and the September 2007 Usurious Loan Transfers.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests this Court enter judgment on his behalf and against Defendants, WSG Development Co., Eric D. Sheppard, Jennifer L. Sheppard and Deco Contractors, Inc., as follows:

(a)    determining that the $15,742.48 Deco Payment, $55,000 Deco Payment and the September 2007 Usurious Loan Transfers totaling $4,070,742.48 constitute fraudulent transfers and are avoidable pursuant to Section 726.105(1)(a) of the Florida Statutes; and

(b)    granting such other and further relief as this Court deems just and proper.

### COUNT 55
### RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO
### FLA. STAT. §726.108 AND FLA. STAT. §726.109 & 11 U.S.C. §§ 544 AND 550
(September 2007 Usurious Loan Transfers – WSG, Deco & Sheppards)

465.    Plaintiff incorporates and realleges paragraphs 1 through 71, 110 through 116, 130 through 134 and 461 through 464 of this Complaint as though fully set forth herein.

466.    The $15,742.48 Deco Payment, $55,000 Deco Payment and the September 2007 Usurious Loan Transfers are avoidable by Plaintiff pursuant to Section 726.105(1)(a) of the Florida Statutes, and as a result, such $15,742.48 Deco Payment, $55,000 Deco

113

Payment and the September 2007 Usurious Loan Transfers are recoverable by the Plaintiff pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code.

467.    Defendant, WSG was the lender of the September 2007 Loan and the initial transferee of the September 2007 Usurious Loan Transfers and Eric D. Sheppard was the person for whose benefit the September 2007 Usurious Loan Transfers were made.

468.    Deco is the initial transferee of the $15,742.48 Deco Payment and $55,000 Deco Payment and the Sheppards are the persons for whose benefit the $15,742.48 Deco Payment and $55,000 Deco Payment were made.

469.    As a result, Plaintiff may recover the value of the $15,742.48 Deco Payment, $55,000 Deco Payment and the September 2007 Usurious Loan Transfers from Defendants, WSG Development Co., Eric D. Sheppard, Jennifer L. Sheppard and Deco Contractors, Inc. pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests that this Court enter a judgment on his behalf and against Defendants, WSG Development Co., Eric D. Sheppard, Jennifer L. Sheppard and Deco Contractors, Inc., as follows:

(a)    declaring Defendant, Deco Contractors, Inc., the initial transferee of the $15,742.48 Deco Payment and the $55,000 Deco Payment;

(b)    declaring Defendants, Eric D. Sheppard and Jennifer L. Sheppard, the persons for whose benefit the $15,742.48 Deco Payment and the $55,000 Deco Payment were made;

(c)    awarding damages against Deco Contractors, Inc., Eric D. Sheppard and Jennifer L. Sheppard, jointly and severally, in the total amount of $70,742.48, plus pre-

TABAS, FREEDMAN, SOLOFF, MILLER & BROWN, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171

Case No.: 09-36408-BKC-LMI
Adv. Case No.: 11-2587-LMI

judgment interest in favor of the Trustee and directing Deco Contractors, Inc., Eric D. Sheppard and Jennifer L. Sheppard to turn over the $15,742.48 Deco Payment and the $55,000 Deco Payment pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code;

     (d)    declaring Defendant, WSG Development Co. the initial transferee of the September 2007 Usurious Loan Transfers and Eric D. Sheppard the person for whose benefit the September 2007 Usurious Loan Transfers were made.

     (e)    awarding damages against and WSG Development Co. and Eric D. Sheppard, jointly and severally, in the total amount of $3,500,000, plus pre-judgment interest in favor of the Trustee and directing WSG Development Co. and Eric D. Sheppard to turn over the September 2007 Usurious Loan Transfers pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code; and

     (f)    granting such other and further relief as this Court deems just and proper.

### COUNT 56
### AVOIDANCE OF FRAUDULENT TRANSFERS PURSUANT
### TO 11 U.S.C. § 544(b) AND FLA. STAT. § 726.105(1)(a)
### (January 2008 Loan – Carillon, Sheppards & Deco)

470.    Plaintiff realleges paragraphs 1 through 71, 122 through 128 and 130 through 134 as though fully set forth herein.

471.    Count 56 is an alternative to Counts 29 and 31 if the Court finds that the January 2008 Loan is not usurious.

472.    Within the four (4) year period immediately preceding the Petition Date, Capitol made the (i) the $8,500 Interest Payment to Deco (through the January 2008 Interest Pre-Payment) for the benefit of the Sheppards and (ii) the January 2008 Usurious Loan Transfers to Carillon.

115

TABAS, FREEDMAN, SOLOFF, MILLER & BROWN, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171

473.    As Capitol was admittedly operating a Ponzi scheme at the time that it made the $8,500 Interest Payment and the January 2008 Usurious Loan Transfers the $8,500 Interest Payment and all of the January 2008 Usurious Loan Transfers were made with the actual intent to hinder, delay and defraud creditors of Capitol.

474.    Capitol had at least one creditor who could have avoided the $8,500 Interest Payment and the January 2008 Usurious Loan Transfers.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests this Court enter judgment on his behalf and against Defendants, Carillon Miami Beach Holding, LLC, Eric D. Sheppard, Jennifer L. Sheppard and Deco Contractors, Inc., as follows:

(a)    determining that the $8,500 Interest Payment and the January 2008 Usurious Loan Transfers totaling $1,708,500 constitute fraudulent transfers and are avoidable pursuant to Section 726.105(1)(a) of the Florida Statutes; and

(b)    granting such other and further relief as this Court deems just and proper.

## COUNT 57
### RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO
### FLA. STAT. §726.108 AND FLA. STAT. §726.109 & 11 U.S.C. §§ 544 AND 550
### (January 2008 Loan – Carillon, Sheppards & Deco)

475.    Plaintiff incorporates and realleges paragraphs 1 through 71, 122 through 128, 130 through 134 and 471 through 474 of this Complaint as though fully set forth herein.

476.    The $8,500 Interest Payment and the January 2008 Usurious Loan Transfers are avoidable by Plaintiff pursuant to Section 726.105(1)(a) of the Florida Statutes, and as a result, such $8,500 Interest Payment and the January 2008 Usurious Loan Transfers are recoverable by the Plaintiff pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code.

477.    Defendant, Carillon was the lender of the January 2008 Loan and the initial

116

transferee of the January 2008 Usurious Loan Transfers and Eric D. Sheppard was the person for whose benefit the January 2008 Usurious Loan Transfers were made.

478.    Deco is the initial transferee of the $8,500 Interest Payment through the January 2008 Interest Pre-Payment and the Sheppards are the persons for whose benefit the $8,500 Interest Payment was made.

479.    As a result, Plaintiff may recover the value of the $8,500 Interest Payment and the January 2008 Usurious Loan Transfers from Defendants, Carillon, Eric D. Sheppard, Jennifer L. Sheppard and Deco Contractors, Inc. pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests that this Court enter a judgment on his behalf and against Defendants, Carillon Miami Beach Holding, LLC, Eric D. Sheppard, Jennifer L. Sheppard and Deco Contractors, Inc., as follows:

(a)    declaring Defendant, Deco Contractors, Inc., the initial transferee of the $8,500 Interest Payment;

(b)    declaring Defendants, Eric D. Sheppard and Jennifer L. Sheppard, the persons for whose benefit the $8,500 Interest Payment was made;

(c)    awarding damages against Deco Contractors, Inc., Eric D. Sheppard and Jennifer L. Sheppard, jointly and severally, in the total amount of $8,500, plus pre-judgment interest in favor of the Trustee and directing Deco Contractors, Inc., Eric D. Sheppard and Jennifer L. Sheppard to turn over the $8,500 Interest Payment pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code;

(d)    declaring Defendant, Carillon Miami Beach Holding, LLC the initial transferee of the January 2008 Usurious Loan Transfers and Eric D. Sheppard the person for whose benefit the January 2008 Usurious Loan Transfers were made.

117

Case No.: 09-36408-BKC-AJC
Adv. Case No.: 11-2587-LMI

(e)    awarding damages against and Carillon Miami Beach Holding, LLC and Eric D. Sheppard, jointly and severally, in the total amount of $1,700,000, plus pre-judgment interest in favor of the Trustee and directing Carillon Miami Beach Holding, LLC and Eric D. Sheppard to turn over the January 2008 Usurious Loan Transfers pursuant to Sections 726.108 and 726.109 of the Florida Statutes and Sections 544 and 550 of the Bankruptcy Code; and

(f)    granting such other and further relief as this Court deems just and proper.

### COUNT 58
### ACTION SEEKING DAMAGES FOR UNJUST ENRICHMENT
#### (Fraudulent Personal Payments and Deco Payments – Sheppards)

480.    Plaintiff incorporates and realleges paragraphs 1 through 134 of this Complaint as though fully set forth herein.

481.    Capitol made the Fraudulent Personal Payments to Rutledge and CC Bank for the benefit of Eric D. Sheppard and Jennifer L. Sheppard as set forth on Schedule "7."

482.    Capitol made the Fradulent Deco Payments to Deco for the benefit of Eric D. Sheppard and Jennifer L. Sheppard as set forth in Count 46.  *See* Schedule 7.

483.    The Fraudulent Personal Payments and the Fraudulent Deco Payments constitute transfers of Capitol's, and now, the Plaintiff's property.

484.    As a result of the Fraudulent Personal Payments and the Fraudulent Deco Payments, Eric D. Sheppard and Jennifer L. Sheppard received the benefit of these transfers in the total amount of $1,028,992.80 as the payments to CC Bank paid down the mortgage on the Investment Property, the Fraudulent Deco Payments paid for the construction of the Residence and the payments to Rutledge paid for the Rental Property that the Sheppards were living in during the time that the Residence was being built.

TABAS, FREEDMAN, SOLOFF, MILLER & BROWN, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171

Case No.: 09-36408-BKC-AJC
Adv. Case No.: 11-2587-LMI

485.    As Capitol was admittedly operating a Ponzi scheme at the time that it made the Fraudulent Personal Payments and the Fraudulent Deco Payments, Eric D. Sheppard and Jennifer L. Sheppard have no right to retain the benefits of these transfers totaling $1,028,992.80.

486.    Eric D. Sheppard and Jennifer L. Sheppard voluntarily accepted and retained the benefits conferred.

487.    The circumstances are such that it would be inequitable for Eric D. Sheppard and Jennifer L. Sheppard to retain the benefits without paying the value thereof to Plaintiff.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests that this Court enter a judgment on his behalf and against Defendants, Eric D. Sheppard and Jennifer L. Sheppard, jointly and severally, in the total amount of $1,028,992.80, plus pre-judgment interest in favor of the Trustee and for such other and further relief as this Court deems just and proper.

## COUNT 59
### ACTION FOR IMPOSITION OF EQUITABLE LIEN TO PREVENT UNJUST ENRICHMENT
#### (Against Residence Owned by the Sheppards)

488.    Plaintiff incorporates and realleges paragraphs 1 through 134 and 481  through 487 of this Complaint as though fully set forth herein.

489.    Capitol made the Fraudulent Deco Payments for the benefit of Eric D. Sheppard and Jennifer L. Sheppard.

490.    The Fraudulent Deco Payments, constitute transfers of Capitol's, and now, the Plaintiff's property.

491.    As a result of the Fraudulent Deco Payments the Residence was constructed by Deco on behald of Eric D. Sheppard and Jennifer L. Sheppard,.

119

Case No.: 09-36408-BKC-AJC
Adv. Case No.: 11-2587-LMI

492.    As Capitol was admittedly a Ponzi scheme at the time that it made the Fraudulent Deco Payments, Eric D. Sheppard and Jennifer L. Sheppard have no right to retain the benefits of the Fraudulent Deco Payments totaling $355,000.

493.    Eric D. Sheppard and Jennifer L. Sheppard voluntarily accepted and retained the benefits conferred.

494.    The circumstances are such that it would be inequitable for Eric D. Sheppard and Jennifer L. Sheppard to retain the benefits without paying the value thereof to Plaintiff.

495.    An equitable lien against the Residence in the amount of the Fraudulent Deco Payments is appropriate because it will prevent unjust enrichment.

496.    The equitable lien will leave Eric D. Sheppard and Jennifer L. Sheppard no worse off that they would have been, had they paid for the construction costs to Deco themselves, instead of Capitol making the Fraudulent Deco Payments.

**WHEREFORE**, Plaintiff, Joel L. Tabas, as Chapter 7 Trustee, respectfully requests that this Court enter a judgment on his behalf and against Defendants, Eric D. Sheppard and Jennifer L. Sheppard, jointly and severally, imposing an equitable lien on the Residence in the total amount of $355,000, plus pre-judgment interest in favor of the Trustee and for such other and further relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing has been furnished this 28th day of December, 2011, via the Court's CM/ECF Filing System and email to: Thomas R. Lehman

TABAS, FREEDMAN, SOLOFF, MILLER & BROWN, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171

Case No.: 09-36408-BKC-AJC
Adv. Case No.: 11-2587-LMI

(trl@LKLlaw.com), Matthew Mannering (mmannering@hunton.com), Raymond V. Miller

(rmiller@gunster.com), and Peter D. Russin (prussin@melandrussin.com).

Respectfully submitted,

Gary M. Freedman
Gary M. Freedman
Florida Bar No.: 727260
Andrea L. Rigali
Florida Bar No.: 42015
Tabas, Freedman, Soloff, Miller & Brown, P.A.
Attorneys for Joel L. Tabas
14 Northeast First Avenue, Penthouse
Miami, Florida 33132
Telephone:  (305) 375-8171
Facsimile:  (305) 381-7708

TABAS, FREEDMAN, SOLOFF, MILLER & BROWN, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171