

# COPY

## PROMISSORY NOTE

$1,000,000.00                                    Miami Beach, Florida, as of July 10th, 2006

FOR VALUE RECEIVED, NEVIN SHAPIRO, an individual ("Maker") promises to pay to the order of ERIC D. SHEPPARD, the principal sum of ONE MILLION ($1,000,000.00) DOLLARS, together with THIRTY THOUSAND ($30,000.00) DOLLARS of interest; both principal and interest being payable in lawful money of the United Stated on August 24, 2006.

This note may not be pre-paid in whole or in part.

Maker waives demand, protest and notice of maturity, non-payment or protest and all requirements necessary to hold him liable as Maker.

Maker further agrees to pay all costs of collection, including a reasonable attorneys fee, in case the principal of this note or any payment on the principal or any interest thereon is not paid at the respective maturity thereof, or in case it becomes necessary to protect the security hereof, whether suit be brought or not.

Upon default in the payment of principal and/or interest due hereunder, this Note and deferred interest payments shall bear interest, per annum, at the rate of twenty-five percent (25%), per annum, from maturity until paid. In no event shall the rate of interest hereunder exceed the maximum interest rate permitted by applicable law.

No delay or omission on the part of the Payee in the exercise of any right or remedy shall operate as a waiver thereof, and no single or partial exercise by the Payee of any right or remedy shall preclude other or further exercise thereof or of any other right or remedy.

In the event the Payee shall refer this Promissory Note to an attorney for collection, the Maker agrees to pay, in addition to unpaid principal and interest, all the costs and expenses incurred in attempting or effecting collection hereunder, including, but not limited to, attorney fees. The failure by Maker to make any payment due under this Note shall be deemed an "Event of Default";

IN ANY CIVIL ACTION, COUNTERCLAIM, OR PROCEEDING, WHETHER AT LAW OR IN EQUITY, WHICH ARISES OUT OF, CONCERNS OR RELATES TO THIS PROMISSORY NOTE, ANY TRANSACTIONS CONTEMPLATED HEREUNDER, THE PERFORMANCE HEREOF OR THE RELATIONSHIP CREATED HEREBY, WHETHER SOUNDING IN CONTRACT, TORT, STRICT LIABILITY OR OTHERWISE, TRIAL SHALL BE TO A COURT OF COMPETENT JURISDICTION AND NOT TO A JURY. THE MAKER HEREBY IRREVOCABLY WAIVES ANY RIGHT (STATUTORY, CONSTITUTIONAL, COMMON LAW

Initial __N S__

Page 1 of 2



EXHIBIT

A

WSG00259

OR OTHERWISE) IT MAY HAVE TO A TRIAL BY JURY. THE HOLDER MAY FILE AN ORIGINAL COUNTERPART OR A COPY OF THIS PROMISSORY NOTE WITH ANY COURT AS WRITTEN EVIDENCE OF THE WAIVER OF THE MAKER'S RIGHT TO TRIAL BY JURY. THE MAKER HAS NOT RELIED UPON ANY ORAL REPRESENTATIONS BY THE HOLDER REGARDING THE ENFORCEABILITY OF THIS PROVISION. THE MAKER HAS READ AND UNDERSTANDS THE EFFECT OF THIS JURY WAIVER PROVISION.

The Maker hereby irrevocably consents to personal and subject matter jurisdiction in the courts of the State of Florida located in Miami-Dade County, Florida and agrees that venue shall be had solely in such courts in connection with any action or proceeding arising out of or relating to this Promissory Note. This Promissory Note shall be governed by Florida law, without application of conflicts of law principles.

Payable at:    WSG Development Company
               400 Arthur Godfrey Road
               Suite 200
               Miami, Florida 33140

                                              Nevin Shapiro

2900-103 Promissory Note from Nevin Shapiro 7-11-06.wpd          Initial _N S_

Page 2 of 2

07.07.2009 11:10                **WSG00260**

PAID NOV 15 2006

# PROMISSORY NOTE

$3,300,000.00                Miami Beach, Florida, as of October 23rd, 2006

FOR VALUE RECEIVED, NEVIN SHAPIRO, an individual ("Maker") promises to pay to the order of ERIC D. SHEPPARD, the principal sum of THREE MILLION THREE HUNDRED THOUSAND ($3,300,000.00) DOLLARS, together with interest thereon at the rate of twenty five (25%) percent both principal and interest being payable in lawful money of the United Stated on November 15th, 2006.

The principal balance plus all accrued interest shall be due and payable as a "Balloon Payment" in the amount of THREE MILLION THREE HUNDRED AND FIFTY THOUSAND ($3,350,000.00) on November 15th, 2006.

This note may not be pre-paid in whole or in part.

Maker waives demand, protest and notice of maturity, non-payment or protest and all requirements necessary to hold him liable as Maker.

Maker further agrees to pay all costs of collection, including a reasonable attorneys fee, in case the principal of this note or any payment on the principal or any interest thereon is not paid at the respective maturity thereof, or in case it becomes necessary to protect the security hereof, whether suit be brought or not.

Upon default in the payment of principal and/or interest due hereunder, this Note and deferred interest payments shall bear interest, per annum, at the rate of twenty-five percent (25%), per annum, from maturity until paid. In no event shall the rate of interest hereunder exceed the maximum interest rate permitted by applicable law.

No delay or omission on the part of the Payee in the exercise of any right or remedy shall operate as a waiver thereof, and no single or partial exercise by the Payee of any right or remedy shall preclude other or further exercise thereof or of any other right or remedy.

In the event the Payee shall refer this Promissory Note to an attorney for collection, the Maker agrees to pay, in addition to unpaid principal and interest, all the costs and expenses incurred in attempting or effecting collection hereunder, including, but not limited to, attorney fees. The failure by Maker to make any payment due under this Note shall be deemed an "Event of Default";

IN ANY CIVIL ACTION, COUNTERCLAIM, OR PROCEEDING, WHETHER AT LAW OR IN EQUITY, WHICH ARISES OUT OF, CONCERNS OR RELATES TO THIS PROMISSORY NOTE, ANY TRANSACTIONS CONTEMPLATED HEREUNDER, THE PERFORMANCE HEREOF OR THE RELATIONSHIP CREATED HEREBY, WHETHER SOUNDING IN CONTRACT, TORT, STRICT LIABILITY OR OTHERWISE, TRIAL SHALL BE TO A COURT OF COMPETENT JURISDICTION AND NOT TO A JURY. THE MAKER HEREBY

Initial N·S



EXHIBIT

B

WSG00248

IRREVOCABLY WAIVES ANY RIGHT (STATUTORY, CONSTITUTIONAL, COMMON LAW OR OTHERWISE) IT MAY HAVE TO A TRIAL BY JURY. THE HOLDER MAY FILE AN ORIGINAL COUNTERPART OR A COPY OF THIS PROMISSORY NOTE WITH ANY COURT AS WRITTEN EVIDENCE OF THE WAIVER OF THE MAKER'S RIGHT TO TRIAL BY JURY. THE MAKER HAS NOT RELIED UPON ANY ORAL REPRESENTATIONS BY THE HOLDER REGARDING THE ENFORCEABILITY OF THIS PROVISION. THE MAKER HAS READ AND UNDERSTANDS THE EFFECT OF THIS JURY WAIVER PROVISION.

The Maker hereby irrevocably consents to personal and subject matter jurisdiction in the courts of the State of Florida located in Miami-Dade County, Florida and agrees that venue shall be had solely in such courts in connection with any action or proceeding arising out of or relating to this Promissory Note. This Promissory Note shall be governed by Florida law, without application of conflicts of law principles.

Payable at:     400 Arthur Godfrey Road
                Suite 200
                Miami, Florida 33140

                                              Nevin Shapiro

WSG00249

Amount:       $50,000.00
Account:
Bank Number:  06300004

Sequence Number:   7340085191
Capture Date:      11/03/2006
Check Number:      4619

**Bank of America**
ACH R/T 063100277

4619

83-4/630 FL
1018

**CAPITOL INVESTMENTS USA INC.**
400 41ST ST. STE. 506
MIAMI BEACH, FL 33140

10/23/2006

PAY TO THE
ORDER OF    ERIC SHEPPARD                                                   $  **50,000.00

Fifty Thousand and 00/100**************************************************************************************************** DOLLARS

ERIC SHEPPARD
400 41ST STREET #200
MIAMI BEACH, FL 33140

MEMO   INTEREST EXPENSE

⑇004619⑇  ⑆063000047⑆  ⑇0005080000⑇

*for deposit only*

NOV -3 06

3125
08406

EXHIBIT
C

**Capitol/BofA002035**

# PROMISSORY NOTE

**$ 4,000,000.00**                                              **July 23rd, 2007**

    **FOR VALUE RECEIVED**, the undersigned, **Capitol Investments USA, Inc.** ("Maker") promises to pay without setoff, deduction or counter-claim of any kind or nature to the order of **WSG Development Company**, its successors or assigns ("Lender"), the principal sum of **Four Million Dollars and No/100 Cents ($4,000,000.00)**, together with interest on all amounts of principal which shall from time to time remain outstanding from **July 23rd, 2007** at a fixed fee amount of **One Hundred Fifty Thousand Dollars ($150,000.00)**. The said principal and interest shall be payable in lawful money of the United States of America in accordance with the following terms and conditions:

    1.    <u>Payment of Interest and Principal</u>. This Note shall be payable in **One (1)** payment of interest only in the amount of **One Hundred Fifty Thousand Dollars ($150,000.00)** due on the **Twenty-Third (23rd)** day of **August, 2007**. The principal amount of **Four Million Dollars and No/100 Cents ($4,000,000.00)** shall be due on or before **August 23rd, 2007** (the "<u>Maturity Date</u>"). Principal payments will be made as follows: **One Million Five Hundred Thousand Dollars and No/100 Cents ($1,500,000.00)** will be paid on or before **August 6th, 2007, One Million Dollars and No/100 Cents ($1,000,000.00)** will be paid on or before **August 13th, 2007 and the last One Million Five Hundred Thousand Dollars and No/100 Cents ($1,500,000.00)** will be paid on or before **August 23rd, 2007**. Time shall be of the essence. All payments required by Maker under this Note shall be made by wire transfer into Lender's designated accounts or such other place as the Lender may from time to time designate in writing.

    2.    <u>Prepayment</u>. This Note may be prepaid in whole or in part without penalty or charge, provided, however, that any partial prepayment shall be in increments of Fifty Thousand Dollars and No/100 Cents ($50,000.00).

    3.    <u>Florida Excise Tax on Documents</u>. Maker shall be solely responsible for payment of any and all documentary stamps and other taxes applicable to the full-face amount of this Note.

    4.    <u>Default</u>. Each of the following shall be an event of default hereunder, and this Note shall be in default, if:

        (a)    any payment or other sum due under this Note is not paid in full when due; or

        (b)    default be made in the performance of or compliance with any other promise or obligation due by Maker to Lender under this Note or any other promissory note, security instrument or other agreement of any kind now existing or hereafter created; or

        (c)    default be made in the performance of or compliance with any of the covenants and conditions or any guaranty or security instrument now or hereafter in effect securing payment of this Note; or

**EXHIBIT**

**D**

**WSG00169**

(d)     the Corporation is voluntarily or involuntarily dissolved or otherwise fails to remain in good standing under the laws of the State of Florida and each jurisdiction where the Corporation is required to be qualified to do business; or

(e)     death of any individual Maker; or

(f)     the Maker, or any one of them, is voluntarily adjudicated bankrupt or insolvent, seeks or consents to the appointment of a receiver or trustee for itself, if applicable, or for all or a material portion of its property, files a petition seeking relief, including, reorganization, if applicable, arrangement or similar relief, under the present Bankruptcy Code or other similar present or future applicable laws of the United States or any state or any other competent jurisdiction, makes a general assignment for the benefit of creditors or admits in writing inability to pay debts as they mature; or

(g)     a receiver or trustee is appointed for the Maker, or any one of them, for all or any part of Maker's property and such appointment is not vacated within sixty (60) days, or if a petition is filed against the Maker seeking relief, including reorganization, arrangement or similar relief under the present Bankruptcy Code or other similar present or future applicable laws in the United States or any state or other competent jurisdiction, and such petition is not dismissed within sixty (60) days after the filing thereof; or

(h)     the Maker, or any one of them, voluntarily or involuntarily liquidates after the date hereof or sells, transfers, exchanges or otherwise disposes of all or any substantial portion, of its assets in one or any series of transactions (whether related or unrelated); or if the Corporation merges, consolidates or otherwise combines with or into any other entity; or

5.     Acceleration Upon Default.   Upon the occurrence of any event of default under this Note which is not cured within five (5) calendar days from written notice of such default from the Lender to the Maker, the entire principal outstanding under this Note, together with all accrued by unpaid interest thereon, shall, at the option of the Lender, become and be immediately due, payable and collectible at once, time being of the essence of this Note. The Maker agrees to pay all costs of collection, legal expenses, and reasonable attorneys' fees, which may be incurred in connection with the collection of this Note. If default is not cured within five (5) calendar days from such written notice, all outstanding principal due under this Note shall bear interest from the date of occurrence of such default until paid at the highest rate permissible under applicable law.

6.     Usury Savings Clause.   Nothing herein contained, nor in any instrument or transaction relating hereto, shall be construed or so operate as to require the Maker, or any person liable for the payment of this Note, to pay interest in an amount or at a rate greater than the highest rate permissible applicable law.   Should any interest or other charges paid by the Maker, or any parties liable for the payment of the loan made pursuant to this Note, result in the computation or earning of interest in excess of the highest rate permissible under applicable law, any and all such excess shall be and the same is hereby waived by Lender, Lender shall make whichever adjustment in the Note is necessary to ensure that Maker will not be required to pay further interest in excess of the highest rate permissible under applicable law, and all such excess shall be automatically credited against and in reduction of the outstanding principal balance, and

WSG00170

any portion of such excess which exceeds the outstanding principal balance shall be paid by Lender to Maker and any parties liable for the payment of this Note, it being the intent of the Lender and Maker that under no circumstances shall the Maker, or any parties liable for the payment of the loan hereunder, be required to pay interest in excess of the highest rate permissible under applicable law.

7.     <u>Waiver of Notice by Maker</u>.  As to this Note, and any other documents or instruments now or hereafter securing the indebtedness, the Maker jointly and severally waives all applicable exemption rights, whether under the state Constitution, Homestead laws or otherwise, and also severally waive, except as provided in Section 6 of this Note, valuation and appraisement, presentment for payment, protest, notice of protest, dishonor and nonpayment of this Note, and expressly agree that any payment hereunder may be extended from time without in any way affecting the liability of the Maker.

8.     <u>Non-Waiver of Rights by Lender</u>.  Any delay by the Lender in exercising any right or remedy shall not constitute a waiver thereof.  No waiver by the Lender of any default hereunder shall be deemed to constitute a waiver of any subsequent default.  No exercise of any right or remedy hereunder shall preclude the exercise of any other right or remedy which the Lender may have in law or in equity to enforce the provisions of this Note or the collection thereof.  Any waiver of any provision hereof shall be in writing and shall be effective only in the specific instance and for the specific purpose for which given.

9.     <u>Attorneys' Fees</u>.  In the event that suit be brought hereon, or an attorney be employed or expenses be incurred to compel payment of this Note or any portion of the indebtedness evidenced hereby, or to in any way represent Lender in reference to any of its rights hereunder or under any other instrument or agreement now or hereafter in effect securing payment of this Note, Maker promises to pay all such expenses of investigation, attorneys' fees, and costs all as are reasonably incurred by Lender as a result thereof and including, without limitation, expenses of investigation, attorneys' fees, and costs incurred in appellate proceeding or in any action or participation in, or in connection with, any case or proceeding under Title 11 U.S.C. Chapters 7, 11, or 13 of the Bankruptcy Code or any successor thereto, and expenses of investigation, attorneys' fees, and costs incurred as a result of Lender exercising its right to cure any event of default by Maker under this Note, the Second Mortgage, or any other instrument of agreement now or hereafter in effect securing payment of this Note.

10.     <u>Governing Law and Venue</u>.  This Note and any documents delivered pursuant hereto shall be governed by and construed in all respects, including validity, interpretation, effect, and enforcement, in accordance with the laws of the State of Florida without regard to conflict of law principles thereof.  The Maker, and each of them irrevocably submit to the jurisdiction of the Circuit Court of the State of Florida, Miami-Dade County, in any action or proceeding arising out of or relating to this Note, or any documents delivered pursuant hereto, and the Maker, and each of them, irrevocably agree that all claims in respect of any such action or proceeding must be brought and/or defended in such court; provided, however, that matters which are under the exclusive jurisdiction of the Federal courts shall be brought in the Federal District Court for the Southern District of Florida.  The Maker, and each of them, consent to service of process by any means authorized by the applicable law of the forum in any action brought under or arising out of this Note or any documents delivered pursuant hereto.  The

WSG00171

Maker, and each of them, irrevocably waive, to the fullest extent each may effectively do so, the defense of an inconvenient forum to the maintenance of such action or proceeding in any such court. THE MAKER, AND EACH OF THEM, HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVE, TO THE FULLEST EXTENT THEY MAY LEGALLY AND EFFECTIVELY DO SO, TRIAL BY JURY IN ANY SUIT, ACTION OR PROCEEDING ARISING HEREUNDER.

11.     Notice.   Any notice, demand, request, instruction, correspondence or other document to be given hereunder shall be in writing and delivered personally or mailed by registered or certified mail, postage prepaid and return receipt requested, or by facsimile, as follows:

| | |
|---|---|
| If to Maker: | 400 41st Street, Suite 506 |
| | Miami Beach, Florida 33139 |
| | Phone: (305) 673-4606 |
| | Fax:   (305) 673-4607 |
| If to Lender: | _____ |
| | _____ |
| | _____ |

Each of the above addresses for notice purposes may be changed by providing appropriate notice hereunder. Notice shall be effective upon receipt evidenced by the applicable delivery receipt, written affidavit of the deliverer, or facsimile confirmation.

12.     Miscellaneous.   This Note may not be changed or terminated without the prior written consent of Lender, which may be withheld for any reason in its sole and absolute discretion. The Maker, and each of them, acknowledge and agree that their obligations under this Note are supported by due and lawful consideration and that they have carefully read this Note and know and understand its contents. The Makers, and each of them sign this Note voluntarily, intending to be bound by its terms. This Note may be executed in several counterparts or with counterpart signature pages, each of which shall be deemed an original, but such counterparts shall together constitute but one and the same Note. Delivery by facsimile of an executed signature page to this Note shall be effective as delivery of a manually signed original or counterpart.

WSG00172

**IN WITNESS WHEREOF,** the undersigned have executed and delivered this Note effective as of **23rd** day of **July, 2007**.

Maker:

CAPITOL INVESTMENTS USA, INC.

BY: _____ (President)

Nevin Shapiro, President
400 41st Street, #506
Miami Beach, Florida 33140

Maker:

NEVIN K. SHAPIRO

BY: _____

Nevin Shapiro, Individual
400 41st Street, #506
Miami Beach, Florida 33140

Lender:

_____

**WSG Development Company**
Address:   400 41st Street
                 2nd Floor
                 Miami Beach, FL 33140

WSG00173

# PROMISSORY NOTE

$ 1,300,000.00

August 20th, 2007

      **FOR VALUE RECEIVED,** the undersigned, **Capitol Investments USA, Inc.** ("Maker") promises to pay without setoff, deduction or counter-claim of any kind or nature to the order of **WSG Development Company,** its successors or assigns ("Lender"), the principal sum of **One Million Three Hundred Thousand Dollars and No/100 Cents ($1,300,000.00),** together with interest on all amounts of principal which shall from time to time remain outstanding from **August 20th, 2007** at a fixed fee amount of **Thirteen Thousand Dollars ($13,000.00).** The said principal and interest shall be payable in lawful money of the United States of America in accordance with the following terms and conditions:

    1.    Payment of Interest and Principal. This Note shall be payable in One (1) payment of interest only in the amount of **Thirteen Thousand Dollars ($13,000.00)** due on the Twenty-Second (22nd) day of August, **2007.** The principal amount of **One Million Three Hundred Thousand Dollars and No/100 Cents ($1,300,000.00)** shall be due on or before **August 22nd, 2007** (the "Maturity Date"). Time shall be of the essence. All payments required by Maker under this Note shall be made by wire transfer into Lender's designated accounts or such other place as the Lender may from time to time designate in writing.

    2.    Prepayment. This Note may be prepaid in whole or in part without penalty or charge, provided, however, that any partial prepayment shall be in increments of Fifty Thousand Dollars and No/100 Cents ($50,000.00).

    3.    Florida Excise Tax on Documents. Maker shall be solely responsible for payment of any and all documentary stamps and other taxes applicable to the full-face amount of this Note.

    4.    Default. Each of the following shall be an event of default hereunder, and this Note shall be in default, if:

        (a)    any payment or other sum due under this Note is not paid in full when due; or

        (b)    default be made in the performance of or compliance with any other promise or obligation due by Maker to Lender under this Note or any other promissory note, security instrument or other agreement of any kind now existing or hereafter created; or

        (c)    default be made in the performance of or compliance with any of the covenants and conditions or any guaranty or security instrument now or hereafter in effect securing payment of this Note; or

        (d)    the Corporation is voluntarily or involuntarily dissolved or otherwise fails to remain in good standing under the laws of the State of Florida and each jurisdiction where the Corporation is required to be qualified to do business; or

        (e)    death of any individual Maker; or

        (f)    the Maker, or any one of them, is voluntarily adjudicated bankrupt or insolvent, seeks or consents to the appointment of a receiver or trustee for itself, if applicable, or for all or a material portion of its property, files a petition seeking relief, including, reorganization, if applicable, arrangement or similar relief, under the present Bankruptcy Code or other similar present or future applicable laws of the United States or any state or any other competent jurisdiction, makes a general assignment for the benefit of creditors or admits in writing inability to pay debts as they mature; or

        (g)    a receiver or trustee is appointed for the Maker, or any one of them, for all or any part of Maker's property and such appointment is not vacated within sixty (60) days, or if a petition is filed against the

**EXHIBIT**

**E**

**WSG00149**

Maker seeking relief, including reorganization, arrangement or similar relief under the present Bankruptcy Code or other similar present or future applicable laws in the United States or any state or other competent jurisdiction, and such petition is not dismissed within sixty (60) days after the filing thereof; or

        (h)    the Maker, or any one of them, voluntarily or involuntarily liquidates after the date hereof or sells, transfers, exchanges or otherwise disposes of all or any substantial portion, of its assets in one or any series of transactions (whether related or unrelated); or if the Corporation merges, consolidates or otherwise combines with or into any other entity; or

    5.    Acceleration Upon Default. Upon the occurrence of any event of default under this Note which is not cured within five (5) calendar days from written notice of such default from the Lender to the Maker, the entire principal outstanding under this Note, together with all accrued by unpaid interest thereon, shall, at the option of the Lender, become and be immediately due, payable and collectible at once, time being of the essence of this Note. The Maker agrees to pay all costs of collection, legal expenses, and reasonable attorneys' fees, which may be incurred in connection with the collection of this Note. If default is not cured within five (5) calendar days from such written notice, all outstanding principal due under this Note shall bear interest from the date of occurrence of such default until paid at the highest rate permissible under applicable law.

    6.    Usury Savings Clause. Nothing herein contained, nor in any instrument or transaction relating hereto, shall be construed or so operate as to require the Maker, or any person liable for the payment of this Note, to pay interest in an amount or at a rate greater than the highest rate permissible applicable law. Should any interest or other charges paid by the Maker, or any parties liable for the payment of the loan made pursuant to this Note, result in the computation or earning of interest in excess of the highest rate permissible under applicable law, any and all such excess shall be and the same is hereby waived by Lender, Lender shall make whichever adjustment in the Note is necessary to ensure that Maker will not be required to pay further interest in excess of the highest rate permissible under applicable law, and all such excess shall be automatically credited against and in reduction of the outstanding principal balance, and any portion of such excess which exceeds the outstanding principal balance shall be paid by Lender to Maker and any parties liable for the payment of this Note, it being the intent of the Lender and Maker that under no circumstances shall the Maker, or any parties liable for the payment of the loan hereunder, be required to pay interest in excess of the highest rate permissible under applicable law.

    7.    Waiver of Notice by Maker. As to this Note, and any other documents or instruments now or hereafter securing the indebtedness, the Maker jointly and severally waives all applicable exemption rights, whether under the state Constitution, Homestead laws or otherwise, and also severally waive, except as provided in Section 6 of this Note, valuation and appraisement, presentment for payment, protest, notice of protest, dishonor and nonpayment of this Note, and expressly agree that any payment hereunder may be extended from time without in any way affecting the liability of the Maker.

    8.    Non-Waiver of Rights by Lender. Any delay by the Lender in exercising any right or remedy shall not constitute a waiver thereof. No waiver by the Lender of any default hereunder shall be deemed to constitute a waiver of any subsequent default. No exercise of any right or remedy hereunder shall preclude the exercise of any other right or remedy which the Lender may have in law or in equity to enforce the provisions of this Note or the collection thereof. Any waiver of any provision hereof shall be in writing and shall be effective only in the specific instance and for the specific purpose for which given.

    9.    Attorneys' Fees. In the event that suit be brought hereon, or an attorney be employed or expenses be incurred to compel payment of this Note or any portion of the indebtedness evidenced hereby, or to in any way represent Lender in reference to any of its rights hereunder or under any other instrument or agreement now or hereafter in effect securing payment of this Note, Maker promises to pay all such expenses of investigation, attorneys' fees, and costs all as are reasonably incurred by Lender as a result thereof and including, without limitation, expenses of investigation, attorneys' fees, and costs incurred in appellate proceeding or in any action or participation in, or in connection with, any case or proceeding under Title 11 U.S.C. Chapters 7, 11, or 13 of the Bankruptcy Code or any successor thereto, and expenses of investigation, attorneys' fees, and costs incurred as a result of Lender exercising its right to cure any event of default by Maker under this Note, the Second Mortgage, or any other instrument of agreement now or hereafter in effect securing payment of this Note.

WSG00150

10. <u>Governing Law and Venue</u>. This Note and any documents delivered pursuant hereto shall be governed by and construed in all respects, including validity, interpretation, effect, and enforcement, in accordance with the laws of the State of Florida without regard to conflict of law principles thereof. The Maker, and each of them irrevocably submit to the jurisdiction of the Circuit Court of the State of Florida, Miami-Dade County, in any action or proceeding arising out of or relating to this Note, or any documents delivered pursuant hereto, and the Maker, and each of them, irrevocably agree that all claims in respect of any such action or proceeding must be brought and/or defended in such court; provided, however, that matters which are under the exclusive jurisdiction of the Federal courts shall be brought in the Federal District Court for the Southern District of Florida. The Maker, and each of them, consent to service of process by any means authorized by the applicable law of the forum in any action brought under or arising out of this Note or any documents delivered pursuant hereto. The Maker, and each of them, irrevocably waive, to the fullest extent each may effectively do so, the defense of an inconvenient forum to the maintenance of such action or proceeding in any such court. THE MAKER, AND EACH OF THEM, HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVE, TO THE FULLEST EXTENT THEY MAY LEGALLY AND EFFECTIVELY DO SO, TRIAL BY JURY IN ANY SUIT, ACTION OR PROCEEDING ARISING HEREUNDER.

11. <u>Notice</u>. Any notice, demand, request, instruction, correspondence or other document to be given hereunder shall be in writing and delivered personally or mailed by registered or certified mail, postage prepaid and return receipt requested, or by facsimile, as follows:

If to Maker:  400 41st Street, Suite 506
Miami Beach, Florida 33139
Phone: (305) 673-4606
Fax:    (305) 673-4607

If to Lender:  _____

_____

_____

Each of the above addresses for notice purposes may be changed by providing appropriate notice hereunder. Notice shall be effective upon receipt evidenced by the applicable delivery receipt, written affidavit of the deliverer, or facsimile confirmation.

12. <u>Miscellaneous</u>. This Note may not be changed or terminated without the prior written consent of Lender, which may be withheld for any reason in its sole and absolute discretion. The Maker, and each of them, acknowledge and agree that their obligations under this Note are supported by due and lawful consideration and that they have carefully read this Note and know and understand its contents. The Makers, and each of them sign this Note voluntarily, intending to be bound by its terms. This Note may be executed in several counterparts or with counterpart signature pages, each of which shall be deemed an original, but such counterparts shall together constitute but one and the same Note. Delivery by facsimile of an executed signature page to this Note shall be effective as delivery of a manually signed original or counterpart.

WSG00151

**IN WITNESS WHEREOF,** the undersigned have executed and delivered this Note effective as of 20th day of **August**, 2007.

Maker:

CAPITOL INVESTMENTS USA, INC.

BY: _____    ( President )
Nevin Shapiro, President
400 41st Street, #506
Miami Beach, Florida 33140

Maker:

NEVIN K. SHAPIRO

BY: _____
Nevin Shapiro, Individual
400 41st Street, #506
Miami Beach, Florida 33140

Lender:

_____

**WSG Development Company**
Address:     400 41st Street
             2nd Floor
             Miami Beach, FL 33140

523911v1                        Page IV of 4

**WSG00152**

```
Amount:        $13,000.00            Sequence Number:   7740747440
Account:                             Capture Date:      08/28/2007
Bank Number:   06300004              Check Number:      4832
```

**Bank of America**
ACH R/T 063100277

4832

634/630 FL
1019

**CAPITOL INVESTMENTS USA INC.**
400 41ST ST. STE. 506
MIAMI BEACH, FL 33140

8/22/2007

PAY TO THE
ORDER OF.    ERIC SHEPPARD                                    $ **13,000.00

Thirteen Thousand and 00/100************************************************************************** DOLLARS

ERIC SHEPPARD
400 41ST STREET #200
MIAMI BEACH, FL 33140

MEMO    INTEREST EXPENSE $1.3M Note 08.22.07

⑆004832⑆ ⑆063000047⑆                          ⑆0001300000⑆

EXHIBIT

F

# PROMISSORY NOTE

$ 1,700,000.00

August 27th, 2007

**FOR VALUE RECEIVED**, the undersigned, **Capitol Investments USA, Inc.** ("Maker") promises to pay without setoff, deduction or counter-claim of any kind or nature to the order of **WSG Development Company**, its successors or assigns ("Lender"), the principal sum of **One Million Seven Hundred Thousand Dollars and No/100 Cents ($1,700,000.00)**, together with interest on all amounts of principal which shall from time to time remain outstanding from **August 27th, 2007** at a fixed fee amount of **Seventeen Thousand Dollars ($17,000.00)**. The said principal and interest shall be payable in lawful money of the United States of America in accordance with the following terms and conditions:

1.      <u>Payment of Interest and Principal</u>. This Note shall be payable in One (1) payment of interest only in the amount of **Seventeen Thousand Dollars ($17,000.00)** due on the **Twenty-Ninth (29th)** day of **August, 2007**. The principal amount of **One Million Seven Hundred Thousand Dollars and No/100 Cents ($1,700,000.00)** shall be due on or before **August 29th, 2007** (the "<u>Maturity Date</u>"). Time shall be of the essence. All payments required by Maker under this Note shall be made by wire transfer into Lender's designated accounts or such other place as the Lender may from time to time designate in writing.

2.      <u>Prepayment</u>. This Note may be prepaid in whole or in part without penalty or charge, provided, however, that any partial prepayment shall be in increments of Fifty Thousand Dollars and No/100 Cents ($50,000.00).

3.      <u>Florida Excise Tax on Documents</u>. Maker shall be solely responsible for payment of any and all documentary stamps and other taxes applicable to the full-face amount of this Note.

4.      <u>Default</u>. Each of the following shall be an event of default hereunder, and this Note shall be in default, if:

    (a)     any payment or other sum due under this Note is not paid in full when due; or

    (b)     default be made in the performance of or compliance with any other promise or obligation due by Maker to Lender under this Note or any other promissory note, security instrument or other agreement of any kind now existing or hereafter created; or

    (c)     default be made in the performance of or compliance with any of the covenants and conditions or any guaranty or security instrument now or hereafter in effect securing payment of this Note; or

    (d)     the Corporation is voluntarily or involuntarily dissolved or otherwise fails to remain in good standing under the laws of the State of Florida and each jurisdiction where the Corporation is required to be qualified to do business; or

    (e)     death of any individual Maker; or

    (f)     the Maker, or any one of them, is voluntarily adjudicated bankrupt or insolvent, seeks or consents to the appointment of a receiver or trustee for itself, if applicable, or for all or a material portion of its property, files a petition seeking relief, including, reorganization, if applicable, arrangement or similar relief, under the present Bankruptcy Code or other similar present or future applicable laws of the United States or any state or any other competent jurisdiction, makes a general assignment for the benefit of creditors or admits in writing inability to pay debts as they mature; or

    (g)     a receiver or trustee is appointed for the Maker, or any one of them, for all or any part of Maker's property and such appointment is not vacated within sixty (60) days, or if a petition is filed against the

EXHIBIT

G

WSG00141

Maker seeking relief, including reorganization, arrangement or similar relief under the present Bankruptcy Code or other similar present or future applicable laws in the United States or any state or other competent jurisdiction, and such petition is not dismissed within sixty (60) days after the filing thereof; or

(h)     the Maker, or any one of them, voluntarily or involuntarily liquidates after the date hereof or sells, transfers, exchanges or otherwise disposes of all or any substantial portion, of its assets in one or any series of transactions (whether related or unrelated); or if the Corporation merges, consolidates or otherwise combines with or into any other entity; or

5.     <u>Acceleration Upon Default</u>.  Upon the occurrence of any event of default under this Note which is not cured within five (5) calendar days from written notice of such default from the Lender to the Maker, the entire principal outstanding under this Note, together with all accrued by unpaid interest thereon, shall, at the option of the Lender, become and be immediately due, payable and collectible at once, time being of the essence of this Note. The Maker agrees to pay all costs of collection, legal expenses, and reasonable attorneys' fees, which may be incurred in connection with the collection of this Note.  If default is not cured within five (5) calendar days from such written notice, all outstanding principal due under this Note shall bear interest from the date of occurrence of such default until paid at the highest rate permissible under applicable law.

6.     <u>Usury Savings Clause</u>.  Nothing herein contained, nor in any instrument or transaction relating hereto, shall be construed or so operate as to require the Maker, or any person liable for the payment of this Note, to pay interest in an amount or at a rate greater than the highest rate permissible applicable law. Should any interest or other charges paid by the Maker, or any parties liable for the payment of the loan made pursuant to this Note, result in the computation or earning of interest in excess of the highest rate permissible under applicable law, any and all such excess shall be and the same is hereby waived by Lender, Lender shall make whichever adjustment in the Note is necessary to ensure that Maker will not be required to pay further interest in excess of the highest rate permissible under applicable law, and all such excess shall be automatically credited against and in reduction of the outstanding principal balance, and any portion of such excess which exceeds the outstanding principal balance shall be paid by Lender to Maker and any parties liable for the payment of this Note, it being the intent of the Lender and Maker that under no circumstances shall the Maker, or any parties liable for the payment of the loan hereunder, be required to pay interest in excess of the highest rate permissible under applicable law.

7.     <u>Waiver of Notice by Maker</u>.  As to this Note, and any other documents or instruments now or hereafter securing the indebtedness, the Maker jointly and severally waives all applicable exemption rights, whether under the state Constitution, Homestead laws or otherwise, and also severally waive, except as provided in Section 6 of this Note, valuation and appraisement, presentment for payment, protest, notice of protest, dishonor and nonpayment of this Note, and expressly agree that any payment hereunder may be extended from time without in any way affecting the liability of the Maker.

8.     <u>Non-Waiver of Rights by Lender</u>.  Any delay by the Lender in exercising any right or remedy shall not constitute a waiver thereof.  No waiver by the Lender of any default hereunder shall be deemed to constitute a waiver of any subsequent default.  No exercise of any right or remedy hereunder shall preclude the exercise of any other right or remedy which the Lender may have in law or in equity to enforce the provisions of this Note or the collection thereof.  Any waiver of any provision hereof shall be in writing and shall be effective only in the specific instance and for the specific purpose for which given.

9.     <u>Attorneys' Fees</u>.  In the event that suit be brought hereon, or an attorney be employed or expenses be incurred to compel payment of this Note or any portion of the indebtedness evidenced hereby, or to in any way represent Lender in reference to any of its rights hereunder or under any other instrument or agreement now or hereafter in effect securing payment of this Note, Maker promises to pay all such expenses of investigation, attorneys' fees, and costs all as are reasonably incurred by Lender as a result thereof and including, without limitation, expenses of investigation, attorneys' fees, and costs incurred in appellate proceeding or in any action or participation in, or in connection with, any case or proceeding under Title 11 U.S.C. Chapters 7, 11, or 13 of the Bankruptcy Code or any successor thereto, and expenses of investigation, attorneys' fees, and costs incurred as a result of Lender exercising its right to cure any event of default by Maker under this Note, the Second Mortgage, or any other instrument of agreement now or hereafter in effect securing payment of this Note.

WSG00142

10. <u>Governing Law and Venue</u>. This Note and any documents delivered pursuant hereto shall be governed by and construed in all respects, including validity, interpretation, effect, and enforcement, in accordance with the laws of the State of Florida without regard to conflict of law principles thereof. The Maker, and each of them irrevocably submit to the jurisdiction of the Circuit Court of the State of Florida, Miami-Dade County, in any action or proceeding arising out of or relating to this Note, or any documents delivered pursuant hereto, and the Maker, and each of them, irrevocably agree that all claims in respect of any such action or proceeding must be brought and/or defended in such court; provided, however, that matters which are under the exclusive jurisdiction of the Federal courts shall be brought in the Federal District Court for the Southern District of Florida. The Maker, and each of them, consent to service of process by any means authorized by the applicable law of the forum in any action brought under or arising out of this Note or any documents delivered pursuant hereto. The Maker, and each of them, irrevocably waive, to the fullest extent each may effectively do so, the defense of an inconvenient forum to the maintenance of such action or proceeding in any such court. THE MAKER, AND EACH OF THEM, HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVE, TO THE FULLEST EXTENT THEY MAY LEGALLY AND EFFECTIVELY DO SO, TRIAL BY JURY IN ANY SUIT, ACTION OR PROCEEDING ARISING HEREUNDER.

11. <u>Notice</u>. Any notice, demand, request, instruction, correspondence or other document to be given hereunder shall be in writing and delivered personally or mailed by registered or certified mail, postage prepaid and return receipt requested, or by facsimile, as follows:

If to Maker:
    400 41st Street, Suite 506
    Miami Beach, Florida 33139
    Phone: (305) 673-4606
    Fax: (305) 673-4607

If to Lender:
    _____
    _____
    _____

Each of the above addresses for notice purposes may be changed by providing appropriate notice hereunder. Notice shall be effective upon receipt evidenced by the applicable delivery receipt, written affidavit of the deliverer, or facsimile confirmation.

12. <u>Miscellaneous</u>. This Note may not be changed or terminated without the prior written consent of Lender, which may be withheld for any reason in its sole and absolute discretion. The Maker, and each of them, acknowledge and agree that their obligations under this Note are supported by due and lawful consideration and that they have carefully read this Note and know and understand its contents. The Makers, and each of them sign this Note voluntarily, intending to be bound by its terms. This Note may be executed in several counterparts or with counterpart signature pages, each of which shall be deemed an original, but such counterparts shall together constitute but one and the same Note. Delivery by facsimile of an executed signature page to this Note shall be effective as delivery of a manually signed original or counterpart.

WSG00143

**IN WITNESS WHEREOF,** the undersigned have executed and delivered this Note effective as of 27th day of **August, 2007.**

Maker:

CAPITOL INVESTMENTS USA, INC.

BY: _____ -President

Nevin Shapiro, President
400 41st Street, #506
Miami Beach, Florida 33140

Maker:

NEVIN K. SHAPIRO

BY: _____

Nevin Shapiro, Individual
400 41st Street, #506
Miami Beach, Florida 33140

Lender:

_____
**WSG Development Company**
Address:     400 41st Street
             2nd Floor
             Miami Beach, FL 33140

WSG00144

WSG000272

# Eric Sheppard (WSG)

| Date | Number | Payee | Memo | Amount | Subtotal |
|---|---|---|---|---|---|
| 01/02/2007 | 4685 | Rutledge Apartments LC | 187 Bal Cross Dr (Eric Sheppard) | 11,000.00 | |
| 01/05/2007 | 4690 | Chevy Chase Bank | E.Sheppard/Loan#0555201623 | 18,381.70 | |
| 01/23/2007 | 4713 | Rutledge Apartments LC | 187 Bal Cross Dr (Eric Sheppard) | 11,000.00 | |
| 01/29/2007 | 4714 | Chevy Chase Bank | E.Sheppard/Loan#0555201623 | 18,381.70 | |
| 02/26/2007 | 4729 | Rutledge Apartments LC | 187 Bal Cross Dr (Eric Sheppard) | 11,000.00 | |
| 03/01/2007 | 4734 | Chevy Chase Bank | E.Sheppard/Loan#0555201623 | 19,760.32 | |
| 03/26/2007 | 4747 | Rutledge Apartments LC | 187 Bal Cross Dr (Eric Sheppard) | 11,000.00 | |
| 03/28/2007 | 4748 | Chevy Chase Bank | E.Sheppard/Loan#0555201623 | 19,760.32 [1st] | 120,284.04 |
| 04/27/2007 | 4762 | Rutledge Apartments LC | 187 Bal Cross Dr (Eric Sheppard) | 11,000.00 | |
| 05/03/2007 | 4769 | Chevy Chase Bank | E.Sheppard/Loan#0555201623 | 19,760.32 | |
| 05/25/2007 | 4777 | Chevy Chase Bank | E.Sheppard/Loan#0555201623 | 19,760.32 | |
| 05/28/2007 | 4782 | Rutledge Apartments LC | 187 Bal Cross Dr (Eric Sheppard) | 11,000.00 [2nd] | 61,520.64 |
| 07/02/2007 | 4798 | Rutledge Apartments LC | 187 Bal Cross Dr (Eric Sheppard) | 11,000.00 | |
| 07/02/2007 | 4799 | Chevy Chase Bank | E.Sheppard/Loan#0555201623 | 20,748.34 | |
| 08/07/2007 | 4825 | Chevy Chase Bank | E.Sheppard/Loan#0555201623 | 19,760.32 | |
| 08/09/2007 | 4827 | Rutledge Apartments LC | 187 Bal Cross Dr (Eric Sheppard) | 11,000.00 | |
| 08/24/2007 | 4829 | Rutledge Apartments LC | 187 Bal Cross Dr (Eric Sheppard) | 11,000.00 | |
| 08/24/2007 | 4831 | Chevy Chase Bank | E.Sheppard/Loan#0555201623 | 19,760.32 | |
| 09/18/2007 | 0 | Deco Contractors, Inc. | $4M Temp. Loan 07.23.07 | 150,000.00 | |
| 09/18/2007 | 0 | Deco Contractors, Inc. | $1.7M Temp. Loan 08.27.07 | 17,000.00 | |
| 09/18/2007 | 0 | Deco Contractors, Inc. | Accumulated $10M Interest less overpayments (Mortgages) | 17,257.52 | |
| 09/18/2007 | 0 | Deco Contractors, Inc. | Overpayment Interest to be applied $3.5M 09.05.07 | 15,742.48 | |
| 09/24/2007 | 4856 | Rutledge Apartments LC | 187 Bal Cross Dr (Eric Sheppard) | 11,000.00 | |
| 09/25/2007 | 4857 | Chevy Chase Bank | E.Sheppard/Loan#0555201623 | 19,760.32 [3rd] | 324,023.30 |
| 10/23/2007 | 4867 | Rutledge Apartments LC | 187 Bal Cross Dr (Eric Sheppard) | 11,000.00 | |
| 10/23/2007 | 4868 | Chevy Chase Bank | E.Sheppard/Loan#0555201623 | 19,760.32 | |
| 10/25/2007 | | Deco Contractors, Inc. | Interest to be applied $3.5M 09.05.07 | 55,000.00 | |
| 11/29/2007 | 4885 | Rutledge Apartments LC | 187 Bal Cross Dr (Eric Sheppard) | 11,000.00 | |
| 12/04/2007 | 4887 | Chevy Chase Bank | E.Sheppard/Loan#0555201623 | 19,760.32 | |
| 12/26/2007 | 4897 | Rutledge Apartments LC | 187 Bal Cross Dr (Eric Sheppard) | 11,000.00 | |
| 12/26/2007 | 4898 | Chevy Chase Bank | E.Sheppard/Loan#0555201623 | 19,760.32 [4th] | 147,280.96 |

853,114.9/



EXHIBIT
H

# PROMISSORY NOTE

$ 3,500,000.00                                                    September 5th, 2007

      **FOR VALUE RECEIVED**, the undersigned, **Capitol Investments USA, Inc.** ("Maker") promises to pay without setoff, deduction or counter-claim of any kind or nature to the order of **WSG Development Company**, its successors or assigns ("Lender"), the principal sum of **Three Million Five Hundred Thousand Dollars and No/100 Cents ($3,500,000.00)**, together with interest on all amounts of principal which shall from time to time remain outstanding from **September 5th, 2007** at a fixed fee amount of **Forty Five Thousand Dollars ($45,000.00)**. The said principal and interest shall be payable in lawful money of the United States of America in accordance with the following terms and conditions:

     1.    Payment of Interest and Principal. This Note shall be payable in **One (1)** payment of interest only in the amount of **Forty Five Thousand Dollars ($45,000.00)** due on the **Twenty First (21st)** day of **September, 2007**. The principal amount of **Three Million Five Hundred Thousand Dollars and No/100 Cents ($3,500,000.00)** shall be due on or before **September 21st, 2007** (the "Maturity Date"). Time shall be of the essence. All payments required by Maker under this Note shall be made by wire transfer into Lender's designated accounts or such other place as the Lender may from time to time designate in writing.

     2.    Prepayment. This Note may be prepaid in whole or in part without penalty or charge, provided, however, that any partial prepayment shall be in increments of Fifty Thousand Dollars and No/100 Cents ($50,000.00).

     3.    Florida Excise Tax on Documents. Maker shall be solely responsible for payment of any and all documentary stamps and other taxes applicable to the full-face amount of this Note.

     4.    Default. Each of the following shall be an event of default hereunder, and this Note shall be in default, if:

        (a)    any payment or other sum due under this Note is not paid in full when due; or

        (b)    default be made in the performance of or compliance with any other promise or obligation due by Maker to Lender under this Note or any other promissory note, security instrument or other agreement of any kind now existing or hereafter created; or

        (c)    default be made in the performance of or compliance with any of the covenants and conditions or any guaranty or security instrument now or hereafter in effect securing payment of this Note; or

        (d)    the Corporation is voluntarily or involuntarily dissolved or otherwise fails to remain in good standing under the laws of the State of Florida and each jurisdiction where the Corporation is required to be qualified to do business; or

        (e)    death of any individual Maker; or

**EXHIBIT**

**1**

**WSG00132**

(f)    the Maker, or any one of them, is voluntarily adjudicated bankrupt or insolvent, seeks or consents to the appointment of a receiver or trustee for itself, if applicable, or for all or a material portion of its property, files a petition seeking relief, including, reorganization, if applicable, arrangement or similar relief, under the present Bankruptcy Code or other similar present or future applicable laws of the United States or any state or any other competent jurisdiction, makes a general assignment for the benefit of creditors or admits in writing inability to pay debts as they mature; or

(g)    a receiver or trustee is appointed for the Maker, or any one of them, for all or any part of Maker's property and such appointment is not vacated within sixty (60) days, or if a petition is filed against the Maker seeking relief, including reorganization, arrangement or similar relief under the present Bankruptcy Code or other similar present or future applicable laws in the United States or any state or other competent jurisdiction, and such petition is not dismissed within sixty (60) days after the filing thereof; or

(h)    the Maker, or any one of them, voluntarily or involuntarily liquidates after the date hereof or sells, transfers, exchanges or otherwise disposes of all or any substantial portion, of its assets in one or any series of transactions (whether related or unrelated); or if the Corporation merges, consolidates or otherwise combines with or into any other entity; or

5.    <u>Acceleration Upon Default</u>.  Upon the occurrence of any event of default under this Note which is not cured within five (5) calendar days from written notice of such default from the Lender to the Maker, the entire principal outstanding under this Note, together with all accrued by unpaid interest thereon, shall, at the option of the Lender, become and be immediately due, payable and collectible at once, time being of the essence of this Note.  The Maker agrees to pay all costs of collection, legal expenses, and reasonable attorneys' fees, which may be incurred in connection with the collection of this Note.  If default is not cured within five (5) calendar days from such written notice, all outstanding principal due under this Note shall bear interest from the date of occurrence of such default until paid at the highest rate permissible under applicable law.

6.    <u>Usury Savings Clause</u>.  Nothing herein contained, nor in any instrument or transaction relating hereto, shall be construed or so operate as to require the Maker, or any person liable for the payment of this Note, to pay interest in an amount or at a rate greater than the highest rate permissible applicable law.  Should any interest or other charges paid by the Maker, or any parties liable for the payment of the loan made pursuant to this Note, result in the computation or earning of interest in excess of the highest rate permissible under applicable law, any and all such excess shall be and the same is hereby waived by Lender, Lender shall make whichever adjustment in the Note is necessary to ensure that Maker will not be required to pay further interest in excess of the highest rate permissible under applicable law, and all such excess shall be automatically credited against and in reduction of the outstanding principal balance, and any portion of such excess which exceeds the outstanding principal balance shall be paid by Lender to Maker and any parties liable for the payment of this Note, it being the intent of the Lender and Maker that under no circumstances shall the Maker, or any parties liable for the payment of the loan hereunder, be required to pay interest in excess of the highest rate permissible under applicable law.

WSG00133

7. <u>Waiver of Notice by Maker.</u> As to this Note, and any other documents or instruments now or hereafter securing the indebtedness, the Maker jointly and severally waives all applicable exemption rights, whether under the state Constitution, Homestead laws or otherwise, and also severally waive, except as provided in Section 6 of this Note, valuation and appraisement, presentment for payment, protest, notice of protest, dishonor and nonpayment of this Note, and expressly agree that any payment hereunder may be extended from time without in any way affecting the liability of the Maker.

8. <u>Non-Waiver of Rights by Lender.</u> Any delay by the Lender in exercising any right or remedy shall not constitute a waiver thereof. No waiver by the Lender of any default hereunder shall be deemed to constitute a waiver of any subsequent default. No exercise of any right or remedy hereunder shall preclude the exercise of any other right or remedy which the Lender may have in law or in equity to enforce the provisions of this Note or the collection thereof. Any waiver of any provision hereof shall be in writing and shall be effective only in the specific instance and for the specific purpose for which given.

9. <u>Attorneys' Fees.</u> In the event that suit be brought hereon, or an attorney be employed or expenses be incurred to compel payment of this Note or any portion of the indebtedness evidenced hereby, or to in any way represent Lender in reference to any of its rights hereunder or under any other instrument or agreement now or hereafter in effect securing payment of this Note, Maker promises to pay all such expenses of investigation, attorneys' fees, and costs all as are reasonably incurred by Lender as a result thereof and including, without limitation, expenses of investigation, attorneys' fees, and costs incurred in appellate proceeding or in any action or participation in, or in connection with, any case or proceeding under Title 11 U.S.C. Chapters 7, 11, or 13 of the Bankruptcy Code or any successor thereto, and expenses of investigation, attorneys' fees, and costs incurred as a result of Lender exercising its right to cure any event of default by Maker under this Note, the Second Mortgage, or any other instrument of agreement now or hereafter in effect securing payment of this Note.

10. <u>Governing Law and Venue.</u> This Note and any documents delivered pursuant hereto shall be governed by and construed in all respects, including validity, interpretation, effect, and enforcement, in accordance with the laws of the State of Florida without regard to conflict of law principles thereof. The Maker, and each of them irrevocably submit to the jurisdiction of the Circuit Court of the State of Florida, Miami-Dade County, in any action or proceeding arising out of or relating to this Note, or any documents delivered pursuant hereto, and the Maker, and each of them, irrevocably agree that all claims in respect of any such action or proceeding must be brought and/or defended in such court; provided, however, that matters which are under the exclusive jurisdiction of the Federal courts shall be brought in the Federal District Court for the Southern District of Florida. The Maker, and each of them, consent to service of process by any means authorized by the applicable law of the forum in any action brought under or arising out of this Note or any documents delivered pursuant hereto. The Maker, and each of them, irrevocably waive, to the fullest extent each may effectively do so, the defense of an inconvenient forum to the maintenance of such action or proceeding in any such court. THE MAKER, AND EACH OF THEM, HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVE, TO THE FULLEST EXTENT THEY MAY LEGALLY AND EFFECTIVELY DO SO, TRIAL BY JURY IN ANY SUIT, ACTION OR PROCEEDING ARISING HEREUNDER.

WSG00134

11.   <u>Notice</u>.   Any notice, demand, request, instruction, correspondence or other document to be given hereunder shall be in writing and delivered personally or mailed by registered or certified mail, postage prepaid and return receipt requested, or by facsimile, as follows:

If to Maker:              400 41st Street, Suite 506
                          Miami Beach, Florida 33139
                          Phone: (305) 673-4606
                          Fax:    (305) 673-4607

If to Lender:             _____

                          _____

                          _____

Each of the above addresses for notice purposes may be changed by providing appropriate notice hereunder.  Notice shall be effective upon receipt evidenced by the applicable delivery receipt, written affidavit of the deliverer, or facsimile confirmation.

12.   <u>Miscellaneous</u>.   This Note may not be changed or terminated without the prior written consent of Lender, which may be withheld for any reason in its sole and absolute discretion.  The Maker, and each of them, acknowledge and agree that their obligations under this Note are supported by due and lawful consideration and that they have carefully read this Note and know and understand its contents.  The Makers, and each of them sign this Note voluntarily, intending to be bound by its terms.  This Note may be executed in several counterparts or with counterpart signature pages, each of which shall be deemed an original, but such counterparts shall together constitute but one and the same Note.  Delivery by facsimile of an executed signature page to this Note shall be effective as delivery of a manually signed original or counterpart.

WSG00135

**IN WITNESS WHEREOF,** the undersigned have executed and delivered this Note effective as of **5**[th] day of **September, 2007.**

Maker:

CAPITOL INVESTMENTS USA, INC.

BY: _(President)_
     Nevin Shapiro, President
     400 41st Street, #506
     Miami Beach, Florida 33140

Maker:

NEVIN K. SHAPIRO

BY: _____
     Nevin Shapiro, Individual
     400 41st Street, #506
     Miami Beach, Florida 33140

Lender:

_____
**WSG Development Company**
Address:  400 41st Street
         2nd Floor
         Miami Beach, FL 33140

WSG00136

# COPY

## PROMISSORY NOTE

$1,000,000.00                          Miami Beach, Florida, as of February 23rd, 2007

FOR VALUE RECEIVED, NEVIN SHAPIRO, an individual ("Maker") promises to pay to the order of ERIC D. SHEPPARD, the principal sum of ONE MILLION ($1,000,000.00) DOLLARS, together with THIRTY THOUSAND ($30,000.00) DOLLARS of interest; both principal and interest being payable in lawful money of the United Stated on March 09, 2007.

This note may not be pre-paid in whole or in part.

Maker waives demand, protest and notice of maturity, non-payment or protest and all requirements necessary to hold him liable as Maker.

Maker further agrees to pay all costs of collection, including a reasonable attorneys fee, in case the principal of this note or any payment on the principal or any interest thereon is not paid at the respective maturity thereof, or in case it becomes necessary to protect the security hereof, whether suit be brought or not.

Upon default in the payment of principal and/or interest due hereunder, this Note and deferred interest payments shall bear interest, per annum, at the rate of twenty-five percent (25% ), per annum, from maturity until paid. In no event shall the rate of interest hereunder exceed the maximum interest rate permitted by applicable law.

No delay or omission on the part of the Payee in the exercise of any right or remedy shall operate as a waiver thereof, and no single or partial exercise by the Payee of any right or remedy shall preclude other or further exercise thereof or of any other right or remedy.

In the event the Payee shall refer this Promissory Note to an attorney for collection, the Maker agrees to pay, in addition to unpaid principal and interest, all the costs and expenses incurred in attempting or effecting collection hereunder, including, but not limited to, attorney fees. The failure by Maker to make any payment due under this Note shall be deemed an "Event of Default";

IN ANY CIVIL ACTION, COUNTERCLAIM, OR PROCEEDING, WHETHER AT LAW OR IN EQUITY, WHICH ARISES OUT OF, CONCERNS OR RELATES TO THIS PROMISSORY NOTE, ANY TRANSACTIONS CONTEMPLATED HEREUNDER, THE PERFORMANCE HEREOF OR THE RELATIONSHIP CREATED HEREBY, WHETHER SOUNDING IN CONTRACT, TORT, STRICT LIABILITY OR OTHERWISE, TRIAL SHALL BE TO A COURT OF COMPETENT JURISDICTION AND NOT TO A JURY. THE MAKER HEREBY IRREVOCABLY WAIVES ANY RIGHT (STATUTORY, CONSTITUTIONAL, COMMON LAW

Page 1 of 2

N-5

07.07.2019 11:08

**EXHIBIT**

**Comp. J**

WSG00240

Initial _N.S_

OR OTHERWISE) IT MAY HAVE TO A TRIAL BY JURY. THE HOLDER MAY FILE AN ORIGINAL COUNTERPART OR A COPY OF THIS PROMISSORY NOTE WITH ANY COURT
AS WRITTEN EVIDENCE OF THE WAIVER OF THE MAKER'S RIGHT TO TRIAL BY JURY. THE MAKER HAS NOT RELIED UPON ANY ORAL REPRESENTATIONS BY THE HOLDER REGARDING THE ENFORCEABILITY OF THIS PROVISION. THE MAKER HAS READ AND UNDERSTANDS THE EFFECT OF THIS JURY WAIVER PROVISION.

The Maker hereby irrevocably consents to personal and subject matter jurisdiction in the courts of the State of Florida located in Miami-Dade County, Florida and agrees that venue shall be had solely in such courts in connection with any action or proceeding arising out of or relating to this Promissory Note. This Promissory Note shall be governed by Florida law, without application of conflicts of law principles

Payable at:   WSG Development Company
400 Arthur Godfrey Road
Suite 200
Miami, Florida 33140

Nevin Shapiro

Page 2 of 2

07.07 2009 11 08

WSG00241

# NON-NEGOTIABLE UNSECURED PROMISSORY NOTE

$2,000,000

April 4, 2007

FOR VALUE RECEIVED, Capitol Investments and Nevin Shapiro having an address at 400 Arthur Godfrey Road, Miami Beach, Florida 33141, (the "Obligor") promise to pay to the order of WSG Development Co, a Florida corporation (the "Holder"), having an address located at 400 Arthur Godfrey Road, Miami Beach, Florida 33140 the principal sum of Two Million and 00/100 Dollars ($2,000,000) for the factoring of receivables, at that address, or such other address as the Holder may provide for such purpose, upon and subject to the following terms:

## 1.0   Basic Terms

(a)   This Promissory Note (as the same may be amended or otherwise modified from time to time, this "Note") shall bear interest at the rate of 1% per annum. Interest shall accrue and be paid on an annual basis, beginning on the first anniversary of the date of this Note and on each succeeding anniversary date thereof. Any payments made by the Obligor to the Holder shall be applied first against unpaid and accrued interest and then against the unpaid principal balance of this Note. Any accrued and unpaid interest, in addition to the principal balance, shall be due and payable on April 11, 2007 (the "Maturity Date").

(b)   This Note is non-negotiable.

## 2.0   No Collateral

This Note is an unsecured, general obligation of Capitol Investments.

## 3.0   Prepayment

Upon two (2) business days' prior written notice to the Holder, the Obligor may prepay, without penalty or premium, the unpaid principal balance of this Note in advance of the Maturity Date in full at any time, or in part from time to time. Any prepayment will be credited in accordance with the provisions of Paragraph 1 above.

## 4.0   Default

(a)   The occurrence of the following shall be an "Event of Default" with respect to this Note:

(i)   a failure to make any payment when due under this Note, and such failure is not cured within five (5) days after written notice thereof from the Holder to the Obligor.

After an Event of Default, the Holder, at its option, may declare the entire principal balance of this Note and all unpaid and accrued interest thereon to be immediately due and payable in full, irrespective of the date this Note would otherwise be due under Paragraph 1. Failure to exercise this

option, or any other right the Holder may have, shall not constitute a waiver of the right to exercise such option or any other right in the event of any subsequent Event of Default, whether of the same or a different nature.

### 5.0 Default Interest Rate

From and after the occurrence of an Event of Default under this Note, interest shall accrue on the unpaid principal balance of this Note at a default interest rate equal to the greater of (x) the Prime Rate as announced by JP Morgan Chase Bank as its prime rate plus four percent (4%) and (y) the interest rate set forth in Paragraph 1 above plus four percent (4%). After the principal amount to this Note is due and payable, whether by acceleration, at maturity or otherwise, this Note shall bear interest at the Default Interest Rate.

### 6.0 Miscellaneous Provisions

### 6.1 Notices

Any demand or notice made or given by the Holder in connection herewith shall be made upon or given to the Obligor by registered or certified mail, return receipt requested, postage prepaid, addressed to the Obligor at its address first set forth above, but mailing or giving or attempting to make or give any demand or notice shall not waive any right, granted hereunder or otherwise, to act without demand or notice.

### 6.2 Waivers and Consents

(a) The Obligor and any guarantor, surety or endorser, and all others who are, or who may become, liable for the payment hereof:

(i) severally waive presentment for payment, demand, notice of demand, notice of nonpayment or dishonor, protest and notice of protest of this Note, and all of the notices in connection with the delivery, acceptance, performance, default or enforcement of the payment of this Note;

(ii) expressly consent to all extensions of time, renewals, postponements of time of payment of this Note or other modifications hereof, from time to time, prior to or after the day that they become due, without notice, consent or consideration to any foregoing;

(iii) expressly agree to any substitution, exchange, addition or release of any party or person primarily or secondarily liable hereon;

(iv) expressly agree that the Holder shall not be required first to institute any suit or to exhaust his, her or its remedies against the undersigned or any other person or party liable hereunder in order to enforce the payment of this Note; and

2

(v)     expressly agree that, notwithstanding the occurrence of any of the foregoing, the Obligor shall be and remain directly and primarily liable for all sums due under this Note.

## 6.3    Litigation

(a)     The state courts of the State of Florida in Miami-Dade County shall have jurisdiction to hear and determine disputes arising under this Note, and the Obligor and the Holder hereby irrevocably submit to the jurisdiction of said courts, with venue in said courts, and agree that service of process and any other papers (in addition to any method permitted by law) by first class mail to the address set forth at the head of this Note shall be deemed good and sufficient service of process. The Obligor or the Holder, if named as a defendant in any action brought in connection with this Note in any court outside of Florida, shall have the right to have the venue of said action changed to Florida, or, if necessary, have the case dismissed, requiring the other of them to refile each action in an appropriate court in Florida.

(b)     The Obligor and the Holder hereby waive all right to trial by jury in any action, proceeding or counterclaim relating to or arising out of this Note.

## 6.4    Assumption, Assignment and Transfer

This Note shall be assumable only with the express, prior written consent of the Holder. This Note shall only be assignable or transferable upon an Event of Default.

## 6.5    Expenses

In the event of any dispute arising under this Note, all costs and expenses (including without limitation reasonable attorneys' fees and expenses of attorneys, in negotiations and trial and appellate litigation) of the prevailing party in any legal proceeding arising out of that dispute shall be reimbursed to it by the other party to that dispute.

## 6.6    Enforcement

No delay by the Holder in enforcing any covenant or right hereunder shall be deemed a waiver of such covenant or right and no waiver by the Holder of any particular provision hereof shall be deemed a waiver of any other provision or a continuing waiver of such particular provision, and, except as so expressly waived, all provisions hereof shall continue in full force and effect.

## 6.7    Timeliness

Time shall be of the essence of this Note.

## 6.8    Governing Law

This Note shall be governed by and construed in accordance with the laws of the State of Florida, both substantive, procedural and remedial, determined without regard to principles of

3

WSG00230

conflicts of law. No payment of interest or other sum construed to be interest or charges in the nature of interest shall exceed the highest lawful contract rate permissible under the laws of the State of Florida. Therefore, this Note is limited so that in no contingency or event whatsoever, whether acceleration of maturity of the indebtedness or otherwise, shall the amount paid or agree to be paid to the Holder for the use, forbearance, or detention of the money advanced hereunder exceed the highest lawful rate under the laws of the State of Florida. If, under any circumstances whatsoever, fulfillment of any provision hereof, at the time of performance of such provision shall be due, shall involve the payment of interest under this Note in excess of that authorized by Florida law, the obligation to be fulfilled shall be reduced to the limit so authorized by law, and if under any circumstances the Holder shall ever receive as interest under this Note an amount that would exceed the highest lawful rate, the amount that would be excessive shall be either applied to the reduction of the unpaid principal balance of this Note, without payment of the amount or refunded to the Obligor, and the Holder shall not be subject to any penalty provided for the contracting for, charging, or receiving interest in excess of the maximum lawful rate regardless of when or the circumstances under which said refund or application was made.

### 6.9. <u>Acceleration</u>

(a)  In addition to any other provision hereof permitting acceleration, this Note will be immediately due and payable upon the happening of any of the following events with respect to the Obligor:

(i)  the filing of a petition in bankruptcy or a petition to take advantage of any insolvency act;

(ii)  making an assignment for the benefit of its creditors;

(iii)  commencement of a proceeding for the appointment of a receiver, trustee, liquidator or conservator for either itself or for any substantial part of its property;

(iv)  filing of a petition or action seeking reorganization, arrangement or similar relief under federal bankruptcy laws or any other applicable laws or statutes of the United States or any state; or

(v)  the commencement of proceedings similar to the foregoing by third or other parties against the Obligor, which proceedings are not dismissed within thirty (30) days after commencement thereof.

### 7.0  <u>Binding Effect</u>

This Note shall be binding on the Obligor and his respective heirs, administrators, executors, estates and successors and shall inure to the benefit of the Holder, his successors and assigns.

4

WSG00231

IN WITNESS WHEREOF, the Obligor has executed this instrument effective as of April 4, 2007.

Capitol Investments

_____

By:  Nevin Shapiro, President

WSG00232

## NON-NEGOTIABLE UNSECURED PROMISSORY NOTE

$3,000,000

April 24, 2007

FOR VALUE RECEIVED, Capitol Investments and Nevin Shapiro having an address at 400 Arthur Godfrey Road, Miami Beach, Florida 33141, (the "Obligor") promise to pay to the order of WSG Development Co., a Florida corporation (the "Holder"), having an address located at 400 Arthur Godfrey Road, Miami Beach, Florida 33140 the principal sum of Three Million and 00/100 Dollars ($3,000,000) for the factoring of receivables, at that address, or such other address as the Holder may provide for such purpose, upon and subject to the following terms:

### 1.0   Basic Terms

(a)      This Promissory Note (as the same may be amended or otherwise modified from time to time, this "Note") shall bear interest at the rate of 1% per annum. Interest shall accrue and be paid on an annual basis, beginning on the first anniversary of the date of this Note and on each succeeding anniversary date thereof. Any payments made by the Obligor to the Holder shall be applied first against unpaid and accrued interest and then against the unpaid principal balance of this Note. Any accrued and unpaid interest, in addition to the principal balance, shall be due and payable on May 2, 2007 (the "Maturity Date").

(b)      This Note is non-negotiable.

### 2.0   No Collateral

This Note is an unsecured, general obligation of Capitol Investments.

### 3.0   Prepayment

Upon two (2) business days' prior written notice to the Holder, the Obligor may prepay, without penalty or premium, the unpaid principal balance of this Note in advance of the Maturity Date in full at any time, or in part from time to time. Any prepayment will be credited in accordance with the provisions of Paragraph 1 above.

### 4.0   Default

(a)      The occurrence of the following shall be an "Event of Default" with respect to this Note:

(i)      a failure to make any payment when due under this Note, and such failure is not cured within five (5) days after written notice thereof from the Holder to the Obligor.

After an Event of Default, the Holder, at its option, may declare the entire principal balance of this Note and all unpaid and accrued interest thereon to be immediately due and payable in full, irrespective of the date this Note would otherwise be due under Paragraph 1. Failure to exercise this

option, or any other right the Holder may have, shall not constitute a waiver of the right to exercise such option or any other right in the event of any subsequent Event of Default, whether of the same or a different nature.

### 5.0 Default Interest Rate

From and after the occurrence of an Event of Default under this Note, interest shall accrue on the unpaid principal balance of this Note at a default interest rate equal to the greater of (x) the Prime Rate as announced by JP Morgan Chase Bank as its prime rate plus four percent (4%) and (y) the interest rate set forth in Paragraph 1 above plus four percent (4%). After the principal amount to this Note is due and payable, whether by acceleration, at maturity or otherwise, this Note shall bear interest at the Default Interest Rate.

### 6.0 Miscellaneous Provisions

### 6.1 Notices

Any demand or notice made or given by the Holder in connection herewith shall be made upon or given to the Obligor by registered or certified mail, return receipt requested, postage prepaid, addressed to the Obligor at its address first set forth above, but mailing or giving or attempting to make or give any demand or notice shall not waive any right, granted hereunder or otherwise, to act without demand or notice.

### 6.2 Waivers and Consents

(a) The Obligor and any guarantor, surety or endorser, and all others who are, or who may become, liable for the payment hereof:

(i) severally waive presentment for payment, demand, notice of demand, notice of nonpayment or dishonor, protest and notice of protest of this Note, and all of the notices in connection with the delivery, acceptance, performance, default or enforcement of the payment of this Note;

(ii) expressly consent to all extensions of time, renewals, postponements of time of payment of this Note or other modifications hereof, from time to time, prior to or after the day that they become due, without notice, consent or consideration to any foregoing;

(iii) expressly agree to any substitution, exchange, addition or release of any party or person primarily or secondarily liable hereon;

(iv) expressly agree that the Holder shall not be required first to institute any suit or to exhaust his, her or its remedies against the undersigned or any other person or party liable hereunder in order to enforce the payment of this Note; and

2

WSG00211

(v)     expressly agree that, notwithstanding the occurrence of any of the foregoing, the Obligor shall be and remain directly and primarily liable for all sums due under this Note.

**6.3     Litigation**

(a)     The state courts of the State of Florida in Miami-Dade County shall have jurisdiction to hear and determine disputes arising under this Note, and the Obligor and the Holder hereby irrevocably submit to the jurisdiction of said courts, with venue in said courts, and agree that service of process and any other papers (in addition to any method permitted by law) by first class mail to the address set forth at the head of this Note shall be deemed good and sufficient service of process. The Obligor or the Holder, if named as a defendant in any action brought in connection with this Note in any court outside of Florida, shall have the right to have the venue of said action changed to Florida, or, if necessary, have the case dismissed, requiring the other of them to refile each action in an appropriate court in Florida.

(b)     The Obligor and the Holder hereby waive all right to trial by jury in any action, proceeding or counterclaim relating to or arising out of this Note.

**6.4     Assumption, Assignment and Transfer**

This Note shall be assumable only with the express, prior written consent of the Holder. This Note shall only be assignable or transferable upon an Event of Default.

**6.5     Expenses**

In the event of any dispute arising under this Note, all costs and expenses (including without limitation reasonable attorneys' fees and expenses of attorneys, in negotiations and trial and appellate litigation) of the prevailing party in any legal proceeding arising out of that dispute shall be reimbursed to it by the other party to that dispute.

**6.6     Enforcement**

No delay by the Holder in enforcing any covenant or right hereunder shall be deemed a waiver of such covenant or right and no waiver by the Holder of any particular provision hereof shall be deemed a waiver of any other provision or a continuing waiver of such particular provision, and, except as so expressly waived, all provisions hereof shall continue in full force and effect.

**6.7     Timeliness**

Time shall be of the essence of this Note.

**6.8     Governing Law**

This Note shall be governed by and construed in accordance with the laws of the State of Florida, both substantive, procedural and remedial, determined without regard to principles of

3

WSG00212

conflicts of law. No payment of interest or other sum construed to be interest or charges in the nature of interest shall exceed the highest lawful contract rate permissible under the laws of the State of Florida. Therefore, this Note is limited so that in no contingency or event whatsoever, whether acceleration of maturity of the indebtedness or otherwise, shall the amount paid or agree to be paid to the Holder for the use, forbearance, or detention of the money advanced hereunder exceed the highest lawful rate permissible under the laws of the State of Florida. If, under any circumstances whatsoever, fulfillment of any provision hereof, at the time of performance of such provision shall be due, shall involve the payment of interest under this Note in excess of that authorized by Florida law, the obligation to be fulfilled shall be reduced to the limit so authorized by law, and if under any circumstances the Holder shall ever receive as interest under this Note an amount that would exceed the highest lawful rate, the amount that would be excessive shall be either applied to the reduction of the unpaid principal balance of this Note, without payment of the amount or refunded to the Obligor, and the Holder shall not be subject to any penalty provided for the contracting for, charging, or receiving interest in excess of the maximum lawful rate regardless of when or the circumstances under which said refund or application was made.

## 6.9.   Acceleration

(a)   In addition to any other provision hereof permitting acceleration, this Note will be immediately due and payable upon the happening of any of the following events with respect to the Obligor:

(i)   the filing of a petition in bankruptcy or a petition to take advantage of any insolvency act;

(ii)   making an assignment for the benefit of its creditors;

(iii)   commencement of a proceeding for the appointment of a receiver, trustee, liquidator or conservator for either itself or for any substantial part of its property;

(iv)   filing of a petition or action seeking reorganization, arrangement or similar relief under federal bankruptcy laws or any other applicable laws or statutes of the United States or any state; or

(v)   the commencement of proceedings similar to the foregoing by third or other parties against the Obligor, which proceedings are not dismissed within thirty (30) days after commencement thereof.

## 7.0      Binding Effect

This Note shall be binding on the Obligor and his respective heirs, administrators, executors, estates and successors and shall inure to the benefit of the Holder, his successors and assigns.

4

WSG00213

IN WITNESS WHEREOF, the Obligor has executed this instrument effective as of April 4, 2007.

Capitol Investments

_____

By: Nevin Shapiro, President

5

WSG00214

# NON-NEGOTIABLE UNSECURED PROMISSORY NOTE

$2,000,000

May 17, 2007

FOR VALUE RECEIVED, Capitol Investments and Nevin Shapiro having an address at 400 Arthur Godfrey Road, Miami Beach, Florida 33141, (the "Obligor") promise to pay to the order of WSG Development Co, a Florida corporation (the "Holder"), having an address located at 400 Arthur Godfrey Road, Miami Beach, Florida 33140 the principal sum of Two Million and 00/100 Dollars ($2,000,000) for the factoring of receivables, at that address, or such other address as the Holder may provide for such purpose, upon and subject to the following terms:

## 1.0 Basic Terms

(a) This Promissory Note (as the same may be amended or otherwise modified from time to time, this "Note") shall bear interest at the rate of 1% per annum. Interest shall accrue and be paid on an annual basis, beginning on the first anniversary of the date of this Note and on each succeeding anniversary date thereof. Any payments made by the Obligor to the Holder shall be applied first against unpaid and accrued interest and then against the unpaid principal balance of this Note. Any accrued and unpaid interest, in addition to the principal balance, shall be due and payable on May 22, 2007 (the "Maturity Date").

(b) This Note is non-negotiable.

## 2.0 No Collateral

This Note is an unsecured, general obligation of Capitol Investments.

## 3.0 Prepayment

Upon two (2) business days' prior written notice to the Holder, the Obligor may prepay, without penalty or premium, the unpaid principal balance of this Note in advance of the Maturity Date in full at any time, or in part from time to time. Any prepayment will be credited in accordance with the provisions of Paragraph 1 above.

## 4.0 Default

(a) The occurrence of the following shall be an "Event of Default" with respect to this Note:

(i) a failure to make any payment when due under this Note, and such failure is not cured within five (5) days after written notice thereof from the Holder to the Obligor.

After an Event of Default, the Holder, at its option, may declare the entire principal balance of this Note and all unpaid and accrued interest thereon to be immediately due and payable in full, irrespective of the date this Note would otherwise be due under Paragraph 1. Failure to exercise this

option, or any other right the Holder may have, shall not constitute a waiver of the right to exercise such option or any other right in the event of any subsequent Event of Default, whether of the same or a different nature.

## 5.0   Default Interest Rate

From and after the occurrence of an Event of Default under this Note, interest shall accrue on the unpaid principal balance of this Note at a default interest rate equal to the greater of (x) the Prime Rate as announced by JP Morgan Chase Bank as its prime rate plus four percent (4%) and (y) the interest rate set forth in Paragraph 1 above plus four percent (4%). After the principal amount to this Note is due and payable, whether by acceleration, at maturity or otherwise, this Note shall bear interest at the Default Interest Rate.

## 6.0   Miscellaneous Provisions

### 6.1   Notices

Any demand or notice made or given by the Holder in connection herewith shall be made upon or given to the Obligor by registered or certified mail, return receipt requested, postage prepaid, addressed to the Obligor at its address first set forth above, but mailing or giving or attempting to make or give any demand or notice shall not waive any right, granted hereunder or otherwise, to act without demand or notice.

### 6.2   Waivers and Consents

(a)   The Obligor and any guarantor, surety or endorser, and all others who are, or who may become, liable for the payment hereof:

(i)   severally waive presentment for payment, demand, notice of demand, notice of nonpayment or dishonor, protest and notice of protest of this Note, and all of the notices in connection with the delivery, acceptance, performance, default or enforcement of the payment of this Note;

(ii)   expressly consent to all extensions of time, renewals, postponements of time of payment of this Note or other modifications hereof, from time to time, prior to or after the day that they become due, without notice, consent or consideration to any foregoing;

(iii)   expressly agree to any substitution, exchange, addition or release of any party or person primarily or secondarily liable hereon;

(iv)   expressly agree that the Holder shall not be required first to institute any suit or to exhaust his, her or its remedies against the undersigned or any other person or party liable hereunder in order to enforce the payment of this Note; and

2

WSG00200

(v)    expressly agree that, notwithstanding the occurrence of any of the foregoing, the Obligor shall be and remain directly and primarily liable for all sums due under this Note.

### 6.3    Litigation

(a)    The state courts of the State of Florida in Miami-Dade County shall have jurisdiction to hear and determine disputes arising under this Note, and the Obligor and the Holder hereby irrevocably submit to the jurisdiction of said courts, with venue in said courts, and agree that service of process and any other papers (in addition to any method permitted by law) by first class mail to the address set forth at the head of this Note shall be deemed good and sufficient service of process. The Obligor or the Holder, if named as a defendant in any action brought in connection with this Note in any court outside of Florida, shall have the right to have the venue of said action changed to Florida, or, if necessary, have the case dismissed, requiring the other of them to refile each action in an appropriate court in Florida.

(b)    The Obligor and the Holder hereby waive all right to trial by jury in any action, proceeding or counterclaim relating to or arising out of this Note.

### 6.4    Assumption, Assignment and Transfer

This Note shall be assumable only with the express, prior written consent of the Holder. This Note shall only be assignable or transferable upon an Event of Default.

### 6.5    Expenses

In the event of any dispute arising under this Note, all costs and expenses (including without limitation reasonable attorneys' fees and expenses of attorneys, in negotiations and trial and appellate litigation) of the prevailing party in any legal proceeding arising out of that dispute shall be reimbursed to it by the other party to that dispute.

### 6.6    Enforcement

No delay by the Holder in enforcing any covenant or right hereunder shall be deemed a waiver of such covenant or right and no waiver by the Holder of any particular provision hereof shall be deemed a waiver of any other provision or a continuing waiver of such particular provision, and, except as so expressly waived, all provisions hereof shall continue in full force and effect.

### 6.7    Timeliness

Time shall be of the essence of this Note.

### 6.8    Governing Law

This Note shall be governed by and construed in accordance with the laws of the State of Florida, both substantive, procedural and remedial, determined without regard to principles of

3

conflicts of law. No payment of interest or other sum construed to be interest or charges in the nature of interest shall exceed the highest lawful contract rate permissible under the laws of the State of Florida. Therefore, this Note is limited so that in no contingency or event whatsoever, whether acceleration of maturity of the indebtedness or otherwise, shall the amount paid or agree to be paid to the Holder for the use, forbearance, or detention of the money advanced hereunder exceed the highest lawful rate permissible under the laws of the State of Florida. If, under any circumstances whatsoever, fulfillment of any provision hereof, at the time of performance of such provision shall be due, shall involve the payment of interest under this Note in excess of that authorized by Florida law, the obligation to be fulfilled shall be reduced to the limit so authorized by law, and if under any circumstances the Holder shall ever receive as interest under this Note an amount that would exceed the highest lawful rate, the amount that would be excessive shall be either applied to the reduction of the unpaid principal balance of this Note, without payment of the amount or refunded to the Obligor, and the Holder shall not be subject to any penalty provided for the contracting for, charging, or receiving interest in excess of the maximum lawful rate regardless of when or the circumstances under which said refund or application was made.

### 6.9.  Acceleration

(a)     In addition to any other provision hereof permitting acceleration, this Note will be immediately due and payable upon the happening of any of the following events with respect to the Obligor:

(i)     the filing of a petition in bankruptcy or a petition to take advantage of any insolvency act;

(ii)    making an assignment for the benefit of its creditors;

(iii)   commencement of a proceeding for the appointment of a receiver, trustee, liquidator or conservator for either itself or for any substantial part of its property;

(iv)    filing of a petition or action seeking reorganization, arrangement or similar relief under federal bankruptcy laws or any other applicable laws or statutes of the United States or any state; or

(v)     the commencement of proceedings similar to the foregoing by third or other parties against the Obligor, which proceedings are not dismissed within thirty (30) days after commencement thereof.

### 7.0  Binding Effect

This Note shall be binding on the Obligor and his respective heirs, administrators, executors, estates and successors and shall inure to the benefit of the Holder, his successors and assigns.

4

WSG00202

IN WITNESS WHEREOF, the Obligor has executed this instrument effective as of April 4, 2007.

Capitol Investments

_____

By: Nevin Shapiro, President

WSG00203

(.4)

# Bank of America

CARILLON MIAMI BEACH HOLDING LLC
C/O WSG DEVELPMENT COMPANY
PO BOX 403061
MIAMI BEACH FL   33140

DATE: 06/12/07
DIRECT INQUIRIES TO:
800.729.9473 OPTION 2
ACCOUNT:

THE FOLLOWING WIRE WAS DEBITED TODAY:                    USD AMOUNT $2,000,000.00

| | |
|---|---|
| TRANSACTION REF: | 2007061200132939 |
| RELATED REF: | 01070612002185NN |
| INSTRUCTING BANK: | BANK OF AMERICA NA — BFT      ID: BFTA |
| BENEFICIARY: | CAPITOL INVESTMENTS USA INC   ID: 1     5842 |

cunc (15)

**Bank of America**

PAGE 1 OF 1
BANK OF AMERICA, N.A.
WIRE TRANSFER ADVICE
1 FLEET WAY          PA6-580-04-05
SCRANTON, PA         18507

CARILLON MIAMI BEACH HOLDING LLC
C/O WSG DEVELPMENT COMPANY
PO BOX 403061
MIAMI BEACH FL   33140

DATE: 06/20/07
DIRECT INQUIRIES TO:
800.729.9473 OPTION 2
ACCOUNT:

---

THE FOLLOWING WIRE WAS CREDITED TODAY:                    USD AMOUNT $350,000.00    27 b.

| | |
|---|---|
| TRANSACTION REF: | 2007062000251887 |
| SENDER'S REF: | 1604429 |
| ORIGINATOR: | CAPITOL INVESTMENTS USA INC     ID:        6842 |
| INSTRUCTING BANK: | BANK OF AMERICA NA - CPA        ID: CPAX |

PAYMENT DETAIL:      PRINCIPAL PAYMENT BALANCE $1.65M

WSG00191



**Bank of America**

PAGE 1 OF 1
BANK OF AMERICA, N.A.
WIRE TRANSFER ADVICE
1 FLEET WAY        PA6-580-04-05
SCRANTON, PA        18507

CARILLON MIAMI BEACH HOLDING LLC
C/O MSG DEVELPMENT COMPANY
PO BOX 403061
MIAMI BEACH FL  33140

DATE: 06/28/07
DIRECT INQUIRIES TO:
800.729.9673 OPTION 2
ACCOUNT: (

---

THE FOLLOWING WIRE WAS CREDITED TODAY:                    USD AMOUNT $250,000.00

TRANSACTION REF:    2007062800177885
SENDER'S REF:       1634326
ORIGINATOR:         CAPITOL INVESTMENTS USA INC      ID:        6842
INSTRUCTING BANK:   BANK OF AMERICA NA ~ CPA         ID: CPAX

PAYMENT DETAIL:     PRINCIPAL PAYMENT BALANCE $1.4M

---

WSG00192

ZW_ ( no

**Bank of America** 

PAGE 1 OF 1
BANK OF AMERICA, N.A.
WIRE TRANSFER ADVICE
1 FLEET WAY          PA6-580-04-05
SCRANTON, PA         18507

CARILLON MIAMI BEACH HOLDING LLC
C/O WSG DEVELPMENT COMPANY
PO BOX 403061
MIAMI BEACH FL   33140

DATE: 07/02/07
DIRECT INQUIRIES TO:
800.729.9473 OPTION 2
ACCOUNT:

---

THE FOLLOWING WIRE WAS CREDITED TODAY:          USD AMOUNT $500,000.00    29 d.

TRANSACTION REF:    2007070200292334
SENDER'S REF:       1680638
ORIGINATOR:         CAPITOL INVESTMENTS USA INC        ID:         6842
INSTRUCTING BANK:   BANK OF AMERICA NA - CPA           ID: CPAX

PAYMENT DETAIL:     PRINCIPAL PAYMENT BALANCE $900K

---

WSG00193

2002

**Bank of America**

CARILLON MIAMI BEACH HOLDING LLC
C/O WSG DEVELPMENT COMPANY
PO BOX 403061
MIAMI BEACH FL   33140

DATE: 07/03/07
DIRECT INQUIRIES TO:
800.729.9473 OPTION 2
ACCOUNT:

---

THE FOLLOWING WIRE WAS CREDITED TODAY:                    USD AMOUNT $350,000.00

| | |
|---|---|
| TRANSACTION REF: | 2007070300269719 |
| SENDER'S REF: | 1681544 |
| ORIGINATOR: | CAPITOL INVESTMENTS USA INC     ID:          6842 |
| INSTRUCTING BANK: | BANK OF AMERICA NA - CPA     ID: CPAX |
| PAYMENT DETAIL: | PRINCIPAL PAYMENT BALANCE $550K |

WSG00194



**Bank of America**

PAGE 1 OF 1
BANK OF AMERICA, N.A.
WIRE TRANSFER ADVICE
1 FLEET WAY          PA6-580-04-05
SCRANTON, PA          18507

CARILLON MIAMI BEACH HOLDING LLC
C/O WSG DEVELPMENT COMPANY
PO BOX 403061
MIAMI BEACH FL   33140

DATE: 07/05/07
DIRECT INQUIRIES TO:
800.729.9473 OPTION 2
ACCOUNT:

---

THE FOLLOWING WIRE HAS CREDITED TODAY:                    USD AMOUNT $350,000.00

| | |
|---|---|
| TRANSACTION REF: | 2007070500223811 |
| SENDER'S REF: | 1687315 |
| ORIGINATOR: | CAPITOL INVESTMENTS USA INC      ID:              6842 |
| INSTRUCTING BANK: | BANK OF AMERICA NA – CPA         ID: CPAX |

PAYMENT DETAIL:     PRINCIPAL PAYMENT BALANCE $200K

WSG00195

cuy(30)

# Bank of America

PAGE 1 OF 1
BANK OF AMERICA, N.A.
WIRE TRANSFER ADVICE
1 FLEET WAY          PA6-580-04-05
SCRANTON, PA          18507

CARILLON MIAMI BEACH HOLDING LLC
C/O HSG DEVELPMENT COMPANY
PO BOX 403061
MIAMI BEACH FL   33140

DATE: 07/09/07
DIRECT INQUIRIES TO:
800.729.8637 OPTION 3
ACCOUNT:

---

THE FOLLOWING WIRE WAS CREDITED TODAY:                    USD AMOUNT $150,000.00    21.6.

| | |
|---|---|
| TRANSACTION REF: | 2007070900191741 |
| SENDER'S REF: | 1702464 |
| ORIGINATOR: | CAPITOL INVESTMENTS USA INC          ID:          5842 |
| INSTRUCTING BANK: | BANK OF AMERICA NA - CPA          ID: CPAX |
| PAYMENT DETAIL: | PRINCIPAL PAYMENT BALANCE $50K |

**Bank of America** 

BANK OF AMERICA, N.A.
WIRE TRANSFER ADVICE
1 FLEET WAY          PA6-580-04-05
SCRANTON, PA          18507

CARILLON MIAMI BEACH HOLDING LLC
C/O WSG DEVELPMENT COMPANY
PO BOX 403061
MIAMI BEACH FL   33140

DATE: 07/23/07
DIRECT INQUIRIES TO:
800.729.9473 OPTION 2
ACCOUNT:

---

THE FOLLOWING WIRE WAS CREDITED TODAY:                    USD AMOUNT $50,000.00

| | |
|---|---|
| TRANSACTION REF: | 2007072300165516 |
| SENDER'S REF: | 1794736 |
| ORIGINATOR: | CAPITOL INVESTMENTS USA INC     ID: (      3842 |
| INSTRUCTING BANK: | BANK OF AMERICA NA - CPA        ID: CPAX |
| PAYMENT DETAIL: | $2M TEMP. LOAN DUE 06.19.07 BALANCE$0K |

---

WSG00197

## PROMISSORY NOTE

$ 1,200,000.00

November 8th, 2007

**FOR VALUE RECEIVED**, the undersigned, **OCEAN ROCK ENTERPRISES, INC.** ("Maker") promises to pay without setoff, deduction or counter-claim of any kind or nature to the order of **CARILLON MIAMI BEACH HOLDING LLC**, its successors or assigns ("Lender"), the principal sum of **One Million Two Hundred Thousand Dollars and No/100 Cents ($1,200,000.00)**, together with interest on all amounts of principal which shall from time to time remain outstanding from **November 8th, 2007** at a fixed fee amount. The said principal and interest shall be payable in lawful money of the United States of America in accordance with the following terms and conditions:

1.  <u>Payment of Interest and Principal</u>. The principal amount of **One Million Two Hundred Thousand Dollars and No/100 Cents ($1,200,000.00)** shall be due on or before **December 4th, 2007** (the "<u>Maturity Date</u>"). Time shall be of the essence. All payments required by Maker under this Note shall be made by wire transfer into Lender's designated accounts or such other place as the Lender may from time to time designate in writing.

2.  <u>Prepayment</u>. This Note may be prepaid in whole or in part without penalty or charge, provided, however, that any partial prepayment shall be in increments of Fifty Thousand Dollars and No/100 Cents ($50,000.00).

3.  <u>Florida Excise Tax on Documents</u>. Maker shall be solely responsible for payment of any and all documentary stamps and other taxes applicable to the full-face amount of this Note.

4.  <u>Default</u>. Each of the following shall be an event of default hereunder, and this Note shall be in default, if:

    (a)     any payment or other sum due under this Note is not paid in full when due; or

    (b)     default be made in the performance of or compliance with any other promise or obligation due by Maker to Lender under this Note or any other promissory note, security instrument or other agreement of any kind now existing or hereafter created; or

    (c)     default be made in the performance of or compliance with any of the covenants and conditions or any guaranty or security instrument now or hereafter in effect securing payment of this Note; or

    (d)     the Corporation is voluntarily or involuntarily dissolved or otherwise fails to remain in good standing under the laws of the State of Florida and each jurisdiction where the Corporation is required to be qualified to do business; or

    (e)     death of any individual Maker; or

    (f)     the Maker, or any one of them, is voluntarily adjudicated bankrupt or insolvent, seeks or consents to the appointment of a receiver or trustee for itself, if applicable, or for all or a material portion of its property, files a petition seeking relief, including, reorganization, if applicable, arrangement or similar relief, under the present Bankruptcy Code or other similar present or future applicable laws of the United States or any state or any other competent jurisdiction, makes a general assignment for the benefit of creditors or admits in writing inability to pay debts as they mature; or

**EXHIBIT**

**Comp. K**

WSG00126

(g)     a receiver or trustee is appointed for the Maker, or any one of them, for all or any part of Maker's property and such appointment is not vacated within sixty (60) days, or if a petition is filed against the Maker seeking relief, including reorganization, arrangement or similar relief under the present Bankruptcy Code or other similar present or future applicable laws in the United States or any state or other competent jurisdiction, and such petition is not dismissed within sixty (60) days after the filing thereof; or

(h)     the Maker, or any one of them, voluntarily or involuntarily liquidates after the date hereof or sells, transfers, exchanges or otherwise disposes of all or any substantial portion, of its assets in one or any series of transactions (whether related or unrelated); or if the Corporation merges, consolidates or otherwise combines with or into any other entity; or

5.     Acceleration Upon Default.  Upon the occurrence of any event of default under this Note which is not cured within five (5) calendar days from written notice of such default from the Lender to the Maker, the entire principal outstanding under this Note, together with all accrued by unpaid interest thereon, shall, at the option of the Lender, become and be immediately due, payable and collectible at once, time being of the essence of this Note.  The Maker agrees to pay all costs of collection, legal expenses, and reasonable attorneys' fees, which may be incurred in connection with the collection of this Note.  If default is not cured within five (5) calendar days from such written notice, all outstanding principal due under this Note shall bear interest from the date of occurrence of such default until paid at the highest rate permissible under applicable law.

6.     Usury Savings Clause.  Nothing herein contained, nor in any instrument or transaction relating hereto, shall be construed or so operate as to require the Maker, or any person liable for the payment of this Note, to pay interest in an amount or at a rate greater than the highest rate permissible applicable law.  Should any interest or other charges paid by the Maker, or any parties liable for the payment of the loan made pursuant to this Note, result in the computation or earning of interest in excess of the highest rate permissible under applicable law, any and all such excess shall be and the same is hereby waived by Lender, Lender shall make whichever adjustment in the Note is necessary to ensure that Maker will not be required to pay further interest in excess of the highest rate permissible under applicable law, and all such excess shall be automatically credited against and in reduction of the outstanding principal balance, and any portion of such excess which exceeds the outstanding principal balance shall be paid by Lender to Maker and any parties liable for the payment of this Note, it being the intent of the Lender and Maker that under no circumstances shall the Maker, or any parties liable for the payment of the loan hereunder, be required to pay interest in excess of the highest rate permissible under applicable law.

7.     Waiver of Notice by Maker.  As to this Note, and any other documents or instruments now or hereafter securing the indebtedness, the Maker jointly and severally waives all applicable exemption rights, whether under the state Constitution, Homestead laws or otherwise, and also severally waive, except as provided in Section 6 of this Note, valuation and appraisement, presentment for payment, protest, notice of protest, dishonor and nonpayment of this Note, and expressly agree that any payment hereunder may be extended from time without in any way affecting the liability of the Maker.

8.     Non-Waiver of Rights by Lender.  Any delay by the Lender in exercising any right or remedy shall not constitute a waiver thereof.  No waiver by the Lender of any default hereunder shall be deemed to constitute a waiver of any subsequent default.  No exercise of any right or remedy hereunder shall preclude the exercise of any other right or remedy which the Lender may have in law or in equity to enforce the provisions of this Note or the collection thereof.  Any waiver of any provision hereof shall be in writing and shall be effective only in the specific instance and for the specific purpose for which given.

WSG00127

9.     _Attorneys' Fees._  In the event that suit be brought hereon, or an attorney be employed or expenses be incurred to compel payment of this Note or any portion of the indebtedness evidenced hereby, or to in any way represent Lender in reference to any of its rights hereunder or under any other instrument or agreement now or hereafter in effect securing payment of this Note, Maker promises to pay all such expenses of investigation, attorneys' fees, and costs all as are reasonably incurred by Lender as a result thereof and including, without limitation, expenses of investigation, attorneys' fees, and costs incurred in appellate proceeding or in any action or participation in, or in connection with, any case or proceeding under Title 11 U.S.C. Chapters 7, 11, or 13 of the Bankruptcy Code or any successor thereto, and expenses of investigation, attorneys' fees, and costs incurred as a result of Lender exercising its right to cure any event of default by Maker under this Note, the Second Mortgage, or any other instrument of agreement now or hereafter in effect securing payment of this Note.

10.     _Governing Law and Venue._  This Note and any documents delivered pursuant hereto shall be governed by and construed in all respects, including validity, interpretation, effect, and enforcement, in accordance with the laws of the State of Florida without regard to conflict of law principles thereof.  The Maker, and each of them irrevocably submit to the jurisdiction of the Circuit Court of the State of Florida, Miami-Dade County, in any action or proceeding arising out of or relating to this Note, or any documents delivered pursuant hereto, and the Maker, and each of them, irrevocably agree that all claims in respect of any such action or proceeding must be brought and/or defended in such court; provided, however, that matters which are under the exclusive jurisdiction of the Federal courts shall be brought in the Federal District Court for the Southern District of Florida.  The Maker, and each of them, consent to service of process by any means authorized by the applicable law of the forum in any action brought under or arising out of this Note or any documents delivered pursuant hereto.  The Maker, and each of them, irrevocably waive, to the fullest extent each may effectively do so, the defense of an inconvenient forum to the maintenance of such action or proceeding in any such court.  THE MAKER, AND EACH OF THEM, HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVE, TO THE FULLEST EXTENT THEY MAY LEGALLY AND EFFECTIVELY DO SO, TRIAL BY JURY IN ANY SUIT, ACTION OR PROCEEDING ARISING HEREUNDER.

11.     _Notice._  Any notice, demand, request, instruction, correspondence or other document to be given hereunder shall be in writing and delivered personally or mailed by registered or certified mail, postage prepaid and return receipt requested, or by facsimile, as follows:

If to Maker:          4045 SHERIDAN AVENUE
                      PMB # 373
                      MIAMI BEACH FL 33140
                      Phone: (305) 673-4606
                      Fax:    (305) 673-4607

If to Lender:         _____

                      _____

                      _____

Each of the above addresses for notice purposes may be changed by providing appropriate notice hereunder.  Notice shall be effective upon receipt evidenced by the applicable delivery receipt, written affidavit of the deliverer, or facsimile confirmation.

WSG00128

12. __Miscellaneous__. This Note may not be changed or terminated without the prior written consent of Lender, which may be withheld for any reason in its sole and absolute discretion. The Maker, and each of them, acknowledge and agree that their obligations under this Note are supported by due and lawful consideration and that they have carefully read this Note and know and understand its contents. The Makers, and each of them sign this Note voluntarily, intending to be bound by its terms. This Note may be executed in several counterparts or with counterpart signature pages, each of which shall be deemed an original, but such counterparts shall together constitute but one and the same Note. Delivery by facsimile of an executed signature page to this Note shall be effective as delivery of a manually signed original or counterpart.

**IN WITNESS WHEREOF**, the undersigned have executed and delivered this Note effective as of 8th day of **November, 2007**.

Maker:

**OCEAN ROCK ENTERPRISES, INC.**

BY: _____ ( President )
4045 SHERIDAN AVENUE
PMB # 373
MIAMI BEACH FL 33140

Maker:

NEVIN K. SHAPIRO

BY: _____
Nevin Shapiro, Individual
400 41st Street, #506
Miami Beach, Florida 33140

Lender:

_____
CARILLON MIAMI BEACH HOLDING LLC
Address:   400 41st Street
2nd Floor
Miami Beach, FL 33140

WSG00129

# PROMISSORY NOTE

**$ 2,000,000.00**

**November 8th, 2007**

**FOR VALUE RECEIVED,** the undersigned, **OCEAN ROCK ENTERPRISES, INC.** ("Maker") promises to pay without setoff, deduction or counter-claim of any kind or nature to the order of **WSG DEVELOPMENT COMPANY**, its successors or assigns ("Lender"), the principal sum of **Two Million Dollars and No/100 Cents ($2,000,000.00)**, together with interest on all amounts of principal which shall from time to time remain outstanding from **November 8th, 2007** at a fixed fee amount. The said principal and interest shall be payable in lawful money of the United States of America in accordance with the following terms and conditions:

1. Payment of Interest and Principal. The principal amount of **Two Million Dollars and No/100 Cents ($2,000,000.00)** shall be due on or before **December 5th, 2007** (the "Maturity Date"). Time shall be of the essence. All payments required by Maker under this Note shall be made by wire transfer into Lender's designated accounts or such other place as the Lender may from time to time designate in writing.

2. Prepayment. This Note may be prepaid in whole or in part without penalty or charge, provided, however, that any partial prepayment shall be in increments of Fifty Thousand Dollars and No/100 Cents ($50,000.00).

3. Florida Excise Tax on Documents. Maker shall be solely responsible for payment of any and all documentary stamps and other taxes applicable to the full-face amount of this Note.

4. Default. Each of the following shall be an event of default hereunder, and this Note shall be in default, if:

   (a) any payment or other sum due under this Note is not paid in full when due; or

   (b) default be made in the performance of or compliance with any other promise or obligation due by Maker to Lender under this Note or any other promissory note, security instrument or other agreement of any kind now existing or hereafter created; or

   (c) default be made in the performance of or compliance with any of the covenants and conditions or any guaranty or security instrument now or hereafter in effect securing payment of this Note; or

   (d) the Corporation is voluntarily or involuntarily dissolved or otherwise fails to remain in good standing under the laws of the State of Florida and each jurisdiction where the Corporation is required to be qualified to do business; or

   (e) death of any individual Maker; or

   (f) the Maker, or any one of them, is voluntarily adjudicated bankrupt or insolvent, seeks or consents to the appointment of a receiver or trustee for itself, if applicable, or for all or a material portion of its property, files a petition seeking relief, including, reorganization, if applicable, arrangement or similar relief, under the present Bankruptcy Code or other similar present or future applicable laws of the United States or any state or any other competent jurisdiction, makes a general assignment for the benefit of creditors or admits in writing inability to pay debts as they mature; or

   (g) a receiver or trustee is appointed for the Maker, or any one of them, for all or any part of Maker's property and such appointment is not vacated within sixty (60) days, or if a petition is filed

WSG00119

against the Maker seeking relief, including reorganization, arrangement or similar relief under the present Bankruptcy Code or other similar present or future applicable laws in the United States or any state or other competent jurisdiction, and such petition is not dismissed within sixty (60) days after the filing thereof; or

(h)     the Maker, or any one of them, voluntarily or involuntarily liquidates after the date hereof or sells, transfers, exchanges or otherwise disposes of all or any substantial portion, of its assets in one or any series of transactions (whether related or unrelated); or if the Corporation merges, consolidates or otherwise combines with or into any other entity; or

5.     <u>Acceleration Upon Default</u>.  Upon the occurrence of any event of default under this Note which is not cured within five (5) calendar days from written notice of such default from the Lender to the Maker, the entire principal outstanding under this Note, together with all accrued by unpaid interest thereon, shall, at the option of the Lender, become and be immediately due, payable and collectible at once, time being of the essence of this Note.  The Maker agrees to pay all costs of collection, legal expenses, and reasonable attorneys' fees, which may be incurred in connection with the collection of this Note.  If default is not cured within five (5) calendar days from such written notice, all outstanding principal due under this Note shall bear interest from the date of occurrence of such default until paid at the highest rate permissible under applicable law.

6.     <u>Usury Savings Clause</u>.  Nothing herein contained, nor in any instrument or transaction relating hereto, shall be construed or so operate as to require the Maker, or any person liable for the payment of this Note, to pay interest in an amount or at a rate greater than the highest rate permissible applicable law.  Should any interest or other charges paid by the Maker, or any parties liable for the payment of the loan made pursuant to this Note, result in the computation or earning of interest in excess of the highest rate permissible under applicable law, any and all such excess shall be and the same is hereby waived by Lender, Lender shall make whichever adjustment in the Note is necessary to ensure that Maker will not be required to pay further interest in excess of the highest rate permissible under applicable law, and all such excess shall be automatically credited against and in reduction of the outstanding principal balance, and any portion of such excess which exceeds the outstanding principal balance shall be paid by Lender to Maker and any parties liable for the payment of this Note, it being the intent of the Lender and Maker that under no circumstances shall the Maker, or any parties liable for the payment of the loan hereunder, be required to pay interest in excess of the highest rate permissible under applicable law.

7.     <u>Waiver of Notice by Maker</u>.  As to this Note, and any other documents or instruments now or hereafter securing the indebtedness, the Maker jointly and severally waives all applicable exemption rights, whether under the state Constitution, Homestead laws or otherwise, and also severally waive, except as provided in Section 6 of this Note, valuation and appraisement, presentment for payment, protest, notice of protest, dishonor and nonpayment of this Note, and expressly agree that any payment hereunder may be extended from time without in any way affecting the liability of the Maker.

8.     <u>Non-Waiver of Rights by Lender</u>.  Any delay by the Lender in exercising any right or remedy shall not constitute a waiver thereof.  No waiver by the Lender of any default hereunder shall be deemed to constitute a waiver of any subsequent default.  No exercise of any right or remedy hereunder shall preclude the exercise of any other right or remedy which the Lender may have in law or in equity to enforce the provisions of this Note or the collection thereof.  Any waiver of any provision hereof shall be in writing and shall be effective only in the specific instance and for the specific purpose for which given.

9.     <u>Attorneys' Fees</u>.  In the event that suit be brought hereon, or an attorney be employed or expenses be incurred to compel payment of this Note or any portion of the indebtedness evidenced hereby, or

WSG00120

to in any way represent Lender in reference to any of its rights hereunder or under any other instrument or agreement now or hereafter in effect securing payment of this Note, Maker promises to pay all such expenses of investigation, attorneys' fees, and costs all as are reasonably incurred by Lender as a result thereof and including, without limitation, expenses of investigation, attorneys' fees, and costs incurred in appellate proceeding or in any action or participation in, or in connection with, any case or proceeding under Title 11 U.S.C. Chapters 7, 11, or 13 of the Bankruptcy Code or any successor thereto, and expenses of investigation, attorneys' fees, and costs incurred as a result of Lender exercising its right to cure any event of default by Maker under this Note, the Second Mortgage, or any other instrument of agreement now or hereafter in effect securing payment of this Note.

10.  _Governing Law and Venue_.  This Note and any documents delivered pursuant hereto shall be governed by and construed in all respects, including validity, interpretation, effect, and enforcement, in accordance with the laws of the State of Florida without regard to conflict of law principles thereof.  The Maker, and each of them irrevocably submit to the jurisdiction of the Circuit Court of the State of Florida, Miami-Dade County, in any action or proceeding arising out of or relating to this Note, or any documents delivered pursuant hereto, and the Maker, and each of them, irrevocably agree that all claims in respect of any such action or proceeding must be brought and/or defended in such court; provided, however, that matters which are under the exclusive jurisdiction of the Federal courts shall be brought in the Federal District Court for the Southern District of Florida. The Maker, and each of them, consent to service of process by any means authorized by the applicable law of the forum in any action brought under or arising out of this Note or any documents delivered pursuant hereto.  The Maker, and each of them, irrevocably waive, to the fullest extent each may effectively do so, the defense of an inconvenient forum to the maintenance of such action or proceeding in any such court. THE MAKER, AND EACH OF THEM, HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVE, TO THE FULLEST EXTENT THEY MAY LEGALLY AND EFFECTIVELY DO SO, TRIAL BY JURY IN ANY SUIT, ACTION OR PROCEEDING ARISING HEREUNDER.

11.  _Notice_.  Any notice, demand, request, instruction, correspondence or other document to be given hereunder shall be in writing and delivered personally or mailed by registered or certified mail, postage prepaid and return receipt requested, or by facsimile, as follows:

If to Maker:          4045 SHERIDAN AVENUE
                      PMB # 373
                      MIAMI BEACH FL 33140
                      Phone: (305) 673-4606
                      Fax:     (305) 673-4607

If to Lender:         _____

                      _____

                      _____

Each of the above addresses for notice purposes may be changed by providing appropriate notice hereunder. Notice shall be effective upon receipt evidenced by the applicable delivery receipt, written affidavit of the deliverer, or facsimile confirmation.

12.  _Miscellaneous_.  This Note may not be changed or terminated without the prior written consent of Lender, which may be withheld for any reason in its sole and absolute discretion.  The Maker, and each of

523911v1                    Page III of IV

**WSG00121**

them, acknowledge and agree that their obligations under this Note are supported by due and lawful consideration and that they have carefully read this Note and know and understand its contents. The Makers, and each of them sign this Note voluntarily, intending to be bound by its terms. This Note may be executed in several counterparts or with counterpart signature pages, each of which shall be deemed an original, but such counterparts shall together constitute but one and the same Note. Delivery by facsimile of an executed signature page to this Note shall be effective as delivery of a manually signed original or counterpart.

**IN WITNESS WHEREOF**, the undersigned have executed and delivered this Note effective as of 8th day of **November, 2007**.

Maker:

**OCEAN ROCK ENTERPRISES, INC.**

BY: _____ President)

4045 SHERIDAN AVENUE
PMB # 373
MIAMI BEACH FL 33140

Maker:

NEVIN R. SHAPIRO

BY: _____

Nevin Shapiro, Individual
400 41st Street, #506
Miami Beach, Florida 33140

Lender:

_____

WSG DEVELOPMENT COMPANY
Address:  PO Box 403061
          Miami Beach, FL 33140

WSG00122

# PROMISSORY NOTE

**$ 800,000.00**

**November 9th, 2007**

**FOR VALUE RECEIVED,** the undersigned, **NEVIN K. SHAPIRO dba NKS FINANCIAL SYSTEMS** ("Maker") promises to pay without setoff, deduction or counter-claim of any kind or nature to the order of **ERIC D. SHEPPARD**, a Florida Resident, its successors or assigns ("Lender"), the principal sum of **Eight Hundred Thousand Dollars and No/100 Cents ($800,000.00)**, together with interest on all amounts of principal which shall from time to time remain outstanding from **November 9th, 2007** at a fixed fee amount. The said principal and interest shall be payable in lawful money of the United States of America in accordance with the following terms and conditions:

1.  <u>Payment of Interest and Principal</u>. The principal amount of **Eight Hundred Thousand Dollars and No/100 Cents ($800,000.00)** shall be due on or before **November 20th, 2007** (the "<u>Maturity Date</u>"). Time shall be of the essence. All payments required by Maker under this Note shall be made by wire transfer into Lender's designated accounts or such other place as the Lender may from time to time designate in writing.

2.  <u>Prepayment</u>. This Note may be prepaid in whole or in part without penalty or charge, provided, however, that any partial prepayment shall be in increments of Fifty Thousand Dollars and No/100 Cents ($50,000.00).

3.  <u>Florida Excise Tax on Documents</u>. Maker shall be solely responsible for payment of any and all documentary stamps and other taxes applicable to the full-face amount of this Note.

4.  <u>Default</u>. Each of the following shall be an event of default hereunder, and this Note shall be in default, if:

    (a)     any payment or other sum due under this Note is not paid in full when due; or

    (b)     default be made in the performance of or compliance with any other promise or obligation due by Maker to Lender under this Note or any other promissory note, security instrument or other agreement of any kind now existing or hereafter created; or

    (c)     default be made in the performance of or compliance with any of the covenants and conditions or any guaranty or security instrument now or hereafter in effect securing payment of this Note; or

    (d)     the Corporation is voluntarily or involuntarily dissolved or otherwise fails to remain in good standing under the laws of the State of Florida and each jurisdiction where the Corporation is required to be qualified to do business; or

    (e)     death of any individual Maker; or

    (f)     the Maker, or any one of them, is voluntarily adjudicated bankrupt or insolvent, seeks or consents to the appointment of a receiver or trustee for itself, if applicable, or for all or a material portion of its property, files a petition seeking relief, including, reorganization, if applicable, arrangement or similar relief, under the present Bankruptcy Code or other similar present or future applicable laws of the United States or any state or any other competent jurisdiction, makes a general assignment for the benefit of creditors or admits in writing inability to pay debts as they mature; or

**WSG00113**

(g)     a receiver or trustee is appointed for the Maker, or any one of them, for all or any part of Maker's property and such appointment is not vacated within sixty (60) days, or if a petition is filed against the Maker seeking relief, including reorganization, arrangement or similar relief under the present Bankruptcy Code or other similar present or future applicable laws in the United States or any state or other competent jurisdiction, and such petition is not dismissed within sixty (60) days after the filing thereof; or

(h)     the Maker, or any one of them, voluntarily or involuntarily liquidates after the date hereof or sells, transfers, exchanges or otherwise disposes of all or any substantial portion, of its assets in one or any series of transactions (whether related or unrelated); or if the Corporation merges, consolidates or otherwise combines with or into any other entity; or

5.      Acceleration Upon Default.  Upon the occurrence of any event of default under this Note which is not cured within five (5) calendar days from written notice of such default from the Lender to the Maker, the entire principal outstanding under this Note, together with all accrued by unpaid interest thereon, shall, at the option of the Lender, become and be immediately due, payable and collectible at once, time being of the essence of this Note.  The Maker agrees to pay all costs of collection, legal expenses, and reasonable attorneys' fees, which may be incurred in connection with the collection of this Note.  If default is not cured within five (5) calendar days from such written notice, all outstanding principal due under this Note shall bear interest from the date of occurrence of such default until paid at the highest rate permissible under applicable law.

6.      Usury Savings Clause.  Nothing herein contained, nor in any instrument or transaction relating hereto, shall be construed or so operate as to require the Maker, or any person liable for the payment of this Note, to pay interest in an amount or at a rate greater than the highest rate permissible applicable law.  Should any interest or other charges paid by the Maker, or any parties liable for the payment of the loan made pursuant to this Note, result in the computation or earning of interest in excess of the highest rate permissible under applicable law, any and all such excess shall be and the same is hereby waived by Lender, Lender shall make whichever adjustment in the Note is necessary to ensure that Maker will not be required to pay further interest in excess of the highest rate permissible under applicable law, and all such excess shall be automatically credited against and in reduction of the outstanding principal balance, and any portion of such excess which exceeds the outstanding principal balance shall be paid by Lender to Maker and any parties liable for the payment of this Note, it being the intent of the Lender and Maker that under no circumstances shall the Maker, or any parties liable for the payment of the loan hereunder, be required to pay interest in excess of the highest rate permissible under applicable law.

7.      Waiver of Notice by Maker.  As to this Note, and any other documents or instruments now or hereafter securing the indebtedness, the Maker jointly and severally waives all applicable exemption rights, whether under the state Constitution, Homestead laws or otherwise, and also severally waive, except as provided in Section 6 of this Note, valuation and appraisement, presentment for payment, protest, notice of protest, dishonor and nonpayment of this Note, and expressly agree that any payment hereunder may be extended from time without in any way affecting the liability of the Maker.

8.      Non-Waiver of Rights by Lender.  Any delay by the Lender in exercising any right or remedy shall not constitute a waiver thereof.  No waiver by the Lender of any default hereunder shall be deemed to constitute a waiver of any subsequent default.  No exercise of any right or remedy hereunder shall preclude the exercise of any other right or remedy which the Lender may have in law or in equity to enforce the provisions of this Note or the collection thereof.  Any waiver of any provision hereof shall be in writing and shall be effective only in the specific instance and for the specific purpose for which given.

WSG00114

9.   Attorneys' Fees.  In the event that suit be brought hereon, or an attorney be employed or expenses be incurred to compel payment of this Note or any portion of the indebtedness evidenced hereby, or to in any way represent Lender in reference to any of its rights hereunder or under any other instrument or agreement now or hereafter in effect securing payment of this Note, Maker promises to pay all such expenses of investigation, attorneys' fees, and costs all as are reasonably incurred by Lender as a result thereof and including, without limitation, expenses of investigation, attorneys' fees, and costs incurred in appellate proceeding or in any action or participation in, or in connection with, any case or proceeding under Title 11 U.S.C. Chapters 7, 11, or 13 of the Bankruptcy Code or any successor thereto, and expenses of investigation, attorneys' fees, and costs incurred as a result of Lender exercising its right to cure any event of default by Maker under this Note, the Second Mortgage, or any other instrument of agreement now or hereafter in effect securing payment of this Note.

10.   Governing Law and Venue.  This Note and any documents delivered pursuant hereto shall be governed by and construed in all respects, including validity, interpretation, effect, and enforcement, in accordance with the laws of the State of Florida without regard to conflict of law principles thereof.  The Maker, and each of them irrevocably submit to the jurisdiction of the Circuit Court of the State of Florida, Miami-Dade County, in any action or proceeding arising out of or relating to this Note, or any documents delivered pursuant hereto, and the Maker, and each of them, irrevocably agree that all claims in respect of any such action or proceeding must be brought and/or defended in such court; provided, however, that matters which are under the exclusive jurisdiction of the Federal courts shall be brought in the Federal District Court for the Southern District of Florida.  The Maker, and each of them, consent to service of process by any means authorized by the applicable law of the forum in any action brought under or arising out of this Note or any documents delivered pursuant hereto.  The Maker, and each of them, irrevocably waive, to the fullest extent each may effectively do so, the defense of an inconvenient forum to the maintenance of such action or proceeding in any such court. THE MAKER, AND EACH OF THEM, HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVE, TO THE FULLEST EXTENT THEY MAY LEGALLY AND EFFECTIVELY DO SO, TRIAL BY JURY IN ANY SUIT, ACTION OR PROCEEDING ARISING HEREUNDER.

11.   Notice.  Any notice, demand, request, instruction, correspondence or other document to be given hereunder shall be in writing and delivered personally or mailed by registered or certified mail, postage prepaid and return receipt requested, or by facsimile, as follows:

If to Maker:          400 41st STREET #506
                      MIAMI BEACH FL 33140
                      Phone: (305) 673-4606
                      Fax:   (305) 673-4607

If to Lender:         _____

                      _____

                      _____

Each of the above addresses for notice purposes may be changed by providing appropriate notice hereunder. Notice shall be effective upon receipt evidenced by the applicable delivery receipt, written affidavit of the deliverer, or facsimile confirmation.

WSG00115

12. <u>Miscellaneous</u>. This Note may not be changed or terminated without the prior written consent of Lender, which may be withheld for any reason in its sole and absolute discretion. The Maker, and each of them, acknowledge and agree that their obligations under this Note are supported by due and lawful consideration and that they have carefully read this Note and know and understand its contents. The Makers, and each of them sign this Note voluntarily, intending to be bound by its terms. This Note may be executed in several counterparts or with counterpart signature pages, each of which shall be deemed an original, but such counterparts shall together constitute but one and the same Note. Delivery by facsimile of an executed signature page to this Note shall be effective as delivery of a manually signed original or counterpart.

**IN WITNESS WHEREOF**, the undersigned have executed and delivered this Note effective as of 9th day of **November, 2007**.

Maker:

NEVIN K. SHAPIRO dba NKS FINANCIAL SYSTEMS

BY:

Nevin Shapiro, Individual
400 41st Street, #506
Miami Beach, Florida 33140

Lender:

Eric D. Sheppard, Individual
Address:   400 41st Street
2nd Floor
Miami Beach, FL 33140

WSG00116

# PROMISSORY NOTE

$ 2,200,000.00                                                          November 28th, 2007

**FOR VALUE RECEIVED**, the undersigned, **Capitol Investments USA, Inc.** ("Maker") promises to pay without setoff, deduction or counter-claim of any kind or nature to the order of **CARILLON MIAMI BEACH HOLDING LLC**, its successors or assigns ("Lender"), the principal sum of **Two Million Two Hundred Thousand Dollars and No/100 Cents ($2,200,000.00)**, together with interest on all amounts of principal which shall from time to time remain outstanding from **November 28th, 2007** at a fixed fee amount. The said principal and interest shall be payable in lawful money of the United States of America in accordance with the following terms and conditions:

1.    Payment of Interest and Principal. The principal amount of **Two Million Two Hundred Thousand Dollars and No/100 Cents ($2,200,000.00)** shall be due on or before **November 30th, 2007** (the "Maturity Date"). Time shall be of the essence. All payments required by Maker under this Note shall be made by wire transfer into Lender's designated accounts or such other place as the Lender may from time to time designate in writing.

2.    Prepayment. This Note may be prepaid in whole or in part without penalty or charge, provided, however, that any partial prepayment shall be in increments of Fifty Thousand Dollars and No/100 Cents ($50,000.00).

3.    Florida Excise Tax on Documents. Maker shall be solely responsible for payment of any and all documentary stamps and other taxes applicable to the full-face amount of this Note.

4.    Default. Each of the following shall be an event of default hereunder, and this Note shall be in default, if:

    (a)    any payment or other sum due under this Note is not paid in full when due; or

    (b)    default be made in the performance of or compliance with any other promise or obligation due by Maker to Lender under this Note or any other promissory note, security instrument or other agreement of any kind now existing or hereafter created; or

    (c)    default be made in the performance of or compliance with any of the covenants and conditions or any guaranty or security instrument now or hereafter in effect securing payment of this Note; or

    (d)    the Corporation is voluntarily or involuntarily dissolved or otherwise fails to remain in good standing under the laws of the State of Florida and each jurisdiction where the Corporation is required to be qualified to do business; or

    (e)    death of any individual Maker; or

    (f)    the Maker, or any one of them, is voluntarily adjudicated bankrupt or insolvent, seeks or consents to the appointment of a receiver or trustee for itself, if applicable, or for all or a material portion of its property, files a petition seeking relief, including, reorganization, if applicable, arrangement or similar relief, under the present Bankruptcy Code or other similar present or future applicable laws of the United States or any state or any other competent jurisdiction, makes a general assignment for the benefit of creditors or admits in writing inability to pay debts as they mature; or

WSG00107

(g)    a receiver or trustee is appointed for the Maker, or any one of them, for all or any part of Maker's property and such appointment is not vacated within sixty (60) days, or if a petition is filed against the Maker seeking relief, including reorganization, arrangement or similar relief under the present Bankruptcy Code or other similar present or future applicable laws in the United States or any state or other competent jurisdiction, and such petition is not dismissed within sixty (60) days after the filing thereof; or

(h)    the Maker, or any one of them, voluntarily or involuntarily liquidates after the date hereof or sells, transfers, exchanges or otherwise disposes of all or any substantial portion, of its assets in one or any series of transactions (whether related or unrelated); or if the Corporation merges, consolidates or otherwise combines with or into any other entity; or

5.    <u>Acceleration Upon Default</u>.  Upon the occurrence of any event of default under this Note which is not cured within five (5) calendar days from written notice of such default from the Lender to the Maker, the entire principal outstanding under this Note, together with all accrued by unpaid interest thereon, shall, at the option of the Lender, become and be immediately due, payable and collectible at once, time being of the essence of this Note.  The Maker agrees to pay all costs of collection, legal expenses, and reasonable attorneys' fees, which may be incurred in connection with the collection of this Note.  If default is not cured within five (5) calendar days from such written notice, all outstanding principal due under this Note shall bear interest from the date of occurrence of such default until paid at the highest rate permissible under applicable law.

6.    <u>Usury Savings Clause</u>.  Nothing herein contained, nor in any instrument or transaction relating hereto, shall be construed or so operate as to require the Maker, or any person liable for the payment of this Note, to pay interest in an amount or at a rate greater than the highest rate permissible applicable law.  Should any interest or other charges paid by the Maker, or any parties liable for the payment of the loan made pursuant to this Note, result in the computation or earning of interest in excess of the highest rate permissible under applicable law, any and all such excess shall be and the same is hereby waived by Lender, Lender shall make whichever adjustment in the Note is necessary to ensure that Maker will not be required to pay further interest in excess of the highest rate permissible under applicable law, and all such excess shall be automatically credited against and in reduction of the outstanding principal balance, and any portion of such excess which exceeds the outstanding principal balance shall be paid by Lender to Maker and any parties liable for the payment of this Note, it being the intent of the Lender and Maker that under no circumstances shall the Maker, or any parties liable for the payment of the loan hereunder, be required to pay interest in excess of the highest rate permissible under applicable law.

7.    <u>Waiver of Notice by Maker</u>.  As to this Note, and any other documents or instruments now or hereafter securing the indebtedness, the Maker jointly and severally waives all applicable exemption rights, whether under the state Constitution, Homestead laws or otherwise, and also severally waive, except as provided in Section 6 of this Note, valuation and appraisement, presentment for payment, protest, notice of protest, dishonor and nonpayment of this Note, and expressly agree that any payment hereunder may be extended from time without in any way affecting the liability of the Maker.

8.    <u>Non-Waiver of Rights by Lender</u>.  Any delay by the Lender in exercising any right or remedy shall not constitute a waiver thereof.  No waiver by the Lender of any default hereunder shall be deemed to constitute a waiver of any subsequent default.  No exercise of any right or remedy hereunder shall preclude the exercise of any other right or remedy which the Lender may have in law or in equity to enforce the provisions of this Note or the collection thereof.  Any waiver of any provision hereof shall be in writing and shall be effective only in the specific instance and for the specific purpose for which given.

WSG00108

9. <u>Attorneys' Fees</u>. In the event that suit be brought hereon, or an attorney be employed or expenses be incurred to compel payment of this Note or any portion of the indebtedness evidenced hereby, or to in any way represent Lender in reference to any of its rights hereunder or under any other instrument or agreement now or hereafter in effect securing payment of this Note, Maker promises to pay all such expenses of investigation, attorneys' fees, and costs all as are reasonably incurred by Lender as a result thereof and including, without limitation, expenses of investigation, attorneys' fees, and costs incurred in appellate proceeding or in any action or participation in, or in connection with, any case or proceeding under Title 11 U.S.C. Chapters 7, 11, or 13 of the Bankruptcy Code or any successor thereto, and expenses of investigation, attorneys' fees, and costs incurred as a result of Lender exercising its right to cure any event of default by Maker under this Note, the Second Mortgage, or any other instrument of agreement now or hereafter in effect securing payment of this Note.

10. <u>Governing Law and Venue</u>. This Note and any documents delivered pursuant hereto shall be governed by and construed in all respects, including validity, interpretation, effect, and enforcement, in accordance with the laws of the State of Florida without regard to conflict of law principles thereof. The Maker, and each of them irrevocably submit to the jurisdiction of the Circuit Court of the State of Florida, Miami-Dade County, in any action or proceeding arising out of or relating to this Note, or any documents delivered pursuant hereto, and the Maker, and each of them, irrevocably agree that all claims in respect of any such action or proceeding must be brought and/or defended in such court; provided, however, that matters which are under the exclusive jurisdiction of the Federal courts shall be brought in the Federal District Court for the Southern District of Florida. The Maker, and each of them, consent to service of process by any means authorized by the applicable law of the forum in any action brought under or arising out of this Note or any documents delivered pursuant hereto. The Maker, and each of them, irrevocably waive, to the fullest extent each may effectively do so, the defense of an inconvenient forum to the maintenance of such action or proceeding in any such court. THE MAKER, AND EACH OF THEM, HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVE, TO THE FULLEST EXTENT THEY MAY LEGALLY AND EFFECTIVELY DO SO, TRIAL BY JURY IN ANY SUIT, ACTION OR PROCEEDING ARISING HEREUNDER.

11. <u>Notice</u>. Any notice, demand, request, instruction, correspondence or other document to be given hereunder shall be in writing and delivered personally or mailed by registered or certified mail, postage prepaid and return receipt requested, or by facsimile, as follows:

If to Maker:

400 41st Street, Suite 506
Miami Beach, Florida 33139
Phone: (305) 673-4606
Fax:    (305) 673-4607

If to Lender:

_____

_____

_____

Each of the above addresses for notice purposes may be changed by providing appropriate notice hereunder. Notice shall be effective upon receipt evidenced by the applicable delivery receipt, written affidavit of the deliverer, or facsimile confirmation.

WSG00109

12.  <u>Miscellaneous</u>.  This Note may not be changed or terminated without the prior written consent of Lender, which may be withheld for any reason in its sole and absolute discretion.  The Maker, and each of them, acknowledge and agree that their obligations under this Note are supported by due and lawful consideration and that they have carefully read this Note and know and understand its contents.  The Makers, and each of them sign this Note voluntarily, intending to be bound by its terms.  This Note may be executed in several counterparts or with counterpart signature pages, each of which shall be deemed an original, but such counterparts shall together constitute but one and the same Note.  Delivery by facsimile of an executed signature page to this Note shall be effective as delivery of a manually signed original or counterpart.

**IN WITNESS WHEREOF**, the undersigned have executed and delivered this Note effective as of **28**th day of **November, 2007**.

Maker:

CAPITOL INVESTMENTS USA, INC.

BY: _____ ( — President)
Nevin Shapiro, President
400 41st Street, #506
Miami Beach, Florida 33140

Maker:

NEVIN K. SHAPIRO

BY: _____
Nevin Shapiro, Individual
400 41st Street, #506
Miami Beach, Florida 33140

Lender:

_____

CARILLON MIAMI BEACH HOLDING LLC
Address:  400 41st Street
          2nd Floor
          Miami Beach, FL 33140

523911v1                Page IV of IV

**WSG00110**

# PROMISSORY NOTE

$ 1,300,000.00

December 14th, 2007

FOR VALUE RECEIVED, the undersigned, **Capital Investments USA, Inc.** ("Maker") promises to pay without setoff, deduction or counter-claim of any kind or nature to the order of **CARILLON MIAMI BEACH HOLDING LLC**, its successors or assigns ("Lender"), the principal sum of **One Million Three Hundred Thousand Dollars and No/100 Cents ($1,300,000.00),** together with interest on all amounts of principal which shall from time to time remain outstanding from December 13th, 2007 at a fixed fee amount. The said principal and interest shall be payable in lawful money of the United States of America in accordance with the following terms and conditions:

1.  Payment of Interest and Principal. The principal amount of **One Million Three Hundred Thousand Dollars and No/100 Cents ($1,300,000.00)** shall be due on or before **December 17th, 2007** (the "Maturity Date"). Time shall be of the essence. All payments required by Maker under this Note shall be made by wire transfer into Lender's designated accounts or such other place as the Lender may from time to time designate in writing.

2.  Prepayment. This Note may be prepaid in whole or in part without penalty or charge, provided, however, that any partial prepayment shall be in increments of Fifty Thousand Dollars and No/100 Cents ($50,000.00).

3.  Florida Excise Tax on Documents. Maker shall be solely responsible for payment of any and all documentary stamps and other taxes applicable to the full-face amount of this Note.

4.  Default. Each of the following shall be an event of default hereunder, and this Note shall be in default, if:

    (a)  any payment or other sum due under this Note is not paid in full when due; or

    (b)  default be made in the performance of or compliance with any other promise or obligation due by Maker to Lender under this Note or any other promissory note, security instrument or other agreement of any kind now existing or hereafter created; or

    (c)  default be made in the performance of or compliance with any of the covenants and conditions or any guaranty or security instrument now or hereafter in effect securing payment of this Note; or

    (d)  the Corporation is voluntarily or involuntarily dissolved or otherwise fails to remain in good standing under the laws of the State of Florida and each jurisdiction where the Corporation is required to be qualified to do business; or

    (e)  death of any individual Maker; or

    (f)  the Maker, or any one of them, is voluntarily adjudicated bankrupt or insolvent, seeks or consents to the appointment of a receiver or trustee for itself, if applicable, or for all or a material portion of its property, files a petition seeking relief, including, reorganization, if applicable, arrangement or similar relief, under the present Bankruptcy Code or other similar present or future applicable laws of the United States or any state or any other competent jurisdiction, makes a general assignment for the benefit of creditors or admits in writing inability to pay debts as they mature; or

    (g)  a receiver is appointed for the Maker, or any one of them, for all or any part of Maker's property and such appointment is not vacated within sixty (60) days, or if a petition is filed against the Maker seeking relief, including reorganization, arrangement or similar relief under the present Bankruptcy Code or other similar present or future applicable laws in the United States or any state or other competent jurisdiction, and such petition is not dismissed within sixty (60) days after the filing thereof; or

    (h)  the Maker, or any one of them, voluntarily or involuntarily liquidates after the date hereof or sells, transfers, exchanges or otherwise disposes of all or any substantial portion, of its assets in one or any series of transactions (whether related or unrelated); or if the Corporation merges, consolidates or otherwise combines with or into any other entity; or

5.  Acceleration Upon Default. Upon the occurrence of any event of default under this Note which is not cured within five (5) calendar days from written notice of such default from the Lender to the Maker, the entire principal outstanding under this Note, together with all accrued by unpaid interest thereon, shall, at the option of the Lender, become and be immediately

WSG00097

due, payable and collectible at once, time being of the essence of this Note. The Maker agrees to pay all costs of collection, legal expenses, and reasonable attorneys' fees, which may be incurred in connection with the collection of this Note. If default is not cured within five (5) calendar days from such written notice, all outstanding principal due under this Note shall bear interest from the date of occurrence of such default until paid at the highest rate permissible under applicable law.

6. <u>Usury Savings Clause</u>. Nothing herein contained, nor in any instrument or transaction relating hereto, shall be construed or so operate as to require the Maker, or any person liable for the payment of this Note, to pay interest in an amount or at a rate greater than the highest rate permissible applicable law. Should any interest or other charges paid by the Maker, or any parties liable for the payment of the loan made pursuant to this Note, result in the computation or earning of interest in excess of the highest rate permissible under applicable law, any and all such excess shall be and the same is hereby waived by Lender, Lender shall make whichever adjustment in the Note is necessary to ensure that Maker will not be required to pay further interest in excess of the highest rate permissible under applicable law, and all such excess shall be automatically credited against and in reduction of the outstanding principal balance, and any portion of such excess which exceeds the outstanding principal balance shall be paid by Lender to Maker and any parties liable for the payment of this Note, it being the intent of the Lender and Maker that under no circumstances shall the Maker, or any parties liable for the payment of the loan hereunder, be required to pay interest in excess of the highest rate permissible under applicable law.

7. <u>Waiver of Notice by Maker</u>. As to this Note, and any other documents or instruments now or hereafter securing the indebtedness, the Maker jointly and severally waives all applicable exemption rights, whether under the state Constitution, Homestead laws or otherwise, and also severally waive, except as provided in Section 6 of this Note, valuation and appraisement, presentment for payment, protest, notice of protest, dishonor and nonpayment of this Note, and expressly agree that any payment hereunder may be extended from time without in any way affecting the liability of the Maker.

8. <u>Non-Waiver of Rights by Lender</u>. Any delay by the Lender in exercising any right or remedy shall not constitute a waiver thereof. No waiver by the Lender of any default hereunder shall be deemed to constitute a waiver of any subsequent default. No exercise of any right or remedy hereunder shall preclude the exercise of any other right or remedy which the Lender may have in law or in equity to enforce the provisions of this Note or the collection thereof. Any waiver of any provision hereof shall be in writing and shall be effective only in the specific instance and for the specific purpose for which given.

9. <u>Attorneys' Fees</u>. In the event that suit be brought hereon, or an attorney be employed or expenses be incurred to compel payment of this Note or any portion of the indebtedness evidenced hereby, or to in any way represent Lender in reference to any of its rights hereunder or under any other instrument or agreement now or hereafter in effect securing payment of this Note, Maker promises to pay all such expenses of investigation, attorneys' fees, and costs all as are reasonably incurred by Lender as a result thereof and including, without limitation, expenses of investigation, attorneys' fees, and costs incurred in appellate proceeding or in any action or participation in, or in connection with, any case or proceeding under Title 11 U.S.C. Chapters 7, 11, or 13 of the Bankruptcy Code or any successor thereto, and expenses of investigation, attorneys' fees, and costs incurred as a result of Lender exercising its right to cure any event of default by Maker under this Note, the Second Mortgage, or any other instrument of agreement now or hereafter in effect securing payment of this Note.

10. <u>Governing Law and Venue</u>. This Note and any documents delivered pursuant hereto shall be governed by and construed in all respects, including validity, interpretation, effect, and enforcement, in accordance with the laws of the State of Florida without regard to conflict of law principles thereof. The Maker, and each of them irrevocably submit to the jurisdiction of the Circuit Court of the State of Florida, Miami-Dade County, in any action or proceeding arising out of or relating to this Note, or any documents delivered pursuant hereto, and the Maker, and each of them, irrevocably agree that all claims in respect of any such action or proceeding must be brought and/or defended in such court; provided, however, that matters which are under the exclusive jurisdiction of the Federal courts shall be brought in the Federal District Court for the Southern District of Florida. The Maker, and each of them, consent to service of process by any means authorized by the applicable law of the forum in any action brought under or arising out of this Note or any documents delivered pursuant hereto. The Maker, and each of them, irrevocably waive, to the fullest extent each may effectively do so, the defense of an inconvenient forum to the maintenance of such action or proceeding in any such court. THE MAKER, AND EACH OF THEM, HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVE, TO THE FULLEST EXTENT THEY MAY LEGALLY AND EFFECTIVELY DO SO, TRIAL BY JURY IN ANY SUIT, ACTION OR PROCEEDING ARISING HEREUNDER.

WSG00098

11. <u>Notice</u>. Any notice, demand, request, instruction, correspondence or other document to be given hereunder shall be in writing and delivered personally or mailed by registered or certified mail, postage prepaid and return receipt requested, or by facsimile, as follows:

If to Maker:  400 41st Street, Suite 506
Miami Beach, Florida 33139
Phone:  (305) 673-4606
Fax:  (305) 673-4607

If to Lender:  - - - ..

Each of the above addresses for notice purposes may be changed by providing appropriate notice hereunder. Notice shall be effective upon receipt evidenced by the applicable delivery receipt, written affidavit of the deliverer, or facsimile confirmation.

12. <u>Miscellaneous</u>. This Note may not be changed or terminated without the prior written consent of Lender, which may be withheld for any reason in its sole and absolute discretion. The Maker, and each of them, acknowledge and agree that their obligations under this Note are supported by due and lawful consideration and that they have carefully read this Note and know and understand its contents. The Makers, and each of them sign this Note voluntarily, intending to be bound by its terms. This Note may be executed in several counterparts or with counterpart signature pages, each of which shall be deemed an original, but such counterparts shall together constitute but one and the same Note. Delivery by facsimile of an executed signature page to this Note shall be effective as delivery of a manually signed original or counterpart.

**IN WITNESS WHEREOF,** the undersigned have executed and delivered this Note effective as of 14th day of December, 2007.

Maker:

CAPITOL INVESTMENTS USA, INC.

BY: _____ ( President )
Nevin Shapiro, President
400 41st Street, #506
Miami Beach, Florida 33140

Maker:

NEVIN K. SHAPIRO

BY: _____
Nevin Shapiro, Individual
400 41st Street, #506
Miami Beach, Florida 33140

Lender:

CARILLON MIAMI BEACH HOLDING LLC
Address:  400 41st Street
2nd Floor
Miami Beach, FL 33140

WSG00099

# PROMISSORY NOTE

$ 1,000,000.00

December 13th, 2007

        **FOR VALUE RECEIVED**, the undersigned, Capitol Investments USA, Inc. ("Maker") promises to pay without setoff, deduction or counter-claim of any kind or nature to the order of WSG Development Company, its successors or assigns ("Lender"), the principal sum of **One Million Dollars and No/100 Cents ($1,000,000.00)**, together with interest on all amounts of principal which shall from time to time remain outstanding from December 13th, 2007 at a fixed fee amount. The said principal and interest shall be payable in lawful money of the United States of America in accordance with the following terms and conditions:

    1.      Payment of Interest and Principal. The principal amount of **One Million Dollars and No/100 Cents ($1,000,000.00)** shall be due on or before December 17th, 2007 (the "Maturity Date"). Time shall be of the essence. All payments required by Maker under this Note shall be made by wire transfer into Lender's designated accounts or such other place as the Lender may from time to time designate in writing.

    2.      Prepayment. This Note may be prepaid in whole or in part without penalty or charge, provided, however, that any partial prepayment shall be in increments of Fifty Thousand Dollars and No/100 Cents ($50,000.00).

    3.      Florida Excise Tax on Documents. Maker shall be solely responsible for payment of any and all documentary stamps and other taxes applicable to the full-face amount of this Note.

    4.      Default. Each of the following shall be an event of default hereunder, and this Note shall be in default, if:

        (a)      any payment or other sum due under this Note is not paid in full when due; or

        (b)      default be made in the performance of or compliance with any other promise or obligation due by Maker to Lender under this Note or any other promissory note, security instrument or other agreement of any kind now existing or hereafter created; or

        (c)      default be made in the performance of or compliance with any of the covenants and conditions or any guaranty or security instrument now or hereafter in effect securing payment of this Note; or

        (d)      the Corporation is voluntarily or involuntarily dissolved or otherwise fails to remain in good standing under the laws of the State of Florida and each jurisdiction where the Corporation is required to be qualified to do business; or

        (e)      death of any individual Maker; or

        (f)      the Maker, or any one of them, is voluntarily adjudicated bankrupt or insolvent, seeks or consents to the appointment of a receiver or trustee for itself, if applicable, or for all or a material portion of its property, files a petition seeking relief, including, reorganization, if applicable, arrangement or similar relief, under the present Bankruptcy Code or other similar present or future applicable laws of the United States or any state or any other competent jurisdiction, makes a general assignment for the benefit of creditors or admits in writing inability to pay debts as they mature; or

        (g)      a receiver or trustee is appointed for the Maker, or any one of them, for all or any part of Maker's property and such appointment is not vacated within sixty (60) days, or if a petition is filed against the Maker seeking relief, including reorganization, arrangement or similar relief under the present Bankruptcy Code or other similar present or future applicable laws in the United States or any state or other competent jurisdiction, and such petition is not dismissed within sixty (60) days after the filing thereof; or

        (h)      the Maker, or any one of them, voluntarily or involuntarily liquidates after the date hereof or sells, transfers, exchanges or otherwise disposes of all or any substantial portion, of its assets in one or any series of transactions (whether related or unrelated); or if the Corporation merges, consolidates or otherwise combines with or into any other entity; or

    5.      Acceleration Upon Default. Upon the occurrence of any event of default under this Note which is not cured within five (5) calendar days from written notice of such default from the Lender to the Maker, the entire principal outstanding

WSG00102

under this Note, together with all accrued by unpaid interest thereon, shall, at the option of the Lender, become and be immediately due, payable and collectible at once, time being of the essence of this Note. The Maker agrees to pay all costs of collection, legal expenses, and reasonable attorneys' fees, which may be incurred in connection with the collection of this Note. If default is not cured within five (5) calendar days from such written notice, all outstanding principal due under this Note shall bear interest from the date of occurrence of such default until paid at the highest rate permissible under applicable law.

6. Usury Savings Clause. Nothing herein contained, nor in any instrument or transaction relating hereto, shall be construed or so operate as to require the Maker, or any person liable for the payment of this Note, to pay interest in an amount or at a rate greater than the highest rate permissible applicable law. Should any interest or other charges paid by the Maker, or any parties liable for the payment of the loan made pursuant to this Note, result in the computation or earning of interest in excess of the highest rate permissible under applicable law, any and all such excess shall be and the same is hereby waived by Lender, Lender shall make whichever adjustment in the Note is necessary to ensure that Maker will not be required to pay further interest in excess of the highest rate permissible under applicable law, and all such excess shall be automatically credited against and in reduction of the outstanding principal balance, and any portion of such excess which exceeds the outstanding principal balance shall be paid by Lender to Maker and any parties liable for the payment of this Note, it being the intent of the Lender and Maker that under no circumstances shall the Maker, or any parties liable for the payment of the loan hereunder, be required to pay interest in excess of the highest rate permissible under applicable law.

7. Waiver of Notice by Maker. As to this Note, and any other documents or instruments now or hereafter securing the indebtedness, the Maker jointly and severally waives all applicable exemption rights, whether under the state Constitution, Homestead laws or otherwise, and also severally waive, except us provided in Section 6 of this Note, valuation and appraisement, presentment for payment, protest, notice of protest, dishonor and nonpayment of this Note, and expressly agree that any payment hereunder may be extended from time without in any way affecting the liability of the Maker.

8. Non-Waiver of Rights by Lender. Any delay by the Lender in exercising any right or remedy shall not constitute a waiver thereof. No waiver by the Lender of any default hereunder shall be deemed to constitute a waiver of any subsequent default. No exercise of any right or remedy hereunder shall preclude the exercise of any other right or remedy which the Lender may have in law or in equity to enforce the provisions of this Note or the collection thereof. Any waiver of any provision hereof shall be in writing and shall be effective only in the specific instance and for the specific purpose for which given.

9. Attorneys' Fees. In the event that suit be brought hereon, or an attorney be employed or expenses be incurred to compel payment of this Note or any portion of the indebtedness evidenced hereby, or to in any way represent Lender in reference to any of its rights hereunder or under any other instrument or agreement now or hereafter in effect securing payment of this Note, Maker promises to pay all such expenses of investigation, attorneys' fees, and costs all as are reasonably incurred by Lender as a result thereof and including, without limitation, expenses of investigation, attorneys' fees, and costs incurred in appellate proceeding or in any action or participation in, or in connection with, any case or proceeding under Title 11 U.S.C. Chapters 7, 11, or 13 of the Bankruptcy Code or any successor thereto, and expenses of investigation, attorneys' fees, and costs incurred as a result of Lender exercising its right to cure any event of default by Maker under this Note, the Second Mortgage, or any other instrument of agreement now or hereafter in effect securing payment of this Note.

10. Governing Law and Venue. This Note and any documents delivered pursuant hereto shall be governed by and construed in all respects, including validity, interpretation, effect, and enforcement, in accordance with the laws of the State of Florida without regard to conflict of law principles thereof. The Maker, and each of them irrevocably submit to the jurisdiction of the Circuit Court of the State of Florida, Miami-Dade County, in any action or proceeding arising out of or relating to this Note, or any documents delivered pursuant hereto, and the Maker, and each of them, irrevocably agree that all claims in respect of any such action or proceeding must be brought and/or defended in such court; provided, however, that matters which are under the exclusive jurisdiction of the Federal courts shall be brought in the Federal District Court for the Southern District of Florida. The Maker, and each of them, consent to service of process by any means authorized by the applicable law of the forum in any action brought under or arising out of this Note or any documents delivered pursuant hereto. The Maker, and each of them, irrevocably waive, to the fullest extent each may effectively do so, the defense of an inconvenient forum to the maintenance of such action or proceeding in any such court. THE MAKER, AND EACH OF THEM, HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVE, TO THE FULLEST EXTENT THEY MAY LEGALLY AND EFFECTIVELY DO SO, TRIAL BY JURY IN ANY SUIT, ACTION OR PROCEEDING ARISING HEREUNDER.

523911v1                                    Page II of III

WSG00103

11. _Notice._ Any notice, demand, request, instruction, correspondence or other document to be given hereunder shall be in writing and delivered personally or mailed by registered or certified mail, postage prepaid and return receipt requested, or by facsimile, as follows:

If to Maker:
400 41st Street, Suite 506
Miami Beach, Florida 33139
Phone: (305) 673-4606
Fax: (305) 673-4607

If to Lender:

Each of the above addresses for notice purposes may be changed by providing appropriate notice hereunder. Notice shall be effective upon receipt evidenced by the applicable delivery receipt, written affidavit of the deliverer, or facsimile confirmation.

12. _Miscellaneous._ This Note may not be changed or terminated without the prior written consent of Lender, which may be withheld for any reason in its sole and absolute discretion. The Maker, and each of them, acknowledge and agree that their obligations under this Note are supported by due and lawful consideration and that they have carefully read this Note and know and understand its contents. The Makers, and each of them sign this Note voluntarily, intending to be bound by its terms. This Note may be executed in several counterparts or with counterpart signature pages, each of which shall be deemed an original, but such counterparts shall together constitute but one and the same Note. Delivery by facsimile of an executed signature page to this Note shall be effective as delivery of a manually signed original or counterpart.

**IN WITNESS WHEREOF,** the undersigned have executed and delivered this Note effective as of 14th day of December, 2007.

Maker:

CAPITOL INVESTMENTS USA, INC.

BY: _____ (President)
Nevin Shapiro, President
400 41st Street, #506
Miami Beach, Florida 33140

Maker:

NEVIN K. SHAPIRO

BY: _____
Nevin Shapiro, Individual
400 41st Street, #506
Miami Beach, Florida 33140

Lender:

**WSG Development Company**
Address: 400 41st Street
2nd Floor
Miami Beach, FL 33140

523911v1                   Page III of III

WSG00104

# PROMISSORY NOTE

$ 2,500,000.00                                                          January 17th, 2008

FOR VALUE RECEIVED, the undersigned, **Capitol Investments USA, Inc.** ("Maker") promises to pay without setoff, deduction or counter-claim of any kind or nature to the order of **CARILLON MIAMI BEACH HOLDING LLC**, its successors or assigns ("Lender"), the principal sum of **Two Million Five Hundred Thousand Dollars and No/100 Cents ($2,500,000.00)**, together with interest on all amounts of principal which shall from time to time remain outstanding from **December 21st, 2007** at a fixed fee amount. The said principal and interest shall be payable in lawful money of the United States of America in accordance with the following terms and conditions:

1.    <u>Payment of Interest and Principal</u>. The principal amount of **Two Million Five Hundred Thousand and No/100 Cents ($2,500,000.00)** shall be due on or before **December 27th, 2007** (the "<u>Maturity Date</u>"). Time shall be of the essence. All payments required by Maker under this Note shall be made by wire transfer into Lender's designated accounts or such other place as the Lender may from time to time designate in writing.

2.    <u>Prepayment</u>. This Note may be prepaid in whole or in part without penalty or charge, provided, however, that any partial prepayment shall be in increments of Fifty Thousand Dollars and No/100 Cents ($50,000.00).

3.    <u>Florida Excise Tax on Documents</u>. Maker shall be solely responsible for payment of any and all documentary stamps and other taxes applicable to the full-face amount of this Note.

4.    <u>Default</u>. Each of the following shall be an event of default hereunder, and this Note shall be in default, if:

(a)    any payment or other sum due under this Note is not paid in full when due; or

(b)    default be made in the performance of or compliance with any other promise or obligation due by Maker to Lender under this Note or any other promissory note, security instrument or other agreement of any kind now existing or hereafter created; or

(c)    default be made in the performance of or compliance with any of the covenants and conditions or any guaranty or security instrument now or hereafter in effect securing payment of this Note; or

(d)    the Corporation is voluntarily or involuntarily dissolved or otherwise fails to remain in good standing under the laws of the State of Florida and each jurisdiction where the Corporation is required to be qualified to do business; or

(e)    death of any individual Maker; or

(f)    the Maker, or any one of them, is voluntarily adjudicated bankrupt or insolvent, seeks or consents to the appointment of a receiver or trustee for itself, if applicable, or for all or a material portion of its property, files a petition seeking relief, including, reorganization, arrangement or similar relief, under the present Bankruptcy Code or other similar present or future applicable laws of the United States or any state or any other competent jurisdiction, makes a general assignment for the benefit of creditors or admits in writing inability to pay debts as they mature; or

(g)    a receiver or trustee is appointed for the Maker, or any one of them, for all or any part of Maker's property and such appointment is not vacated within sixty (60) days, or if a petition is filed against the Maker seeking relief, including reorganization, arrangement or similar relief under the present Bankruptcy Code or other similar present or future applicable laws in the United States or any state or other competent jurisdiction, and such petition is not dismissed within sixty (60) days after the filing thereof; or

(h)    the Maker, or any one of them, voluntarily or involuntarily liquidates after the date hereof or sells, transfers, exchanges or otherwise disposes of all or any substantial portion, of its assets in one or any series of transactions (whether related or unrelated); or if the Corporation merges, consolidates or otherwise combines with or into any other entity; or

5.    <u>Acceleration Upon Default</u>. Upon the occurrence of any event of default under this Note which is not cured within five (5) calendar days from written notice of such default from the Lender to the Maker, the entire principal outstanding under this Note, together with all accrued by unpaid interest thereon, shall, at the option of the Lender, become and be immediately

523911v1

WSG00084

due, payable and collectible at once, time being of the essence of this Note. The Maker agrees to pay all costs of collection, legal expenses, and reasonable attorneys' fees, which may be incurred in connection with the collection of this Note. If default is not cured within five (5) calendar days from such written notice, all outstanding principal due under this Note shall bear interest from the date of occurrence of such default until paid at the highest rate permissible under applicable law.

6.    <u>Usury Savings Clause</u>. Nothing herein contained, nor in any instrument or transaction relating hereto, shall be construed or so operate as to require the Maker, or any person liable for the payment of this Note, to pay interest in an amount or at a rate greater than the highest rate permissible applicable law. Should any interest or other charges paid by the Maker, or any parties liable for the payment of the loan made pursuant to this Note, result in the computation or earning of interest in excess of the highest rate permissible under applicable law, any and all such excess shall be and the same is hereby waived by Lender, Lender shall make whichever adjustment in the Note is necessary to ensure that Maker will not be required to pay further interest in excess of the highest rate permissible under applicable law, and all such excess shall be automatically credited against and in reduction of the outstanding principal balance, and any portion of such excess which exceeds the outstanding principal balance shall be paid by Lender to Maker and any parties liable for the payment of this Note, it being the intent of the Lender and Maker that under no circumstances shall the Maker, or any parties liable for the payment of the loan hereunder, be required to pay interest in excess of the highest rate permissible under applicable law.

7.    <u>Waiver of Notice by Maker</u>. As to this Note, and any other documents or instruments now or hereafter securing the indebtedness, the Maker jointly and severally waives all applicable exemption rights, whether under the state Constitution, Homestead laws or otherwise, and also severally waive, except as provided in Section 6 of this Note, valuation and appraisement, presentment for payment, protest, notice of protest, dishonor and nonpayment of this Note, and expressly agree that any payment hereunder may be extended from time without in any way affecting the liability of the Maker.

8.    <u>Non-Waiver of Rights by Lender</u>. Any delay by the Lender in exercising any right or remedy shall not constitute a waiver thereof. No waiver by the Lender of any default hereunder shall be deemed to constitute a waiver of any subsequent default. No exercise of any right or remedy hereunder shall preclude the exercise of any other right or remedy which the Lender may have in law or in equity to enforce the provisions of this Note or the collection thereof. Any waiver of any provision hereof shall be in writing and shall be effective only in the specific instance and for the specific purpose for which given.

9.    <u>Attorneys' Fees</u>. In the event that suit be brought hereon, or an attorney be employed or expenses be incurred to compel payment of this Note or any portion of the indebtedness evidenced hereby, or to in any way represent Lender in reference to any of its rights hereunder or under any other instrument or agreement now or hereafter in effect securing payment of this Note, Maker promises to pay all such expenses of investigation, attorneys' fees, and costs all as are reasonably incurred by Lender as a result thereof and including, without limitation, expenses of investigation, attorneys' fees, and costs incurred in appellate proceeding or in any action or participation in, or in connection with, any case or proceeding under Title 11 U.S.C. Chapters 7, 11, or 13 of the Bankruptcy Code or any successor thereto, and expenses of investigation, attorneys' fees, and costs incurred as a result of Lender exercising its right to cure any event of default by Maker under this Note, the Second Mortgage, or any other instrument of agreement now or hereafter in effect securing payment of this Note.

10.    <u>Governing Law and Venue</u>. This Note and any documents delivered pursuant hereto shall be governed by and construed in all respects, including validity, interpretation, effect, and enforcement, in accordance with the laws of the State of Florida without regard to conflict of law principles thereof. The Maker, and each of them irrevocably submit to the jurisdiction of the Circuit Court of the State of Florida, Miami-Dade County, in any action or proceeding arising out of or relating to this Note, or any documents delivered pursuant hereto, and the Maker, and each of them, irrevocably agree that all claims in respect of any such action or proceeding must be brought and/or defended in such court; provided, however, that matters which are under the exclusive jurisdiction of the Federal courts shall be brought in the Federal District Court for the Southern District of Florida. The Maker, and each of them, consent to service of process by any means authorized by the applicable law of the forum in any action brought under or arising out of this Note or any documents delivered pursuant hereto. The Maker, and each of them, irrevocably waive, to the fullest extent each may effectively do so, the defense of an inconvenient forum to the maintenance of such action or proceeding in any such court. THE MAKER, AND EACH OF THEM, HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVE, TO THE FULLEST EXTENT THEY MAY LEGALLY AND EFFECTIVELY DO SO, TRIAL BY JURY IN ANY SUIT, ACTION OR PROCEEDING ARISING HEREUNDER.

WSG00085

11.   Notice. Any notice, demand, request, instruction, correspondence or other document to be given hereunder shall be in writing and delivered personally or mailed by registered or certified mail, postage prepaid and return receipt requested, or by facsimile, as follows:

If to Maker:            400 41st Street, Suite 506
Miami Beach, Florida 33139
Phone: (305) 673-4606
Fax: (305) 673-4607

If to Lender:

Each of the above addresses for notice purposes may be changed by providing appropriate notice hereunder. Notice shall be effective upon receipt evidenced by the applicable delivery receipt, written affidavit of the deliverer, or facsimile confirmation.

12.   Miscellaneous. This Note may not be changed or terminated without the prior written consent of Lender, which may be withheld for any reason in its sole and absolute discretion. The Maker, and each of them, acknowledge and agree that their obligations under this Note are supported by due and lawful consideration and that they have carefully read this Note and know and understand its contents. The Makers, and each of them sign this Note voluntarily, intending to be bound by its terms. This Note may be executed in several counterparts or with counterpart signature pages, each of which shall be deemed an original, but such counterparts shall together constitute but one and the same Note. Delivery by facsimile of an executed signature page to this Note shall be effective as delivery of a manually signed original or counterpart.

**IN WITNESS WHEREOF**, the undersigned have executed and delivered this Note effective as of 17th day of January, 2008.

Maker:

CAPITOL INVESTMENTS USA, INC.

BY: _____ (President)
Nevin Shapiro, President
400 41st Street, #506
Miami Beach, Florida 33140

Maker:

NEVIN K. SHAPIRO

BY: _____
Nevin Shapiro, Individual
400 41st Street, #506
Miami Beach, Florida 33140

Lender:

CARILLON MIAMI BEACH HOLDING LLC
Address:    400 41st Street
2nd Floor
Miami Beach, FL 33140

WSG00086

## PROMISSORY NOTE

$ 800,000.00                                                                        January 17th, 2008

**FOR VALUE RECEIVED**, the undersigned, **Capitol Investments USA, Inc.** ("Maker") promises to pay without setoff, deduction or counter-claim of any kind or nature to the order of **ERIC D. SHEPPARD**, a Florida Resident, its successors or assigns ("Lender"), the principal sum of **Eight Hundred Thousand Dollars and No/100 Cents ($800,000.00)**, together with interest on all amounts of principal which shall from time to time remain outstanding from **December 21st, 2007** at a fixed fee amount. The said principal and interest shall be payable in lawful money of the United States of America in accordance with the following terms and conditions:

1.     Payment of Interest and Principal. The principal amount of **Eight Hundred Thousand Dollars and No/100 Cents ($800,000.00)** shall be due on or before **December 26th, 2007** (the "Maturity Date"). Time shall be of the essence. All payments required by Maker under this Note shall be made by wire transfer into Lender's designated accounts or such other place as the Lender may from time to time designate in writing.

2.     Prepayment. This Note may be prepaid in whole or in part without penalty or charge, provided, however, that any partial prepayment shall be in increments of Fifty Thousand Dollars and No/100 Cents ($50,000.00).

3.     Florida Excise Tax on Documents. Maker shall be solely responsible for payment of any and all documentary stamps and other taxes applicable to the full-face amount of this Note.

4.     Default. Each of the following shall be an event of default hereunder, and this Note shall be in default, if:

    (a)     any payment or other sum due under this Note is not paid in full when due; or

    (b)     default be made in the performance of or compliance with any other promise or obligation due by Maker to Lender under this Note or any other promissory note, security instrument or other agreement of any kind now existing or hereafter created; or

    (c)     default be made in the performance of or compliance with any of the covenants and conditions or any guaranty or security instrument now or hereafter in effect securing payment of this Note; or

    (d)     the Corporation is voluntarily or involuntarily dissolved or otherwise fails to remain in good standing under the laws of the State of Florida and each jurisdiction where the Corporation is required to be qualified to do business; or

    (e)     death of any individual Maker; or

    (f)     the Maker, or any one of them, is voluntarily adjudicated bankrupt or insolvent, seeks or consents to the appointment of a receiver or trustee for itself, if applicable, or for all or a material portion of its property, files a petition seeking relief, including, reorganization, if applicable, arrangement or similar relief, under the present Bankruptcy Code or other similar present or future applicable laws of the United States or any state or any other competent jurisdiction, makes a general assignment for the benefit of creditors or admits in writing inability to pay debts as they mature; or

    (g)     a receiver or trustee is appointed for the Maker, or any one of them, for all or any part of Maker's property and such appointment is not vacated within sixty (60) days, or if a petition is filed against the Maker seeking relief, including reorganization, arrangement or similar relief under the present Bankruptcy Code or other similar present or future applicable laws in the United States or any state or other competent jurisdiction, and such petition is not dismissed within sixty (60) days after the filing thereof; or

    (h)     the Maker, or any one of them, voluntarily or involuntarily liquidates after the date hereof or sells, transfers, exchanges or otherwise disposes of all or any substantial portion, of its assets in one or any series of transactions (whether related or unrelated); or if the Corporation merges, consolidates or otherwise combines with or into any other entity; or

5.     Acceleration Upon Default. Upon the occurrence of any event of default under this Note which is not cured within five (5) calendar days from written notice of such default from the Lender to the Maker, the entire principal outstanding under this Note, together with all accrued by unpaid interest thereon, shall, at the option of the Lender, become and be immediately

523911v1                                                        Page I of III

WSG00079

due, payable and collectible at once, time being of the essence of this Note. The Maker agrees to pay all costs of collection, legal expenses, and reasonable attorneys' fees, which may be incurred in connection with the collection of this Note. If default is not cured within five (5) calendar days from such written notice, all outstanding principal due under this Note shall bear interest from the date of occurrence of such default until paid at the highest rate permissible under applicable law.

6.  **Usury Savings Clause.** Nothing herein contained, nor in any instrument or transaction relating hereto, shall be construed or so operate as to require the Maker, or any person liable for the payment of this Note, to pay interest in an amount or at a rate greater than the highest rate permissible applicable law. Should any interest or other charges paid by the Maker, or any parties liable for the payment of the loan made pursuant to this Note, result in the computation or earning of interest in excess of the highest rate permissible under applicable law, any and all such excess shall be and the same is hereby waived by Lender, Lender shall make whichever adjustment in the Note is necessary to ensure that Maker will not be required to pay further interest in excess of the highest rate permissible under applicable law, and all such excess shall be automatically credited against and in reduction of the outstanding principal balance, and any portion of such excess which exceeds the outstanding principal balance shall be paid by Lender to Maker and any parties liable for the payment of this Note, it being the intent of the Lender and Maker that under no circumstances shall the Maker, or any parties liable for the payment of the loan hereunder, be required to pay interest in excess of the highest rate permissible under applicable law.

7.  **Waiver of Notice by Maker.** As to this Note, and any other documents or instruments now or hereafter securing the indebtedness, the Maker jointly and severally waives all applicable exemption rights, whether under the state Constitution, Homestead laws or otherwise, and also severally waive, except as provided in Section 6 of this Note, valuation and appraisement, presentment for payment, protest, notice of protest, dishonor and nonpayment of this Note, and expressly agree that any payment hereunder may be extended from time without in any way affecting the liability of the Maker.

8.  **Non-Waiver of Rights by Lender.** Any delay by the Lender in exercising any right or remedy shall not constitute a waiver thereof. No waiver by the Lender of any default hereunder shall be deemed to constitute a waiver of any subsequent default. No exercise of any right or remedy hereunder shall preclude the exercise of any other right or remedy which the Lender may have in law or in equity to enforce the provisions of this Note or the collection thereof. Any waiver of any provision hereof shall be in writing and shall be effective only in the specific instance and for the specific purpose for which given.

9.  **Attorneys' Fees.** In the event that suit be brought hereon, or an attorney be employed or expenses be incurred to compel payment of this Note or any portion of the indebtedness evidenced hereby, or to in any way represent Lender in reference to any of its rights hereunder or under any other instrument or agreement now or hereafter in effect securing payment of this Note, Maker promises to pay all such expenses of investigation, attorneys' fees, and costs all as are reasonably incurred by Lender as a result thereof and including, without limitation, expenses of investigation, attorneys' fees, and costs incurred in appellate proceeding or in any action or participation in, or in connection with, any case or proceeding under Title 11 U.S.C. Chapters 7, 11, or 13 of the Bankruptcy Code or any successor thereto, and expenses of investigation, attorneys' fees, and costs incurred as a result of Lender exercising its right to cure any event of default by Maker under this Note, the Second Mortgage, or any other instrument of agreement now or hereafter in effect securing payment of this Note.

10.  **Governing Law and Venue.** This Note and any documents delivered pursuant hereto shall be governed by and construed in all respects, including validity, interpretation, effect, and enforcement, in accordance with the laws of the State of Florida without regard to conflict of law principles thereof. The Maker, and each of them irrevocably submit to the jurisdiction of the Circuit Court of the State of Florida, Miami-Dade County, in any action or proceeding arising out of or relating to this Note, or any documents delivered pursuant hereto, and the Maker, and each of them, irrevocably agree that all claims in respect of any such action or proceeding must be brought and/or defended in such court; provided, however, that matters which are under the exclusive jurisdiction of the Federal courts shall be brought in the Federal District Court for the Southern District of Florida. The Maker, and each of them, consent to service of process by any means authorized by the applicable law of the forum in any action brought under or arising out of this Note or any documents delivered pursuant hereto. The Maker, and each of them, irrevocably waive, to the fullest extent each may effectively do so, the defense of an inconvenient forum to the maintenance of such action or proceeding in any such court. THE MAKER, AND EACH OF THEM, HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVE, TO THE FULLEST EXTENT THEY MAY LEGALLY AND EFFECTIVELY DO SO, TRIAL BY JURY IN ANY SUIT, ACTION OR PROCEEDING ARISING HEREUNDER.

11.  **Notice.** Any notice, demand, request, instruction, correspondence or other document to be given hereunder shall be in writing and delivered personally or mailed by registered or certified mail, postage prepaid and return receipt requested, or by facsimile, as follows:

52391 1v1

Page II of III

WSG00080

If to Maker:    400 41ˢᵗ STREET #506
        MIAMI BEACH FL 33140
        Phone: (305) 673-4606
        Fax: (305) 673-4607

If to Lender:

Each of the above addresses for notice purposes may be changed by providing appropriate notice hereunder. Notice shall be effective upon receipt evidenced by the applicable delivery receipt, written affidavit of the deliverer, or facsimile confirmation.

  12. Miscellaneous. This Note may not be changed or terminated without the prior written consent of Lender, which may be withheld for any reason in its sole and absolute discretion. The Maker, and each of them, acknowledge and agree that their obligations under this Note are supported by due and lawful consideration and that they have carefully read this Note and know and understand its contents. The Makers, and each of them sign this Note voluntarily, intending to be bound by its terms. This Note may be executed in several counterparts or with counterpart signature pages, each of which shall be deemed an original, but such counterparts shall together constitute but one and the same Note. Delivery by facsimile of an executed signature page to this Note shall be effective as delivery of a manually signed original or counterpart.

    **IN WITNESS WHEREOF,** the undersigned have executed and delivered this Note effective as of 17ᵗʰ day of January, 2008.

    Maker:

    CAPITOL INVESTMENTS USA, INC.

    BY: _____ ( President )
      Nevin Shapiro, President
      400 41ˢᵗ Street, #506
      Miami Beach, Florida 33140

    Maker:

    NEVIN K. SHAPIRO

    BY: _____
      Nevin Shapiro, Individual
      400 41ˢᵗ Street, #506
      Miami Beach, Florida 33140

Lender:

_____
Eric D. Sheppard, Individual
Address: 400 41ˢᵗ Street
     2ⁿᵈ Floor
     Miami Beach, FL 33140

WSG00081

# PROMISSORY NOTE

$ 1,200,000.00

November 8th, 2007

**FOR VALUE RECEIVED,** the undersigned, **OCEAN ROCK ENTERPRISES, INC.** ("Maker") promises to pay without setoff, deduction or counter-claim of any kind or nature to the order of **CARILLON MIAMI BEACH HOLDING LLC**, its successors or assigns ("Lender"), the principal sum of **One Million Two Hundred Thousand Dollars and No/100 Cents ($1,200,000.00)**, together with interest on all amounts of principal which shall from time to time remain outstanding from **November 8th, 2007** at a fixed fee amount. The said principal and interest shall be payable in lawful money of the United States of America in accordance with the following terms and conditions:

1. <u>Payment of Interest and Principal</u>. The principal amount of **One Million Two Hundred Thousand Dollars and No/100 Cents ($1,200,000.00)** shall be due on or before **December 4th, 2007** (the "<u>Maturity Date</u>"). Time shall be of the essence. All payments required by Maker under this Note shall be made by wire transfer into Lender's designated accounts or such other place as the Lender may from time to time designate in writing.

2. <u>Prepayment</u>. This Note may be prepaid in whole or in part without penalty or charge, provided, however, that any partial prepayment shall be in increments of Fifty Thousand Dollars and No/100 Cents ($50,000.00).

3. <u>Florida Excise Tax on Documents</u>. Maker shall be solely responsible for payment of any and all documentary stamps and other taxes applicable to the full-face amount of this Note.

4. <u>Default</u>. Each of the following shall be an event of default hereunder, and this Note shall be in default, if:

   (a)  any payment or other sum due under this Note is not paid in full when due; or

   (b)  default be made in the performance of or compliance with any other promise or obligation due by Maker to Lender under this Note or any other promissory note, security instrument or other agreement of any kind now existing or hereafter created; or

   (c)  default be made in the performance of or compliance with any of the covenants and conditions or any guaranty or security instrument now or hereafter in effect securing payment of this Note; or

   (d)  the Corporation is voluntarily or involuntarily dissolved or otherwise fails to remain in good standing under the laws of the State of Florida and each jurisdiction where the Corporation is required to be qualified to do business; or

   (e)  death of any individual Maker; or

   (f)  the Maker, or any one of them, is voluntarily adjudicated bankrupt or insolvent, seeks or consents to the appointment of a receiver or trustee for itself, if applicable, or for all or a material portion of its property, files a petition seeking relief, including, reorganization, if applicable, arrangement or similar relief, under the present Bankruptcy Code or other similar present or future applicable laws of the United States or any state or any other competent jurisdiction, makes a general assignment for the benefit of creditors or admits in writing inability to pay debts as they mature; or

**EXHIBIT**

**Comp. K**

WSG00126

(g)    a receiver or trustee is appointed for the Maker, or any one of them, for all or any part of Maker's property and such appointment is not vacated within sixty (60) days, or if a petition is filed against the Maker seeking relief, including reorganization, arrangement or similar relief under the present Bankruptcy Code or other similar present or future applicable laws in the United States or any state or other competent jurisdiction, and such petition is not dismissed within sixty (60) days after the filing thereof; or

(h)    the Maker, or any one of them, voluntarily or involuntarily liquidates after the date hereof or sells, transfers, exchanges or otherwise disposes of all or any substantial portion, of its assets in one or any series of transactions (whether related or unrelated); or if the Corporation merges, consolidates or otherwise combines with or into any other entity; or

5.    <u>Acceleration Upon Default</u>.  Upon the occurrence of any event of default under this Note which is not cured within five (5) calendar days from written notice of such default from the Lender to the Maker, the entire principal outstanding under this Note, together with all accrued by unpaid interest thereon, shall, at the option of the Lender, become and be immediately due, payable and collectible at once, time being of the essence of this Note.  The Maker agrees to pay all costs of collection, legal expenses, and reasonable attorneys' fees, which may be incurred in connection with the collection of this Note.  If default is not cured within five (5) calendar days from such written notice, all outstanding principal due under this Note shall bear interest from the date of occurrence of such default until paid at the highest rate permissible under applicable law.

6.    <u>Usury Savings Clause</u>.  Nothing herein contained, nor in any instrument or transaction relating hereto, shall be construed or so operate as to require the Maker, or any person liable for the payment of this Note, to pay interest in an amount or at a rate greater than the highest rate permissible applicable law.  Should any interest or other charges paid by the Maker, or any parties liable for the payment of the loan made pursuant to this Note, result in the computation or earning of interest in excess of the highest rate permissible under applicable law, any and all such excess shall be and the same is hereby waived by Lender, Lender shall make whichever adjustment in the Note is necessary to ensure that Maker will not be required to pay further interest in excess of the highest rate permissible under applicable law, and all such excess shall be automatically credited against and in reduction of the outstanding principal balance, and any portion of such excess which exceeds the outstanding principal balance shall be paid by Lender to Maker and any parties liable for the payment of this Note, it being the intent of the Lender and Maker that under no circumstances shall the Maker, or any parties liable for the payment of the loan hereunder, be required to pay interest in excess of the highest rate permissible under applicable law.

7.    <u>Waiver of Notice by Maker</u>.  As to this Note, and any other documents or instruments now or hereafter securing the indebtedness, the Maker jointly and severally waives all applicable exemption rights, whether under the state Constitution, Homestead laws or otherwise, and also severally waive, except as provided in Section 6 of this Note, valuation and appraisement, presentment for payment, protest, notice of protest, dishonor and nonpayment of this Note, and expressly agree that any payment hereunder may be extended from time without in any way affecting the liability of the Maker.

8.    <u>Non-Waiver of Rights by Lender</u>.  Any delay by the Lender in exercising any right or remedy shall not constitute a waiver thereof.  No waiver by the Lender of any default hereunder shall be deemed to constitute a waiver of any subsequent default.  No exercise of any right or remedy hereunder shall preclude the exercise of any other right or remedy which the Lender may have in law or in equity to enforce the provisions of this Note or the collection thereof.  Any waiver of any provision hereof shall be in writing and shall be effective only in the specific instance and for the specific purpose for which given.

WSG00127

9. **Attorneys' Fees**. In the event that suit be brought hereon, or an attorney be employed or expenses be incurred to compel payment of this Note or any portion of the indebtedness evidenced hereby, or to in any way represent Lender in reference to any of its rights hereunder or under any other instrument or agreement now or hereafter in effect securing payment of this Note, Maker promises to pay all such expenses of investigation, attorneys' fees, and costs all as are reasonably incurred by Lender as a result thereof and including, without limitation, expenses of investigation, attorneys' fees, and costs incurred in appellate proceeding or in any action or participation in, or in connection with, any case or proceeding under Title 11 U.S.C. Chapters 7, 11, or 13 of the Bankruptcy Code or any successor thereto, and expenses of investigation, attorneys' fees, and costs incurred as a result of Lender exercising its right to cure any event of default by Maker under this Note, the Second Mortgage, or any other instrument of agreement now or hereafter in effect securing payment of this Note.

10. **Governing Law and Venue**. This Note and any documents delivered pursuant hereto shall be governed by and construed in all respects, including validity, interpretation, effect, and enforcement, in accordance with the laws of the State of Florida without regard to conflict of law principles thereof. The Maker, and each of them irrevocably submit to the jurisdiction of the Circuit Court of the State of Florida, Miami-Dade County, in any action or proceeding arising out of or relating to this Note, or any documents delivered pursuant hereto, and the Maker, and each of them, irrevocably agree that all claims in respect of any such action or proceeding must be brought and/or defended in such court; provided, however, that matters which are under the exclusive jurisdiction of the Federal courts shall be brought in the Federal District Court for the Southern District of Florida. The Maker, and each of them, consent to service of process by any means authorized by the applicable law of the forum in any action brought under or arising out of this Note or any documents delivered pursuant hereto. The Maker, and each of them, irrevocably waive, to the fullest extent each may effectively do so, the defense of an inconvenient forum to the maintenance of such action or proceeding in any such court. THE MAKER, AND EACH OF THEM, HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVE, TO THE FULLEST EXTENT THEY MAY LEGALLY AND EFFECTIVELY DO SO, TRIAL BY JURY IN ANY SUIT, ACTION OR PROCEEDING ARISING HEREUNDER.

11. **Notice**. Any notice, demand, request, instruction, correspondence or other document to be given hereunder shall be in writing and delivered personally or mailed by registered or certified mail, postage prepaid and return receipt requested, or by facsimile, as follows:

If to Maker:

> 4045 SHERIDAN AVENUE
> PMB # 373
> MIAMI BEACH FL 33140
> Phone: (305) 673-4606
> Fax:    (305) 673-4607

If to Lender:

> _____
>
> _____    _____
>
> _____

Each of the above addresses for notice purposes may be changed by providing appropriate notice hereunder. Notice shall be effective upon receipt evidenced by the applicable delivery receipt, written affidavit of the deliverer, or facsimile confirmation.

WSG00128

12.  <u>Miscellaneous</u>.  This Note may not be changed or terminated without the prior written consent of Lender, which may be withheld for any reason in its sole and absolute discretion.  The Maker, and each of them, acknowledge and agree that their obligations under this Note are supported by due and lawful consideration and that they have carefully read this Note and know and understand its contents.  The Makers, and each of them sign this Note voluntarily, intending to be bound by its terms.  This Note may be executed in several counterparts or with counterpart signature pages, each of which shall be deemed an original, but such counterparts shall together constitute but one and the same Note.  Delivery by facsimile of an executed signature page to this Note shall be effective as delivery of a manually signed original or counterpart.

**IN WITNESS WHEREOF**, the undersigned have executed and delivered this Note effective as of **8**th day of **November, 2007**.

Maker:

**OCEAN ROCK ENTERPRISES, INC.**

BY: _____ ( *President* )

4045 SHERIDAN AVENUE
PMB # 373
MIAMI BEACH FL 33140

Maker:

NEVIN K. SHAPIRO

BY: _____

Nevin Shapiro, Individual
400 41st Street, #506
Miami Beach, Florida 33140

Lender:

_____
CARILLON MIAMI BEACH HOLDING LLC
Address:   400 41st Street
               2nd Floor
               Miami Beach, FL 33140

523911v1          Page IV of IV

**WSG00129**

# PROMISSORY NOTE

$ 2,000,000.00

November 8th, 2007

**FOR VALUE RECEIVED**, the undersigned, **OCEAN ROCK ENTERPRISES, INC.** ("Maker") promises to pay without setoff, deduction or counter-claim of any kind or nature to the order of **WSG DEVELOPMENT COMPANY**, its successors or assigns ("Lender"), the principal sum of **Two Million Dollars and No/100 Cents ($2,000,000.00)**, together with interest on all amounts of principal which shall from time to time remain outstanding from **November 8th, 2007** at a fixed fee amount. The said principal and interest shall be payable in lawful money of the United States of America in accordance with the following terms and conditions:

1. <u>Payment of Interest and Principal</u>. The principal amount of **Two Million Dollars and No/100 Cents ($2,000,000.00)** shall be due on or before **December 5th, 2007** (the "<u>Maturity Date</u>"). Time shall be of the essence. All payments required by Maker under this Note shall be made by wire transfer into Lender's designated accounts or such other place as the Lender may from time to time designate in writing.

2. <u>Prepayment</u>. This Note may be prepaid in whole or in part without penalty or charge, provided, however, that any partial prepayment shall be in increments of Fifty Thousand Dollars and No/100 Cents ($50,000.00).

3. <u>Florida Excise Tax on Documents</u>. Maker shall be solely responsible for payment of any and all documentary stamps and other taxes applicable to the full-face amount of this Note.

4. <u>Default</u>. Each of the following shall be an event of default hereunder, and this Note shall be in default, if:

(a) any payment or other sum due under this Note is not paid in full when due; or

(b) default be made in the performance of or compliance with any other promise or obligation due by Maker to Lender under this Note or any other promissory note, security instrument or other agreement of any kind now existing or hereafter created; or

(c) default be made in the performance of or compliance with any of the covenants and conditions or any guaranty or security instrument now or hereafter in effect securing payment of this Note; or

(d) the Corporation is voluntarily or involuntarily dissolved or otherwise fails to remain in good standing under the laws of the State of Florida and each jurisdiction where the Corporation is required to be qualified to do business; or

(e) death of any individual Maker; or

(f) the Maker, or any one of them, is voluntarily adjudicated bankrupt or insolvent, seeks or consents to the appointment of a receiver or trustee for itself, if applicable, or for all or a material portion of its property, files a petition seeking relief, including, reorganization, if applicable, arrangement or similar relief, under the present Bankruptcy Code or other similar present or future applicable laws of the United States or any state or any other competent jurisdiction, makes a general assignment for the benefit of creditors or admits in writing inability to pay debts as they mature; or

(g) a receiver or trustee is appointed for the Maker, or any one of them, for all or any part of Maker's property and such appointment is not vacated within sixty (60) days, or if a petition is filed

WSG00119

against the Maker seeking relief, including reorganization, arrangement or similar relief under the present Bankruptcy Code or other similar present or future applicable laws in the United States or any state or other competent jurisdiction, and such petition is not dismissed within sixty (60) days after the filing thereof; or

(h)    the Maker, or any one of them, voluntarily or involuntarily liquidates after the date hereof or sells, transfers, exchanges or otherwise disposes of all or any substantial portion, of its assets in one or any series of transactions (whether related or unrelated); or if the Corporation merges, consolidates or otherwise combines with or into any other entity; or

5.    <u>Acceleration Upon Default</u>.  Upon the occurrence of any event of default under this Note which is not cured within five (5) calendar days from written notice of such default from the Lender to the Maker, the entire principal outstanding under this Note, together with all accrued by unpaid interest thereon, shall, at the option of the Lender, become and be immediately due, payable and collectible at once, time being of the essence of this Note.  The Maker agrees to pay all costs of collection, legal expenses, and reasonable attorneys' fees, which may be incurred in connection with the collection of this Note.  If default is not cured within five (5) calendar days from such written notice, all outstanding principal due under this Note shall bear interest from the date of occurrence of such default until paid at the highest rate permissible under applicable law.

6.    <u>Usury Savings Clause</u>.  Nothing herein contained, nor in any instrument or transaction relating hereto, shall be construed or so operate as to require the Maker, or any person liable for the payment of this Note, to pay interest in an amount or at a rate greater than the highest rate permissible applicable law.  Should any interest or other charges paid by the Maker, or any parties liable for the payment of the loan made pursuant to this Note, result in the computation or earning of interest in excess of the highest rate permissible under applicable law, any and all such excess shall be and the same is hereby waived by Lender, Lender shall make whichever adjustment in the Note is necessary to ensure that Maker will not be required to pay further interest in excess of the highest rate permissible under applicable law, and all such excess shall be automatically credited against and in reduction of the outstanding principal balance, and any portion of such excess which exceeds the outstanding principal balance shall be paid by Lender to Maker and any parties liable for the payment of this Note, it being the intent of the Lender and Maker that under no circumstances shall the Maker, or any parties liable for the payment of the loan hereunder, be required to pay interest in excess of the highest rate permissible under applicable law.

7.    <u>Waiver of Notice by Maker</u>.  As to this Note, and any other documents or instruments now or hereafter securing the indebtedness, the Maker jointly and severally waives all applicable exemption rights, whether under the state Constitution, Homestead laws or otherwise, and also severally waive, except as provided in Section 6 of this Note, valuation and appraisement, presentment for payment, protest, notice of protest, dishonor and nonpayment of this Note, and expressly agree that any payment hereunder may be extended from time without in any way affecting the liability of the Maker.

8.    <u>Non-Waiver of Rights by Lender</u>.  Any delay by the Lender in exercising any right or remedy shall not constitute a waiver thereof.  No waiver by the Lender of any default hereunder shall be deemed to constitute a waiver of any subsequent default.  No exercise of any right or remedy hereunder shall preclude the exercise of any other right or remedy which the Lender may have in law or in equity to enforce the provisions of this Note or the collection thereof.  Any waiver of any provision hereof shall be in writing and shall be effective only in the specific instance and for the specific purpose for which given.

9.    <u>Attorneys' Fees</u>.  In the event that suit be brought hereon, or an attorney be employed or expenses be incurred to compel payment of this Note or any portion of the indebtedness evidenced hereby, or

WSG00120

to in any way represent Lender in reference to any of its rights hereunder or under any other instrument or agreement now or hereafter in effect securing payment of this Note, Maker promises to pay all such expenses of investigation, attorneys' fees, and costs all as are reasonably incurred by Lender as a result thereof and including, without limitation, expenses of investigation, attorneys' fees, and costs incurred in appellate proceeding or in any action or participation in, or in connection with, any case or proceeding under Title 11 U.S.C. Chapters 7, 11, or 13 of the Bankruptcy Code or any successor thereto, and expenses of investigation, attorneys' fees, and costs incurred as a result of Lender exercising its right to cure any event of default by Maker under this Note, the Second Mortgage, or any other instrument of agreement now or hereafter in effect securing payment of this Note.

10. <u>Governing Law and Venue</u>. This Note and any documents delivered pursuant hereto shall be governed by and construed in all respects, including validity, interpretation, effect, and enforcement, in accordance with the laws of the State of Florida without regard to conflict of law principles thereof. The Maker, and each of them irrevocably submit to the jurisdiction of the Circuit Court of the State of Florida, Miami-Dade County, in any action or proceeding arising out of or relating to this Note, or any documents delivered pursuant hereto, and the Maker, and each of them, irrevocably agree that all claims in respect of any such action or proceeding must be brought and/or defended in such court; provided, however, that matters which are under the exclusive jurisdiction of the Federal courts shall be brought in the Federal District Court for the Southern District of Florida. The Maker, and each of them, consent to service of process by any means authorized by the applicable law of the forum in any action brought under or arising out of this Note or any documents delivered pursuant hereto. The Maker, and each of them, irrevocably waive, to the fullest extent each may effectively do so, the defense of an inconvenient forum to the maintenance of such action or proceeding in any such court. THE MAKER, AND EACH OF THEM, HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVE, TO THE FULLEST EXTENT THEY MAY LEGALLY AND EFFECTIVELY DO SO, TRIAL BY JURY IN ANY SUIT, ACTION OR PROCEEDING ARISING HEREUNDER.

11. <u>Notice</u>. Any notice, demand, request, instruction, correspondence or other document to be given hereunder shall be in writing and delivered personally or mailed by registered or certified mail, postage prepaid and return receipt requested, or by facsimile, as follows:

    If to Maker:    4045 SHERIDAN AVENUE
                 PMB # 373
                 MIAMI BEACH FL 33140
                 Phone: (305) 673-4606
                 Fax:  (305) 673-4607

    If to Lender:    _____

                 _____

                 _____

Each of the above addresses for notice purposes may be changed by providing appropriate notice hereunder. Notice shall be effective upon receipt evidenced by the applicable delivery receipt, written affidavit of the deliverer, or facsimile confirmation.

12. <u>Miscellaneous</u>. This Note may not be changed or terminated without the prior written consent of Lender, which may be withheld for any reason in its sole and absolute discretion. The Maker, and each of

52391 1v1         Page III of IV

WSG00121

them, acknowledge and agree that their obligations under this Note are supported by due and lawful consideration and that they have carefully read this Note and know and understand its contents. The Makers, and each of them sign this Note voluntarily, intending to be bound by its terms. This Note may be executed in several counterparts or with counterpart signature pages, each of which shall be deemed an original, but such counterparts shall together constitute but one and the same Note. Delivery by facsimile of an executed signature page to this Note shall be effective as delivery of a manually signed original or counterpart.

**IN WITNESS WHEREOF**, the undersigned have executed and delivered this Note effective as of 8th day of **November, 2007**.

Maker:

OCEAN ROCK ENTERPRISES, INC.

BY: _____ (President)
4045 SHERIDAN AVENUE
PMB # 373
MIAMI BEACH FL 33140

Maker:

NEVIN R. SHAPIRO

BY: _____
Nevin Shapiro, Individual
400 41st Street, #506
Miami Beach, Florida 33140

Lender:

_____
WSG DEVELOPMENT COMPANY
Address:  PO Box 403061
              Miami Beach, FL 33140

WSG00122

# PROMISSORY NOTE

**$ 800,000.00**

**November 9th, 2007**

    **FOR VALUE RECEIVED,** the undersigned, **NEVIN K. SHAPIRO dba NKS FINANCIAL SYSTEMS** ("Maker") promises to pay without setoff, deduction or counter-claim of any kind or nature to the order of **ERIC D. SHEPPARD**, a Florida Resident, its successors or assigns ("Lender"), the principal sum of **Eight Hundred Thousand Dollars and No/100 Cents ($800,000.00)**, together with interest on all amounts of principal which shall from time to time remain outstanding from **November 9th, 2007** at a fixed fee amount. The said principal and interest shall be payable in lawful money of the United States of America in accordance with the following terms and conditions:

    1.   <u>Payment of Interest and Principal</u>.  The principal amount of **Eight Hundred Thousand Dollars and No/100 Cents ($800,000.00)** shall be due on or before **November 20th, 2007** (the "<u>Maturity Date</u>"). Time shall be of the essence. All payments required by Maker under this Note shall be made by wire transfer into Lender's designated accounts or such other place as the Lender may from time to time designate in writing.

    2.   <u>Prepayment</u>.  This Note may be prepaid in whole or in part without penalty or charge, provided, however, that any partial prepayment shall be in increments of Fifty Thousand Dollars and No/100 Cents ($50,000.00).

    3.   <u>Florida Excise Tax on Documents</u>.  Maker shall be solely responsible for payment of any and all documentary stamps and other taxes applicable to the full-face amount of this Note.

    4.   <u>Default</u>.  Each of the following shall be an event of default hereunder, and this Note shall be in default, if:

        (a)   any payment or other sum due under this Note is not paid in full when due; or

        (b)   default be made in the performance of or compliance with any other promise or obligation due by Maker to Lender under this Note or any other promissory note, security instrument or other agreement of any kind now existing or hereafter created; or

        (c)   default be made in the performance of or compliance with any of the covenants and conditions or any guaranty or security instrument now or hereafter in effect securing payment of this Note; or

        (d)   the Corporation is voluntarily or involuntarily dissolved or otherwise fails to remain in good standing under the laws of the State of Florida and each jurisdiction where the Corporation is required to be qualified to do business; or

        (e)   death of any individual Maker; or

        (f)   the Maker, or any one of them, is voluntarily adjudicated bankrupt or insolvent, seeks or consents to the appointment of a receiver or trustee for itself, if applicable, or for all or a material portion of its property, files a petition seeking relief, including, reorganization, if applicable, arrangement or similar relief, under the present Bankruptcy Code or other similar present or future applicable laws of the United States or any state or any other competent jurisdiction, makes a general assignment for the benefit of creditors or admits in writing inability to pay debts as they mature; or

WSG00113

(g)     a receiver or trustee is appointed for the Maker, or any one of them, for all or any part of Maker's property and such appointment is not vacated within sixty (60) days, or if a petition is filed against the Maker seeking relief, including reorganization, arrangement or similar relief under the present Bankruptcy Code or other similar present or future applicable laws in the United States or any state or other competent jurisdiction, and such petition is not dismissed within sixty (60) days after the filing thereof; or

(h)     the Maker, or any one of them, voluntarily or involuntarily liquidates after the date hereof or sells, transfers, exchanges or otherwise disposes of all or any substantial portion, of its assets in one or any series of transactions (whether related or unrelated); or if the Corporation merges, consolidates or otherwise combines with or into any other entity; or

5.     <u>Acceleration Upon Default</u>.  Upon the occurrence of any event of default under this Note which is not cured within five (5) calendar days from written notice of such default from the Lender to the Maker, the entire principal outstanding under this Note, together with all accrued by unpaid interest thereon, shall, at the option of the Lender, become and be immediately due, payable and collectible at once, time being of the essence of this Note.  The Maker agrees to pay all costs of collection, legal expenses, and reasonable attorneys' fees, which may be incurred in connection with the collection of this Note.  If default is not cured within five (5) calendar days from such written notice, all outstanding principal due under this Note shall bear interest from the date of occurrence of such default until paid at the highest rate permissible under applicable law.

6.     <u>Usury Savings Clause</u>.  Nothing herein contained, nor in any instrument or transaction relating hereto, shall be construed or so operate as to require the Maker, or any person liable for the payment of this Note, to pay interest in an amount or at a rate greater than the highest rate permissible applicable law.  Should any interest or other charges paid by the Maker, or any parties liable for the payment of the loan made pursuant to this Note, result in the computation or earning of interest in excess of the highest rate permissible under applicable law, any and all such excess shall be and the same is hereby waived by Lender, Lender shall make whichever adjustment in the Note is necessary to ensure that Maker will not be required to pay further interest in excess of the highest rate permissible under applicable law, and all such excess shall be automatically credited against and in reduction of the outstanding principal balance, and any portion of such excess which exceeds the outstanding principal balance shall be paid by Lender to Maker and any parties liable for the payment of this Note, it being the intent of the Lender and Maker that under no circumstances shall the Maker, or any parties liable for the payment of the loan hereunder, be required to pay interest in excess of the highest rate permissible under applicable law.

7.     <u>Waiver of Notice by Maker</u>.  As to this Note, and any other documents or instruments now or hereafter securing the indebtedness, the Maker jointly and severally waives all applicable exemption rights, whether under the state Constitution, Homestead laws or otherwise, and also severally waive, except as provided in Section 6 of this Note, valuation and appraisement, presentment for payment, protest, notice of protest, dishonor and nonpayment of this Note, and expressly agree that any payment hereunder may be extended from time without in any way affecting the liability of the Maker.

8.     <u>Non-Waiver of Rights by Lender</u>.  Any delay by the Lender in exercising any right or remedy shall not constitute a waiver thereof.  No waiver by the Lender of any default hereunder shall be deemed to constitute a waiver of any subsequent default.  No exercise of any right or remedy hereunder shall preclude the exercise of any other right or remedy which the Lender may have in law or in equity to enforce the provisions of this Note or the collection thereof.  Any waiver of any provision hereof shall be in writing and shall be effective only in the specific instance and for the specific purpose for which given.

WSG00114

9. <u>Attorneys' Fees</u>. In the event that suit be brought hereon, or an attorney be employed or expenses be incurred to compel payment of this Note or any portion of the indebtedness evidenced hereby, or to in any way represent Lender in reference to any of its rights hereunder or under any other instrument or agreement now or hereafter in effect securing payment of this Note, Maker promises to pay all such expenses of investigation, attorneys' fees, and costs all as are reasonably incurred by Lender as a result thereof and including, without limitation, expenses of investigation, attorneys' fees, and costs incurred in appellate proceeding or in any action or participation in, or in connection with, any case or proceeding under Title 11 U.S.C. Chapters 7, 11, or 13 of the Bankruptcy Code or any successor thereto, and expenses of investigation, attorneys' fees, and costs incurred as a result of Lender exercising its right to cure any event of default by Maker under this Note, the Second Mortgage, or any other instrument of agreement now or hereafter in effect securing payment of this Note.

10. <u>Governing Law and Venue</u>. This Note and any documents delivered pursuant hereto shall be governed by and construed in all respects, including validity, interpretation, effect, and enforcement, in accordance with the laws of the State of Florida without regard to conflict of law principles thereof. The Maker, and each of them irrevocably submit to the jurisdiction of the Circuit Court of the State of Florida, Miami-Dade County, in any action or proceeding arising out of or relating to this Note, or any documents delivered pursuant hereto, and the Maker, and each of them, irrevocably agree that all claims in respect of any such action or proceeding must be brought and/or defended in such court; provided, however, that matters which are under the exclusive jurisdiction of the Federal courts shall be brought in the Federal District Court for the Southern District of Florida. The Maker, and each of them, consent to service of process by any means authorized by the applicable law of the forum in any action brought under or arising out of this Note or any documents delivered pursuant hereto. The Maker, and each of them, irrevocably waive, to the fullest extent each may effectively do so, the defense of an inconvenient forum to the maintenance of such action or proceeding in any such court. THE MAKER, AND EACH OF THEM, HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVE, TO THE FULLEST EXTENT THEY MAY LEGALLY AND EFFECTIVELY DO SO, TRIAL BY JURY IN ANY SUIT, ACTION OR PROCEEDING ARISING HEREUNDER.

11. <u>Notice</u>. Any notice, demand, request, instruction, correspondence or other document to be given hereunder shall be in writing and delivered personally or mailed by registered or certified mail, postage prepaid and return receipt requested, or by facsimile, as follows:

If to Maker:            400 41st STREET #506
                        MIAMI BEACH FL 33140
                        Phone: (305) 673-4606
                        Fax:   (305) 673-4607

If to Lender:           _____

                        _____

                        _____

Each of the above addresses for notice purposes may be changed by providing appropriate notice hereunder. Notice shall be effective upon receipt evidenced by the applicable delivery receipt, written affidavit of the deliverer, or facsimile confirmation.

WSG00115

12.    <u>Miscellaneous</u>. This Note may not be changed or terminated without the prior written consent of Lender, which may be withheld for any reason in its sole and absolute discretion. The Maker, and each of them, acknowledge and agree that their obligations under this Note are supported by due and lawful consideration and that they have carefully read this Note and know and understand its contents. The Makers, and each of them sign this Note voluntarily, intending to be bound by its terms. This Note may be executed in several counterparts or with counterpart signature pages, each of which shall be deemed an original, but such counterparts shall together constitute but one and the same Note. Delivery by facsimile of an executed signature page to this Note shall be effective as delivery of a manually signed original or counterpart.

**IN WITNESS WHEREOF**, the undersigned have executed and delivered this Note effective as of 9th day of **November, 2007**.

Maker:

NEVIN K. SHAPIRO dba NKS FINANCIAL SYSTEMS

BY: _____

Nevin Shapiro, Individual
400 41st Street, #506
Miami Beach, Florida 33140

Lender:

_____
Eric D. Sheppard, Individual
Address:   400 41st Street
           2nd Floor
           Miami Beach, FL 33140

WSG00116

# PROMISSORY NOTE

$ 2,200,000.00                                                         November 28th, 2007

**FOR VALUE RECEIVED**, the undersigned, **Capitol Investments USA, Inc.** ("Maker") promises to pay without setoff, deduction or counter-claim of any kind or nature to the order of **CARILLON MIAMI BEACH HOLDING LLC**, its successors or assigns ("Lender"), the principal sum of **Two Million Two Hundred Thousand Dollars and No/100 Cents ($2,200,000.00)**, together with interest on all amounts of principal which shall from time to time remain outstanding from **November 28th, 2007** at a fixed fee amount. The said principal and interest shall be payable in lawful money of the United States of America in accordance with the following terms and conditions:

1.      Payment of Interest and Principal.  The principal amount of **Two Million Two Hundred Thousand Dollars and No/100 Cents ($2,200,000.00)** shall be due on or before **November 30th, 2007** (the "Maturity Date"). Time shall be of the essence. All payments required by Maker under this Note shall be made by wire transfer into Lender's designated accounts or such other place as the Lender may from time to time designate in writing.

2.      Prepayment.  This Note may be prepaid in whole or in part without penalty or charge, provided, however, that any partial prepayment shall be in increments of Fifty Thousand Dollars and No/100 Cents ($50,000.00).

3.      Florida Excise Tax on Documents.  Maker shall be solely responsible for payment of any and all documentary stamps and other taxes applicable to the full-face amount of this Note.

4.      Default.  Each of the following shall be an event of default hereunder, and this Note shall be in default, if:

(a)      any payment or other sum due under this Note is not paid in full when due; or

(b)      default be made in the performance of or compliance with any other promise or obligation due by Maker to Lender under this Note or any other promissory note, security instrument or other agreement of any kind now existing or hereafter created; or

(c)      default be made in the performance of or compliance with any of the covenants and conditions or any guaranty or security instrument now or hereafter in effect securing payment of this Note; or

(d)      the Corporation is voluntarily or involuntarily dissolved or otherwise fails to remain in good standing under the laws of the State of Florida and each jurisdiction where the Corporation is required to be qualified to do business; or

(e)      death of any individual Maker; or

(f)      the Maker, or any one of them, is voluntarily adjudicated bankrupt or insolvent, seeks or consents to the appointment of a receiver or trustee for itself, if applicable, or for all or a material portion of its property, files a petition seeking relief, including, reorganization, if applicable, arrangement or similar relief, under the present Bankruptcy Code or other similar present or future applicable laws of the United States or any state or any other competent jurisdiction, makes a general assignment for the benefit of creditors or admits in writing inability to pay debts as they mature; or

WSG00107

(g)     a receiver or trustee is appointed for the Maker, or any one of them, for all or any part of Maker's property and such appointment is not vacated within sixty (60) days, or if a petition is filed against the Maker seeking relief, including reorganization, arrangement or similar relief under the present Bankruptcy Code or other similar present or future applicable laws in the United States or any state or other competent jurisdiction, and such petition is not dismissed within sixty (60) days after the filing thereof; or

(h)     the Maker, or any one of them, voluntarily or involuntarily liquidates after the date hereof or sells, transfers, exchanges or otherwise disposes of all or any substantial portion, of its assets in one or any series of transactions (whether related or unrelated); or if the Corporation merges, consolidates or otherwise combines with or into any other entity; or

5.     <u>Acceleration Upon Default</u>.  Upon the occurrence of any event of default under this Note which is not cured within five (5) calendar days from written notice of such default from the Lender to the Maker, the entire principal outstanding under this Note, together with all accrued by unpaid interest thereon, shall, at the option of the Lender, become and be immediately due, payable and collectible at once, time being of the essence of this Note.  The Maker agrees to pay all costs of collection, legal expenses, and reasonable attorneys' fees, which may be incurred in connection with the collection of this Note.  If default is not cured within five (5) calendar days from such written notice, all outstanding principal due under this Note shall bear interest from the date of occurrence of such default until paid at the highest rate permissible under applicable law.

6.     <u>Usury Savings Clause</u>.  Nothing herein contained, nor in any instrument or transaction relating hereto, shall be construed or so operate as to require the Maker, or any person liable for the payment of this Note, to pay interest in an amount or at a rate greater than the highest rate permissible applicable law.  Should any interest or other charges paid by the Maker, or any parties liable for the payment of the loan made pursuant to this Note, result in the computation or earning of interest in excess of the highest rate permissible under applicable law, any and all such excess shall be and the same is hereby waived by Lender, Lender shall make whichever adjustment in the Note is necessary to ensure that Maker will not be required to pay further interest in excess of the highest rate permissible under applicable law, and all such excess shall be automatically credited against and in reduction of the outstanding principal balance, and any portion of such excess which exceeds the outstanding principal balance shall be paid by Lender to Maker and any parties liable for the payment of this Note, it being the intent of the Lender and Maker that under no circumstances shall the Maker, or any parties liable for the payment of the loan hereunder, be required to pay interest in excess of the highest rate permissible under applicable law.

7.     <u>Waiver of Notice by Maker</u>.  As to this Note, and any other documents or instruments now or hereafter securing the indebtedness, the Maker jointly and severally waives all applicable exemption rights, whether under the state Constitution, Homestead laws or otherwise, and also severally waive, except as provided in Section 6 of this Note, valuation and appraisement, presentment for payment, protest, notice of protest, dishonor and nonpayment of this Note, and expressly agree that any payment hereunder may be extended from time without in any way affecting the liability of the Maker.

8.     <u>Non-Waiver of Rights by Lender</u>.  Any delay by the Lender in exercising any right or remedy shall not constitute a waiver thereof.  No waiver by the Lender of any default hereunder shall be deemed to constitute a waiver of any subsequent default.  No exercise of any right or remedy hereunder shall preclude the exercise of any other right or remedy which the Lender may have in law or in equity to enforce the provisions of this Note or the collection thereof.  Any waiver of any provision hereof shall be in writing and shall be effective only in the specific instance and for the specific purpose for which given.

WSG00108

9.   <u>Attorneys' Fees</u>.  In the event that suit be brought hereon, or an attorney be employed or expenses be incurred to compel payment of this Note or any portion of the indebtedness evidenced hereby, or to in any way represent Lender in reference to any of its rights hereunder or under any other instrument or agreement now or hereafter in effect securing payment of this Note, Maker promises to pay all such expenses of investigation, attorneys' fees, and costs all as are reasonably incurred by Lender as a result thereof and including, without limitation, expenses of investigation, attorneys' fees, and costs incurred in appellate proceeding or in any action or participation in, or in connection with, any case or proceeding under Title 11 U.S.C. Chapters 7, 11, or 13 of the Bankruptcy Code or any successor thereto, and expenses of investigation, attorneys' fees, and costs incurred as a result of Lender exercising its right to cure any event of default by Maker under this Note, the Second Mortgage, or any other instrument or agreement now or hereafter in effect securing payment of this Note.

10.   <u>Governing Law and Venue</u>.  This Note and any documents delivered pursuant hereto shall be governed by and construed in all respects, including validity, interpretation, effect, and enforcement, in accordance with the laws of the State of Florida without regard to conflict of law principles thereof.  The Maker, and each of them irrevocably submit to the jurisdiction of the Circuit Court of the State of Florida, Miami-Dade County, in any action or proceeding arising out of or relating to this Note, or any documents delivered pursuant hereto, and the Maker, and each of them, irrevocably agree that all claims in respect of any such action or proceeding must be brought and/or defended in such court; provided, however, that matters which are under the exclusive jurisdiction of the Federal courts shall be brought in the Federal District Court for the Southern District of Florida.  The Maker, and each of them, consent to service of process by any means authorized by the applicable law of the forum in any action brought under or arising out of this Note or any documents delivered pursuant hereto.  The Maker, and each of them, irrevocably waive, to the fullest extent each may effectively do so, the defense of an inconvenient forum to the maintenance of such action or proceeding in any such court.  THE MAKER, AND EACH OF THEM, HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVE, TO THE FULLEST EXTENT THEY MAY LEGALLY AND EFFECTIVELY DO SO, TRIAL BY JURY IN ANY SUIT, ACTION OR PROCEEDING ARISING HEREUNDER.

11.   <u>Notice</u>.  Any notice, demand, request, instruction, correspondence or other document to be given hereunder shall be in writing and delivered personally or mailed by registered or certified mail, postage prepaid and return receipt requested, or by facsimile, as follows:

If to Maker:          400 41st Street, Suite 506
                      Miami Beach, Florida 33139
                      Phone: (305) 673-4606
                      Fax:    (305) 673-4607

If to Lender:         _____

                      _____

                      _____

Each of the above addresses for notice purposes may be changed by providing appropriate notice hereunder. Notice shall be effective upon receipt evidenced by the applicable delivery receipt, written affidavit of the deliverer, or facsimile confirmation.

WSG00109

12. _Miscellaneous_. This Note may not be changed or terminated without the prior written consent of Lender, which may be withheld for any reason in its sole and absolute discretion. The Maker, and each of them, acknowledge and agree that their obligations under this Note are supported by due and lawful consideration and that they have carefully read this Note and know and understand its contents. The Makers, and each of them sign this Note voluntarily, intending to be bound by its terms. This Note may be executed in several counterparts or with counterpart signature pages, each of which shall be deemed an original, but such counterparts shall together constitute but one and the same Note. Delivery by facsimile of an executed signature page to this Note shall be effective as delivery of a manually signed original or counterpart.

**IN WITNESS WHEREOF**, the undersigned have executed and delivered this Note effective as of **28**th day of **November, 2007**.

Maker:

CAPITOL INVESTMENTS USA, INC.

BY: _____ (— President)
Nevin Shapiro, President
400 41st Street, #506
Miami Beach, Florida 33140

Maker:

NEVIN K. SHAPIRO

BY: _____
Nevin Shapiro, Individual
400 41st Street, #506
Miami Beach, Florida 33140

Lender:

_____
CARILLON MIAMI BEACH HOLDING LLC
Address:    400 41st Street
                 2nd Floor
                 Miami Beach, FL 33140

523911v1

WSG00110

# PROMISSORY NOTE

$ 1,300,000.00                                                              December 14th, 2007

FOR VALUE RECEIVED, the undersigned, **Capitol Investments USA, Inc.** ("Maker") promises to pay without setoff, deduction or counter-claim of any kind or nature to the order of **CARILLON MIAMI BEACH HOLDING LLC**, its successors or assigns ("Lender"), the principal sum of **One Million Three Hundred Thousand Dollars and No/100 Cents ($1,300,000.00)**, together with interest on all amounts of principal which shall from time to time remain outstanding from December 13th, 2007 at a fixed fee amount. The said principal and interest shall be payable in lawful money of the United States of America in accordance with the following terms and conditions:

1.       Payment of Interest and Principal. The principal amount of **One Million Three Hundred Thousand Dollars and No/100 Cents ($1,300,000.00)** shall be due on or before **December 17th, 2007** (the "Maturity Date"). Time shall be of the essence. All payments required by Maker under this Note shall be made by wire transfer into Lender's designated accounts or such other place as the Lender may from time to time designate in writing.

2.       Prepayment. This Note may be prepaid in whole or in part without penalty or charge, provided, however, that any partial prepayment shall be in increments of Fifty Thousand Dollars and No/100 Cents ($50,000.00).

3.       Florida Excise Tax on Documents. Maker shall be solely responsible for payment of any and all documentary stamps and other taxes applicable to the full-face amount of this Note.

4.       Default. Each of the following shall be an event of default hereunder, and this Note shall be in default, if:

(a)       any payment or other sum due under this Note is not paid in full when due; or

(b)       default be made in the performance of or compliance with any other promise or obligation due by Maker to Lender under this Note or any other promissory note, security instrument or other agreement of any kind now existing or hereafter created; or

(c)       default be made in the performance of or compliance with any of the covenants and conditions or any guaranty or security instrument now or hereafter in effect securing payment of this Note; or

(d)       the Corporation is voluntarily or involuntarily dissolved or otherwise fails to remain in good standing under the laws of the State of Florida and each jurisdiction where the Corporation is required to be qualified to do business; or

(e)       death of any individual Maker; or

(f)       the Maker, or any one of them, is voluntarily adjudicated bankrupt or insolvent, seeks or consents to the appointment of a receiver or trustee for itself, if applicable, or for all or a material portion of its property, files a petition seeking relief, including, reorganization, if applicable, arrangement or similar relief, under the present Bankruptcy Code or other similar present or future applicable laws of the United States or any state or any other competent jurisdiction, makes a general assignment for the benefit of creditors or admits in writing inability to pay debts as they mature; or

(g)       a receiver or trustee is appointed for the Maker, or any one of them, for all or any part of Maker's property and such appointment is not vacated within sixty (60) days, or if a petition is filed against the Maker seeking relief, including reorganization, arrangement or similar relief under the present Bankruptcy Code or other similar present or future applicable laws in the United States or any state or other competent jurisdiction, and such petition is not dismissed within sixty (60) days after the filing thereof; or

(h)       the Maker, or any one of them, voluntarily or involuntarily liquidates after the date hereof or sells, transfers, exchanges or otherwise disposes of all or any substantial portion, of its assets in one or any series of transactions (whether related or unrelated); or if the Corporation merges, consolidates or otherwise combines with or into any other entity; or

5.       Acceleration Upon Default. Upon the occurrence of any event of default under this Note which is not cured within five (5) calendar days from written notice of such default from the Lender to the Maker, the entire principal outstanding under this Note, together with all accrued by unpaid interest thereon, shall, at the option of the Lender, become and be immediately

WSG00097

due, payable and collectible at once, time being of the essence of this Note. The Maker agrees to pay all costs of collection, legal expenses, and reasonable attorneys' fees, which may be incurred in connection with the collection of this Note. If default is not cured within five (5) calendar days from such written notice, all outstanding principal due under this Note shall bear interest from the date of occurrence of such default until paid at the highest rate permissible under applicable law.

6.     Usury Savings Clause. Nothing herein contained, nor in any instrument or transaction relating hereto, shall be construed or so operate as to require the Maker, or any person liable for the payment of this Note, to pay interest in an amount or at a rate greater than the highest rate permissible applicable law. Should any interest or other charges paid by the Maker, or any parties liable for the payment of the loan made pursuant to this Note, result in the computation or earning of interest in excess of the highest rate permissible under applicable law, any and all such excess shall be and the same is hereby waived by Lender, Lender shall make whichever adjustment in the Note is necessary to ensure that Maker will not be required to pay further interest in excess of the highest rate permissible under applicable law, and all such excess shall be automatically credited against and in reduction of the outstanding principal balance, and any portion of such excess which exceeds the outstanding principal balance shall be paid by Lender to Maker and any parties liable for the payment of this Note, it being the intent of the Lender and Maker that under no circumstances shall the Maker, or any parties liable for the payment of the loan hereunder, be required to pay interest in excess of the highest rate permissible under applicable law.

7.     Waiver of Notice by Maker. As to this Note, and any other documents or instruments now or hereafter securing the indebtedness, the Maker jointly and severally waives all applicable exemption rights, whether under the state Constitution, Homestead laws or otherwise, and also severally waive, except as provided in Section 6 of this Note, valuation and appraisement, presentment for payment, protest, notice of protest, dishonor and nonpayment of this Note, and expressly agree that any payment hereunder may be extended from time without in any way affecting the liability of the Maker.

8.     Non-Waiver of Rights by Lender. Any delay by the Lender in exercising any right or remedy shall not constitute a waiver thereof. No waiver by the Lender of any default hereunder shall be deemed to constitute a waiver of any subsequent default. No exercise of any right or remedy hereunder shall preclude the exercise of any other right or remedy which the Lender may have in law or in equity to enforce the provisions of this Note or the collection thereof. Any waiver of any provision hereof shall be in writing and shall be effective only in the specific instance and for the specific purpose for which given.

9.     Attorneys' Fees. In the event that suit be brought hereon, or an attorney be employed or expenses be incurred to compel payment of this Note or any portion of the indebtedness evidenced hereby, or to in any way represent Lender in reference to any of its rights hereunder or under any other instrument or agreement now or hereafter in effect securing payment of this Note, Maker promises to pay all such expenses of investigation, attorneys' fees, and costs all as are reasonably incurred by Lender as a result thereof and including, without limitation, expenses of investigation, attorneys' fees, and costs incurred in appellate proceeding or in any action or participation in, or in connection with, any case or proceeding under Title 11 U.S.C. Chapters 7, 11, or 13 of the Bankruptcy Code or any successor thereto, and expenses of investigation, attorneys' fees, and costs incurred as a result of Lender exercising its right to cure any event of default by Maker under this Note, the Second Mortgage, or any other instrument of agreement now or hereafter in effect securing payment of this Note.

10.     Governing Law and Venue. This Note and any documents delivered pursuant hereto shall be governed by and construed in all respects, including validity, interpretation, effect, and enforcement, in accordance with the laws of the State of Florida without regard to conflict of law principles thereof. The Maker, and each of them irrevocably submit to the jurisdiction of the Circuit Court of the State of Florida, Miami-Dade County, in any action or proceeding arising out of or relating to this Note, or any documents delivered pursuant hereto, and the Maker, and each of them, irrevocably agree that all claims in respect of any such action or proceeding must be brought and/or defended in such court; provided, however, that matters which are under the exclusive jurisdiction of the Federal courts shall be brought in the Federal District Court for the Southern District of Florida. The Maker, and each of them, consent to service of process by any means authorized by the applicable law of the forum in any action brought under or arising out of this Note or any documents delivered pursuant hereto. The Maker, and each of them, irrevocably waive, to the fullest extent each may effectively do so, the defense of an inconvenient forum to the maintenance of such action or proceeding in any such court. THE MAKER, AND EACH OF THEM, HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVE, TO THE FULLEST EXTENT THEY MAY LEGALLY AND EFFECTIVELY DO SO, TRIAL BY JURY IN ANY SUIT, ACTION OR PROCEEDING ARISING HEREUNDER.

WSG00098

11.     Notice. Any notice, demand, request, instruction, correspondence or other document to be given hereunder shall be in writing and delivered personally or mailed by registered or certified mail, postage prepaid and return receipt requested, or by facsimile, as follows:

If to Maker:                    400 41st Street, Suite 506
                                Miami Beach, Florida 33139
                                Phone:   (305) 673-4606
                                Fax:     (305) 673-4607

If to Lender:                   - - - --

                                _____

Each of the above addresses for notice purposes may be changed by providing appropriate notice hereunder. Notice shall be effective upon receipt evidenced by the applicable delivery receipt, written affidavit of the deliverer, or facsimile confirmation.

12.     Miscellaneous. This Note may not be changed or terminated without the prior written consent of Lender, which may be withheld for any reason in its sole and absolute discretion. The Maker, and each of them, acknowledge and agree that their obligations under this Note are supported by due and lawful consideration and that they have carefully read this Note and know and understand its contents. The Makers, and each of them sign this Note voluntarily, intending to be bound by its terms. This Note may be executed in several counterparts or with counterpart signature pages, each of which shall be deemed an original, but such counterparts shall together constitute but one and the same Note. Delivery by facsimile of an executed signature page to this Note shall be effective as delivery of a manually signed original or counterpart.

IN WITNESS WHEREOF, the undersigned have executed and delivered this Note effective as of 14th day of December, 2007.

Maker:

CAPITOL INVESTMENTS USA, INC.

BY: _____ ( President )
    Nevin Shapiro, President
    400 41st Street, #506
    Miami Beach, Florida 33140

Maker:

NEVIN K. SHAPIRO

BY: _____
    Nevin Shapiro, Individual
    400 41st Street, #506
    Miami Beach, Florida 33140

Lender:

CARILLON MIAMI BEACH HOLDING LLC
Address:   400 41st Street
           2nd Floor
           Miami Beach, FL 33140

WSG00099

# PROMISSORY NOTE

**$ 1,000,000.00**

**December 13th, 2007**

FOR VALUE RECEIVED, the undersigned, **Capitol Investments USA, Inc.** ("Maker") promises to pay without setoff, deduction or counter-claim of any kind or nature to the order of **WSG Development Company**, its successors or assigns ("Lender"), the principal sum of **One Million Dollars and No/100 Cents ($1,000,000.00)**, together with interest on all amounts of principal which shall from time to time remain outstanding from December 13th, 2007 at a fixed fee amount. The said principal and interest shall be payable in lawful money of the United States of America in accordance with the following terms and conditions:

1.    Payment of Interest and Principal. The principal amount of **One Million Dollars and No/100 Cents ($1,000,000.00)** shall be due on or before December 17th, 2007 (the "Maturity Date"). Time shall be of the essence. All payments required by Maker under this Note shall be made by wire transfer into Lender's designated accounts or such other place as the Lender may from time to time designate in writing.

2.    Prepayment. This Note may be prepaid in whole or in part without penalty or charge, provided, however, that any partial prepayment shall be in increments of Fifty Thousand Dollars and No/100 Cents ($50,000.00).

3.    Florida Excise Tax on Documents. Maker shall be solely responsible for payment of any and all documentary stamps and other taxes applicable to the full-face amount of this Note.

4.    Default. Each of the following shall be an event of default hereunder, and this Note shall be in default, if:

(a)    any payment or other sum due under this Note is not paid in full when due; or

(b)    default be made in the performance of or compliance with any other promise or obligation due by Maker to Lender under this Note or any other promissory note, security instrument or other agreement of any kind now existing or hereafter created; or

(c)    default be made in the performance of or compliance with any of the covenants and conditions or any guaranty or security instrument now or hereafter in effect securing payment of this Note; or

(d)    the Corporation is voluntarily or involuntarily dissolved or otherwise fails to remain in good standing under the laws of the State of Florida and each jurisdiction where the Corporation is required to be qualified to do business; or

(e)    death of any individual Maker; or

(f)    the Maker, or any one of them, is voluntarily adjudicated bankrupt or insolvent, seeks or consents to the appointment of a receiver or trustee for itself, if applicable, or for all or a material portion of its property, files a petition seeking relief, including, reorganization, if applicable, arrangement or similar relief, under the present Bankruptcy Code or other similar present or future applicable laws of the United States or any state or any other competent jurisdiction, makes a general assignment for the benefit of creditors or admits in writing inability to pay debts as they mature; or

(g)    a receiver or trustee is appointed for the Maker, or any one of them, for all or any part of Maker's property and such appointment is not vacated within sixty (60) days, or if a petition is filed against the Maker seeking relief, including reorganization, arrangement or similar relief under the present Bankruptcy Code or other similar present or future applicable laws in the United States or any state or other competent jurisdiction, and such petition is not dismissed within sixty (60) days after the filing thereof; or

(h)    the Maker, or any one of them, voluntarily or involuntarily liquidates after the date hereof or sells, transfers, exchanges or otherwise disposes of all or any substantial portion, of its assets in one or any series of transactions (whether related or unrelated); or if the Corporation merges, consolidates or otherwise combines with or into any other entity; or

5.    Acceleration Upon Default. Upon the occurrence of any event of default under this Note which is not cured within five (5) calendar days from written notice of such default from the Lender to the Maker, the entire principal outstanding

WSG00102

under this Note, together with all accrued by unpaid interest thereon, shall, at the option of the Lender, become and be immediately due, payable and collectible at once, time being of the essence of this Note. The Maker agrees to pay all costs of collection, legal expenses, and reasonable attorneys' fees, which may be incurred in connection with the collection of this Note. If default is not cured within five (5) calendar days from such written notice, all outstanding principal due under this Note shall bear interest from the date of occurrence of such default until paid at the highest rate permissible under applicable law.

6.     Usury Savings Clause. Nothing herein contained, nor in any instrument or transaction relating hereto, shall be construed or so operate as to require the Maker, or any person liable for the payment of this Note, to pay interest in an amount or at a rate greater than the highest rate permissible applicable law. Should any interest or other charges paid by the Maker, or any parties liable for the payment of the loan made pursuant to this Note, result in the computation or earning of interest in excess of the highest rate permissible under applicable law, any and all such excess shall be and the same is hereby waived by Lender, Lender shall make whichever adjustment in the Note is necessary to ensure that Maker will not be required to pay further interest in excess of the highest rate permissible under applicable law, and all such excess shall be automatically credited against and in reduction of the outstanding principal balance, and any portion of such excess which exceeds the outstanding principal balance shall be paid by Lender to Maker and any parties liable for the payment of this Note, it being the intent of the Lender and Maker that under no circumstances shall the Maker, or any parties liable for the payment of the loan hereunder, be required to pay interest in excess of the highest rate permissible under applicable law.

7.     Waiver of Notice by Maker. As to this Note, and any other documents or instruments now or hereafter securing the indebtedness, the Maker jointly and severally waives all applicable exemption rights, whether under the state Constitution, Homestead laws or otherwise, and also severally waive, except as provided in Section 6 of this Note, valuation and appraisement, presentment for payment, protest, notice of protest, dishonor and nonpayment of this Note, and expressly agree that any payment hereunder may be extended from time without in any way affecting the liability of the Maker.

8.     Non-Waiver of Rights by Lender. Any delay by the Lender in exercising any right or remedy shall not constitute a waiver thereof. No waiver by the Lender of any default hereunder shall be deemed to constitute a waiver of any subsequent default. No exercise of any right or remedy hereunder shall preclude the exercise of any other right or remedy which the Lender may have in law or in equity to enforce the provisions of this Note or the collection thereof. Any waiver of any provision hereof shall be in writing and shall be effective only in the specific instance and for the specific purpose for which given.

9.     Attorneys' Fees. In the event that suit be brought hereon, or an attorney be employed or expenses be incurred to compel payment of this Note or any portion of the indebtedness evidenced hereby, or to in any way represent Lender in reference to any of its rights hereunder or under any other instrument or agreement now or hereafter in effect securing payment of this Note, Maker promises to pay all such expenses of investigation, attorneys' fees, and costs all as are reasonably incurred by Lender as a result thereof and including, without limitation, expenses of investigation, attorneys' fees, and costs incurred in appellate proceeding or in any action or participation in, or in connection with, any case or proceeding under Title 11 U.S.C. Chapters 7, 11, or 13 of the Bankruptcy Code or any successor thereto, and expenses of investigation, attorneys' fees, and costs incurred as a result of Lender exercising its right to cure any event of default by Maker under this Note, the Second Mortgage, or any other instrument of agreement now or hereafter in effect securing payment of this Note.

10.     Governing Law and Venue. This Note and any documents delivered pursuant hereto shall be governed by and construed in all respects, including validity, interpretation, effect, and enforcement, in accordance with the laws of the State of Florida without regard to conflict of law principles thereof. The Maker, and each of them irrevocably submit to the jurisdiction of the Circuit Court of the State of Florida, Miami-Dade County, in any action or proceeding arising out of or relating to this Note, or any documents delivered pursuant hereto, and the Maker, and each of them, irrevocably agree that all claims in respect of any such action or proceeding must be brought and/or defended in such court; provided, however, that matters which are under the exclusive jurisdiction of the Federal courts shall be brought in the Federal District Court for the Southern District of Florida. The Maker, and each of them, consent to service of process by any means authorized by the applicable law of the forum in any action brought under or arising out of this Note or any documents delivered pursuant hereto. The Maker, and each of them, irrevocably waive, to the fullest extent each may effectively do so, the defense of an inconvenient forum to the maintenance of such action or proceeding in any such court.     THE MAKER, AND EACH OF THEM, HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVE, TO THE FULLEST EXTENT THEY MAY LEGALLY AND EFFECTIVELY DO SO, TRIAL BY JURY IN ANY SUIT, ACTION OR PROCEEDING ARISING HEREUNDER.

WSG00103

11.   Notice.  Any notice, demand, request, instruction, correspondence or other document to be given hereunder shall be in writing and delivered personally or mailed by registered or certified mail, postage prepaid and return receipt requested, or by facsimile, as follows:

If to Maker:

400 41st Street, Suite 506
Miami Beach, Florida 33139
Phone:   (305) 673-4606
Fax:     (305) 673-4607

If to Lender:

_____

_____

_____

Each of the above addresses for notice purposes may be changed by providing appropriate notice hereunder.  Notice shall be effective upon receipt evidenced by the applicable delivery receipt, written affidavit of the deliverer, or facsimile confirmation.

12.   Miscellaneous.  This Note may not be changed or terminated without the prior written consent of Lender, which may be withheld for any reason in its sole and absolute discretion.  The Maker, and each of them, acknowledge and agree that their obligations under this Note are supported by due and lawful consideration and that they have carefully read this Note and know and understand its contents.  The Makers, and each of them sign this Note voluntarily, intending to be bound by its terms.  This Note may be executed in several counterparts or with counterpart signature pages, each of which shall be deemed an original, but such counterparts shall together constitute but one and the same Note.  Delivery by facsimile of an executed signature page to this Note shall be effective as delivery of a manually signed original or counterpart.

IN WITNESS WHEREOF, the undersigned have executed and delivered this Note effective as of 14th day of December, 2007.

Maker:

CAPITOL INVESTMENTS USA, INC.

BY: _____ (President)
Nevin Shapiro, President
400 41st Street, #506
Miami Beach, Florida 33140

Maker:

NEVIN K. SHAPIRO

BY: _____
Nevin Shapiro, Individual
400 41st Street, #506
Miami Beach, Florida 33140

Lender:

_____
WSG Development Company
Address:   400 41st Street
           2nd Floor
           Miami Beach, FL 33140

WSG00104

## PROMISSORY NOTE

$ 2,500,000.00                                                          January 17th, 2008

FOR VALUE RECEIVED, the undersigned, **Capitol Investments USA, Inc.** ("Maker") promises to pay without setoff, deduction or counter-claim of any kind or nature to the order of **CARILLON MIAMI BEACH HOLDING LLC,** its successors or assigns ("Lender"), the principal sum of **Two Million Five Hundred Thousand Dollars and No/100 Cents ($2,500,000.00),** together with interest on all amounts of principal which shall from time to time remain outstanding from **December 21st, 2007** at a fixed fee amount. The said principal and interest shall be payable in lawful money of the United States of America in accordance with the following terms and conditions:

1.   Payment of Interest and Principal. The principal amount of **Two Million Five Hundred Thousand Dollars and No/100 Cents ($2,500,000.00)** shall be due on or before **December 27th,** 2007 (the "Maturity Date"). Time shall be of the essence. All payments required by Maker under this Note shall be made by wire transfer into Lender's designated accounts or such other place as the Lender may from time to time designate in writing.

2.   Prepayment. This Note may be prepaid in whole or in part without penalty or charge, provided, however, that any partial prepayment shall be in increments of Fifty Thousand Dollars and No/100 Cents ($50,000.00).

3.   Florida Excise Tax on Documents. Maker shall be solely responsible for payment of any and all documentary stamps and other taxes applicable to the full-face amount of this Note.

4.   Default. Each of the following shall be an event of default hereunder, and this Note shall be in default, if:

(a)   any payment or other sum due under this Note is not paid in full when due; or

(b)   default be made in the performance of or compliance with any other promise or obligation due by Maker to Lender under this Note or any other promissory note, security instrument or other agreement of any kind now existing or hereafter created; or

(c)   default be made in the performance of or compliance with any of the covenants and conditions or any guaranty or security instrument now or hereafter in effect securing payment of this Note; or

(d)   the Corporation is voluntarily or involuntarily dissolved or otherwise fails to remain in good standing under the laws of the State of Florida and each jurisdiction where the Corporation is required to be qualified to do business; or

(e)   death of any individual Maker; or

(f)   the Maker, or any one of them, is voluntarily adjudicated bankrupt or insolvent, seeks or consents to the appointment of a receiver or trustee for itself, if applicable, or for all or a material portion of its property, files a petition seeking relief, including, reorganization, arrangement or similar relief, under the present Bankruptcy Code or other similar present or future applicable laws of the United States or any state or any other competent jurisdiction, makes a general assignment for the benefit of creditors or admits in writing inability to pay debts as they mature; or

(g)   a receiver or trustee is appointed for the Maker, or any one of them, for all or any part of Maker's property and such appointment is not vacated within sixty (60) days, or if a petition is filed against the Maker seeking relief, including reorganization, arrangement or similar relief under the present Bankruptcy Code or other similar present or future applicable laws in the United States or any state or other competent jurisdiction, and such petition is not dismissed within sixty (60) days after the filing thereof; or

(h)   the Maker, or any one of them, voluntarily or involuntarily liquidates after the date hereof or sells, transfers, exchanges or otherwise disposes of all or any substantial portion, of its assets in one or any series of transactions (whether related or unrelated); or if the Corporation merges, consolidates or otherwise combines with or into any other entity; or

5.   Acceleration Upon Default. Upon the occurrence of any event of default under this Note which is not cured within five (5) calendar days from written notice of such default from the Lender to the Maker, the entire principal outstanding under this Note, together with all accrued by unpaid interest thereon, shall, at the option of the Lender, become and be immediately

WSG00084

due, payable and collectible at once, time being of the essence of this Note. The Maker agrees to pay all costs of collection, legal expenses, and reasonable attorneys' fees, which may be incurred in connection with the collection of this Note. If default is not cured within five (5) calendar days from such written notice, all outstanding principal due under this Note shall bear interest from the date of occurrence of such default until paid at the highest rate permissible under applicable law.

6.      Usury Savings Clause. Nothing herein contained, nor in any instrument or transaction relating hereto, shall be construed or so operate as to require the Maker, or any person liable for the payment of this Note, to pay interest in an amount or at a rate greater than the highest rate permissible applicable law. Should any interest or other charges paid by the Maker, or any parties liable for the payment of the loan made pursuant to this Note, result in the computation or earning of interest in excess of the highest rate permissible under applicable law, any and all such excess shall be and the same is hereby waived by Lender, Lender shall make whichever adjustment in the Note is necessary to ensure that Maker will not be required to pay further interest in excess of the highest rate permissible under applicable law, and all such excess shall be automatically credited against and in reduction of the outstanding principal balance, and any portion of such excess which exceeds the outstanding principal balance shall be paid by Lender to Maker and any parties liable for the payment of this Note, it being the intent of the Lender and Maker that under no circumstances shall the Maker, or any parties liable for the payment of the loan hereunder, be required to pay interest in excess of the highest rate permissible under applicable law.

7.      Waiver of Notice by Maker. As to this Note, and any other documents or instruments now or hereafter securing the indebtedness, the Maker jointly and severally waives all applicable exemption rights, whether under the state Constitution, Homestead laws or otherwise, and also severally waive, except as provided in Section 6 of this Note, valuation and appraisement, presentment for payment, protest, notice of protest, dishonor and nonpayment of this Note, and expressly agree that any payment hereunder may be extended from time without in any way affecting the liability of the Maker.

8.      Non-Waiver of Rights by Lender. Any delay by the Lender in exercising any right or remedy shall not constitute a waiver thereof. No waiver by the Lender of any default hereunder shall be deemed to constitute a waiver of any subsequent default. No exercise of any right or remedy hereunder shall preclude the exercise of any other right or remedy which the Lender may have in law or in equity to enforce the provisions of this Note or the collection thereof. Any waiver of any provision hereof shall be in writing and shall be effective only in the specific instance and for the specific purpose for which given.

9.      Attorneys' Fees. In the event that suit be brought hereon, or an attorney be employed or expenses be incurred to compel payment of this Note or any portion of the indebtedness evidenced hereby, or to in any way represent Lender in reference to any of its rights hereunder or under any other instrument or agreement now or hereafter in effect securing payment of this Note, Maker promises to pay all such expenses of investigation, attorneys' fees, and costs all as are reasonably incurred by Lender as a result thereof and including, without limitation, expenses of investigation, attorneys' fees, and costs incurred in appellate proceeding or in any action or participation in, or in connection with, any case or proceeding under Title 11 U.S.C. Chapters 7, 11, or 13 of the Bankruptcy Code or any successor thereto, and expenses of investigation, attorneys' fees, and costs incurred as a result of Lender exercising its right to cure any event of default by Maker under this Note, the Second Mortgage, or any other instrument of agreement now or hereafter in effect securing payment of this Note.

10.     Governing Law and Venue. This Note and any documents delivered pursuant hereto shall be governed by and construed in all respects, including validity, interpretation, effect, and enforcement, in accordance with the laws of the State of Florida without regard to conflict of law principles thereof. The Maker, and each of them irrevocably submit to the jurisdiction of the Circuit Court of the State of Florida, Miami-Dade County, in any action or proceeding arising out of or relating to this Note, or any documents delivered pursuant hereto, and the Maker, and each of them, irrevocably agree that all claims in respect of any such action or proceeding must be brought and/or defended in such court; provided, however, that matters which are under the exclusive jurisdiction of the Federal courts shall be brought in the Federal District Court for the Southern District of Florida. The Maker, and each of them, consent to service of process by any means authorized by the applicable law of the forum in any action brought under or arising out of this Note or any documents delivered pursuant hereto. The Maker, and each of them, irrevocably waive, to the fullest extent each may effectively do so, the defense of an inconvenient forum to the maintenance of such action or proceeding in any such court. THE MAKER, AND EACH OF THEM, HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVE, TO THE FULLEST EXTENT THEY MAY LEGALLY AND EFFECTIVELY DO SO, TRIAL BY JURY IN ANY SUIT, ACTION OR PROCEEDING ARISING HEREUNDER.

WSG00085

11.    <u>Notice</u>. Any notice, demand, request, instruction, correspondence or other document to be given hereunder shall be in writing and delivered personally or mailed by registered or certified mail, postage prepaid and return receipt requested, or by facsimile, as follows:

If to Maker:                      400 41st Street, Suite 506
                                  Miami Beach, Florida 33139
                                  Phone:  (305) 673-4606
                                  Fax:     (305) 673-4607

If to Lender:

Each of the above addresses for notice purposes may be changed by providing appropriate notice hereunder. Notice shall be effective upon receipt evidenced by the applicable delivery receipt, written affidavit of the deliverer, or facsimile confirmation.

12.    <u>Miscellaneous</u>. This Note may not be changed or terminated without the prior written consent of Lender, which may be withheld for any reason in its sole and absolute discretion. The Maker, and each of them, acknowledge and agree that their obligations under this Note are supported by due and lawful consideration and that they have carefully read this Note and know and understand its contents. The Makers, and each of them sign this Note voluntarily, intending to be bound by its terms. This Note may be executed in several counterparts or with counterpart signature pages, each of which shall be deemed an original, but such counterparts shall together constitute but one and the same Note. Delivery by facsimile of an executed signature page to this Note shall be effective as delivery of a manually signed original or counterpart.

**IN WITNESS WHEREOF**, the undersigned have executed and delivered this Note effective as of 17th day of January, 2008.

Maker:

CAPITOL INVESTMENTS USA, INC.

BY: _____ (President)
Nevin Shapiro, President
400 41st Street, #506
Miami Beach, Florida 33140

Maker:

NEVIN K. SHAPIRO

BY: _____
Nevin Shapiro, Individual
400 41st Street, #506
Miami Beach, Florida 33140

Lender:

_____
CARILLON MIAMI BEACH HOLDING LLC
Address:   400 41st Street
           2nd Floor
           Miami Beach, FL 33140

WSG00086

## PROMISSORY NOTE

**$ 800,000.00**                                                     January 17th, 2008

**FOR VALUE RECEIVED**, the undersigned, **Capitol Investments USA, Inc.** ("Maker") promises to pay without setoff, deduction or counter-claim of any kind or nature to the order of **ERIC D. SHEPPARD**, a Florida Resident, its successors or assigns ("Lender"), the principal sum of **Eight Hundred Thousand Dollars and No/100 Cents ($800,000.00)**, together with interest on all amounts of principal which shall from time to time remain outstanding from **December 21st, 2007** at a fixed fee amount. The said principal and interest shall be payable in lawful money of the United States of America in accordance with the following terms and conditions:

1. <u>Payment of Interest and Principal</u>.  The principal amount of **Eight Hundred Thousand Dollars and No/100 Cents ($800,000.00)** shall be due on or before **December 26th, 2007** (the "<u>Maturity Date</u>"). Time shall be of the essence. All payments required by Maker under this Note shall be made by wire transfer into Lender's designated accounts or such other place as the Lender may from time to time designate in writing.

2. <u>Prepayment</u>.  This Note may be prepaid in whole or in part without penalty or charge, provided, however, that any partial prepayment shall be in increments of Fifty Thousand Dollars and No/100 Cents ($50,000.00).

3. <u>Florida Excise Tax on Documents</u>.  Maker shall be solely responsible for payment of any and all documentary stamps and other taxes applicable to the full-face amount of this Note.

4. <u>Default</u>.  Each of the following shall be an event of default hereunder, and this Note shall be in default, if:

   (a)    any payment or other sum due under this Note is not paid in full when due; or

   (b)    default be made in the performance of or compliance with any other promise or obligation due by Maker to Lender under this Note or any other promissory note, security instrument or other agreement of any kind now existing or hereafter created; or

   (c)    default be made in the performance of or compliance with any of the covenants and conditions or any guaranty or security instrument now or hereafter in effect securing payment of this Note; or

   (d)    the Corporation is voluntarily or involuntarily dissolved or otherwise fails to remain in good standing under the laws of the State of Florida and each jurisdiction where the Corporation is required to be qualified to do business; or

   (e)    death of any individual Maker; or

   (f)    the Maker, or any one of them, is voluntarily adjudicated bankrupt or insolvent, seeks or consents to the appointment of a receiver or trustee for itself, if applicable, or for all or a material portion of its property, files a petition seeking relief, including, reorganization, if applicable, arrangement or similar relief, under the present Bankruptcy Code or other similar present or future applicable laws of the United States or any state or any other competent jurisdiction, makes a general assignment for the benefit of creditors or admits in writing inability to pay debts as they mature; or

   (g)    a receiver or trustee is appointed for the Maker, or any one of them, for all or any part of Maker's property and such appointment is not vacated within sixty (60) days, or if a petition is filed against the Maker seeking relief, including reorganization, arrangement or similar relief under the present Bankruptcy Code or other similar present or future applicable laws in the United States or any state or other competent jurisdiction, and such petition is not dismissed within sixty (60) days after the filing thereof; or

   (h)    the Maker, or any one of them, voluntarily or involuntarily liquidates after the date hereof or sells, transfers, exchanges or otherwise disposes of all or any substantial portion, of its assets in one or any series of transactions (whether related or unrelated); or if the Corporation merges, consolidates or otherwise combines with or into any other entity; or

5. <u>Acceleration Upon Default</u>.  Upon the occurrence of any event of default under this Note which is not cured within five (5) calendar days from written notice of such default from the Lender to the Maker, the entire principal outstanding under this Note, together with all accrued by unpaid interest thereon, shall, at the option of the Lender, become and be immediately

523911v1                            Page I of III

due, payable and collectible at once, time being of the essence of this Note. The Maker agrees to pay all costs of collection, legal expenses, and reasonable attorneys' fees, which may be incurred in connection with the collection of this Note. If default is not cured within five (5) calendar days from such written notice, all outstanding principal due under this Note shall bear interest from the date of occurrence of such default until paid at the highest rate permissible under applicable law.

6. <u>Usury Savings Clause</u>. Nothing herein contained, nor in any instrument or transaction relating hereto, shall be construed or so operate as to require the Maker, or any person liable for the payment of this Note, to pay interest in an amount or at a rate greater than the highest rate permissible applicable law. Should any interest or other charges paid by the Maker, or any parties liable for the payment of the loan made pursuant to this Note, result in the computation or earning of interest in excess of the highest rate permissible under applicable law, any and all such excess shall be and the same is hereby waived by Lender, Lender shall make whichever adjustment in the Note is necessary to ensure that Maker will not be required to pay further interest in excess of the highest rate permissible under applicable law, and all such excess shall be automatically credited against and in reduction of the outstanding principal balance, and any portion of such excess which exceeds the outstanding principal balance shall be paid by Lender to Maker and any parties liable for the payment of this Note, it being the intent of the Lender and Maker that under no circumstances shall the Maker, or any parties liable for the payment of the loan hereunder, be required to pay interest in excess of the highest rate permissible under applicable law.

7. <u>Waiver of Notice by Maker</u>. As to this Note, and any other documents or instruments now or hereafter securing the indebtedness, the Maker jointly and severally waives all applicable exemption rights, whether under the state Constitution, Homestead laws or otherwise, and also severally waive, except as provided in Section 6 of this Note, valuation and appraisement, presentment for payment, protest, notice of protest, dishonor and nonpayment of this Note, and expressly agree that any payment hereunder may be extended from time without in any way affecting the liability of the Maker.

8. <u>Non-Waiver of Rights by Lender</u>. Any delay by the Lender in exercising any right or remedy shall not constitute a waiver thereof. No waiver by the Lender of any default hereunder shall be deemed to constitute a waiver of any subsequent default. No exercise of any right or remedy hereunder shall preclude the exercise of any other right or remedy which the Lender may have in law or in equity to enforce the provisions of this Note or the collection thereof. Any waiver of any provision hereof shall be in writing and shall be effective only in the specific instance and for the specific purpose for which given.

9. <u>Attorneys' Fees</u>. In the event that suit be brought hereon, or an attorney be employed or expenses be incurred to compel payment of this Note or any portion of the indebtedness evidenced hereby, or to in any way represent Lender in reference to any of its rights hereunder or under any other instrument or agreement now or hereafter in effect securing payment of this Note, Maker promises to pay all such expenses of investigation, attorneys' fees, and costs all as are reasonably incurred by Lender as a result thereof and including, without limitation, expenses of investigation, attorneys' fees, and costs incurred in appellate proceeding or in any action or participation in, or in connection with, any case or proceeding under Title 11 U.S.C. Chapters 7, 11, or 13 of the Bankruptcy Code or any successor thereto, and expenses of investigation, attorneys' fees, and costs incurred as a result of Lender exercising its right to cure any event of default by Maker under this Note, the Second Mortgage, or any other instrument of agreement now or hereafter in effect securing payment of this Note.

10. <u>Governing Law and Venue</u>. This Note and any documents delivered pursuant hereto shall be governed by and construed in all respects, including validity, interpretation, effect, and enforcement, in accordance with the laws of the State of Florida without regard to conflict of law principles thereof. The Maker, and each of them irrevocably submit to the jurisdiction of the Circuit Court of the State of Florida, Miami-Dade County, in any action or proceeding arising out of or relating to this Note, or any documents delivered pursuant hereto, and the Maker, and each of them, irrevocably agree that all claims in respect of any such action or proceeding must be brought and/or defended in such court; provided, however, that matters which are under the exclusive jurisdiction of the Federal courts shall be brought in the Federal District Court for the Southern District of Florida. The Maker, and each of them, consent to service of process by any means authorized by the applicable law of the forum in any action brought under or arising out of this Note or any documents delivered pursuant hereto. The Maker, and each of them, irrevocably waive, to the fullest extent each may effectively do so, the defense of an inconvenient forum to the maintenance of such action or proceeding in any such court. THE MAKER, AND EACH OF THEM, HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVE, TO THE FULLEST EXTENT THEY MAY LEGALLY AND EFFECTIVELY DO SO, TRIAL BY JURY IN ANY SUIT, ACTION OR PROCEEDING ARISING HEREUNDER.

11. <u>Notice</u>. Any notice, demand, request, instruction, correspondence or other document to be given hereunder shall be in writing and delivered personally or mailed by registered or certified mail, postage prepaid and return receipt requested, or by facsimile, as follows:

52391 1v1     Page II of III

WSG00080

If to Maker:  400 41st STREET #506
              MIAMI BEACH FL 33140
              Phone:  (305) 673-4606
              Fax:    (305) 673-4607

If to Lender:  _____  _____

               _____  .  _____

               _____  _____

Each of the above addresses for notice purposes may be changed by providing appropriate notice hereunder.  Notice shall be effective upon receipt evidenced by the applicable delivery receipt, written affidavit of the deliverer, or facsimile confirmation.

    12.    Miscellaneous.  This Note may not be changed or terminated without the prior written consent of Lender, which may be withheld for any reason in its sole and absolute discretion.  The Maker, and each of them, acknowledge and agree that their obligations under this Note are supported by due and lawful consideration and that they have carefully read this Note and know and understand its contents.  The Makers, and each of them sign this Note voluntarily, intending to be bound by its terms.  This Note may be executed in several counterparts or with counterpart signature pages, each of which shall be deemed an original, but such counterparts shall together constitute but one and the same Note.  Delivery by facsimile of an executed signature page to this Note shall be effective as delivery of a manually signed original or counterpart.

    **IN WITNESS WHEREOF**, the undersigned have executed and delivered this Note effective as of 17th day of January, 2008.

    Maker:

    CAPITOL INVESTMENTS USA, INC.

    BY:  _____  ( President )
         Nevin Shapiro, President
         400 41st Street, #506
         Miami Beach, Florida 33140

    Maker:

    NEVIN K. SHAPIRO

    BY:  _____
         Nevin Shapiro, Individual
         400 41st Street, #506
         Miami Beach, Florida 33140

Lender:

_____
Eric D. Sheppard, Individual
Address:    400 41st Street
            2nd Floor
            Miami Beach, FL 33140

52391 lvl

WSG00081

## PROMISSORY NOTE

$ 1,700,000.00

January 11th, 2008

**FOR VALUE RECEIVED,** the undersigned, **Capitol Investments USA, Inc.** ("Maker") promises to pay without setoff, deduction or counter-claim of any kind or nature to the order of **CARILLON MIAMI BEACH HOLDING LLC**, its successors or assigns ("Lender"), the principal sum of **One Million Seven Hundred Thousand Dollars and No/100 Cents ($1,700,000.00),** together with interest on all amounts of principal which shall from time to time remain outstanding from **January 11th, 2008** at a fixed fee amount. The said principal and interest shall be payable in lawful money of the United States of America in accordance with the following terms and conditions:

1.    Payment of Interest and Principal. This Note shall be payable in One (1) payment of interest only in the amount of **Eight Thousand Five Hundred Dollars ($8,500.00)** due on the **Fourteenth (14th)** day of **January, 2008**. The principal amount of **One Million Seven Hundred Thousand Dollars and No/100 Cents ($1,700,000.00)** shall be due on or before **January 14th, 2008** (the "Maturity Date"). Time shall be of the essence. All payments required by Maker under this Note shall be made by wire transfer into Lender's designated accounts or such other place as the Lender may from time to time designate in writing.

2.    Prepayment. This Note may be prepaid in whole or in part without penalty or charge, provided, however, that any partial prepayment shall be in increments of Fifty Thousand Dollars and No/100 Cents ($50,000.00).

3.    Florida Excise Tax on Documents. Maker shall be solely responsible for payment of any and all documentary stamps and other taxes applicable to the full-face amount of this Note.

4.    Default. Each of the following shall be an event of default hereunder, and this Note shall be in default, if:

(a)    any payment or other sum due under this Note is not paid in full when due; or

(b)    default be made in the performance of or compliance with any other promise or obligation due by Maker to Lender under this Note or any other promissory note, security instrument or other agreement of any kind now existing or hereafter created; or

(c)    default be made in the performance of or compliance with any of the covenants and conditions or any guaranty or security instrument now or hereafter in effect securing payment of this Note; or

(d)    the Corporation is voluntarily or involuntarily dissolved or otherwise fails to remain in good standing under the laws of the State of Florida and each jurisdiction where the Corporation is required to be qualified to do business; or

(e)    death of any individual Maker; or

(f)    the Maker, or any one of them, is voluntarily adjudicated bankrupt or insolvent, seeks or consents to the appointment of a receiver or trustee for itself, if applicable, or for all or a material portion of its property, files a petition seeking relief, including, reorganization, if applicable, arrangement or similar relief, under the present Bankruptcy Code or other similar present or future applicable laws of the United States or any state or any other competent jurisdiction, makes a general assignment for the benefit of creditors or admits in writing inability to pay debts as they mature; or

(g)    a receiver or trustee is appointed for the Maker, or any one of them, for all or any part of Maker's property and such appointment is not vacated within sixty (60) days, or if a petition is filed against the Maker seeking relief, including reorganization, arrangement or similar relief under the present Bankruptcy Code or other similar present or future applicable laws in the United States or any state or other competent jurisdiction, and such petition is not dismissed within sixty (60) days after the filing thereof; or

(h)    the Maker, or any one of them, voluntarily or involuntarily liquidates after the date hereof or sells, transfers, exchanges or otherwise disposes of all or any substantial portion, of its assets in one or any series of transactions (whether related or unrelated); or if the Corporation merges, consolidates or otherwise combines with or into any other entity; or

5.    Acceleration Upon Default. Upon the occurrence of any event of default under this Note which is not cured within five (5) calendar days from written notice of such default from the Lender to the Maker, the entire principal outstanding

**EXHIBIT**

**L**

**WSG00089**

under this Note, together with all accrued by unpaid interest thereon, shall, at the option of the Lender, become and be immediately due, payable and collectible at once, time being of the essence of this Note. The Maker agrees to pay all costs of collection, legal expenses, and reasonable attorneys' fees, which may be incurred in connection with the provisions of this Note. If default is not cured within five (5) calendar days from such written notice, all outstanding principal due under this Note shall bear interest from the date of occurrence of such default until paid at the highest rate permissible under applicable law.

6. **Usury Savings Clause.** Nothing herein contained, nor in any instrument or transaction relating hereto, shall be construed or so operate as to require the Maker, or any person liable for the payment of this Note, to pay interest in an amount or at a rate greater than the highest rate permissible applicable law. Should any interest or other charges paid by the Maker, or any parties liable for the payment of the loan made pursuant to this Note, result in the computation or earning of interest in excess of the highest rate permissible under applicable law, any and all such excess shall be and the same is hereby waived by Lender, Lender shall make whichever adjustment in the Note is necessary to ensure that Maker will not be required to pay further interest in excess of the highest rate permissible under applicable law, and all such excess shall be automatically credited against and in reduction of the outstanding principal balance, and any portion of such excess which exceeds the outstanding principal balance shall be paid by Lender to Maker and any parties liable for the payment of this Note, it being the intent of the Lender and Maker that under no circumstances shall the Maker, or any parties liable for the payment of the loan hereunder, be required to pay interest in excess of the highest rate permissible under applicable law.

7. **Waiver of Notice by Maker.** As to this Note, and any other documents or instruments now or hereafter securing the indebtedness, the Maker jointly and severally waives all applicable exemption rights, whether under the state Constitution, Homestead laws or otherwise, and also severally waive, except as provided in Section 6 of this Note, valuation and appraisement, presentment for payment, protest, notice of protest, dishonor and nonpayment of this Note, and expressly agree that any payment hereunder may be extended from time without in any way affecting the liability of the Maker.

8. **Non-Waiver of Rights by Lender.** Any delay by the Lender in exercising any right or remedy shall not constitute a waiver thereof. No waiver by the Lender of any default hereunder shall be deemed to constitute a waiver of any subsequent default. No exercise of any right or remedy hereunder shall preclude the exercise of any other right or remedy which the Lender may have in law or in equity to enforce the provisions of this Note or the collection thereof. Any waiver of any provision hereof shall be in writing and shall be effective only in the specific instance and for the specific purpose for which given.

9. **Attorneys' Fees.** In the event that suit be brought hereon, or an attorney be employed or expenses be incurred to compel payment of this Note or any portion of the indebtedness evidenced hereby, or to in any way represent Lender in reference to any of its rights hereunder or under any other instrument or agreement now or hereafter in effect securing payment of this Note, Maker promises to pay all such expenses of investigation, attorneys' fees, and costs all as are reasonably incurred by Lender as a result thereof and including, without limitation, expenses of investigation, attorneys' fees, and costs incurred in appellate proceeding or in any action or participation in, or in connection with, any case or proceeding under Title 11 U.S.C. Chapters 7, 11, or 13 of the Bankruptcy Code or any successor thereto, and expenses of investigation, attorneys' fees, and costs incurred as a result of Lender exercising its right to cure any event of default by Maker under this Note, the Second Mortgage, or any other instrument of agreement now or hereafter in effect securing payment of this Note.

10. **Governing Law and Venue.** This Note and any documents delivered pursuant hereto shall be governed by and construed in all respects, including validity, interpretation, effect, and enforcement, in accordance with the laws of the State of Florida without regard to conflict of law principles thereof. The Maker, and each of them irrevocably submit to the jurisdiction of the Circuit Court of the State of Florida, Miami-Dade County, in any action or proceeding arising out of or relating to this Note, or any documents delivered pursuant hereto, and the Maker, and each of them, irrevocably agree that all claims in respect of any such action or proceeding must be brought and/or defended in such court; provided, however, that matters which are under the exclusive jurisdiction of the Federal courts shall be brought in the Federal District Court for the Southern District of Florida. The Maker, and each of them, consent to service of process by any means authorized by the applicable law of the forum in any action brought under or arising out of this Note or any documents delivered pursuant hereto. The Maker, and each of them, irrevocably waive, to the fullest extent each may effectively do so, the defense of an inconvenient forum to the maintenance of such action or proceeding in any such court. THE MAKER, AND EACH OF THEM, HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVE, TO THE FULLEST EXTENT THEY MAY LEGALLY AND EFFECTIVELY DO SO, TRIAL BY JURY IN ANY SUIT, ACTION OR PROCEEDING ARISING HEREUNDER.

WSG00090

11.     Notice.  Any notice, demand, request, instruction, correspondence or other document to be given hereunder shall be in writing and delivered personally or mailed by registered or certified mail, postage prepaid and return receipt requested, or by facsimile, as follows:

If to Maker:          400 41st Street, Suite 506
                      Miami Beach, Florida 33139
                      Phone:   (305) 673-4606
                      Fax:      (305) 673-4607

If to Lender:

Each of the above addresses for notice purposes may be changed by providing appropriate notice hereunder.  Notice shall be effective upon receipt evidenced by the applicable delivery receipt, written affidavit of the deliverer, or facsimile confirmation.

12.     Miscellaneous.  This Note may not be changed or terminated without the prior written consent of Lender, which may be withheld for any reason in its sole and absolute discretion.  The Maker, and each of them, acknowledge and agree that their obligations under this Note are supported by due and lawful consideration and that they have carefully read this Note and know and understand its contents.  The Makers, and each of them sign this Note voluntarily, intending to be bound by its terms.  This Note may be executed in several counterparts or with counterpart signature pages, each of which shall be deemed an original, but such counterparts shall together constitute but one and the same Note.  Delivery by facsimile of an executed signature page to this Note shall be effective as delivery of a manually signed original or counterpart.

**IN WITNESS WHEREOF**, the undersigned have executed and delivered this Note effective as of **14th** day of **January, 2008**.

Maker:

CAPITOL INVESTMENTS USA, INC.

BY: _____ President
      Nevin Shapiro, President
      400 41st Street, #506
      Miami Beach, Florida 33140

Maker:

NEVIN R. SHAPIRO

BY: _____
      Nevin Shapiro, Individual
      400 41st Street, #506
      Miami Beach, Florida 33140

Lender:

CARILLON MIAMI BEACH HOLDING LLC
Address:     400 41st Street
             2nd Floor
             Miami Beach, FL 33140

WSG00091

**PROMISSORY NOTE**

$ 2,000,000.00                                                              January 22nd, 2008

FOR VALUE RECEIVED, the undersigned, **Capitol Investments USA, Inc.** ("Maker") promises to pay without setoff, deduction or counter-claim of any kind or nature to the order of **CARILLON MIAMI BEACH HOLDING LLC**, its successors or assigns ("Lender"), the principal sum of **Two Million Dollars and No/100 Cents ($2,000,000.00)**, together with interest on all amounts of principal which shall from time to time remain outstanding from **January 22nd, 2008** at a fixed fee amount. The said principal and interest shall be payable in lawful money of the United States of America in accordance with the following terms and conditions:

1.    <u>Payment of Interest and Principal</u>.  The principal amount of Two Million Dollars and No/100 Cents ($2,000,000.00) shall be due on or before **January 23rd, 2008** (the "<u>Maturity Date</u>"). Time shall be of the essence. All payments required by Maker under this Note shall be made by wire transfer into Lender's designated accounts or such other place as the Lender may from time to time designate in writing.

2.    <u>Prepayment</u>.  This Note may be prepaid in whole or in part without penalty or charge, provided, however, that any partial prepayment shall be in increments of Fifty Thousand Dollars and No/100 Cents ($50,000.00).

3.    <u>Florida Excise Tax on Documents</u>.  Maker shall be solely responsible for payment of any and all documentary stamps and other taxes applicable to the full-face amount of this Note.

4.    <u>Default</u>.  Each of the following shall be an event of default hereunder, and this Note shall be in default, if:

    (a)    any payment or other sum due under this Note is not paid in full when due; or

    (b)    default be made in the performance of or compliance with any other promise or obligation due by Maker to Lender under this Note or any other promissory note, security instrument or other agreement of any kind now existing or hereafter created; or

    (c)    default be made in the performance of or compliance with any of the covenants and conditions or any guaranty or security instrument now or hereafter in effect securing payment of this Note; or

    (d)    the Corporation is voluntarily or involuntarily dissolved or otherwise fails to remain in good standing under the laws of the State of Florida and each jurisdiction where the Corporation is required to be qualified to do business; or

    (e)    death of any individual Maker; or

    (f)    the Maker, or any one of them, is voluntarily adjudicated bankrupt or insolvent, seeks or consents to the appointment of a receiver or trustee for itself, if applicable, or for all or a material portion of its property, files a petition seeking relief, including, reorganization, if applicable, arrangement or similar relief, under the present Bankruptcy Code or other similar present or future applicable laws of the United States or any state or any other competent jurisdiction, makes a general assignment for the benefit of creditors or admits in writing inability to pay debts as they mature; or

    (g)    a receiver or trustee is appointed for the Maker, or any one of them, for all or any part of Maker's property and such appointment is not vacated within sixty (60) days, or if a petition is filed against the Maker seeking relief, including reorganization, arrangement or similar relief under the present Bankruptcy Code or other similar present or future applicable laws in the United States or any state or other competent jurisdiction, and such petition is not dismissed within sixty (60) days after the filing thereof; or

    (h)    the Maker, or any one of them, voluntarily or involuntarily liquidates after the date hereof or sells, transfers, exchanges or otherwise disposes of all or any substantial portion, of its assets in one or any series of transactions (whether related or unrelated); or if the Corporation merges, consolidates or otherwise combines with or into any other entity; or

5.    <u>Acceleration Upon Default</u>.  Upon the occurrence of any event of default under this Note which is not cured within five (5) calendar days from written notice of such default from the Lender to the Maker, the entire principal outstanding under this Note, together with all accrued by unpaid interest thereon, shall, at the option of the Lender, become and be immediately

**EXHIBIT**

**Comp. M**

WSG00074

due, payable and collectible at once, time being of the essence of this Note. The Maker agrees to pay all costs of collection, legal expenses, and reasonable attorneys' fees, which may be incurred in connection with the collection of this Note. If default is not cured within five (5) calendar days from such written notice, all outstanding principal due under this Note shall bear interest from the date of occurrence of such default until paid at the highest rate permissible under applicable law.

6.     Usury Savings Clause. Nothing herein contained, nor in any instrument or transaction relating hereto, shall be construed or so operate as to require the Maker, or any person liable for the payment of this Note, to pay interest in an amount or at a rate greater than the highest rate permissible applicable law. Should any interest or other charges paid by the Maker, or any parties liable for the payment of the loan made pursuant to this Note, result in the computation or earning of interest in excess of the highest rate permissible under applicable law, any and all such excess shall be and the same is hereby waived by Lender, Lender shall make whichever adjustment in the Note is necessary to ensure that Maker will not be required to pay further interest in excess of the highest rate permissible under applicable law, and all such excess shall be automatically credited against and in reduction of the outstanding principal balance, and any portion of such excess which exceeds the outstanding principal balance shall be paid by Lender to Maker and any parties liable for the payment of this Note, it being the intent of the Lender and Maker that under no circumstances shall the Maker, or any parties liable for the payment of the loan hereunder, be required to pay interest in excess of the highest rate permissible under applicable law.

7.     Waiver of Notice by Maker. As to this Note, and any other documents or instruments now or hereafter securing the indebtedness, the Maker jointly and severally waives all applicable exemption rights, whether under the state Constitution, Homestead laws or otherwise, and also severally waive, except as provided in Section 6 of this Note, valuation and appraisement, presentment for payment, protest, notice of protest, dishonor and nonpayment of this Note, and expressly agree that any payment hereunder may be extended from time without in any way affecting the liability of the Maker.

8.     Non-Waiver of Rights by Lender. Any delay by the Lender in exercising any right or remedy shall not constitute a waiver thereof. No waiver by the Lender of any default hereunder shall be deemed to constitute a waiver of any subsequent default. No exercise of any right or remedy hereunder shall preclude the exercise of any other right or remedy which the Lender may have in law or in equity to enforce the provisions of this Note or the collection thereof. Any waiver of any provision hereof shall be in writing and shall be effective only in the specific instance and for the specific purpose for which given.

9.     Attorneys' Fees. In the event that suit be brought hereon, or an attorney be employed or expenses be incurred to compel payment of this Note or any portion of the indebtedness evidenced hereby, or to in any way represent Lender in reference to any of its rights hereunder or under any other instrument or agreement now or hereafter in effect securing payment of this Note, Maker promises to pay all such expenses of investigation, attorneys' fees, and costs all as are reasonably incurred by Lender as a result thereof and including, without limitation, expenses of investigation, attorneys' fees, and costs incurred in appellate proceeding or in any action or participation in, or in connection with, any case or proceeding under Title 11 U.S.C. Chapters 7, 11, or 13 of the Bankruptcy Code or any successor thereto, and expenses of investigation, attorneys' fees, and costs incurred as a result of Lender exercising its right to cure any event of default by Maker under this Note, the Second Mortgage, or any other instrument of agreement now or hereafter in effect securing payment of this Note.

10.     Governing Law and Venue. This Note and any documents delivered pursuant hereto shall be governed by and construed in all respects, including validity, interpretation, effect, and enforcement, in accordance with the laws of the State of Florida without regard to conflict of law principles thereof. The Maker, and each of them irrevocably submit to the jurisdiction of the Circuit Court of the State of Florida, Miami-Dade County, in any action or proceeding arising out of or relating to this Note, or any documents delivered pursuant hereto, and the Maker, and each of them, irrevocably agree that all claims in respect of any such action or proceeding must be brought and/or defended in such court; provided, however, that matters which are under the exclusive jurisdiction of the Federal courts shall be brought in the Federal District Court for the Southern District of Florida. The Maker, and each of them, consent to service of process by any means authorized by the applicable law of the forum in any action brought under or arising out of this Note or any documents delivered pursuant hereto. The Maker, and each of them, irrevocably waive, to the fullest extent each may effectively do so, the defense of an inconvenient forum to the maintenance of such action or proceeding in any such court. THE MAKER, AND EACH OF THEM, HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVE, TO THE FULLEST EXTENT THEY MAY LEGALLY AND EFFECTIVELY DO SO, TRIAL BY JURY IN ANY SUIT, ACTION OR PROCEEDING ARISING HEREUNDER.

WSG00075

11.    Notice.  Any notice, demand, request, instruction, correspondence or other document to be given hereunder shall be in writing and delivered personally or mailed by registered or certified mail, postage prepaid and return receipt requested, or by facsimile, as follows:

If to Maker:

400 41st Street, Suite 506
Miami Beach, Florida 33139
Phone:   (305) 673-4606
Fax:     (305) 673-4607

If to Lender:

Each of the above addresses for notice purposes may be changed by providing appropriate notice hereunder.  Notice shall be effective upon receipt evidenced by the applicable delivery receipt, written affidavit of the deliverer, or facsimile confirmation.

12.    Miscellaneous.  This Note may not be changed or terminated without the prior written consent of Lender, which may be withheld for any reason in its sole and absolute discretion.  The Maker, and each of them, acknowledge and agree that their obligations under this Note are supported by due and lawful consideration and that they have carefully read this Note and know and understand its contents.  The Makers, and each of them sign this Note voluntarily, intending to be bound by its terms.  This Note may be executed in several counterparts or with counterpart signature pages, each of which shall be deemed an original, but such counterparts shall together constitute but one and the same Note.  Delivery by facsimile of an executed signature page to this Note shall be effective as delivery of a manually signed original or counterpart.

IN WITNESS WHEREOF, the undersigned have executed and delivered this Note effective as of 17th day of January, 2008.

Maker:

CAPITOL INVESTMENTS USA, INC.

BY: _____ ( President )
Nevin Shapiro, President
400 41st Street, #506
Miami Beach, Florida 33140

Maker:

NEVIN K. SHAPIRO

BY: _____
Nevin Shapiro, Individual
400 41st Street, #506
Miami Beach, Florida 33140

Lender:

CARILLON MIAMI BEACH HOLDING LLC
Address:    400 41st Street
            2nd Floor
            Miami Beach, FL 33140

WSG00076

# PROMISSORY NOTE

**$ 3,700,000.00**

**January 29th, 2008**

**FOR VALUE RECEIVED**, the undersigned, **Capitol Investments USA, Inc.** ("Maker") promises to pay without setoff, deduction or counter-claim of any kind or nature to the order of **CARILLON MIAMI BEACH HOLDING LLC**, its successors or assigns ("Lender"), the principal sum of **Three Million Seven Hundred Thousand Dollars and No/100 Cents ($3,700,000.00)**, together with interest on all amounts of principal which shall from time to time remain outstanding from **January 29th, 2008** at a fixed fee amount. The said principal and interest shall be payable in lawful money of the United States of America in accordance with the following terms and conditions:

1.  <u>Payment of Interest and Principal</u>. The principal amount of **Three Million Seven Hundred Thousand Dollars and No/100 Cents ($3,700,000.00)** shall be due on or before **January 31st, 2008** (the "<u>Maturity Date</u>"). Time shall be of the essence. All payments required by Maker under this Note shall be made by wire transfer into Lender's designated accounts or such other place as the Lender may from time to time designate in writing.

2.  <u>Prepayment</u>. This Note may be prepaid in whole or in part without penalty or charge, provided, however, that any partial prepayment shall be in increments of Fifty Thousand Dollars and No/100 Cents ($50,000.00).

3.  <u>Florida Excise Tax on Documents</u>. Maker shall be solely responsible for payment of any and all documentary stamps and other taxes applicable to the full-face amount of this Note.

4.  <u>Default</u>. Each of the following shall be an event of default hereunder, and this Note shall be in default, if:

    (a)   any payment or other sum due under this Note is not paid in full when due; or

    (b)   default be made in the performance of or compliance with any other promise or obligation due by Maker to Lender under this Note or any other promissory note, security instrument or other agreement of any kind now existing or hereafter created; or

    (c)   default be made in the performance of or compliance with any of the covenants and conditions or any guaranty or security instrument now or hereafter in effect securing payment of this Note; or

    (d)   the Corporation is voluntarily or involuntarily dissolved or otherwise fails to remain in good standing under the laws of the State of Florida and each jurisdiction where the Corporation is required to be qualified to do business; or

    (e)   death of any individual Maker; or

    (f)   the Maker, or any one of them, is voluntarily adjudicated bankrupt or insolvent, seeks or consents to the appointment of a receiver or trustee for itself, if applicable, or for all or a material portion of its property, files a petition seeking relief, including, reorganization, if applicable, arrangement or similar relief, under the present Bankruptcy Code or other similar present or future applicable laws of the United States or any state or any other competent jurisdiction, makes a general assignment for the benefit of creditors or admits in writing inability to pay debts as they mature; or

    (g)   a receiver or trustee is appointed for the Maker, or any one of them, for all or any part of Maker's property and such appointment is not vacated within sixty (60) days, or if a petition is filed against the Maker seeking relief, including reorganization, arrangement or similar relief under the present Bankruptcy Code or other similar present or future applicable laws in the United States or any state or other competent jurisdiction, and such petition is not dismissed within sixty (60) days after the filing thereof; or

    (h)   the Maker, or any one of them, voluntarily or involuntarily liquidates after the date hereof or sells, transfers, exchanges or otherwise disposes of all or any substantial portion, of its assets in one or any series of transactions (whether related or unrelated); or if the Corporation merges, consolidates or otherwise combines with or into any other entity; or

5.  <u>Acceleration Upon Default</u>. Upon the occurrence of any event of default under this Note which is not cured within five (5) calendar days from written notice of such default from the Lender to the Maker, the entire principal outstanding under this Note, together with all accrued by unpaid interest thereon, shall, at the option of the Lender, become and be immediately

WSG00069

due, payable and collectible at once, time being of the essence of this Note. The Maker agrees to pay all costs of collection, legal expenses, and reasonable attorneys' fees, which may be incurred in connection with the collection of this Note. If default is not cured within five (5) calendar days from such written notice, all outstanding principal due under this Note shall bear interest from the date of occurrence of such default until paid at the highest rate permissible under applicable law.

6.     Usury Savings Clause. Nothing herein contained, nor in any instrument or transaction relating hereto, shall be construed or so operate as to require the Maker, or any person liable for the payment of this Note, to pay interest in an amount or at a rate greater than the highest rate permissible applicable law. Should any interest or other charges paid by the Maker, or any parties liable for the payment of the loan made pursuant to this Note, result in the computation or earning of interest in excess of the highest rate permissible under applicable law, any and all such excess shall be and the same is hereby waived by Lender, Lender shall make whichever adjustment in the Note is necessary to ensure that Maker will not be required to pay further interest in excess of the highest rate permissible under applicable law, and all such excess shall be automatically credited against in and reduction of the outstanding principal balance, and any portion of such excess which exceeds the outstanding principal balance shall be paid by Lender to Maker and any parties liable for the payment of this Note, it being the intent of the Lender and Maker that under no circumstances shall the Maker, or any parties liable for the payment of the loan hereunder, be required to pay interest in excess of the highest rate permissible under applicable law.

7.     Waiver of Notice by Maker. As to this Note, and any other documents or instruments now or hereafter securing the indebtedness, the Maker jointly and severally waives all applicable exemption rights, whether under the state Constitution, Homestead laws or otherwise, and also severally waive, except as provided in Section 6 of this Note, valuation and appraisement, presentment for payment, protest, notice of protest, dishonor and nonpayment of this Note, and expressly agree that any payment hereunder may be extended from time without in any way affecting the liability of the Maker.

8.     Non-Waiver of Rights by Lender. Any delay by the Lender in exercising any right or remedy shall not constitute a waiver thereof. No waiver by the Lender of any default hereunder shall be deemed to constitute a waiver of any subsequent default. No exercise of any right or remedy hereunder shall preclude the exercise of any other right or remedy which the Lender may have in law or in equity to enforce the provisions of this Note or the collection thereof. Any waiver of any provision hereof shall be in writing and shall be effective only in the specific instance and for the specific purpose for which given.

9.     Attorneys' Fees. In the event that suit be brought hereon, or an attorney be employed or expenses be incurred to compel payment of this Note or any portion of the indebtedness evidenced hereby, or to in any way represent Lender in reference to any of its rights hereunder or under any other instrument or agreement now or hereafter in effect securing payment of this Note, Maker promises to pay all such expenses of investigation, attorneys' fees, and costs all as are reasonably incurred by Lender as a result thereof and including, without limitation, expenses of investigation, attorneys' fees, and costs incurred in appellate proceeding or in any action or participation in, or in connection with, any case or proceeding under Title 11 U.S.C. Chapters 7, 11, or 13 of the Bankruptcy Code or any successor thereto, and expenses of investigation, attorneys' fees, and costs incurred as a result of Lender exercising its right to cure any event of default by Maker under this Note, the Second Mortgage, or any other instrument of agreement now or hereafter in effect securing payment of this Note.

10.     Governing Law and Venue. This Note and any documents delivered pursuant hereto shall be governed by and construed in all respects, including validity, interpretation, effect, and enforcement, in accordance with the laws of the State of Florida without regard to conflict of law principles thereof. The Maker, and each of them irrevocably submit to the jurisdiction of the Circuit Court of the State of Florida, Miami-Dade County, in any action or proceeding arising out of or relating to this Note, or any documents delivered pursuant hereto, and the Maker, and each of them, irrevocably agree that all claims in respect of any such action or proceeding must be brought and/or defended in such court; provided, however, that matters which are under the exclusive jurisdiction of the Federal courts shall be brought in the Federal District Court for the Southern District of Florida. The Maker, and each of them, consent to service of process by any means authorized by the applicable law of the forum in any action brought under or arising out of this Note or any documents delivered pursuant hereto. The Maker, and each of them, irrevocably waive, to the fullest extent each may effectively do so, the defense of an inconvenient forum to the maintenance of such action or proceeding in any such court. THE MAKER, AND EACH OF THEM, HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVE, TO THE FULLEST EXTENT THEY MAY LEGALLY AND EFFECTIVELY DO SO, TRIAL BY JURY IN ANY SUIT, ACTION OR PROCEEDING ARISING HEREUNDER.

52391[v]

WSG00070

11.     Notice.  Any notice, demand, request, instruction, correspondence or other document to be given hereunder shall be in writing and delivered personally or mailed by registered or certified mail, postage prepaid and return receipt requested, or by facsimile, as follows:

If to Maker:                400 41st Street, Suite 506
                            Miami Beach, Florida 33139
                            Phone:  (305) 673-4606
                            Fax:    (305) 673-4607

If to Lender:               _____ ___ ____

                            _____ ___ ____

                            _____ _____

Each of the above addresses for notice purposes may be changed by providing appropriate notice hereunder.  Notice shall be effective upon receipt evidenced by the applicable delivery receipt, written affidavit of the deliverer, or facsimile confirmation.

12.     Miscellaneous.  This Note may not be changed or terminated without the prior written consent of Lender, which may be withheld for any reason in its sole and absolute discretion.  The Maker, and each of them, acknowledge and agree that their obligations under this Note are supported by due and lawful consideration and that they have carefully read this Note and know and understand its contents.  The Makers, and each of them sign this Note voluntarily, intending to be bound by its terms.  This Note may be executed in several counterparts or with counterpart signature pages, each of which shall be deemed an original, but such counterparts shall together constitute but one and the same Note.  Delivery by facsimile of an executed signature page to this Note shall be effective as delivery of a manually signed original or counterpart.

**IN WITNESS WHEREOF**, the undersigned have executed and delivered this Note effective as of **30th** day of January, **2008**.

Maker:

CAPITOL INVESTMENTS USA, INC.

BY: _____ ( President )
     Nevin Shapiro, President
     400 41st Street, #506
     Miami Beach, Florida 33140

Maker:

NEVIN K. SHAPIRO

BY: _____
     Nevin Shapiro, Individual
     400 41st Street, #506
     Miami Beach, Florida 33140

Lender:

CARILLON MIAMI BEACH HOLDING LLC
Address:    400 41st Street
            2nd Floor
            Miami Beach, FL 33140

523911v1                    Page III of III

WSG00071

# PROMISSORY NOTE

$ 1,000,000.00

February 11th, 2008

**FOR VALUE RECEIVED,** the undersigned, **Capitol Investments USA, Inc.** ("Maker") promises to pay without setoff, deduction or counter-claim of any kind or nature to the order of **CARILLON MIAMI BEACH HOLDING LLC,** its successors or assigns ("Lender"), the principal sum of **One Million Dollars and No/100 Cents ($1,000,000.00),** together with interest on all amounts of principal which shall from time to time remain outstanding from **February 7th,** 2008 at a fixed fee amount. The said principal and interest shall be payable in lawful money of the United States of America in accordance with the following terms and conditions:

1. <u>Payment of Interest and Principal</u>. The principal amount of **One Million Dollars and No/100 Cents ($1,000,000.00)** shall be due on or before **February 8th,** 2008 (the "<u>Maturity Date</u>"). Time shall be of the essence. All payments required by Maker under this Note shall be made by wire transfer into Lender's designated accounts or such other place as the Lender may from time to time designate in writing.

2. <u>Prepayment</u>. This Note may be prepaid in whole or in part without penalty or charge, provided, however, that any partial prepayment shall be in increments of Fifty Thousand Dollars and No/100 Cents ($50,000.00).

3. <u>Florida Excise Tax on Documents</u>. Maker shall be solely responsible for payment of any and all documentary stamps and other taxes applicable to the full-face amount of this Note.

4. <u>Default</u>. Each of the following shall be an event of default hereunder, and this Note shall be in default, if:

(a) any payment or other sum due under this Note is not paid in full when due; or

(b) default be made in the performance of or compliance with any other promise or obligation due by Maker to Lender under this Note or any other promissory note, security instrument or other agreement of any kind now existing or hereafter created; or

(c) default be made in the performance of or compliance with any of the covenants and conditions or any guaranty or security instrument now or hereafter in effect securing payment of this Note; or

(d) the Corporation is voluntarily or involuntarily dissolved or otherwise fails to remain in good standing under the laws of the State of Florida and each jurisdiction where the Corporation is required to be qualified to do business; or

(e) death of any individual Maker; or

(f) the Maker, or any one of them, is voluntarily adjudicated bankrupt or insolvent, seeks or consents to the appointment of a receiver or trustee for itself, if applicable, or for all or a material portion of its property, files a petition seeking relief, including, reorganization, if applicable, arrangement or similar relief, under the present Bankruptcy Code or other similar present or future applicable laws of the United States or any state or any other competent jurisdiction, makes a general assignment for the benefit of creditors or admits in writing inability to pay debts as they mature; or

(g) a receiver or trustee is appointed for the Maker, or any one of them, for all or any part of Maker's property and such appointment is not vacated within sixty (60) days, or if a petition is filed against the Maker seeking relief, including reorganization, arrangement or similar relief under the present Bankruptcy Code or other similar present or future applicable laws in the United States or any state or other competent jurisdiction, and such petition is not dismissed within sixty (60) days after the filing thereof; or

(h) the Maker, or any one of them, voluntarily or involuntarily liquidates after the date hereof or sells, transfers, exchanges or otherwise disposes of all or any substantial portion, of its assets in one or any series of transactions (whether related or unrelated), or if the Corporation merges, consolidates or otherwise combines with or into any other entity; or

5. <u>Acceleration Upon Default</u>. Upon the occurrence of any event of default under this Note which is not cured within five (5) calendar days from written notice of such default from the Lender to the Maker, the entire principal outstanding under this Note, together with all accrued by unpaid interest thereon, shall, at the option of the Lender, become and be immediately

WSG00064

due, payable and collectible at once, time being of the essence of this Note. The Maker agrees to pay all costs of collection, legal expenses, and reasonable attorneys' fees, which may be incurred in connection with the collection of this Note. If default is not cured within five (5) calendar days from such written notice, all outstanding principal due under this Note shall bear interest from the date of occurrence of such default until paid at the highest rate permissible under applicable law.

6.      Usury Savings Clause. Nothing herein contained, nor in any instrument or transaction relating hereto, shall be construed or so operate as to require the Maker, or any person liable for the payment of this Note, to pay interest in an amount or at a rate greater than the highest rate permissible applicable law. Should any interest or other charges paid by the Maker, or any parties liable for the payment of the loan made pursuant to this Note, result in the computation or earning of interest in excess of the highest rate permissible under applicable law, any and all such excess shall be and the same is hereby waived by Lender, Lender shall make whichever adjustment in the Note is necessary to ensure that Maker will not be required to pay further interest in excess of the highest rate permissible under applicable law, and all such excess shall be automatically credited against and in reduction of the outstanding principal balance, and any portion of such excess which exceeds the outstanding principal balance shall be paid by Lender to Maker and any parties liable for the payment of this Note, it being the intent of the Lender and Maker that under no circumstances shall the Maker, or any parties liable for the payment of the loan hereunder, be required to pay interest in excess of the highest rate permissible under applicable law.

7.      Waiver of Notice by Maker. As to this Note, and any other documents or instruments now or hereafter securing the indebtedness, the Maker jointly and severally waives all applicable exemption rights, whether under the state Constitution, Homestead laws or otherwise, and also severally waive, except as provided in Section 6 of this Note, valuation and appraisement, presentment for payment, protest, notice of protest, dishonor and nonpayment of this Note, and expressly agree that any payment hereunder may be extended from time without in any way affecting the liability of the Maker.

8.      Non-Waiver of Rights by Lender. Any delay by the Lender in exercising any right or remedy shall not constitute a waiver thereof. No waiver by the Lender of any default hereunder shall be deemed to constitute a waiver of any subsequent default. No exercise of any right or remedy hereunder shall preclude the exercise of any other right or remedy which the Lender may have in law or in equity to enforce the provisions of this Note or the collection thereof. Any waiver of any provision hereof shall be in writing and shall be effective only in the specific instance and for the specific purpose for which given.

9.      Attorneys' Fees. In the event that suit be brought hereon, or an attorney be employed or expenses be incurred to compel payment of this Note or any portion of the indebtedness evidenced hereby, or to in any way represent Lender in reference to any of its rights hereunder or under any other instrument or agreement now or hereafter in effect securing payment of this Note, Maker promises to pay all such expenses of investigation, attorneys' fees, and costs all as are reasonably incurred by Lender as a result thereof and including, without limitation, expenses of investigation, attorneys' fees, and costs incurred in appellate proceeding or in any action or participation in, or in connection with, any case or proceeding under Title 11 U.S.C. Chapters 7, 11, or 13 of the Bankruptcy Code or any successor thereto, and expenses of investigation, attorneys' fees, and costs incurred as a result of Lender exercising its right to cure any event of default by Maker under this Note, the Second Mortgage, or any other instrument of agreement now or hereafter in effect securing payment of this Note.

10.     Governing Law and Venue. This Note and any documents delivered pursuant hereto shall be governed by and construed in all respects, including validity, interpretation, effect, and enforcement, in accordance with the laws of the State of Florida without regard to conflict of law principles thereof. The Maker, and each of them irrevocably submit to the jurisdiction of the Circuit Court of the State of Florida, Miami-Dade County, in any action or proceeding arising out of or relating to this Note, or any documents delivered pursuant hereto, and the Maker, and each of them, irrevocably agree that all claims in respect of any such action or proceeding must be brought and/or defended in such court; provided, however, that matters which are under the exclusive jurisdiction of the Federal courts shall be brought in the Federal District Court for the Southern District of Florida. The Maker, and each of them, consent to service of process by any means authorized by the applicable law of the forum in any action brought under or arising out of this Note or any documents delivered pursuant hereto. The Maker, and each of them, irrevocably waive, to the fullest extent each may effectively do so, the defense of an inconvenient forum to the maintenance of such action or proceeding in any such court. THE MAKER, AND EACH OF THEM, HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVE, TO THE FULLEST EXTENT THEY MAY LEGALLY AND EFFECTIVELY DO SO, TRIAL BY JURY IN ANY SUIT, ACTION OR PROCEEDING ARISING HEREUNDER.

WSG00065

11.    Notice.  Any notice, demand, request, instruction, correspondence or other document to be given hereunder shall be in writing and delivered personally or mailed by registered or certified mail, postage prepaid and return receipt requested, or by facsimile, as follows:

        If to Maker:

                400 41st Street, Suite 506
                Miami Beach, Florida 33139
                Phone:  (305) 673-4606
                Fax:     (305) 673-4607

        If to Lender:

Each of the above addresses for notice purposes may be changed by providing appropriate notice hereunder.  Notice shall be effective upon receipt evidenced by the applicable delivery receipt, written affidavit of the deliverer, or facsimile confirmation.

12.    Miscellaneous.  This Note may not be changed or terminated without the prior written consent of Lender, which may be withheld for any reason in its sole and absolute discretion.  The Maker, and each of them, acknowledge and agree that their obligations under this Note are supported by due and lawful consideration and that they have carefully read this Note and know and understand its contents.  The Makers, and each of them sign this Note voluntarily, intending to be bound by its terms.  This Note may be executed in several counterparts or with counterpart signature pages, each of which shall be deemed an original, but such counterparts shall together constitute but one and the same Note.  Delivery by facsimile of an executed signature page to this Note shall be effective as delivery of a manually signed original or counterpart.

**IN WITNESS WHEREOF**, the undersigned have executed and delivered this Note effective as of 11th day of February, 2008.

        Maker:

        CAPITOL INVESTMENTS USA, INC.

        BY: _____ ( President )
        Nevin Shapiro, President
        400 41st Street, #506
        Miami Beach, Florida 33140

        Maker:

        NEVIN K. SHAPIRO

        BY: _____
        Nevin Shapiro, Individual
        400 41st Street, #506
        Miami Beach, Florida 33140

Lender:

CARILLON MIAMI BEACH HOLDING LLC
Address:    400 41st Street
             2nd Floor
             Miami Beach, FL 33140

WSG00066

## PROMISSORY NOTE

**$ 2,000,000.00**

February 12th, 2008

**FOR VALUE RECEIVED**, the undersigned, **Capitol Investments USA, Inc.** ("Maker") promises to pay without setoff, deduction or counter-claim of any kind or nature to the order of **CARILLON MIAMI BEACH HOLDING LLC**, its successors or assigns ("Lender"), the principal sum of *Two Million Dollars and No/100 Cents* ($2,000,000.00), together with interest on all amounts of principal which shall from time to time remain outstanding from **February 12th, 2008** at a fixed fee amount. The said principal and interest shall be payable in lawful money of the United States of America in accordance with the following terms and conditions:

1.　　Payment of Interest and Principal.　The principal amount of **Two Million Dollars and No/100 Cents** ($2,000,000.00) shall be due on or before **February 14th, 2008** (the "Maturity Date"). Time shall be of the essence. All payments required by Maker under this Note shall be made by wire transfer into Lender's designated accounts or such other place as the Lender may from time to time designate in writing.

2.　　Prepayment.　This Note may be prepaid in whole or in part without penalty or charge, provided, however, that any partial prepayment shall be in increments of Fifty Thousand Dollars and No/100 Cents ($50,000.00).

3.　　Florida Excise Tax on Documents.　Maker shall be solely responsible for payment of any and all documentary stamps and other taxes applicable to the full-face amount of this Note.

4.　　Default.　Each of the following shall be an event of default hereunder, and this Note shall be in default, if:

　　(a)　　any payment or other sum due under this Note is not paid in full when due; or

　　(b)　　default be made in the performance of or compliance with any other promise or obligation due by Maker to Lender under this Note or any other promissory note, security instrument or other agreement of any kind now existing or hereafter created; or

　　(c)　　default be made in the performance of or compliance with any of the covenants and conditions or any guaranty or security instrument now or hereafter in effect securing payment of this Note; or

　　(d)　　the Corporation is voluntarily or involuntarily dissolved or otherwise fails to remain in good standing under the laws of the State of Florida and each jurisdiction where the Corporation is required to be qualified to do business; or

　　(e)　　death of any individual Maker; or

　　(f)　　the Maker, or any one of them, is voluntarily adjudicated bankrupt or insolvent, seeks or consents to the appointment of a receiver or trustee for itself, if applicable, or for all or a material portion of its property, files a petition seeking relief, including, reorganization, if applicable, arrangement or similar relief, under the present Bankruptcy Code or other similar present or future applicable laws of the United States or any state or any other competent jurisdiction, makes a general assignment for the benefit of creditors or admits in writing inability to pay debts as they mature; or

　　(g)　　a receiver or trustee is appointed for the Maker, or any one of them, for all or any part of Maker's property and such appointment is not vacated within sixty (60) days, or if a petition is filed against the Maker seeking relief, including reorganization, arrangement or similar relief under the present Bankruptcy Code or other similar present or future applicable laws in the United States or any state or other competent jurisdiction, and such petition is not dismissed within sixty (60) days after the filing thereof; or

　　(h)　　the Maker, or any one of them, voluntarily or involuntarily liquidates after the date hereof or sells, transfers, exchanges or otherwise disposes of all or any substantial portion, of its assets in one or any series of transactions (whether related or unrelated); or if the Corporation merges, consolidates or otherwise combines with or into any other entity; or

5.　　Acceleration Upon Default.　Upon the occurrence of any event of default under this Note which is not cured within five (5) calendar days from written notice of such default from the Lender to the Maker, the entire principal outstanding under this Note, together with all accrued by unpaid interest thereon, shall, at the option of the Lender, become and be immediately

WSG00055

due, payable and collectible at once, time being of the essence of this Note. The Maker agrees to pay all costs of collection, legal expenses, and reasonable attorneys' fees, which may be incurred in connection with the collection of this Note. If default is not cured within five (5) calendar days from such written notice, all outstanding principal due under this Note shall bear interest from the date of occurrence of such default until paid at the highest rate permissible under applicable law.

6.    Usury Savings Clause. Nothing herein contained, nor in any instrument or transaction relating hereto, shall be construed or so operate as to require the Maker, or any person liable for the payment of this Note, to pay interest in an amount or at a rate greater than the highest rate permissible applicable law. Should any interest or other charges paid by the Maker, or any parties liable for the payment of the loan made pursuant to this Note, result in the computation or earning of interest in excess of the highest rate permissible under applicable law, any and all such excess shall be and the same is hereby waived by Lender, Lender shall make whichever adjustment in the Note is necessary to ensure that Maker will not be required to pay further interest in excess of the highest rate permissible under applicable law, and all such excess shall be automatically credited against and in reduction of the outstanding principal balance, and any portion of such excess which exceeds the outstanding principal balance shall be paid by Lender to Maker and any parties liable for the payment of this Note, it being the intent of the Lender and Maker that under no circumstances shall the Maker, or any parties liable for the payment of the loan hereunder, be required to pay interest in excess of the highest rate permissible under applicable law.

7.    Waiver of Notice by Maker. As to this Note, and any other documents or instruments now or hereafter securing the indebtedness, the Maker jointly and severally waives all applicable exemption rights, whether under the state Constitution, Homestead laws or otherwise, and also severally waive, except as provided in Section 6 of this Note, valuation and appraisement, presentment for payment, protest, notice of protest, dishonor and nonpayment of this Note, and expressly agree that any payment hereunder may be extended from time without in any way affecting the liability of the Maker.

8.    Non-Waiver of Rights by Lender. Any delay by the Lender in exercising any right or remedy shall not constitute a waiver thereof. No waiver by the Lender of any default hereunder shall be deemed to constitute a waiver of any subsequent default. No exercise of any right or remedy hereunder shall preclude the exercise of any other right or remedy which the Lender may have in law or in equity to enforce the provisions of this Note or the collection thereof. Any waiver of any provision hereof shall be in writing and shall be effective only in the specific instance and for the specific purpose for which given.

9.    Attorneys' Fees. In the event that suit be brought hereon, or an attorney be employed or expenses be incurred to compel payment of this Note or any portion of the indebtedness evidenced hereby, or to in any way represent Lender in reference to any of its rights hereunder or under any other instrument or agreement now or hereafter in effect securing payment of this Note, Maker promises to pay all such expenses of investigation, attorneys' fees, and costs all as are reasonably incurred by Lender as a result thereof and including, without limitation, expenses of investigation, attorneys' fees, and costs incurred in appellate proceeding or in any action or participation in, or in connection with, any case or proceeding under Title 11 U.S.C. Chapters 7, 11, or 13 of the Bankruptcy Code or any successor thereto, and expenses of investigation, attorneys' fees, and costs incurred as a result of Lender exercising its right to cure any event of default by Maker under this Note, the Second Mortgage, or any other instrument of agreement now or hereafter in effect securing payment of this Note.

10.    Governing Law and Venue. This Note and any documents delivered pursuant hereto shall be governed by and construed in all respects, including validity, interpretation, effect, and enforcement, in accordance with the laws of the State of Florida without regard to conflict of law principles thereof. The Maker, and each of them irrevocably submit to the jurisdiction of the Circuit Court of the State of Florida, Miami-Dade County, in any action or proceeding arising out of or relating to this Note, or any documents delivered pursuant hereto, and the Maker, and each of them, irrevocably agree that all claims in respect of any such action or proceeding must be brought and/or defended in such court; provided, however, that matters which are under the exclusive jurisdiction of the Federal courts shall be brought in the Federal District Court for the Southern District of Florida. The Maker, and each of them, consent to service of process by any means authorized by the applicable law of the forum in any action brought under or arising out of this Note or any documents delivered pursuant hereto. The Maker, and each of them, irrevocably waive, to the fullest extent each may effectively do so, the defense of an inconvenient forum to the maintenance of such action or proceeding in any such court. THE MAKER, AND EACH OF THEM, HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVE, TO THE FULLEST EXTENT THEY MAY LEGALLY AND EFFECTIVELY DO SO, TRIAL BY JURY IN ANY SUIT, ACTION OR PROCEEDING ARISING HEREUNDER.

WSG00056____.____

11.    Notice.  Any notice, demand, request, instruction, correspondence or other document to be given hereunder shall be in writing and delivered personally or mailed by registered or certified mail, postage prepaid and return receipt requested, or by facsimile, as follows:

            If to Maker:                    400 41st Street, Suite 506
                                            Miami Beach, Florida 33139
                                            Phone:  (305) 673-4606
                                            Fax:    (305) 673-4607

            If to Lender:

Each of the above addresses for notice purposes may be changed by providing appropriate notice hereunder.  Notice shall be effective upon receipt evidenced by the applicable delivery receipt, written affidavit of the deliverer, or facsimile confirmation.

12.    Miscellaneous.  This Note may not be changed or terminated without the prior written consent of Lender, which may be withheld for any reason in its sole and absolute discretion.  The Maker, and each of them, acknowledge and agree that their obligations under this Note are supported by due and lawful consideration and that they have carefully read this Note and know and understand its contents.  The Makers, and each of them sign this Note voluntarily, intending to be bound by its terms.  This Note may be executed in several counterparts or with counterpart signature pages, each of which shall be deemed an original, but such counterparts shall together constitute but one and the same Note.  Delivery by facsimile of an executed signature page to this Note shall be effective as delivery of a manually signed original or counterpart.

**IN WITNESS WHEREOF,** the undersigned have executed and delivered this Note effective as of 15th day of February, 2008.

                        Maker:

                        CAPITOL INVESTMENTS USA, INC.

                        BY: _____ President
                             Nevin Shapiro, President
                             400 41st Street, #506
                             Miami Beach, Florida 33140

                        Maker:

                        NEVIN M. SHAPIRO

                        BY: _____
                             Nevin Shapiro, Individual
                             400 41st Street, #506
                             Miami Beach, Florida 33140

Lender:

CARILLON MIAMI BEACH HOLDING LLC
Address:    400 41st Street
            2nd Floor
            Miami Beach, Fl. 33140

523911v1                        Page III of III

WSG00057



## Commercial Checking

07          9713  036  130          0   51          22,665

---

### Other Withdrawals and Service Fees    *continued*

| Date | Amount | Description |
|------|--------|-------------|



| 2/12 | 800,000.00 | FUNDS TRANSFER (ADVICE 2008021200028675) SENT TO BANK OF AMERICA /CAPITOL INVESTMEN BNF=CAPITOL INVESTMENTS USA, INC. OBI= RFB=20001914WSGDEVEL 02/12/08 12:17PM ET |

*Other Withdrawals and Service Fees continued on next page.*

---

WACHOVIA BANK, N.A. , COMMERCIAL BANKING - MIAMI

WSG00264

Combined Statement
Page 4 of 10                          6567
Statement Period
01-19-05 through 02-19-05
B 12 0 II P PII 12
Number of checks enclosed: 10

ERIC D SHEPPARD
JENNIFER L SHEPPARD
II. ACCOUNT



| 02-12 | 800,000.00- | 65,245.95 | FL Tlr transfer to Chk 9122 Banking Ctr Arthur Godfrey Confirmation# 2836960735 | #0001019 FL |

WSG00061



## Commercial Checking

09          9718  036  130          0    51        22,667

---

## Other Withdrawals and Service Fees    *continued*

Date                Amount    Description



| 2/26 | 1,000,000.00 | FUNDS TRANSFER  (ADVICE 2008022600048818) |
| | | SENT TO  BANK OF AMERICA  /CAPITOL INVESTMEN |
| | | BNF=CAPITOL INVESTMENTS USA, INC. |
| | | OBI= |
| | | RFB=20001958WSGDEVEL  02/26/08  03:36PM ET |

*Other Withdrawals and Service Fees continued on next page.*



---

WACHOVIA BANK, N.A. ,  COMMERCIAL BANKING - MIAMI                          page

WSG00266

**PROMISSORY NOTE**

$ 2,200,000.00

June 06th, 2008

**FOR VALUE RECEIVED**, the undersigned, **Capitol Investments USA, Inc.** ("Maker") promises to pay without setoff, deduction or counter-claim of any kind or nature to the order of **CARILLON MIAMI BEACH HOLDING LLC**, its successors or assigns ("Lender"), the principal sum of **Two Million Two Hundred Thousand Dollars and No/100 Cents ($2,200,000.00)**, together with interest on all amounts of principal which shall from time to time remain outstanding from **June 05th**, 2008 at a fixed fee amount. The said principal and interest shall be payable in lawful money of the United States of America in accordance with the following terms and conditions:

1.        Payment of Interest and Principal.  The principal amount of **Two Million Two Hundred Thousand Dollars and No/100 Cents ($2,200,000.00)** shall be due on or before **June 09th**, 2008 (the "Maturity Date"). Time shall be of the essence. All payments required by Maker under this Note shall be made by wire transfer into Lender's designated accounts or such other place as the Lender may from time to time designate in writing.

2.        Prepayment.  This Note may be prepaid in whole or in part without penalty or charge, provided, however, that any partial prepayment shall be in increments of Fifty Thousand Dollars and No/100 Cents ($50,000.00).

3.        Florida Excise Tax on Documents.  Maker shall be solely responsible for payment of any and all documentary stamps and other taxes applicable to the full-face amount of this Note.

4.        Default.  Each of the following shall be an event of default hereunder, and this Note shall be in default, if:

(a)        any payment or other sum due under this Note is not paid in full when due; or

(b)        default be made in the performance of or compliance with any other promise or obligation due by Maker to Lender under this Note or any other promissory note, security instrument or other agreement of any kind now existing or hereafter created; or

(c)        default be made in the performance of or compliance with any of the covenants and conditions or any guaranty or security instrument now or hereafter in effect securing payment of this Note; or

(d)        the Corporation is voluntarily or involuntarily dissolved or otherwise fails to remain in good standing under the laws of the State of Florida and each jurisdiction where the Corporation is required to be qualified to do business; or

(e)        death of any individual Maker; or

(f)        the Maker, or any one of them, is voluntarily adjudicated bankrupt or insolvent, seeks or consents to the appointment of a receiver or trustee for itself, if applicable, or for all or a material portion of its property, files a petition seeking relief, including, reorganization, if applicable, arrangement or similar relief, under the present Bankruptcy Code or other similar present or future applicable laws of the United States or any state or any other competent jurisdiction, makes a general assignment for the benefit of creditors or admits in writing inability to pay debts as they mature; or

(g)        a receiver or trustee is appointed for the Maker, or any one of them, for all or any part of Maker's property and such appointment is not vacated within sixty (60) days, or if a petition is filed against the Maker seeking relief, including reorganization, arrangement or similar relief under the present Bankruptcy Code or other similar present or future applicable laws in the United States or any state or other competent jurisdiction, and such petition is not dismissed within sixty (60) days after the filing thereof; or

(h)        the Maker, or any one of them, voluntarily or involuntarily liquidates after the date hereof or sells, transfers, exchanges or otherwise disposes of all or any substantial portion, of its assets in one or any series of transactions (whether related or unrelated); or if the Corporation merges, consolidates or otherwise combines with or into any other entity; or

5.        Acceleration Upon Default.  Upon the occurrence of any event of default under this Note which is not cured within five (5) calendar days from written notice of such default from the Lender to the Maker, the entire principal outstanding under this Note, together with all accrued by unpaid interest thereon, shall, at the option of the Lender, become and be immediately

523911v1

Page I of III

WSG00047

due, payable and collectible at once, time being of the essence of this Note. The Maker agrees to pay all costs of collection, legal expenses, and reasonable attorneys' fees, which may be incurred in connection with the collection of this Note. If default is not cured within five (5) calendar days from such written notice, all outstanding principal due under this Note shall bear interest from the date of occurrence of such default until paid at the highest rate permissible under applicable law.

6.　　Usury Savings Clause. Nothing herein contained, nor in any instrument or transaction relating hereto, shall be construed or so operate as to require the Maker, or any person liable for the payment of this Note, to pay interest in an amount or at a rate greater than the highest rate permissible applicable law. Should any interest or other charges paid by the Maker, or any parties liable for the payment of the loan made pursuant to this Note, result in the computation or earning of interest in excess of the highest rate permissible under applicable law, any and all such excess shall be and the same is hereby waived by Lender, Lender shall make whichever adjustment in the Note is necessary to ensure that Maker will not be required to pay further interest in excess of the highest rate permissible under applicable law, and all such excess shall be automatically credited against and in reduction of the outstanding principal balance, and any portion of such excess which exceeds the outstanding principal balance shall be paid by Lender to Maker and any parties liable for the payment of this Note, it being the intent of the Lender and Maker that under no circumstances shall the Maker, or any parties liable for the payment of the loan hereunder, be required to pay interest in excess of the highest rate permissible under applicable law.

7.　　Waiver of Notice by Maker. As to this Note, and any other documents or instruments now or hereafter securing the indebtedness, the Maker jointly and severally waives all applicable exemption rights, whether under the state Constitution, Homestead laws or otherwise, and also severally waive, except as provided in Section 6 of this Note, valuation and appraisement, presentment for payment, protest, notice of protest, dishonor and nonpayment of this Note, and expressly agree that any payment hereunder may be extended from time without in any way affecting the liability of the Maker.

8.　　Non-Waiver of Rights by Lender. Any delay by the Lender in exercising any right or remedy shall not constitute a waiver thereof. No waiver by the Lender of any default hereunder shall be deemed to constitute a waiver of any subsequent default. No exercise of any right or remedy hereunder shall preclude the exercise of any other right or remedy which the Lender may have in law or in equity to enforce the provisions of this Note or the collection thereof. Any waiver of any provision hereof shall be in writing and shall be effective only in the specific instance and for the specific purpose for which given.

9.　　Attorneys' Fees. In the event that suit be brought hereon, or an attorney be employed or expenses be incurred to compel payment of this Note or any portion of the indebtedness evidenced hereby, or to in any way represent Lender in reference to any of its rights hereunder or under any other instrument or agreement now or hereafter in effect securing payment of this Note, Maker promises to pay all such expenses of investigation, attorneys' fees, and costs all as are reasonably incurred by Lender as a result thereof and including, without limitation, expenses of investigation, attorneys' fees, and costs incurred in appellate proceeding or in any action or participation in, or in connection with, any case or proceeding under Title 11 U.S.C. Chapters 7, 11, or 13 of the Bankruptcy Code or any successor thereto, and expenses of investigation, attorneys' fees, and costs incurred as a result of Lender exercising its right to cure any event of default by Maker under this Note, the Second Mortgage, or any other instrument of agreement now or hereafter in effect securing payment of this Note.

10.　　Governing Law and Venue. This Note and any documents delivered pursuant hereto shall be governed by and construed in all respects, including validity, interpretation, effect, and enforcement, in accordance with the laws of the State of Florida without regard to conflict of law principles thereof. The Maker, and each of them irrevocably submit to the jurisdiction of the Circuit Court of the State of Florida, Miami-Dade County, in any action or proceeding arising out of or relating to this Note, or any documents delivered pursuant hereto, and the Maker, and each of them, irrevocably agree that all claims in respect of any such action or proceeding must be brought and/or defended in such court; provided, however, that matters which are under the exclusive jurisdiction of the Federal courts shall be brought in the Federal District Court for the Southern District of Florida. The Maker, and each of them, consent to service of process by any means authorized by the applicable law of the forum in any action brought under or arising out of this Note or any documents delivered pursuant hereto. The Maker, and each of them, irrevocably waive, to the fullest extent each may effectively do so, the defense of an inconvenient forum to the maintenance of such action or proceeding in any such court. THE MAKER, AND EACH OF THEM, HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVE, TO THE FULLEST EXTENT THEY MAY LEGALLY AND EFFECTIVELY DO SO, TRIAL BY JURY IN ANY SUIT, ACTION OR PROCEEDING ARISING HEREUNDER.

WSG00048

11. <u>Notice</u>. Any notice, demand, request, instruction, correspondence or other document to be given hereunder shall be in writing and delivered personally or mailed by registered or certified mail, postage prepaid and return receipt requested, or by facsimile, as follows:

If to Maker:
    400 41st Street, Suite 506
    Miami Beach, Florida 33139
    Phone: (305) 673-4606
    Fax:    (305) 673-4607

If to Lender:

Each of the above addresses for notice purposes may be changed by providing appropriate notice hereunder. Notice shall be effective upon receipt evidenced by the applicable delivery receipt, written affidavit of the deliverer, or facsimile confirmation.

12. <u>Miscellaneous</u>. This Note may not be changed or terminated without the prior written consent of Lender, which may be withheld for any reason in its sole and absolute discretion. The Maker, and each of them, acknowledge and agree that their obligations under this Note are supported by due and lawful consideration and that they have carefully read this Note and know and understand its contents. The Makers, and each of them sign this Note voluntarily, intending to be bound by its terms. This Note may be executed in several counterparts or with counterpart signature pages, each of which shall be deemed an original, but such counterparts shall together constitute but one and the same Note. Delivery by facsimile of an executed signature page to this Note shall be effective as delivery of a manually signed original or counterpart.

**IN WITNESS WHEREOF**, the undersigned have executed and delivered this Note effective as of 05th day of June, 2008.

Maker:

CAPITOL INVESTMENTS USA, INC.

BY: _____ ( President )
    Nevin Shapiro, President
    400 41st Street, #506
    Miami Beach, Florida 33140

Maker:

NEVIN K. SHAPIRO

BY: _____
    Nevin Shapiro, Individual
    400 41st Street, #506
    Miami Beach, Florida 33140

Lender:

CARILLON MIAMI BEACH HOLDING LLC
Address:   400 41st Street
          2nd Floor
          Miami Beach, FL 33140

WSG00049

# WSG

DEVELOPMENT COMPANY

*Ex 50*

## FAX COVER SHEET

DATE:      June 5, 2008

TO:        Jorge

FAX:       305-695-6620

FROM:      Ellyn Chernin

PHONE:

PAGES:

RE:        Transfer of funds

MESSAGE:

Jorge,

Hi, can you please transfer $800,000.00 from Eric Sheppard's money market account ( 6143) to the following account.

Beneficiary: Capitol Investments USA, Inc.
ABA #: 026009593
ACC #:          6842

Thank you

Eric Sheppard/Ellyn Chernin

WSG00052

BANK OF AMERICA OF GEORGIA
EJ REPORT OF TELLER LOG RECORDS
OSRC0109-01

CITY: 000

BANKING CENTER/TELLER: 0001019004

PAGE 64

**REDACTED**

**Not within scope of request**

| TLR NO | 004 | OFF | . | CASH IN | 0.00 | DOM ST: | . |
| DATE | 06/05/08 | REV | . | CASH OUT | 0.00 | ACCT # | . |
| TIME | 12:15AM | OVRD | . | | | TO TYPE: | DDA |
| TRANCODE | 0212 | ERRS | 422 000 000 000 000 000 000 | TRAN AMT | 800,000.00 | TO NAME | . |
| SEQ# | 0004101 | | | | | FR ENT: | 493346842 |
| FERR | | | | | | FR ACCT #: | |
| | | | | | | FROM TYP: | NFL, CAPITOL INVESTMENTS INC. |
| | | | | | | FROM AMT: | SAV |
| | | | | | | FROM NAME: | |
| | | | | | | FROM NAME: | ERIC |
| | | | | | | FROM NAME: | D SHEPPARD |
| | | | | | | FROM SSN: | 6143 |
| | | | | | | SERV LVL: | + |
| | | | | | | CCI #: | 800,000.00 |
| | | | | | | ID TYPE 1: | KTT |

| TLR NO | 004 | OFF | . | CASH IN | 0.00 | DOM ST: | . |
| DATE | 06/05/08 | REV | . | CASH OUT | 0.00 | ACCT # | . |
| TIME | 12:15AM | OVRD | . | | | TO TYPE: | DDA |
| TRANCODE | 0212 | ERRS | 000 000 000 | TRAN AMT | 800,000.00 | TO NAME: | CAPITOL INVESTMENTS INC. |
| SEQ# | 0004101 | | | | | TO NAME | |
| FERR | | | | | | TO NAME | |

Capitol/BofA000921

H

Combined Statement
Page 4 of 8                    8567
Statement Period
12-19-08 through 01-20-09
B 12 0 H P PH 12
Number of checks enclosed: 6

ERIC D SHEPPARD
JENNIFER L SHEPPARD
H. ACCOUNT



## Money Market Savings Additions and Subtractions

| Date Posted | Amount($) | Resulting Balances($) | Transactions |
|---|---|---|---|
| 12-22 | 400,000.00- | 24,220.41 | FL Tlr transfer to Chk 6842 Banking Ctr Arthur Godfrey Confirmation# 9954187190    #0001019 FL |



WSG00045

## PROMISSORY NOTE

$ 400,000.00

January 26th, 2009

   FOR VALUE RECEIVED, the undersigned, Capitol Investments USA, Inc. ("Maker") promises to pay without setoff, deduction or counter-claim of any kind or nature to the order of CARILLON MIAMI BEACH HOLDING LLC, its successors or assigns ("Lender"), the principal sum of Four Hundred Thousand Dollars and No/100 Cents ($400,000.00), together with interest on all amounts of principal which shall from time to time remain outstanding from January 26th, 2009 at a fixed fee amount. The said principal and interest shall be payable in lawful money of the United States of America in accordance with the following terms and conditions:

   1.    Payment of Interest and Principal.  The principal amount of Four Hundred Thousand Dollars and No/100 Cents ($400,000.00) shall be due on or before Aprit **1**, 2009 (the "Maturity Date"). Time shall be of the essence. All payments required by Maker under this Note shall be made by wire transfer into Lender's designated accounts or such other place as the Lender may from time to time designate in writing.

   2.    Prepayment.  This Note may be prepaid in whole or in part without penalty or charge, provided, however, that any partial prepayment shall be in increments of Fifty Thousand Dollars and No/100 Cents ($50,000.00).

   3.    Florida Excise Tax on Documents.  Maker shall be solely responsible for payment of any and all documentary stamps and other taxes applicable to the full-face amount of this Note.

   4.    Default.  Each of the following shall be an event of default hereunder, and this Note shall be in default, if:

         (a)    any payment or other sum due under this Note is not paid in full when due; or

         (b)    default be made in the performance of or compliance with any other promise or obligation due by Maker to Lender under this Note or any other promissory note, security instrument or other agreement of any kind now existing or hereafter created; or

         (c)    default be made in the performance of or compliance with any of the covenants and conditions or any guaranty or security instrument now or hereafter in effect securing payment of this Note; or

         (d)    the Corporation is voluntarily or involuntarily dissolved or otherwise fails to remain in good standing under the laws of the State of Florida and each jurisdiction where the Corporation is required to be qualified to do business; or

         (e)    death of any individual Maker; or

         (f)    the Maker, or any one of them, is voluntarily adjudicated bankrupt or insolvent, seeks or consents to the appointment of a receiver or trustee for itself, if applicable, or for all or a material portion of its property, files a petition seeking relief, including, reorganization, if applicable, arrangement or similar relief, under the present Bankruptcy Code or other similar present or future applicable laws of the United States or any state or any other competent jurisdiction, makes a general assignment for the benefit of creditors or admits in writing inability to pay debts as they mature; or

         (g)    a receiver or trustee is appointed for the Maker, or any one of them, for all or any part of Maker's property and such appointment is not vacated within sixty (60) days, or if a petition is filed against the Maker seeking relief, including reorganization, arrangement or similar relief under the present Bankruptcy Code or other similar present or future applicable laws in the United States or any state or other competent jurisdiction, and such petition is not dismissed within sixty (60) days after the filing thereof; or

         (h)    the Maker, or any one of them, voluntarily or involuntarily liquidates after the date hereof or sells, transfers, exchanges or otherwise disposes of all or any substantial portion, of its assets in one or any series of transactions (whether related or unrelated); or if the Corporation merges, consolidates or otherwise combines with or into any other entity; or

   5.    Acceleration Upon Default.  Upon the occurrence of any event of default under this Note which is not cured within five (5) calendar days from written notice of such default from the Lender to the Maker, the entire principal outstanding under this Note, together with all accrued by unpaid interest thereon, shall, at the option of the Lender, become and be immediately

523911v1

WSG00038

due, payable and collectible at once, time being of the essence of this Note. The Maker agrees to pay all costs of collection, legal expenses, and reasonable attorneys' fees, which may be incurred in connection with the collection of this Note. If default is not cured within five (5) calendar days from such written notice, all outstanding principal due under this Note shall bear interest from the date of occurrence of such default until paid at the highest rate permissible under applicable law.

6. **Usury Savings Clause.** Nothing herein contained, nor in any instrument or transaction relating hereto, shall be construed or so operate as to require the Maker, or any person liable for the payment of this Note, to pay interest in an amount or at a rate greater than the highest rate permissible applicable law. Should any interest or other charges paid by the Maker, or any parties liable for the payment of the loan made pursuant to this Note, result in the computation or earning of interest in excess of the highest rate permissible under applicable law, any and all such excess shall be and the same is hereby waived by Lender, Lender shall make whichever adjustment in the Note is necessary to ensure that Maker will not be required to pay further interest in excess of the highest rate permissible under applicable law, and all such excess shall be automatically credited against and in reduction of the outstanding principal balance, and any portion of such excess which exceeds the outstanding principal balance shall be paid by Lender to Maker and any parties liable for the payment of this Note, it being the intent of the Lender and Maker that under no circumstances shall the Maker, or any parties liable for the payment of the loan hereunder, be required to pay interest in excess of the highest rate permissible under applicable law.

7. **Waiver of Notice by Maker.** As to this Note, and any other documents or instruments now or hereafter securing the indebtedness, the Maker jointly and severally waives all applicable exemption rights, whether under the state Constitution, Homestead laws or otherwise, and also severally waive, except as provided in Section 6 of this Note, valuation and appraisement, presentment for payment, protest, notice of protest, dishonor and nonpayment of this Note, and expressly agree that any payment hereunder may be extended from time without in any way affecting the liability of the Maker.

8. **Non-Waiver of Rights by Lender.** Any delay by the Lender in exercising any right or remedy shall not constitute a waiver thereof. No waiver by the Lender of any default hereunder shall be deemed to constitute a waiver of any subsequent default. No exercise of any right or remedy hereunder shall preclude the exercise of any other right or remedy which the Lender may have in law or in equity to enforce the provisions of this Note or the collection thereof. Any waiver of any provision hereof shall be in writing and shall be effective only in the specific instance and for the specific purpose for which given.

9. **Attorneys' Fees.** In the event that suit be brought hereon, or an attorney be employed or expenses be incurred to compel payment of this Note or any portion of the indebtedness evidenced hereby, or to in any way represent Lender in reference to any of its rights hereunder or under any other instrument or agreement now or hereafter in effect securing payment of this Note, Maker promises to pay all such expenses of investigation, attorneys' fees, and costs all as are reasonably incurred by Lender as a result thereof and including, without limitation, expenses of investigation, attorneys' fees, and costs incurred in appellate proceeding or in any action or participation in, or in connection with, any case or proceeding under Title 11 U.S.C. Chapters 7, 11, or 13 of the Bankruptcy Code or any successor thereto, and expenses of investigation, attorneys' fees, and costs incurred as a result of Lender exercising its right to cure any event of default by Maker under this Note, the Second Mortgage, or any other instrument of agreement now or hereafter in effect securing payment of this Note.

10. **Governing Law and Venue.** This Note and any documents delivered pursuant hereto shall be governed by and construed in all respects, including validity, interpretation, effect, and enforcement, in accordance with the laws of the State of Florida without regard to conflict of law principles thereof. The Maker, and each of them irrevocably submit to the jurisdiction of the Circuit Court of the State of Florida, Miami-Dade County, in any action or proceeding arising out of or relating to this Note, or any documents delivered pursuant hereto, and the Maker, and each of them, irrevocably agree that all claims in respect of any such action or proceeding must be brought and/or defended in such court; provided, however, that matters which are under the exclusive jurisdiction of the Federal courts shall be brought in the Federal District Court for the Southern District of Florida. The Maker, and each of them, consent to service of process by any means authorized by the applicable law of the forum in any action brought under or arising out of this Note or any documents delivered pursuant hereto. The Maker, and each of them, irrevocably waive, to the fullest extent each may effectively do so, the defense of an inconvenient forum to the maintenance of such action or proceeding in any such court. THE MAKER, AND EACH OF THEM, HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVE, TO THE FULLEST EXTENT THEY MAY LEGALLY AND EFFECTIVELY DO SO, TRIAL BY JURY IN ANY SUIT, ACTION OR PROCEEDING ARISING HEREUNDER.

WSG00039

11. <u>Notice</u>. Any notice, demand, request, instruction, correspondence or other document to be given hereunder shall be in writing and delivered personally or mailed by registered or certified mail, postage prepaid and return receipt requested, or by facsimile, as follows:

If to Maker:

        400 41st Street, Suite 506
        Miami Beach, Florida 33139
        Phone:  (305) 673-4606
        Fax:     (305) 673-4607

If to Lender:

Each of the above addresses for notice purposes may be changed by providing appropriate notice hereunder. Notice shall be effective upon receipt evidenced by the applicable delivery receipt, written affidavit of the deliverer, or facsimile confirmation.

12. <u>Miscellaneous</u>. This Note may not be changed or terminated without the prior written consent of Lender, which may be withheld for any reason in its sole and absolute discretion. The Maker, and each of them, acknowledge and agree that their obligations under this Note are supported by due and lawful consideration and that they have carefully read this Note and know and understand its contents. The Makers, and each of them sign this Note voluntarily, intending to be bound by its terms. This Note may be executed in several counterparts or with counterpart signature pages, each of which shall be deemed an original, but such counterparts shall together constitute but one and the same Note. Delivery by facsimile of an executed signature page to this Note shall be effective as delivery of a manually signed original or counterpart.

**IN WITNESS WHEREOF**, the undersigned have executed and delivered this Note effective as of 2nd day of April, 2009.

Maker:

CAPITOL INVESTMENTS USA, INC.

BY: _____ (President)
     Nevin Shapiro, President
     400 41st Street, #506
     Miami Beach, Florida 33140

Maker:

NEVIN K. SHAPIRO

BY: _____
     Nevin Shapiro, Individual
     400 41st Street, #506
     Miami Beach, Florida 33140

Lender:

CARILLON MIAMI BEACH HOLDING LLC
Address:   400 41st Street
          2nd Floor
          Miami Beach, FL 33140

523911v1

WSG00040



Page 2 of 4
Statement Period
03/01/09 through 03/31/09
ED P PA 0A 60
Enclosures 0
Account Number          8767

WSG DEVELOPMENT CO
CONCENTRATION ACCOUNT



Deposits and Credits - Continued

| Date Customer Posted Reference | Amount ($) Description | Bank Reference |
|---|---|---|
| 03/27 | 20,000.00 Wire Type:Book IN Date:090327 Time:1423 Et Trn:2009032700207653 Sndr Ref:5193528 Orig:Capitol Investments USA I ID:‾‾‾‾‾‾6842 Pmt Det:Short Term | 903703270207653 |
| 03/27 | 20,000.00 Wire Type:Book Out Date:090327 Time:1341 Et Trn:2009032700191543 Related Ref:01090327004787Nn Bnf:Capitol Investments USA IN I       6842 | 903703270191543 |

SG00268

# PROMISSORY NOTE

**$ 650,000.00**

**April 2nd, 2009**

FOR VALUE RECEIVED, the undersigned, **Capitol Investments USA, Inc.** ("Maker") promises to pay without setoff, deduction or counter-claim of any kind or nature to the order of **CARILLON MIAMI BEACH HOLDING LLC**, its successors or assigns ("Lender"), the principal sum of **Six Hundred Fifty Thousand Dollars and No/100 Cents ($650,000.00)**, together with interest on all amounts of principal which shall from time to time remain outstanding from April 2nd, 2009 at a fixed fee amount. The said principal and interest shall be payable in lawful money of the United States of America in accordance with the following terms and conditions:

1. Payment of Interest and Principal. The principal amount of **Six Hundred Fifty Thousand Dollars and No/100 Cents ($650,000.00)** shall be due on or before April **10**, 2009 (the "Maturity Date"). Time shall be of the essence. All payments required by Maker under this Note shall be made by wire transfer into Lender's designated accounts or such other place as the Lender may from time to time designate in writing.

2. Prepayment. This Note may be prepaid in whole or in part without penalty or charge, provided, however, that any partial prepayment shall be in increments of *Fifty Thousand Dollars and No/100 Cents ($50,000.00)*.

3. Florida Excise Tax on Documents. Maker shall be solely responsible for payment of any and all documentary stamps and other taxes applicable to the full-face amount of this Note.

4. Default. Each of the following shall be an event of default hereunder, and this Note shall be in default, if:

  (a)  any payment or other sum due under this Note is not paid in full when due; or

  (b)  default be made in the performance of or compliance with any other promise or obligation due by Maker to Lender under this Note or any other promissory note, security instrument or other agreement of any kind now existing or hereafter created; or

  (c)  default be made in the performance of or compliance with any of the covenants and conditions or any guaranty or security instrument now or hereafter in effect securing payment of this Note; or

  (d)  the Corporation *is voluntarily or involuntarily dissolved or otherwise fails to remain in good standing* under the laws of the State of Florida and each jurisdiction where the Corporation is required to be qualified to do business; or

  (e)  death of any individual Maker; or

  (f)  the Maker, or any one of them, is voluntarily adjudicated bankrupt or insolvent, seeks or consents to the appointment of a receiver or trustee for itself, if applicable, or for all or a material portion of its property, files a petition seeking relief, including, reorganization, if applicable, arrangement or similar relief, under the present Bankruptcy Code or other similar present or future applicable laws of the United States or any state or any other competent jurisdiction, makes a general assignment for the benefit of creditors or admits in writing inability to pay debts as they mature; or

  (g)  a receiver or trustee is appointed for the Maker, or any one of them, for all or any part of Maker's property and such appointment is not vacated within sixty (60) days, or if a petition is filed against the Maker seeking relief, including reorganization, arrangement or similar relief under the present Bankruptcy Code or other similar present or future applicable laws in the United States or any state or other competent jurisdiction, and such petition is not dismissed within sixty (60) days after the filing thereof; or

  (h)  the Maker, or any one of them, voluntarily or involuntarily liquidates after the date hereof or sells, transfers, exchanges or otherwise disposes of all or any substantial portion, of its assets in one or any series of transactions (whether related or unrelated); or if the Corporation merges, consolidates or otherwise combines with or into any other entity; or

5. Acceleration Upon Default. Upon the occurrence of any event of default under this Note which is not cured within five (5) calendar days from written notice of such default from the Lender to the Maker, the entire principal outstanding under this Note, together with all accrued by unpaid interest thereon, shall, at the option of the Lender, become and be immediately

WSG00032

due, payable and collectible at once, time being of the essence of this Note. The Maker agrees to pay all costs of collection, legal expenses, and reasonable attorneys' fees, which may be incurred in connection with the collection of this Note. If default is not cured within five (5) calendar days from such written notice, all outstanding principal due under this Note shall bear interest from the date of occurrence of such default until paid at the highest rate permissible under applicable law.

6.  Usury Savings Clause. Nothing herein contained, nor in any instrument or transaction relating hereto, shall be construed or so operate as to require the Maker, or any person liable for the payment of this Note, to pay interest in an amount or at a rate greater than the highest rate permissible applicable law. Should any interest or other charges paid by the Maker, or any parties liable for the payment of the loan made pursuant to this Note, result in the computation or earning of interest in excess of the highest rate permissible under applicable law, any and all such excess shall be and the same is hereby waived by Lender, Lender shall make whichever adjustment in the Note is necessary to ensure that Maker will not be required to pay further interest in excess of the highest rate permissible under applicable law, and all such excess shall be automatically credited against and in reduction of the outstanding principal balance, and any portion of such excess which exceeds the outstanding principal balance shall be paid by Lender to Maker and any parties liable for the payment of this Note, it being the intent of the Lender and Maker that under no circumstances shall the Maker, or any parties liable for the payment of the loan hereunder, be required to pay interest in excess of the highest rate permissible under applicable law.

7.  Waiver of Notice by Maker. As to this Note, and any other documents or instruments now or hereafter securing the indebtedness, the Maker jointly and severally waives all applicable exemption rights, whether under the state Constitution, Homestead laws or otherwise, and also severally waive, except as provided in Section 6 of this Note, valuation and appraisement, presentment for payment, protest, notice of protest, dishonor and nonpayment of this Note, and expressly agree that any payment hereunder may be extended from time without in any way affecting the liability of the Maker.

8.  Non-Waiver of Rights by Lender. Any delay by the Lender in exercising any right or remedy shall not constitute a waiver thereof. No waiver by the Lender of any default hereunder shall be deemed to constitute a waiver of any subsequent default. No exercise of any right or remedy hereunder shall preclude the exercise of any other right or remedy which the Lender may have in law or in equity to enforce the provisions of this Note or the collection thereof. Any waiver of any provision hereof shall be in writing and shall be effective only in the specific instance and for the specific purpose for which given.

9.  Attorneys' Fees. In the event that suit be brought hereon, or an attorney be employed or expenses be incurred to compel payment of this Note or any portion of the indebtedness evidenced hereby, or to in any way represent Lender in reference to any of its rights hereunder or under any other instrument or agreement now or hereafter in effect securing payment of this Note, Maker promises to pay all such expenses of investigation, attorneys' fees, and costs all as are reasonably incurred by Lender as a result thereof and including, without limitation, expenses of investigation, attorneys' fees, and costs incurred in appellate proceeding or in any action or participation in, or in connection with, any case or proceeding under Title 11 U.S.C. Chapters 7, 11, or 13 of the Bankruptcy Code or any successor thereto, and expenses of investigation, attorneys' fees, and costs incurred as a result of Lender exercising its right to cure any event of default by Maker under this Note, the Second Mortgage, or any other instrument of agreement now or hereafter in effect securing payment of this Note.

10. Governing Law and Venue. This Note and any documents delivered pursuant hereto shall be governed by and construed in all respects, including validity, interpretation, effect, and enforcement, in accordance with the laws of the State of Florida without regard to conflict of law principles thereof. The Maker, and each of them irrevocably submit to the jurisdiction of the Circuit Court of the State of Florida, Miami-Dade County, in any action or proceeding arising out of or relating to this Note, or any documents delivered pursuant hereto, and the Maker, and each of them, irrevocably agree that all claims in respect of any such action or proceeding must be brought and/or defended in such court; provided, however, that matters which are under the exclusive jurisdiction of the Federal courts shall be brought in the Federal District Court for the Southern District of Florida. The Maker, and each of them, consent to service of process by any means authorized by the applicable law of the forum in any action brought under or arising out of this Note or any documents delivered pursuant hereto. The Maker, and each of them, irrevocably waive, to the fullest extent each may effectively do so, the defense of an inconvenient forum to the maintenance of such action or proceeding in any such court. THE MAKER, AND EACH OF THEM, HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVE, TO THE FULLEST EXTENT THEY MAY LEGALLY AND EFFECTIVELY DO SO, TRIAL BY JURY IN ANY SUIT, ACTION OR PROCEEDING ARISING HEREUNDER.

WSG00033

11.    Notice.  Any notice, demand, request, instruction, correspondence or other document to be given hereunder shall be in writing and delivered personally or mailed by registered or certified mail, postage prepaid and return receipt requested, or by facsimile, as follows:

If to Maker:              400 41st Street, Suite 506
                          Miami Beach, Florida 33139
                          Phone:  (305) 673-4606
                          Fax:    (305) 673-4607

If to Lender:             _____

                          _____
                          _____

Each of the above addresses for notice purposes may be changed by providing appropriate notice hereunder.  Notice shall be effective upon receipt evidenced by the applicable delivery receipt, written affidavit of the deliverer, or facsimile confirmation.

12.    Miscellaneous.  This Note may not be changed or terminated without the prior written consent of Lender, which may be withheld for any reason in its sole and absolute discretion.  The Maker, and each of them, acknowledge and agree that their obligations under this Note are supported by due and lawful consideration and that they have carefully read this Note and know and understand its contents.  The Makers, and each of them sign this Note voluntarily, intending to be bound by its terms.  This Note may be executed in several counterparts or with counterpart signature pages, each of which shall be deemed an original, but such counterparts shall together constitute but one and the same Note.  Delivery by facsimile of an executed signature page to this Note shall be effective as delivery of a manually signed original or counterpart.

**IN WITNESS WHEREOF**, the undersigned have executed and delivered this Note effective as of 2nd day of April, 2009.

Maker:

CAPITOL INVESTMENTS USA, INC.

BY: _____  President
    Nevin Shapiro, President
    400 41st Street, #506
    Miami Beach, Florida 33140

Maker:

NEVIN K. SHAPIRO

BY: _____
    Nevin Shapiro, Individual
    400 41st Street, #506
    Miami Beach, Florida 33140

Lender:

CARILLON MIAMI BEACH HOLDING LLC
Address:    400 41st Street
            2nd Floor
            Miami Beach, FL 33140

523911v1                    Page III of III

WSG00034

# PROMISSORY NOTE

$ 208,000.00

May 28th, 2009

FOR VALUE RECEIVED, the undersigned, **Capitol Investments USA, Inc.** ("Maker") promises to pay without setoff, deduction or counter-claim of any kind or nature to the order of **WSG Development Company**, a company, its successors or assigns ("Lender"), the principal sum of **Two Hundred Eight Thousand Dollars and No/100 Cents ($208,000.00)**, together with interest on all amounts of principal which shall from time to time remain outstanding from May 28th, 2009 at a fixed fee amount. The said principal and interest shall be payable in lawful money of the United States of America in accordance with the following terms and conditions:

    1.    <u>Payment of Interest and Principal</u>. The principal amount of **Two Hundred Eight Thousand Dollars and No/100 Cents ($208,000.00)** shall be due on or before **May 28th, 2009** (the "<u>Maturity Date</u>"). Time shall be of the essence. All payments required by Maker under this Note shall be made by wire transfer into Lender's designated accounts or such other place as the Lender may from time to time designate in writing.

    2.    <u>Prepayment</u>. This Note may be prepaid in whole or in part without penalty or charge, provided, however, that any partial prepayment shall be in increments of Fifty Thousand Dollars and No/100 Cents ($50,000.00).

    3.    <u>Florida Excise Tax on Documents</u>. Maker shall be solely responsible for payment of any and all documentary stamps and other taxes applicable to the full-face amount of this Note.

    4.    <u>Default</u>. Each of the following shall be an event of default hereunder, and this Note shall be in default, if:

        (a)    any payment or other sum due under this Note is not paid in full when due; or

        (b)    default be made in the performance of or compliance with any other promise or obligation due by Maker to Lender under this Note or any other promissory note, security instrument or other agreement of any kind now existing or hereafter created; or

        (c)    default be made in the performance of or compliance with any of the covenants and conditions or any guaranty or security instrument now or hereafter in effect securing payment of this Note; or

        (d)    the Corporation is voluntarily or involuntarily dissolved or otherwise fails to remain in good standing under the laws of the State of Florida and each jurisdiction where the Corporation is required to be qualified to do business; or

        (e)    death of any individual Maker; or

        (f)    the Maker, or any one of them, is voluntarily adjudicated bankrupt or insolvent, seeks or consents to the appointment of a receiver or trustee for itself, if applicable, or for all or a material portion of its property, files a petition seeking relief, including, reorganization, if applicable, arrangement or similar relief, under the present Bankruptcy Code or other similar present or future applicable laws of the United States or any state or any other competent jurisdiction, makes a general assignment for the benefit of creditors or admits in writing inability to pay debts as they mature; or

        (g)    a receiver or trustee is appointed for the Maker, or any one of them, for all or any part of Maker's property and such appointment is not vacated within sixty (60) days, or if a petition is filed against the Maker seeking relief, including reorganization, arrangement or similar relief under the present Bankruptcy Code or other similar present or future applicable laws in the United States or any state or other competent jurisdiction, and such petition is not dismissed within sixty (60) days after the filing thereof; or

        (h)    the Maker, or any one of them, voluntarily or involuntarily liquidates after the date hereof or sells, transfers, exchanges or otherwise disposes of all or any substantial portion, of its assets in one or any series of transactions (whether related or unrelated); or if the Corporation merges, consolidates or otherwise combines with or into any other entity; or

    5.    <u>Acceleration Upon Default</u>. Upon the occurrence of any event of default under this Note which is not cured within five (5) calendar days from written notice of such default from the Lender to the Maker, the entire principal outstanding under this Note, together with all accrued by unpaid interest thereon, shall, at the option of the Lender, become and be immediately

523911v1              Page I of III

WSG00026

due, payable and collectible at once, time being of the essence of this Note. The Maker agrees to pay all costs of collection, legal expenses, and reasonable attorneys' fees, which may be incurred in connection with the collection of this Note. If default is not cured within five (5) calendar days from such written notice, all outstanding principal due under this Note shall bear interest from the date of occurrence of such default until paid at the highest rate permissible under applicable law.

6. Usury Savings Clause. Nothing herein contained, nor in any instrument or transaction relating hereto, shall be construed or so operate as to require the Maker, or any person liable for the payment of this Note, to pay interest in an amount or at a rate greater than the highest rate permissible applicable law. Should any interest or other charges paid by the Maker, or any parties liable for the payment of the loan made pursuant to this Note, result in the computation or earning of interest in excess of the highest rate permissible under applicable law, and all such excess shall be and the same is hereby waived by Lender, Lender shall make whichever adjustment in the Note is necessary to ensure that Maker will not be required to pay further interest in excess of the highest rate permissible under applicable law, and all such excess shall be automatically credited against and in reduction of the outstanding principal balance, and any portion of such excess which exceeds the outstanding principal balance shall be paid by Lender to Maker and any parties liable for the payment of this Note, it being the intent of the Lender and Maker that under no circumstances shall the Maker, or any parties liable for the payment of the loan hereunder, be required to pay interest in excess of the highest rate permissible under applicable law.

7. Waiver of Notice by Maker. As to this Note, and any other documents or instruments now or hereafter securing the indebtedness, the Maker jointly and severally waives all applicable exemption rights, whether under the state Constitution, Homestead laws or otherwise, and also severally waive, except as provided in Section 6 of this Note, valuation and appraisement, presentment for payment, protest, notice of protest, dishonor and nonpayment of this Note, and expressly agree that any payment hereunder may be extended from time without in any way affecting the liability of the Maker.

8. Non-Waiver of Rights by Lender. Any delay by the Lender in exercising any right or remedy shall not constitute a waiver thereof. No waiver by the Lender of any default hereunder shall be deemed to constitute a waiver of any subsequent default. No exercise of any right or remedy hereunder shall preclude the exercise of any other right or remedy which the Lender may have in law or in equity to enforce the provisions of this Note or the collection thereof. Any waiver of any provision hereof shall be in writing and shall be effective only in the specific instance and for the specific purpose for which given.

9. Attorneys' Fees. In the event that suit be brought hereon, or an attorney be employed or expenses be incurred to compel payment of this Note or any portion of the indebtedness evidenced hereby, or to in any way represent Lender in reference to any of its rights hereunder or under any other instrument or agreement now or hereafter in effect securing payment of this Note, Maker promises to pay all such expenses of investigation, attorneys' fees, and costs all as are reasonably incurred by Lender as a result thereof and including, without limitation, expenses of investigation, attorneys' fees, and costs incurred in appellate proceeding or in any action or participation in, or in connection with, any case or proceeding under Title 11 U.S.C. Chapters 7, 11, or 13 of the Bankruptcy Code or any successor thereto, and expenses of investigation, attorneys' fees, and costs incurred as a result of Lender exercising its right to cure any event of default by Maker under this Note. the Second Mortgage, or any other instrument of agreement now or hereafter in effect securing payment of this Note.

10. Governing Law and Venue. This Note and any documents delivered pursuant hereto shall be governed by and construed in all respects, including validity, interpretation, effect, and enforcement, in accordance with the laws of the State of Florida without regard to conflict of law principles thereof. The Maker, and each of them irrevocably submit to the jurisdiction of the Circuit Court of the State of Florida, Miami-Dade County, in any action or proceeding arising out of or relating to this Note, or any documents delivered pursuant hereto, and the Maker, and each of them, irrevocably agree that all claims in respect of any such action or proceeding must be brought and/or defended in such court; provided, however, that matters which are under the exclusive jurisdiction of the Federal courts shall be brought in the Federal District Court for the Southern District of Florida. The Maker, and each of them, consent to service of process by any means authorized by the applicable law of the forum in any action brought under or arising out of this Note or any documents delivered pursuant hereto. The Maker, and each of them, irrevocably waive, to the fullest extent each may effectively do so, the defense of an inconvenient forum to the maintenance of such action or proceeding in any such court. THE MAKER, AND EACH OF THEM, HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVE, TO THE FULLEST EXTENT THEY MAY LEGALLY AND EFFECTIVELY DO SO, TRIAL BY JURY IN ANY SUIT, ACTION OR PROCEEDING ARISING HEREUNDER.

WSG00027

11.   Notice.  Any notice, demand, request, instruction, correspondence or other document to be given hereunder shall be in writing and delivered personally or mailed by registered or certified mail, postage prepaid and return receipt requested, or by facsimile, as follows:

If to Maker:

400 41st STREET #506
MIAMI BEACH FL 33140
Phone:  (305) 673-4606
Fax:     (305) 673-4607

If to Lender:

Each of the above addresses for notice purposes may be changed by providing appropriate notice hereunder.  Notice shall be effective upon receipt evidenced by the applicable delivery receipt, written affidavit of the deliverer, or facsimile confirmation.

12.   Miscellaneous.  This Note may not be changed or terminated without the prior written consent of Lender, which may be withheld for any reason in its sole and absolute discretion.  The Maker, and each of them, acknowledge and agree that their obligations under this Note are supported by due and lawful consideration and that they have carefully read this Note and know and understand its contents.  The Makers, and each of them sign this Note voluntarily, intending to be bound by its terms.  This Note may be executed in several counterparts or with counterpart signature pages, each of which shall be deemed an original, but such counterparts shall together constitute but one and the same Note.  Delivery by facsimile of an executed signature page to this Note shall be effective as delivery of a manually signed original or counterpart.

**IN WITNESS WHEREOF,** the undersigned have executed and delivered this Note effective as of 28th day of May, 2009.

Maker:

Maker:

CAPITOL INVESTMENTS USA, INC.

BY: _____ (President)
Nevin Shapiro, President
400 41st Street, #506
Miami Beach, Florida 33140

Lender:

WSG Development Company
Address:    400 41st Street
2nd Floor
Miami Beach, FL 33140

WSG00028

# PROMISSORY NOTE

$ 300,000.00

May 28th, 2009

FOR VALUE RECEIVED, the undersigned, **Capitol Investments USA, Inc.** ("Maker") promises to pay without setoff, deduction or counter-claim of any kind or nature to the order of **WSG Development Company**, a company, its successors or assigns ("Lender"), the principal sum of **Three Hundred Thousand Dollars and No/100 Cents ($300,000.00)**, together with interest on all amounts of principal which shall from time to time remain outstanding from May 28th, 2009 at a fixed fee amount. The said principal and interest shall be payable in lawful money of the United States of America in accordance with the following terms and conditions:

    **1.**    <u>Payment of Interest and Principal</u>. The principal amount of **Three Hundred Thousand Dollars and No/100 Cents ($300,000.00)** shall be due on or before May 28th, 2009 (the "<u>Maturity Date</u>"). Time shall be of the essence. All payments required by Maker under this Note shall be made by wire transfer into Lender's designated accounts or such other place as the Lender may from time to time designate in writing.

    **2.**    <u>Prepayment</u>. This Note may be prepaid in whole or in part without penalty or charge, provided, however, that any partial prepayment shall be in increments of Fifty Thousand Dollars and No/100 Cents ($50,000.00).

    **3.**    <u>Florida Excise Tax on Documents</u>. Maker shall be solely responsible for payment of any and all documentary stamps and other taxes applicable to the full-face amount of this Note.

    **4.**    <u>Default</u>. Each of the following shall be an event of default hereunder, and this Note shall be in default, if:

        (a)    any payment or other sum due under this Note is not paid in full when due; or

        (b)    default be made in the performance of or compliance with any other promise or obligation due by Maker to Lender under this Note or any other promissory note, security instrument or other agreement of any kind now existing or hereafter created; or

        (c)    default be made in the performance of or compliance with any of the covenants and conditions or any guaranty or security instrument now or hereafter in effect securing payment of this Note; or

        (d)    the Corporation is voluntarily or involuntarily dissolved or otherwise fails to remain in good standing under the laws of the State of Florida and each jurisdiction where the Corporation is required to be qualified to do business; or

        (e)    death of any individual Maker; or

        (f)    the Maker, or any one of them, is voluntarily adjudicated bankrupt or insolvent, seeks or consents to the appointment of a receiver or trustee for itself, if applicable, or for all or a material portion of its property, files a petition seeking relief, including, reorganization, if applicable, arrangement or similar relief, under the present Bankruptcy Code or other similar present or future applicable laws of the United States or any state or any other competent jurisdiction, makes a general assignment for the benefit of creditors or admits in writing inability to pay debts as they mature; or

        (g)    a receiver or trustee is appointed for the Maker, or any one of them, for all or any part of Maker's property and such appointment is not vacated within sixty (60) days, or if a petition is filed against the Maker seeking relief, including reorganization, arrangement or similar relief under the present Bankruptcy Code or other similar present or future applicable laws in the United States or any state or other competent jurisdiction, and such petition is not dismissed within sixty (60) days after the filing thereof; or

        (h)    the Maker, or any one of them, voluntarily or involuntarily liquidates after the date hereof or sells, transfers, exchanges or otherwise disposes of all or any substantial portion, of its assets in one or any series of transactions (whether related or unrelated); or if the Corporation merges, consolidates or otherwise combines with or into any other entity; or

    **5.**    <u>Acceleration Upon Default</u>. Upon the occurrence of any event of default under this Note which is not cured within five (5) calendar days from written notice of such default from the Lender to the Maker, the entire principal outstanding under this Note, together with all accrued by unpaid interest thereon, shall, at the option of the Lender, become and be immediately

WSG00020

11. <u>Notice.</u> Any notice, demand, request, instruction, correspondence or other document to be given hereunder shall be in writing and delivered personally or mailed by registered or certified mail, postage prepaid and return receipt requested, or by facsimile, as follows:

If to Maker:     400 41ˢᵗ STREET #506
         MIAMI BEACH Fl. 33140
         Phone: (305) 673-4606
         Fax:  (305) 673-4607

If to Lender:

Each of the above addresses for notice purposes may be changed by providing appropriate notice hereunder.  Notice shall be effective upon receipt evidenced by the applicable delivery receipt, written affidavit of the deliverer, or facsimile confirmation.

12. <u>Miscellaneous.</u> This Note may not be changed or terminated without the prior written consent of Lender, which may be withheld for any reason in its sole and absolute discretion. The Maker, and each of them, acknowledge and agree that their obligations under this Note are supported by due and lawful consideration and that they have carefully read this Note and know and understand its contents.  The Makers, and each of them sign this Note voluntarily, intending to be bound by its terms.  This Note may be executed in several counterparts or with counterpart signature pages, each of which shall be deemed an original, but such counterparts shall together constitute but one and the same Note.  Delivery by facsimile of an executed signature page to this Note shall be effective as delivery of a manually signed original or counterpart.

    **IN WITNESS WHEREOF,** the undersigned have executed and delivered this Note effective as of **28ᵗʰ** day of May, 2009.

        Maker:

        Maker:

        CAPITOL INVESTMENTS USA, INC.

        BY: _____ (President)
          Nevin Shapiro, President
          400 41ˢᵗ Street, #506
          Miami Beach, Florida 33140

Lender:

**WSG Development Company**
Address:  400 41ˢᵗ Street
      2ⁿᵈ Floor
      Miami Beach, FL 33140

WSG00022

# PROMISSORY NOTE

$ 208,000.00

May 28th, 2009

**FOR VALUE RECEIVED**, the undersigned, **Capitol Investments USA, Inc.** ("Maker") promises to pay without setoff, deduction or counter-claim of any kind or nature to the order of **WSG Development Company**, a company, its successors or assigns ("Lender"), the principal sum of **Two Hundred Eight Thousand Dollars and No/100 Cents ($208,000.00)**, together with interest on all amounts of principal which shall from time to time remain outstanding from May 28th, 2009 at a fixed fee amount. The said principal and interest shall be payable in lawful money of the United States of America in accordance with the following terms and conditions:

1. _Payment of Interest and Principal_. The principal amount of **Two Hundred Eight Thousand Dollars and No/100 Cents ($208,000.00)** shall be due on or before **May 28th, 2009** (the "_Maturity Date_"). Time shall be of the essence. All payments required by Maker under this Note shall be made by wire transfer into Lender's designated accounts or such other place as the Lender may from time to time designate in writing.

2. _Prepayment_. This Note may be prepaid in whole or in part without penalty or charge, provided, however, that any partial prepayment shall be in increments of Fifty Thousand Dollars and No/100 Cents ($50,000.00).

3. _Florida Excise Tax on Documents_. Maker shall be solely responsible for payment of any and all documentary stamps and other taxes applicable to the full-face amount of this Note.

4. _Default_. Each of the following shall be an event of default hereunder, and this Note shall be in default, if:

   (a)   any payment or other sum due under this Note is not paid in full when due; or

   (b)   default be made in the performance of or compliance with any other promise or obligation due by Maker to Lender under this Note or any other promissory note, security instrument or other agreement of any kind now existing or hereafter created; or

   (c)   default be made in the performance of or compliance with any of the covenants and conditions or any guaranty or security instrument now or hereafter in effect securing payment of this Note; or

   (d)   the Corporation is voluntarily or involuntarily dissolved or otherwise fails to remain in good standing under the laws of the State of Florida and each jurisdiction where the Corporation is required to be qualified to do business; or

   (e)   death of any individual Maker; or

   (f)   the Maker, or any one of them, is voluntarily adjudicated bankrupt or insolvent, seeks or consents to the appointment of a receiver or trustee for itself, if applicable, or for all or a material portion of its property, files a petition seeking relief, including, reorganization, if applicable, arrangement or similar relief, under the present Bankruptcy Code or other similar present or future applicable laws of the United States or any state or any other competent jurisdiction, makes a general assignment for the benefit of creditors or admits in writing inability to pay debts as they mature; or

   (g)   a receiver or trustee is appointed for the Maker, or any one of them, for all or any part of Maker's property and such appointment is not vacated within sixty (60) days, or if a petition is filed against the Maker seeking relief, including reorganization, arrangement or similar relief under the present Bankruptcy Code or other similar present or future applicable laws in the United States or any state or other competent jurisdiction, and such petition is not dismissed within sixty (60) days after the filing thereof; or

   (h)   the Maker, or any one of them, voluntarily or involuntarily liquidates after the date hereof or sells, transfers, exchanges or otherwise disposes of all or any substantial portion, of its assets in one or any series of transactions (whether related or unrelated); or if the Corporation merges, consolidates or otherwise combines with or into any other entity; or

5. _Acceleration Upon Default_. Upon the occurrence of any event of default under this Note which is not cured within five (5) calendar days from written notice of such default from the Lender to the Maker, the entire principal outstanding under this Note, together with all accrued by unpaid interest thereon, shall, at the option of the Lender, become and be immediately

WSG00026

due, payable and collectible at once, time being of the essence of this Note. The Maker agrees to pay all costs of collection, legal expenses, and reasonable attorneys' fees, which may be incurred in connection with the collection of this Note. If default is not cured within five (5) calendar days from such written notice, all outstanding principal due under this Note shall bear interest from the date of occurrence of such default until paid at the highest rate permissible under applicable law.

6.     Usury Savings Clause. Nothing herein contained, nor in any instrument or transaction relating hereto, shall be construed or so operate as to require the Maker, or any person liable for the payment of this Note, to pay interest in an amount or at a rate greater than the highest rate permissible applicable law. Should any interest or other charges paid by the Maker, or any parties liable for the payment of the loan made pursuant to this Note, result in the computation or earning of interest in excess of the highest rate permissible under applicable law, and any all such excess shall be and the same is hereby waived by Lender, Lender shall make whichever adjustment in the Note is necessary to ensure that Maker will not be required to pay further interest in excess of the highest rate permissible under applicable law, and all such excess shall be automatically credited against and in reduction of the outstanding principal balance, and any portion of such excess which exceeds the outstanding principal balance shall be paid by Lender to Maker and any parties liable for the payment of this Note, it being the intent of the Lender and Maker that under no circumstances shall the Maker, or any parties liable for the payment of the loan hereunder, be required to pay interest in excess of the highest rate permissible under applicable law.

7.     Waiver of Notice by Maker. As to this Note, and any other documents or instruments now or hereafter securing the indebtedness, the Maker jointly and severally waives all applicable exemption rights, whether under the state Constitution, Homestead laws or otherwise, and also severally waive, except as provided in Section 6 of this Note, valuation and appraisement, presentment for payment, protest, notice of protest, dishonor and nonpayment of this Note, and expressly agree that any payment hereunder may be extended from time without in any way affecting the liability of the Maker.

8.     Non-Waiver of Rights by Lender. Any delay by the Lender in exercising any right or remedy shall not constitute a waiver thereof. No waiver by the Lender of any default hereunder shall be deemed to constitute a waiver of any subsequent default. No exercise of any right or remedy hereunder shall preclude the exercise of any other right or remedy which the Lender may have in law or in equity to enforce the provisions of this Note or the collection thereof. Any waiver of any provision hereof shall be in writing and shall be effective only in the specific instance and for the specific purpose for which given.

9.     Attorneys' Fees. In the event that suit be brought hereon, or an attorney be employed or expenses be incurred to compel payment of this Note or any portion of the indebtedness evidenced hereby, or to in any way represent Lender in reference to any of its rights hereunder or under any other instrument or agreement now or hereafter in effect securing payment of this Note, Maker promises to pay all such expenses of investigation, attorneys' fees, and costs all as are reasonably incurred by Lender as a result thereof and including, without limitation, expenses of investigation, attorneys' fees, and costs incurred in appellate proceeding or in any action or participation in, or in connection with, any case or proceeding under Title 11 U.S.C. Chapters 7, 11, or 13 of the Bankruptcy Code or any successor thereto, and expenses of investigation, attorneys' fees, and costs incurred as a result of Lender exercising its right to cure any event of default by Maker under this Note, the Second Mortgage, or any other instrument of agreement now or hereafter in effect securing payment of this Note.

10.     Governing Law and Venue. This Note and any documents delivered pursuant hereto shall be governed by and construed in all respects, including validity, interpretation, effect, and enforcement, in accordance with the laws of the State of Florida without regard to conflict of law principles thereof. The Maker, and each of them irrevocably submit to the jurisdiction of the Circuit Court of the State of Florida, Miami-Dade County, in any action or proceeding arising out of or relating to this Note, or any documents delivered pursuant hereto, and the Maker, and each of them, irrevocably agree that all claims in respect of any such action or proceeding must be brought and/or defended in such court; provided, however, that matters which are under the exclusive jurisdiction of the Federal courts shall be brought in the Federal District Court for the Southern District of Florida. The Maker, and each of them, consent to service of process by any means authorized by the applicable law of the forum in any action brought under or arising out of this Note or any documents delivered pursuant hereto. The Maker, and each of them, irrevocably waive, to the fullest extent each may effectively do so, the defense of an inconvenient forum to the maintenance of such action or proceeding in any such court. THE MAKER, AND EACH OF THEM, HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVE, TO THE FULLEST EXTENT THEY MAY LEGALLY AND EFFECTIVELY DO SO, TRIAL BY JURY IN ANY SUIT, ACTION OR PROCEEDING ARISING HEREUNDER.

WSG00027

11.  Notice.  Any notice, demand, request, instruction, correspondence or other document to be given hereunder shall be in writing and delivered personally or mailed by registered or certified mail, postage prepaid and return receipt requested, or by facsimile, as follows:

If to Maker:
400 41st STREET #506
MIAMI BEACH FL 33140
Phone:  (305) 673-4606
Fax:    (305) 673-4607

If to Lender:

Each of the above addresses for notice purposes may be changed by providing appropriate notice hereunder.  Notice shall be effective upon receipt evidenced by the applicable delivery receipt, written affidavit of the deliverer, or facsimile confirmation.

12.  Miscellaneous.  This Note may not be changed or terminated without the prior written consent of Lender, which may be withheld for any reason in its sole and absolute discretion.  The Maker, and each of them, acknowledge and agree that their obligations under this Note are supported by due and lawful consideration and that they have carefully read this Note and know and understand its contents.  The Makers, and each of them sign this Note voluntarily, intending to be bound by its terms.  This Note may be executed in several counterparts or with counterpart signature pages, each of which shall be deemed an original, but such counterparts shall together constitute but one and the same Note.  Delivery by facsimile of an executed signature page to this Note shall be effective as delivery of a manually signed original or counterpart.

IN WITNESS WHEREOF, the undersigned have executed and delivered this Note effective as of 28th day of May, 2009.

Maker:

Maker:

CAPITOL INVESTMENTS USA, INC.

BY: _____ (President)
Nevin Shapiro, President
400 41st Street, #506
Miami Beach, Florida 33140

Lender:

WSG Development Company
Address:    400 41st Street
            2nd Floor
            Miami Beach, FL 33140

523911v1                        Page III of III

WSG00028

## PROMISSORY NOTE

**$ 330,000.00**

**May 29ᵗʰ, 2009**

**FOR VALUE RECEIVED**, the undersigned, **Capitol Investments USA, Inc.** ("Maker") promises to pay without setoff, deduction or counter-claim of any kind or nature to the order of **WSG Development Company**, a company, its successors or assigns ("Lender"), the principal sum of **Three Hundred Thirty Thousand Dollars and No/100 Cents ($330,000.00)**, together with interest on all amounts of principal which shall from time to time remain outstanding from **May 29ᵗʰ, 2009** at a fixed fee amount. The said principal and interest shall be payable in lawful money of the United States of America in accordance with the following terms and conditions:

**1.**   Payment of Interest and Principal.  The principal amount of **Three Hundred Thirty Thousand Dollars and No/100 Cents ($330,000.00)** shall be due on or before **June 1ˢᵗ, 2009** (the "Maturity Date"). Time shall be of the essence. All payments required by Maker under this Note shall be made by wire transfer into Lender's designated accounts or such other place as the Lender may from time to time designate in writing.

**2.**   Prepayment.  This Note may be prepaid in whole or in part without penalty or charge, provided, however, that any partial prepayment shall be in increments of Fifty Thousand Dollars and No/100 Cents ($50,000.00).

**3.**   Florida Excise Tax on Documents.  Maker shall be solely responsible for payment of any and all documentary stamps and other taxes applicable to the full-face amount of this Note.

**4.**   Default.  Each of the following shall be an event of default hereunder, and this Note shall be in default, if:

(a)   any payment or other sum due under this Note is not paid in full when due; or

(b)   default be made in the performance of or compliance with any other promise or obligation due by Maker to Lender under this Note or any other promissory note, security instrument or other agreement of any kind now existing or hereafter created; or

(c)   default be made in the performance of or compliance with any of the covenants and conditions or any guaranty or security instrument now or hereafter in effect securing payment of this Note; or

(d)   the Corporation is voluntarily or involuntarily dissolved or otherwise fails to remain in good standing under the laws of the State of Florida and each jurisdiction where the Corporation is required to be qualified to do business; or

(e)   death of any individual Maker; or

(f)   the Maker, or any one of them, is voluntarily adjudicated bankrupt or insolvent, seeks or consents to the appointment of a receiver or trustee for itself, if applicable, or for all or a material portion of its property, files a petition seeking relief, including, reorganization, if applicable, arrangement or similar relief, under the present Bankruptcy Code or other similar present or future applicable laws of the United States or any state or any other competent jurisdiction, makes a general assignment for the benefit of creditors or admits in writing inability to pay debts as they mature; or

(g)   a receiver or trustee is appointed for the Maker, or any one of them, for all or any part of Maker's property and such appointment is not vacated within sixty (60) days, or if a petition is filed against the Maker seeking relief, including reorganization, arrangement or similar relief under the present Bankruptcy Code or other similar present or future applicable laws in the United States or any state or other competent jurisdiction, and such petition is not dismissed within sixty (60) days after the filing thereof; or

(h)   the Maker, or any one of them, voluntarily or involuntarily liquidates after the date hereof or sells, transfers, exchanges or otherwise disposes of all or any substantial portion, of its assets in one or any series of transactions (whether related or unrelated); or if the Corporation merges, consolidates or otherwise combines with or into any other entity; or

**5.**   Acceleration Upon Default.  Upon the occurrence of any event of default under this Note which is not cured within five (5) calendar days from written notice of such default from the Lender to the Maker, the entire principal outstanding under this Note, together with all accrued by unpaid interest thereon, shall, at the option of the Lender, become and be immediately

**WSG00014**

due, payable and collectible at once, time being of the essence of this Note. The Maker agrees to pay all costs of collection, legal expenses, and reasonable attorneys' fees, which may be incurred in connection with the collection of this Note. If default is not cured within five (5) calendar days from such written notice, all outstanding principal due under this Note shall bear interest from the date of occurrence of such default until paid at the highest rate permissible under applicable law.

**6.** <u>Usury Savings Clause</u>. Nothing herein contained, nor in any instrument or transaction relating hereto, shall be construed or so operate as to require the Maker, or any person liable for the payment of this Note, to pay interest in an amount or at a rate greater than the highest rate permissible applicable law. Should any interest or other charges paid by the Maker, or any parties liable for the payment of the loan made pursuant to this Note, result in the computation or earning of interest in excess of the highest rate permissible under applicable law, any and all such excess shall be and the same is hereby waived by Lender, Lender shall make whichever adjustment in the Note is necessary to ensure that Maker will not be required to pay further interest in excess of the highest rate permissible under applicable law, and all such excess shall be automatically credited against and in reduction of the outstanding principal balance, and any portion of such excess which exceeds the outstanding principal balance shall be paid by Lender to Maker and any parties liable for the payment of this Note, it being the intent of the Lender and Maker that under no circumstances shall the Maker, or any parties liable for the payment of the loan hereunder, be required to pay interest in excess of the highest rate permissible under applicable law.

**7.** <u>Waiver of Notice by Maker</u>. As to this Note, and any other documents or instruments now or hereafter securing the indebtedness, the Maker jointly and severally waives all applicable exemption rights, whether under the state Constitution, Homestead laws or otherwise, and also severally waive, except as provided in Section 6 of this Note, valuation and appraisement, presentment for payment, protest, notice of protest, dishonor and nonpayment of this Note, and expressly agree that any payment hereunder may be extended from time without in any way affecting the liability of the Maker.

**8.** <u>Non-Waiver of Rights by Lender</u>. Any delay by the Lender in exercising any right or remedy shall not constitute a waiver thereof. No waiver by the Lender of any default hereunder shall be deemed to constitute a waiver of any subsequent default. No exercise of any right or remedy hereunder shall preclude the exercise of any other right or remedy which the Lender may have in law or in equity to enforce the provisions of this Note or the collection thereof. Any waiver of any provision hereof shall be in writing and shall be effective only in the specific instance and for the specific purpose for which given.

**9.** <u>Attorneys' Fees</u>. In the event that suit be brought hereon, or an attorney be employed or expenses be incurred to compel payment of this Note or any portion of the indebtedness evidenced hereby, or to in any way represent Lender in reference to any of its rights hereunder or under any other instrument or agreement now or hereafter in effect securing payment of this Note, Maker promises to pay all such expenses of investigation, attorneys' fees, and costs all as are reasonably incurred by Lender as a result thereof and including, without limitation, expenses of investigation, attorneys' fees, and costs incurred in appellate proceeding or in any action or participation in, or in connection with, any case or proceeding under Title 11 U.S.C. Chapters 7, 11, or 13 of the Bankruptcy Code or any successor thereto, and expenses of investigation, attorneys' fees, and costs incurred as a result of Lender exercising its right to cure any event of default by Maker under this Note, the Second Mortgage, or any other instrument of agreement now or hereafter in effect securing payment of this Note.

**10.** <u>Governing Law and Venue</u>. This Note and any documents delivered pursuant hereto shall be governed by and construed in all respects, including validity, interpretation, effect, and enforcement, in accordance with the laws of the State of Florida without regard to conflict of law principles thereof. The Maker, and each of them irrevocably submit to the jurisdiction of the Circuit Court of the State of Florida, Miami-Dade County, in any action or proceeding arising out of or relating to this Note, or any documents delivered pursuant hereto, and the Maker, and each of them, irrevocably agree that all claims in respect of any such action or proceeding must be brought and/or defended in such court; provided, however, that matters which are under the exclusive jurisdiction of the Federal courts shall be brought in the Federal District Court for the Southern District of Florida. The Maker, and each of them, consent to service of process by any means authorized by the applicable law of the forum in any action brought under or arising out of this Note or any documents delivered pursuant hereto. The Maker, and each of them, irrevocably waive, to the fullest extent each may effectively do so, the defense of an inconvenient forum to the maintenance of such action or proceeding in any such court. THE MAKER, AND EACH OF THEM, HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVE, TO THE FULLEST EXTENT THEY MAY LEGALLY AND EFFECTIVELY DO SO, TRIAL BY JURY IN ANY SUIT, ACTION OR PROCEEDING ARISING HEREUNDER.

WSG00015

**11.** _Notice._ Any notice, demand, request, instruction, correspondence or other document to be given hereunder shall be in writing and delivered personally or mailed by registered or certified mail, postage prepaid and return receipt requested, or by facsimile, as follows:

If to Maker:          400 41st STREET #506
                      MIAMI BEACH FL 33140
                      Phone:  (305) 673-4606
                      Fax:    (305) 673-4607

If to Lender:         _____
                      _____
                      _____

Each of the above addresses for notice purposes may be changed by providing appropriate notice hereunder. Notice shall be effective upon receipt evidenced by the applicable delivery receipt, written affidavit of the deliverer, or facsimile confirmation.

**12.** _Miscellaneous._ This Note may not be changed or terminated without the prior written consent of Lender, which may be withheld for any reason in its sole and absolute discretion. The Maker, and each of them, acknowledge and agree that their obligations under this Note are supported by due and lawful consideration and that they have carefully read this Note and know and understand its contents. The Makers, and each of them sign this Note voluntarily, intending to be bound by its terms. This Note may be executed in several counterparts or with counterpart signature pages, each of which shall be deemed an original, but such counterparts shall together constitute but one and the same Note. Delivery by facsimile of an executed signature page to this Note shall be effective as delivery of a manually signed original or counterpart.

**IN WITNESS WHEREOF,** the undersigned have executed and delivered this Note effective as of **29th** day of **May, 2009.**

Maker:

Maker:

CAPITOL INVESTMENTS USA, INC.

BY: _____  President
     Nevin Shapiro, President
     400 41st Street, #506
     Miami Beach, Florida 33140

Lender:

**WSG Development Company**
Address:   400 41st Street
           2nd Floor
           Miami Beach, FL 33140

WSG00016

H

Page 4 of 5
Statement Period
06/01/09 through 06/30/09
E0   P PA   0A 60
Enclosures 0
Account Number          8767

WSG DEVELOPMENT CO
CONCENTRATION ACCOUNT

### Withdrawals and Debits - Continued
### Other Debits

| Date Posted | Customer Reference | Amount ($) | Description | Bank Reference |
|---|---|---|---|---|



| 06/12 | | 148,000.00 | Wire Type:Book Out Date:090612 Time:1327 Et Trn:2009061200182474 Related Ref:25576464 Bnf:Capitol Investments USA IN ID:          6842 Pmt Det:Capitol | 903706120182474 |

WSG00007

SCHEDULE 1 - JULY 2006 LOAN

| Debtor Account | Clear Date | Check No. | Payee | Prin./Interest | Deposits | Withdrawals |
|---|---|---|---|---|---|---|
| Capitol - BofA OPER 6842 | 7/10/2006 | Deposit / Credit | WSG Development Company | Principal | 1,000,000.00 | |
| Capitol - BofA OPER 6842 | 7/28/2006 | 4542 | Chevy Chase Bank | Interest | | 18,381.70 |
| Capitol - BofA OPER 6842 | 7/28/2006 | 4543 | Rutledge Apartments LLC | Interest | | 11,000.00 |
| Capitol - BofA OPER 6842 | 8/30/2006 | 4572 | Chevy Chase Bank | Interest | | 18,381.70 |
| Capitol - BofA OPER 6842 | 8/30/2006 | 4573 | Rutledge Apartments LLC | Interest | | 11,000.00 |
| Capitol - BofA OPER 6842 | 10/4/2006 | 4590 | Rutledge Apartments LLC | Interest | | 11,000.00 |
| Capitol - BofA OPER 6842 | 10/11/2006 | 4591 | Chevy Chase Bank | Interest | | 18,381.70 |
| Capitol - BofA OPER 6842 | 10/25/2006 | 4617 | Chevy Chase Bank | Interest | | 18,381.70 |
| Capitol - BofA OPER 6842 | 10/25/2006 | 4616 | Rutledge Apartments LLC | Interest | | 11,000.00 |
| Capitol - BofA OPER 6842 | 12/4/2006 | 4649 | Rutledge Apartments LLC | Interest | | 11,000.00 |
| Capitol - BofA OPER 6842 | 12/20/2006 | 4665 | Chevy Chase Bank | Interest | | 18,381.70 |

SCHEDULE 1 - JULY 2006 LOAN

| | | | | | | |
|---|---|---|---|---|---|---|
| Capitol - BofA OPER 6842 | 1/4/2007 | 4685 | Rutledge Apartments LLC | Interest | | 11,000.00 |
| Capitol - BofA OPER 6842 | 1/17/2007 | 4690 | Chevy Chase Bank | Interest | | 18,381.70 |
| Capitol - BofA OPER 6842 | 2/6/2007 | 4713 | Rutledge Apartments LLC | Interest | | 11,000.00 |
| Capitol - BofA OPER 6842 | 2/16/2007 | 4714 | Chevy Chase Bank | Interest | | 18,381.70 |
| Capitol - BofA OPER 6842 | 3/2/2007 | 4729 | Rutledge Apartments LLC | Interest | | 11,000.00 |
| Capitol - BofA OPER 6842 | 3/16/2007 | 4734 | Chevy Chase Bank | Interest | | 19,760.32 |
| Capitol - BofA OPER 6842 | 4/4/2007 | 4747 | Rutledge Apartments LLC | Interest | | 11,000.00 |
| Capitol - BofA OPER 6842 | 4/16/2007 | 4748 | Chevy Chase Bank | Interest | | 19,760.32 |
| Capitol - BofA OPER 6842 | 5/1/2007 | 4762 | Rutledge Apartments LLC | Interest | | 11,000.00 |
| Capitol - BofA OPER 6842 | 5/16/2007 | 4769 | Chevy Chase Bank | Interest | | 19,760.32 |
| Capitol - BofA OPER 6842 | 6/4/2007 | 4777 | Chevy Chase Bank | Interest | | 19,760.32 |
| Capitol - BofA OPER 6842 | 6/4/2007 | 4782 | Rutledge Apartments LLC | Interest | | 11,000.00 |
| Capitol - BofA OPER 6842 | 7/6/2007 | 4799 | Chevy Chase Bank | Interest | | 20,748.34 |

SCHEDULE 1 - JULY 2006 LOAN

| | | | | | | |
|---|---|---|---|---|---|---|
| Capitol - BofA OPER 6842 | 7/6/2007 | 4798 | Rutledge Apartments LLC | Interest | | 11,000.00 |
| Capitol - BofA OPER 6842 | 8/13/2007 | 4825 | Chevy Chase Bank | Interest | | 19,760.32 |
| Capitol - BofA OPER 6842 | 8/14/2007 | 4827 | Rutledge Apartments LLC | Interest | | 11,000.00 |
| Capitol - BofA OPER 6842 | 8/29/2007 | 4831 | Chevy Chase Bank | Interest | | 19,760.32 |
| Capitol - BofA OPER 6842 | 9/4/2007 | 4829 | Rutledge Apartments LLC | Interest | | 11,000.00 |
| Capitol - BofA OPER 6842 | 10/2/2007 | 4857 | Chevy Chase Bank | Interest | | 19,760.32 |
| Capitol - BofA OPER 6842 | 10/10/2007 | 4855 | Rutledge Apartments LLC | Interest | | 11,000.00 |
| Capitol - BofA OPER 6842 | 10/26/2007 | 4868 | Chevy Chase Bank | Interest | | 19,760.32 |
| Capitol - BofA OPER 6842 | 10/29/2007 | 4867 | Rutledge Apartments LLC | Interest | | 11,000.00 |
| Capitol - BofA OPER 6842 | 12/7/2007 | 4885 | Rutledge Apartments LLC | Interest | | 11,000.00 |
| Capitol - BofA OPER 6842 | 12/10/2007 | 4887 | Chevy Chase Bank | Interest | | 19,760.32 |
| Capitol - BofA OPER 6842 | 1/2/2008 | 4898 | Chevy Chase Bank | Interest | | 19,760.32 |

SCHEDULE 1 - JULY 2006 LOAN

| | | | | | | |
|---|---|---|---|---|---|---|
| Capitol - BofA OPER 6842 | 1/2/2008 | 4897 | Rutledge Apartments LLC | Interest | | 11,000.00 |
| Capitol - BofA OPER 6842 | 1/30/2008 | 4897 | Rutledge Apartments LLC | Interest | | 11,000.00 |
| Capitol - BofA OPER 6842 | 2/4/2008 | 4916 | Chevy Chase Bank | Interest | | 21,242.34 |
| Capitol - BofA OPER 6842 | 3/4/2008 | 4936 | Rutledge Apartments LLC | Interest | | 11,000.00 |
| Capitol - BofA OPER 6842 | 3/6/2008 | 4937 | Chevy Chase Bank | Interest | | 21,242.34 |
| Capitol - BofA OPER 6842 | 4/2/2008 | 4955 | Chevy Chase Bank | Interest | | 21,242.34 |
| Capitol - BofA OPER 6842 | 4/2/2008 | 4954 | Rutledge Apartments LLC | Interest | | 11,000.00 |
| Capitol - BofA OPER 6842 | 5/2/2008 | 4969 | Rutledge Apartments LLC | Interest | | 11,000.00 |
| Capitol - BofA OPER 6842 | 5/5/2008 | 4968 | Chevy Chase Bank | Interest | | 21,242.34 |
| Capitol - BofA OPER 6842 | 9/9/2008 | | Eric D. Sheppard | Interest | | 12,500.00 |
| | | | | | $ 1,000,000.00 | $ 686,492.80 |

SCHEDULE 2 - OCTOBER 2006 LOAN

| Debtor Account | Clear Date | Check No. | Payee | Princ./Interest | Deposits | Withdrawals |
|---|---|---|---|---|---|---|
| Capitol - BofA OPER 6842 | 10/24/2006 | | Eric D. Sheppard | Principal | 3,300,000.00 | |
| Capitol - BofA OPER 6842 | 10/27/2006 | wire | Eric D. Sheppard | Principal | | 500,000.00 |
| Capitol - BofA OPER 6842 | 10/27/2006 | wire | Eric D. Sheppard | Principal | | 1,700,000.00 |
| Capitol - BofA OPER 6842 | 10/31/2006 | wire | Eric D. Sheppard | Principal | | 400,000.00 |
| Capitol - BofA OPER 6842 | 11/2/2006 | wire | Eric D. Sheppard | Principal | | 300,000.00 |
| Capitol - BofA OPER 6842 | 11/3/2006 | 4619 | Eric D. Sheppard | Interest | | 50,000.00 |

SCHEDULE 2 - OCTOBER 2006 LOAN

| Capitol - BofA OPER 6842 | 11/3/2006 | wire | Eric D. Sheppard | Principal | | 400,000.00 |
|---|---|---|---|---|---|---|
| | | | | | $ 3,300,000.00 | $ 3,350,000.00 |

SCHEDULE 3 - JULY 2007 LOAN

| Debtor Account | Clear Date | Check No. | Payee | acct per Capitol GL | Deposits | Withdrawals |
|---|---|---|---|---|---|---|
| Capitol - BofA OPER 6842 | 7/23/2007 | wire | WSG Charlottesville, Llc | Principal | 390,400.00 | |
| Capitol - BofA OPER 6842 | 7/23/2007 | wire | WSG Chattanooga | Principal | 890,880.00 | |
| Capitol - BofA OPER 6842 | 7/23/2007 | wire | WSG Development Company | Principal | 595,000.00 | |
| Capitol - BofA OPER 6842 | 7/23/2007 | wire | WSG Gold Mile | Principal | 980,200.00 | |
| Capitol - BofA OPER 6842 | 7/23/2007 | wire | WSG Mason Road Houston | Principal | 392,470.00 | |
| Capitol - BofA OPER 6842 | 7/23/2007 | wire | WSG Pembroke | Principal | 330,820.00 | |
| Capitol - BofA OPER 6842 | 7/23/2007 | wire | WSG Riverview | Principal | 420,230.00 | |

SCHEDULE 3 - JULY 2007 LOAN

| Capitol - BofA OPER 6842 | 8/6/2007 | wire | WSG Riverview | Principal | | 420,230.00 |
|---|---|---|---|---|---|---|
| Capitol - BofA OPER 6842 | 8/7/2007 | wire | WSG Gold Mile | Principal | | 980,200.00 |
| Capitol - BofA OPER 6842 | 8/13/2007 | wire | WSG Pembroke | Principal | | 330,820.00 |
| Capitol - BofA OPER 6842 | 8/16/2007 | wire | WSG Development Company | Principal | | 595,000.00 |
| Capitol - BofA OPER 6842 | 8/22/2007 | wire | WSG Mason Road Houston | Principal | | 392,470.00 |
| Capitol - BofA OPER 6842 | 8/27/2007 | wire | WSG Charlottesville LLC | Principal | | 390,400.00 |
| Capitol - BofA OPER 6842 | 8/29/2007 | wire | WSG Chattanooga | Principal | | 890,880.00 |

SCHEDULE 3 - JULY 2007 LOAN

| | | | | | | |
|---|---|---|---|---|---|---|
| Capitol - BofA OPER 6842 | 9/18/2007 | wire | Deco Contractors, Inc. | Interest | | 150,000.00 |
| | | | | | $ 4,000,000.00 | $ 4,150,000.00 |

SCHEDULE 4 - AUGUST 20, 2007 LOAN

| Debtor Account | Clear Date | Check No. | Payee | Princ./Interest | Deposits | Withdrawals |
|---|---|---|---|---|---|---|
| Capitol - BofA OPER 6842 | 8/20/2007 | wire | Wsg Atl2130, Lp | Principal | 70,000.00 | |
| Capitol - BofA OPER 6842 | 8/20/2007 | wire | WSG Charlottesville, Llc | Principal | 150,000.00 | |
| Capitol - BofA OPER 6842 | 8/20/2007 | wire | WSG Development Company | Principal | 490,000.00 | |
| Capitol - BofA OPER 6842 | 8/20/2007 | wire | WSG Dulles | Principal | 205,000.00 | |
| Capitol - BofA OPER 6842 | 8/20/2007 | wire | WSG Jensen Beach | Principal | 45,000.00 | |
| Capitol - BofA OPER 6842 | 8/20/2007 | wire | WSG Mason Road Houston | Principal | 45,000.00 | |
| Capitol - BofA OPER 6842 | 8/20/2007 | wire | WSG Monroe, LLC | Principal | 45,000.00 | |

SCHEDULE 4 - AUGUST 20, 2007 LOAN

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Capitol - BofA OPER 6842 | 8/20/2007 | wire | WSG Short Pump | Principal | | 75,000.00 | |
| Capitol - BofA OPER 6842 | 8/20/2007 | wire | WSG Trace Fork | Principal | | 175,000.00 | |
| Capitol - BofA OPER 6842 | 8/22/2007 | wire | Wsg Atl2130, Lp | Principal | | | 70,000.00 |
| Capitol - BofA OPER 6842 | 8/22/2007 | wire | WSG Charlottesville LLC | Principal | | | 150,000.00 |
| Capitol - BofA OPER 6842 | 8/22/2007 | wire | WSG Development Company | Principal | | | 490,000.00 |
| Capitol - BofA OPER 6842 | 8/22/2007 | wire | WSG Dulles | Principal | | | 205,000.00 |

SCHEDULE 4 - AUGUST 20, 2007 LOAN

| | | | | | | |
|---|---|---|---|---|---|---|
| Capitol - BofA OPER 6842 | 8/22/2007 | wire | WSG Jensen Beach | Principal | | 45,000.00 |
| Capitol - BofA OPER 6842 | 8/22/2007 | wire | WSG Mason Road Houston | Principal | | 45,000.00 |
| Capitol - BofA OPER 6842 | 8/22/2007 | wire | WSG Monroe, LLC | Principal | | 45,000.00 |
| Capitol - BofA OPER 6842 | 8/22/2007 | wire | WSG Short Pump | Principal | | 75,000.00 |
| Capitol - BofA OPER 6842 | 8/22/2007 | wire | WSG Trace Fork | Principal | | 175,000.00 |
| Capitol - BofA OPER 6842 | 8/28/2007 | 4832 | Eric D. Sheppard | Interest | | 13,000.00 |
| | | | | | $ 1,300,000.00 | $ 1,313,000.00 |

SCHEDULE 5 - AUGUST 27, 2007 LOAN

| Debtor Account | Clear Date | Check No. | Payee | acct per Capitol GL | Deposits | Withdrawals |
|---|---|---|---|---|---|---|
| Capitol - BofA OPER 6842 | 8/27/2007 | wire | WSG Charlottesville LLC | Principal | 390,400.00 | |
| Capitol - BofA OPER 6842 | 8/27/2007 | wire | WSG Indrio Village, LLC | Principal | 1,309,600.00 | |
| Capitol - BofA OPER 6842 | 8/30/2007 | wire | WSG Charlottesville LLC | Principal | | 390,400.00 |
| Capitol - BofA OPER 6842 | 8/30/2007 | wire | WSG Indrio Village, LLC | Principal | | 1,209,600.00 |
| Capitol - BofA OPER 6842 | 8/31/2007 | wire | WSG Indrio Village, LLC | Principal | | 100,000.00 |
| Capitol - BofA OPER 6842 | 9/18/2007 | wire | Deco Contractors, Inc. | Interest | | 17,000.00 |
| | | | | | $ 1,700,000.00 | $ 1,717,000.00 |

SCHEDULE 6 - SEPTEMBER 2007 LOAN

| Debtor Account | Clear Date | Check No. | Payee | Princ./Interest | Deposits | Withdrawals |
|---|---|---|---|---|---|---|
| Capitol - BofA OPER 6842 | 9/5/2007 | wire | WSG Development Company | Principal | 3,500,000.00 | |
| Capitol - BofA OPER 6842 | 9/18/2007 | wire | Deco Contractors, Inc. | Interest | | 15,742.48 |
| Capitol - BofA OPER 6842 | 9/18/2007 | wire | WSG Development Company | Principal | | 300,000.00 |
| Capitol - BofA OPER 6842 | 10/1/2007 | wire | WSG Development Company | Principal | | 500,000.00 |
| Capitol - BofA OPER 6842 | 10/4/2007 | wire | WSG Development Company | Principal | | 1,000,000.00 |
| Capitol - BofA OPER 6842 | 10/10/2007 | wire | WSG Development Company | Principal | | 400,000.00 |
| Capitol - BofA OPER 6842 | 10/15/2007 | wire | WSG Development Company | Principal | | 400,000.00 |

SCHEDULE 6 - SEPTEMBER 2007 LOAN

| | | | | | | |
|---|---|---|---|---|---|---|
| Capitol - BofA OPER 6842 | 10/16/2007 | wire | WSG Development Company | Principal | | 900,000.00 |
| Capitol - BofA OPER 6842 | 10/25/2007 | wire | Deco Contractors, Inc. | Interest | | 55,000.00 |
| | | | | | $ 3,500,000.00 | $ 3,570,742.48 |

| Debtor Account | Clear Date | Check No. | Payee | Princ./Interest | Deposits | Withdrawals |
|---|---|---|---|---|---|---|
| Capitol - BofA OPER 6842 | 7/28/2006 | 4542 | Chevy Chase Bank | Interest | | 18,381.70 |
| Capitol - BofA OPER 6842 | 8/30/2006 | 4572 | Chevy Chase Bank | Interest | | 18,381.70 |
| Capitol - BofA OPER 6842 | 10/11/2006 | 4591 | Chevy Chase Bank | Interest | | 18,381.70 |
| Capitol - BofA OPER 6842 | 10/25/2006 | 4617 | Chevy Chase Bank | Interest | | 18,381.70 |
| Capitol - BofA OPER 6842 | 12/20/2006 | 4665 | Chevy Chase Bank | Interest | | 18,381.70 |
| Capitol - BofA OPER 6842 | 1/17/2007 | 4690 | Chevy Chase Bank | Interest | | 18,381.70 |
| Capitol - BofA OPER 6842 | 2/16/2007 | 4714 | Chevy Chase Bank | Interest | | 18,381.70 |
| Capitol - BofA OPER 6842 | 3/16/2007 | 4734 | Chevy Chase Bank | Interest | | 19,760.32 |
| Capitol - BofA OPER 6842 | 4/16/2007 | 4748 | Chevy Chase Bank | Interest | | 19,760.32 |
| Capitol - BofA OPER 6842 | 5/16/2007 | 4769 | Chevy Chase Bank | Interest | | 19,760.32 |
| Capitol - BofA OPER 6842 | 6/4/2007 | 4777 | Chevy Chase Bank | Interest | | 19,760.32 |
| Capitol - BofA OPER 6842 | 7/6/2007 | 4799 | Chevy Chase Bank | Interest | | 20,748.34 |
| Capitol - BofA OPER 6842 | 8/13/2007 | 4825 | Chevy Chase Bank | Interest | | 19,760.32 |
| Capitol - BofA OPER 6842 | 8/29/2007 | 4831 | Chevy Chase Bank | Interest | | 19,760.32 |
| Capitol - BofA OPER 6842 | 10/2/2007 | 4857 | Chevy Chase Bank | Interest | | 19,760.32 |
| Capitol - BofA OPER 6842 | 10/26/2007 | 4868 | Chevy Chase Bank | Interest | | 19,760.32 |
| Capitol - BofA OPER 6842 | 12/10/2007 | 4887 | Chevy Chase Bank | Interest | | 19,760.32 |
| Capitol - BofA OPER 6842 | 1/2/2008 | 4898 | Chevy Chase Bank | Interest | | 19,760.32 |
| Capitol - BofA OPER 6842 | 2/4/2008 | 4916 | Chevy Chase Bank | Interest | | 21,242.34 |
| Capitol - BofA OPER 6842 | 3/6/2008 | 4937 | Chevy Chase Bank | Interest | | 21,242.34 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Capitol - BofA OPER 6842 | 4/2/2008 | 4955 | Chevy Chase Bank | Interest | | 21,242.34 |
| Capitol - BofA OPER 6842 | 5/5/2008 | 4968 | Chevy Chase Bank | Interest | | 21,242.34 |
| | | | **Chevy Chase Bank Total** | Interest | | **431,992.80** |
| Capitol - BofA OPER 6842 | 9/18/2007 | wire | Deco Contractors, Inc. | Interest | | 15,742.48 |
| Capitol - BofA OPER 6842 | 9/18/2007 | wire | Deco Contractors, Inc. | Interest | | 17,000.00 |
| Capitol - BofA OPER 6842 | 9/18/2007 | wire | Deco Contractors, Inc. | Interest | | 17,257.52 |
| Capitol - BofA OPER 6842 | 9/18/2007 | wire | Deco Contractors, Inc. | Interest | | 150,000.00 |
| Capitol - BofA OPER 6842 | 10/25/2007 | wire | Deco Contractors, Inc. | Interest | | 55,000.00 |
| Capitol - BofA OPER 6842 | 1/8/2008 | | Deco Contractors, Inc. | Interest | | 100,000.00 |
| | | | **Deco Contractors, Inc. Total** | Interest | | **355,000.00** |
| Capitol - BofA OPER 6842 | 7/28/2006 | 4543 | Rutledge Apartments LLC | Interest | | 11,000.00 |
| Capitol - BofA OPER 6842 | 8/30/2006 | 4573 | Rutledge Apartments LLC | Interest | | 11,000.00 |
| Capitol - BofA OPER 6842 | 10/4/2006 | 4590 | Rutledge Apartments LLC | Interest | | 11,000.00 |
| Capitol - BofA OPER 6842 | 10/25/2006 | 4616 | Rutledge Apartments LLC | Interest | | 11,000.00 |
| Capitol - BofA OPER 6842 | 12/4/2006 | 4649 | Rutledge Apartments LLC | Interest | | 11,000.00 |
| Capitol - BofA OPER 6842 | 1/4/2007 | 4685 | Rutledge Apartments LLC | Interest | | 11,000.00 |
| Capitol - BofA OPER 6842 | 2/6/2007 | 4713 | Rutledge Apartments LLC | Interest | | 11,000.00 |
| Capitol - BofA OPER 6842 | 3/2/2007 | 4729 | Rutledge Apartments LLC | Interest | | 11,000.00 |
| Capitol - BofA OPER 6842 | 4/4/2007 | 4747 | Rutledge Apartments LLC | Interest | | 11,000.00 |
| Capitol - BofA OPER 6842 | 5/1/2007 | 4762 | Rutledge Apartments LLC | Interest | | 11,000.00 |
| Capitol - BofA OPER 6842 | 6/4/2007 | 4782 | Rutledge Apartments LLC | Interest | | 11,000.00 |
| Capitol - BofA OPER 6842 | 7/6/2007 | 4798 | Rutledge Apartments LLC | Interest | | 11,000.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Capitol - BofA OPER 6842 | 8/14/2007 | 4827 | Rutledge Apartments LLC | Interest | | 11,000.00 |
| Capitol - BofA OPER 6842 | 9/4/2007 | 4829 | Rutledge Apartments LLC | Interest | | 11,000.00 |
| Capitol - BofA OPER 6842 | 10/10/2007 | 4855 | Rutledge Apartments LLC | Interest | | 11,000.00 |
| Capitol - BofA OPER 6842 | 10/29/2007 | 4867 | Rutledge Apartments LLC | Interest | | 11,000.00 |
| Capitol - BofA OPER 6842 | 12/7/2007 | 4885 | Rutledge Apartments LLC | Interest | | 11,000.00 |
| Capitol - BofA OPER 6842 | 1/2/2008 | 4897 | Rutledge Apartments LLC | Interest | | 11,000.00 |
| Capitol - BofA OPER 6842 | 1/30/2008 | 4897 | Rutledge Apartments LLC | Interest | | 11,000.00 |
| Capitol - BofA OPER 6842 | 3/4/2008 | 4936 | Rutledge Apartments LLC | Interest | | 11,000.00 |
| Capitol - BofA OPER 6842 | 4/2/2008 | 4954 | Rutledge Apartments LLC | Interest | | 11,000.00 |
| Capitol - BofA OPER 6842 | 5/2/2008 | 4969 | Rutledge Apartments LLC | Interest | | 11,000.00 |
| | | | **Rutledge Apartments LLC Total** | | | **242,000.00** |
| | | | **Grand Total** | | | **1,028,992.80** |